EXHIBIT 13



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Hercules Plaza
1313 North Market Street      *(302) 573-6277*
P.O. Box 2046      *FAX (302) 573-6220*
Wilmington, Delaware 19899-2046

June 7, 2023

The Honorable Jim Jordan
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, D.C. 20515

Dear Chairman Jordan:

Your May 25th letter to Attorney General Garland was forwarded to me, with a request that I respond on behalf of the Department.

While your letter does not specify by name the ongoing investigation that is the subject of the Committee's oversight, its content suggests your inquiry is related to an investigation in my District. If my assumption is correct, I want to make clear that, as the Attorney General has stated, I have been granted ultimate authority over this matter, including responsibility for deciding where, when, and whether to file charges and for making decisions necessary to preserve the integrity of the prosecution, consistent with federal law, the Principles of Federal Prosecution, and Departmental regulations.

Your letter references recently-announced staffing determinations in the matter and the Committee's concern that those decisions intersect with whistleblower protections. I agree wholeheartedly that whistleblowers play an integral role in promoting both civil servant accountability and good government practices. Federal law protects whistleblowers from retaliation, as well it should.

The information sought by the Committee concerns an open matter about which the Department is not at liberty to respond. As then-Deputy Attorney General Rod Rosenstein wrote in 2018 in response to a request for information from the Honorable Charles Grassley, Chairman of the Senate Committee on the Judiciary:

> Congressional inquiries during the pendency of a matter pose an inherent threat to the integrity of the Department's law enforcement and litigation functions. Such inquiries inescapably create the risk that the public and the courts will perceive undue political and Congressional influence over law enforcement and litigation decisions. Such inquiries also often seek

The Honorable Jim Jordan                                                                                    Page 2
June 7, 2023

records and other information that our responsibilities for these matters
preclude us from disclosing.[1]

Accordingly, and consistent with longstanding Department of Justice policy and
practice,[2] I must respectfully decline the Committee's request for documents and
information at this time to protect confidential law enforcement information from
disclosure.

This response fully recognizes that the Committee's oversight efforts are an
important part of its legislative process. As then-Assistant Attorney General Robert
Raben noted in 2000:

> Congressional committees need to gather information about how statutes
> are applied and funds are spent so that they can assess whether additional
> legislation is necessary either to rectify practical problems in current law
> or to address problems not covered by current law. By helping Congress be
> better informed when it makes legislative decisions, oversight promotes the
> accountability of government.[3]

Across administrations, therefore, the Department's policy has been to:

> … comply with Congressional requests for information to the fullest extent
> consistent with the constitutional and statutory obligations of the
> Executive Branch[.] [T]he Department's goal in all cases is to satisfy
> legitimate legislative interests while protecting Executive Branch
> confidentiality interests.[4]

The confidentiality interests implicated by the Committee's instant request include
legally protected materials (including grand jury information, protected by Rule 6(e) of
the Federal Rules of Criminal Procedure, and taxpayer information, protected by 26
U.S.C. Section 6103); information the disclosure of which might compromise open
criminal investigations or prosecutions or constitute an unnecessary invasion of privacy;

---

[1] Letter from Deputy Attorney General Rod Rosenstein to Hon. Charles Grassley, Chairman, Committee on
the Judiciary, U.S. Senate, at 10 (June 27, 2018) *quoting* Robert Raben, Assistant Attorney General, "DOJ
View Letters on Subcommittee on Rules and Organization of the House testimony on 'Cooperation, Comity,
and Confrontation: Congressional Oversight of the Executive Branch,'" July 15, 1999, *available at*
https://www.justice.gov/media/962176/dl?inline (last accessed June 2, 2023).

[2] *See* Congressional Requests for Information from Inspectors General Concerning Open Criminal
Investigations, Memorandum Opinion for the Chairman Investigations/Law Enforcement Committee
President's Council on Integrity and Efficiency, March 24, 1989, *available at*
https://www.justice.gov/file/24181/download (last accessed June 2, 2023).

[3] Letter from Assistant Attorney General Robert Raben to The Honorable John Linder, Chairman,
Subcommittee on Rules and Organization of the House, Committee on Rules, House of Representatives, at 2
(January 27, 2000), *available at* https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/linder.pdf (last
accessed June 2, 2023).

[4] *Id.* at 2.

The Honorable Jim Jordan                                                    Page 3
June 7, 2023

and, just as importantly here, pre-decisional deliberative communications. By way of illustration, the Department has a broad confidentiality interest in protecting materials that reflect its internal deliberative process, at least to ensure that Departmental litigation decisions are products of independent legal and factual assessments, free from external political influences. Here, any documents or information responsive to the Committee's request would fall within deliberative communications regarding an ongoing criminal investigation.

As then-Deputy Attorney General Rosenstein recognized:

> We cannot fulfill requests that would compromise the independence and integrity of investigations … or create the appearance of political interference. We need to follow the rules. It is important for the Department of Justice to follow established policies and procedures, especially when the stakes are high.[5]

I share then-Deputy Attorney General Rosenstein's "commitment to the Department's longstanding traditions, [which] carries with it an obligation to ensure that we keep pending law enforcement matters separate from the sphere of politics and that there be no perception that our law enforcement decisions are influenced by partisan politics or pressure from legislators."[6] Here, that requires that I respectfully protect from disclosure the confidential law enforcement information the Committee seeks. My ongoing work would be "seriously prejudiced by the revelation of the direction of [the matter], information about evidence obtained, and assessments of the strengths and weaknesses of various aspects of [the matter]."[7]

In February 2021, I was asked to remain as United States Attorney for the District of Delaware to continue my oversight of the matter. Since that time, I have fulfilled my responsibilities, consistent with Department practices and procedures, and will continue to do so. Throughout my tenure as U.S. Attorney my decisions have been made-- and with respect to the matter must be made-- without reference to political considerations.

Sincerely,

David C. Weiss
United States Attorney

cc: The Honorable Jerrold L. Nadler, Ranking Member

---

[5] Letter from Deputy Attorney General Rod Rosenstein to Hon. Charles Grassley, Chairman, Committee on the Judiciary, U.S. Senate, at 6, *available at* https://www.justice.gov/media/962176/dl?inline (last accessed June 2, 2023).

[6] *Id.* at 7.

[7] *Id.* at 4.

# EXHIBIT 14



# U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

*Hercules Plaza*
*1313 North Market Street*          *(302) 573-6277*
*P.O. Box 2046*                     *FAX (302) 573-6220*
*Wilmington, Delaware 19899-2046*

June 30, 2023

The Honorable Jim Jordan
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, D.C. 20515

Dear Chairman Jordan:

This is in response to your June 22, 2023, letter,[1] wherein you renew your request for materials related to whistleblower allegations made in connection with the investigation into Robert H. Biden, and request additional information related to my response[2] to your initial letter on this topic.

At the outset, I would like to reaffirm the contents of the June 7 letter drafted by my office and reiterate that I am not at liberty to provide the materials you seek. The whistleblowers' allegations relate to a criminal investigation that is now being prosecuted in the United States District Court for the District of Delaware. At this juncture, I am required to protect confidential law enforcement information and deliberative communications related to the case. Thus, I will not provide specific information related to the Hunter Biden investigation at this time. But I will provide some general insight on two issues.

First, the Department of Justice did not retaliate against "an Internal Revenue Service ("IRS") Criminal Supervisory Special Agent and whistleblower, as well as his entire investigative team… for making protected disclosures to Congress."[3]

Second, in my June 7 letter I stated, "I have been granted ultimate authority over this matter, including responsibility for deciding where, when and whether to file charges and for making decisions necessary to preserve the integrity of the prosecution, consistent with federal law, the Principles of Federal Prosecution, and Departmental regulations."[4] I stand by what I wrote and wish to expand on what this means.

---

[1] Letter from Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, to Hon. David C. Weiss, U.S. Att'y, District of Delaware (June 22, 2023) (hereinafter, "the June 22 letter").
[2] Letter from Hon. David C. Weiss, U.S. Att'y, District of Delaware to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (June 7, 2023) (hereinafter, "the June 7 letter").
[3] June 22 letter at 1.
[4] Id. at 1.

The Honorable Jim Jordan                                                             Page 2
June 30, 2023

As the U.S. Attorney for the District of Delaware, my charging authority is geographically limited to my home district. If venue for a case lies elsewhere, common Departmental practice is to contact the United States Attorney's Office for the district in question and determine whether it wants to partner on the case. If not, I may request Special Attorney status from the Attorney General pursuant to 28 U.S.C. § 515.  Here, I have been assured that, if necessary after the above process, I would be granted § 515 Authority in the District of Columbia, the Central District of California, or any other district where charges could be brought in this matter.

At the appropriate time, I welcome the opportunity to discuss these topics with the Committee in more detail, and answer questions related to the whistleblowers' allegations consistent with the law and Department policy.  It is my understanding that the Office of Legislative Affairs will work with the Committee to discuss appropriate timeline and scope.

Sincerely,

David C. Weiss
United States Attorney

cc:  The Honorable Jerrold L. Nadler, Ranking Member

# EXHIBIT 15



# U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

*Hercules Plaza*
*1313 North Market Street*          *(302) 573-6277*
*P.O. Box 2046*                      *FAX (302) 573-6220*
*Wilmington, Delaware 19899-2046*

July 10, 2023

The Honorable Lindsey O. Graham
Ranking Member
Senate Committee on the Judiciary
United States Senate
Washington, D.C. 20510

Dear Senator Graham:

This is in response to your June 28, 2023, letter.[1]

As I recently explained to the Honorable Jim Jordan,[2] since the whistleblowers' allegations relate to a criminal investigation that is currently being prosecuted in the United States District Court for the District of Delaware, I have a duty to protect confidential law enforcement information and deliberative communications related to the case. As I likewise indicated, I welcome the opportunity to respond to these claims in more detail at the appropriate future time, as authorized by the law and Department policy.

To clarify an apparent misperception and to avoid future confusion, I wish to make one point clear: in this case, I have not requested Special Counsel designation pursuant to 28 CFR § 600 *et seq.* Rather, I had discussions with Departmental officials regarding potential appointment under 28 U.S.C. § 515, which would have allowed me to file charges in a district outside my own without the partnership of the local U.S. Attorney. I was assured that I would be granted this authority if it proved necessary. And this assurance came months before the October 7, 2022, meeting referenced throughout the whistleblowers' allegations. In this case, I've followed the process outlined in my June 30 letter and have never been denied the authority to bring charges in any jurisdiction.

---

[1] Letter from Sen. Lindsey O. Graham, Ranking Member, S. Comm. on the Judiciary, to Hon. David C. Weiss, U.S. Att'y, District of Delaware (June 28, 2023) (hereinafter, "the June 28 letter").
[2] Letter from Hon. David C. Weiss, U.S. Att'y, District of Delaware to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (June 30, 2023) (hereinafter, "the June 30 letter").

The Honorable Lindsey O. Graham                                    Page 2
July 10, 2023

        Your questions about allegations contained in an FBI FD-1023 Form relate to an
ongoing investigation.  As such, I cannot comment on them at this time.


                                        Sincerely,

                                        David C. Weiss
                                        United States Attorney


cc:  The Honorable Richard J. Durbin, Chairman

# EXHIBIT 16

JIM JORDAN, Ohio
CHAIRMAN

JERROLD NADLER, New York
RANKING MEMBER

ONE HUNDRED EIGHTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6216

(202) 225–6906
judiciary.house.gov

February 28, 2023

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dear Attorney General Garland:

The Committee on the Judiciary is conducting oversight over the operations and activities of the Department of Justice. The Department's investigation of Hunter Biden, son of President Biden, raises the appearance of a conflict of interest that would necessitate special counsel protections and authorities.[1] However, to date, you have declined to appoint a special counsel in this matter, despite appointing special counsels in other investigations.[2] Your refusal to appoint a special counsel here is conspicuous in this context.[3] Accordingly, to further our oversight, we ask that you please provide the following documents:

1. All documents and communications sent or received by David Weiss or any employee of the U.S. Attorney's Office for the District of Delaware referring or relating to special counsel status for the investigation concerning Hunter Biden; and

2. All documents and communications between or among employees of the U.S. Attorney's Office for the District of Delaware and employees of any other U.S. Attorney's Office with venue to bring charges against Hunter Biden or his associates in that jurisdiction.

---

[1] *See generally* Letter from 33 U.S. Senators, to Hon. Merrick B. Garland, Att'y Gen., Dep't of Justice (Sept. 16, 2022); General Powers of Special Counsel, 28 C.F.R. § 600.1 (2010).

[2] Carrie Johnson, *A special counsel will probe government documents at Biden's home and private office,* NPR (Jan. 12, 2023).

[3] *See* Letter from Sens. Charles E. Grassley & Ron Johnson, U.S. Senate, to Hon. David Weiss, U.S. Att'y, Dist. Del. (May 9, 2022).

The Honorable Merrick B. Garland
February 28, 2023
Page 2

Please provide this information as soon as possible but no later than 5:00 p.m. on March 14, 2023. Thank you for your prompt attention to this matter.

Sincerely,

Jim Jordan
Chairman

cc:     The Honorable Jerrold L. Nadler, Ranking Member

EXHIBIT 17

JIM JORDAN, Ohio
CHAIRMAN

JERROLD NADLER, New York
RANKING MEMBER

ONE HUNDRED EIGHTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6216

(202) 225–6906
judiciary.house.gov

May 25, 2023

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Dear Attorney General Garland:

The Committee on the Judiciary is conducting oversight of the Department of Justice, including serious allegations of whistleblower retaliation. Recently, the Committee learned that the Department requested the removal of an Internal Revenue Service (IRS) Criminal Supervisory Special Agent—who is also a whistleblower—and "his entire investigative team" from a "high-profile, controversial" ongoing investigation.[1] The timing of the Department's removal of the agent and investigative team raises serious concerns given that the investigation was the subject of the agent's protected whistleblower disclosure.[2] The Committee will not tolerate the Department's retaliatory conduct against this or any other whistleblower.

Whistleblowers play an integral part in identifying and rooting out waste, fraud, abuse, mismanagement, and corruption within federal agencies. Federal law protects whistleblowers from retaliation.[3] The Department's alleged efforts to remove an IRS whistleblower from an ongoing investigation could be a retaliatory action prohibited under United States law.[4] Accordingly, to inform our ongoing oversight, we ask that please provide the following documentation and information:

1. All documents and communications referring or relating to the removal on or around May 15, 2023, of an IRS Criminal Supervisory Special Agent and investigative team from an ongoing investigation;

---

[1] Letter from Tristan Leavitt & Mark D. Lytle, attorneys for the IRS whistleblower, to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, *et al.*, (May 15, 2023) (on file with the Committee).
[2] *Id.*
[3] 6 U.S.C. 6103(f)(5); 5 U.S.C. § 7211; and 5 U.S.C. § 2302(a)(2)(A)(xii).
[4] 5 U.S.C. § 2302(b)(8)(C).

The Honorable Merrick B. Garland
May 25, 2023
Page 2

2. All documents and communications between or among the Department of Justice and
   Internal Revenue Service referring or relating to any investigations involving both the
   Department of Justice and Internal Revenue Service, from May 1, 2023, to the present;

3. All documents and communications between or among the Department of Justice and the
   U.S. Attorney's Office for the District of Delaware referring or relating to the removal on
   or around May 15, 2023, of any IRS Criminal Supervisory Special Agent and
   investigative team from an ongoing investigation.

Please provide this information as soon as possible, but no later than 5:00 p.m. on June 8, 2023.

In addition, this letter serves as a formal request to preserve all existing and future
records and materials relating to the topics addressed in this letter. You should construe this
preservation notice as an instruction to take all reasonable steps to prevent the destruction or
alteration, whether intentionally or negligently, of all documents, communications, and other
information, including electronic information and metadata, that are or may be responsive to this
congressional inquiry. This instruction includes all electronic messages sent using your official
and personal accounts or devices, including records created using text messages, phone-based
message applications, or encryption software.

The Committee has legislative and oversight jurisdiction over the Department of Justice
pursuant to Rule X of the Rules of the House of Representatives.[5] If you have any questions
about this matter, please contact Committee staff at (202) 225- 6906. Thank you for your prompt
attention to this matter.

Sincerely,

Jim Jordan
Chairman

cc:     The Honorable Jerrold L. Nadler, Ranking Member

---

[5] Rules of the House of Representatives, R. X, 118th Cong. (2023).

EXHIBIT 18

ONE HUNDRED EIGHTEENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON THE JUDICIARY

2138 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6216

(202) 225–6906
judiciary.house.gov

June 22, 2023

The Honorable David C. Weiss
United States Attorney
United States Attorney's Office
District of Delaware
1313 North Market Street
Wilmington, Delaware 19899

Dear Mr. Weiss:

On May 25, 2023, the Committee wrote to Attorney General Garland requesting documents and information related to the removal of an Internal Revenue Service (IRS) Criminal Supervisory Special Agent and whistleblower, as well as his entire investigative team, from a sensitive ongoing investigation in apparent retaliation for making protected disclosures to Congress.[1] The Committee received your reply letter on June 7, 2023, that responded on Attorney General Garland's behalf and declined to provide any substantive information.[2] Because your stated reason for refusing to cooperate with the Committee's requests is unpersuasive, we write to reiterate our request for material about the Department's retaliation against this whistleblower.

From your response, two critical points stand out. First, you did not dispute that the Department retaliated against the IRS whistleblower and his investigative team for making protected disclosures to Congress. Second, your stated reasons for refusing to comply with the Committee's requests have no relation to the subject of this oversight: whistleblower retaliation. Contrary to the central objections set forth in your letter, this matter does not involve the protection of "confidential law enforcement information from disclosures" or "deliberative communications regarding an ongoing criminal investigation."[3] Rather, it focuses solely on the Department's retaliation—which you seem to concede—against a whistleblower in violation of United States law, which you acknowledge "protects whistleblowers from retaliation."[4]

---

[1] Letter from Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, to Hon. Merrick B. Garland, Att'y Gen., U.S. Dep't of Justice (May 25, 2023) [hereinafter "Letter from Rep. Jordan"].

[2] Letter from Hon. David C. Weiss, U.S. Att'y, Dist. of Del. (June 7, 2023) [hereinafter "Letter from U.S. Att'y Weiss"].

[3] Letter from U.S. Att'y Weiss, *supra* note 2.

[4] Letter from U.S. Att'y Weiss, *supra* note 2.

The Honorable David C. Weiss
June 22, 2023
Page 2

The Committee has articulated its interest in obtaining material concerning a non-prosecutorial matter—namely, material referring or relating to the retaliation of an IRS Criminal Supervisor Special Agent and his investigative team for speaking to Congress.[5] The requests do not seek information that bears on the particulars or substance of an open criminal investigation. Instead, the Committee seeks information that bears on whistleblower retaliation to inform potential legislative reforms to protect Department whistleblowers—a matter that the Committee has also been examining with respect to the FBI.[6]

In fact, your letter acknowledged the Committee's legislative purpose as "referenc[ing] recently-announced staffing determinations in the matter and the Committee's concern that those decisions intersect with whistleblower protections."[7] It is hard to understand how materials related to "staffing determinations" implicate "legally protected materials" or "information the disclosure of which might compromise open criminal investigations or prosecutions or constitute an unnecessary invasion of privacy."[8] Similarly, providing responsive documents would not "compromise the independence and integrity of investigations . . . or create the appearance of political interference."[9] Here, the Committee's focus is not interested in "where, when, and whether"[10] the Department will prosecute or decline to prosecute a particular person, but rather in understanding whether the Department is faithfully adhering to whistleblower protection laws and, if not, whether Congress must consider legislative reforms.

The Department has no legitimate basis to refuse cooperation with the Committee's oversight of this matter. The Committee is empowered by the House of Representatives to conduct oversight of the programs and operations of the Department of Justice,[11] and the Supreme Court has made clear that Congress has a "broad and indispensable" power to conduct oversight, which "encompasses inquiries into the administration of existing laws, studies of proposed laws, and surveys in our social, economic or political system for the purpose of enabling Congress to remedy them."[12]

Finally, the Committee's May 25 letter was addressed to Attorney General Garland because it sought documents in possession of the broader Department of Justice, not solely the U.S. Attorney's Office for the District of Delaware. We reiterate those requests to the Department and expect to receive the responsive material promptly. In addition to the requests

---

[5] Letter from Rep. Jordan, *supra* note 1.

[6] *See generally Hearing on the Weaponization of the Federal Government: Hearing Before the Select Subcomm. on the Weaponization of the Federal Gov't*, 118 Cong. (2023) (testimony of three FBI whistleblowers regarding retaliation); H. COMM. ON THE JUDICIARY & SELECT SUBCOMM. ON THE WEAPONIZATION OF THE FEDERAL GOV'T, FBI WHISTLEBLOWER TESTIMONY HIGHLIGHTS GOVERNMENT ABUSE, MISALLOCATION OF RESOURCES, AND RETALIATION (May 18, 2023).

[7] Letter from U.S. Att'y Weiss, *supra* note 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Rules of the U.S. House of Representatives, R. X, 118th Cong. (2023).

[12] *See, e.g., Trump v. Mazars LLP*, No. 19-715 at 11 (U.S. slip op. July 9, 2020) (internal quotation marks and citations omitted).

The Honorable David C. Weiss
June 22, 2023
Page 3

made in the Committee's May 25 letter, and in light of the unusual nature of your response on behalf of Attorney General Garland, we ask that you provide the following information:

1. A list of individuals who drafted and assisted in drafting your June 7, 2023, response to the Committee's May 25 letter;

2. Who instructed you to sign and send your June 7 letter to the Committee;

3. When you first learned or were made aware of the Committee's May 25 letter to Attorney General Garland;

4. Who at the Department of Justice forwarded you the Committee's May 25 letter to Attorney General Garland; and

5. Whether you had any discussions with Attorney General Garland or any other individual at the Department about the Committee's May 25 letter. If so, please provide details of these conversations and/or documents or communications referring or relating to those conversations.

The Committee requests that you provide answers to these questions, as well as information and documents responsive to the requests outlined in our May 25 letter, as soon as possible but not later than 5:00 p.m., on July 6, 2023.

Thank you for your attention to this matter.

Sincerely,

Jim Jordan
Chairman

cc:     The Honorable Jerrold L. Nadler, Ranking Member

        The Honorable Merrick B. Garland, Attorney General

EXHIBIT 19

**LINDSEY O. GRAHAM**
SOUTH CAROLINA



290 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224–5972

# UNITED STATES SENATE

June 28, 2023

## VIA ELECTRONIC TRANSMISSION

Mr. David C. Weiss
United States Attorney
District of Delaware

Dear Mr. Weiss:

Whistleblower allegations indicate that while you were investigating Hunter Biden you requested Special Counsel designation and were denied, and that you sought more serious charges and that attempt was rejected. Whistleblowers also indicated that you made efforts to bring charges in Washington, D.C. and California, and were also rejected. These allegations are corroborated by a contemporaneous e-mail. Please provide information regarding these allegations, as a prompt response is necessary to reassure the public that there is equal justice under the law.

I have been informed that you and your office were briefed on allegations in a FD-1023 form suggesting there may have been phone calls recorded between Hunter Biden and Joe Biden with a senior official at Burisma Holdings, a Ukrainian energy company. The FD-1023 in question alleges that the confidential informant told the Department of Justice and FBI that such tapes may exist.

Were you in fact briefed on these allegations by United States Attorney Scott Brady or anyone else? If yes, what actions were taken to investigate this matter and what was the final disposition?

As I write, I do not know if the allegations are credible, but I know they are serious, and I believe it is incumbent on you to clarify and inform the public. I am confident this can be achieved without compromising confidential sources.

Sincerely,

Lindsey O. Graham
Ranking Member
Senate Committee on the Judiciary

cc:   The Honorable Richard J. Durbin
      Chairman
      Senate Committee on the Judiciary

cc:   The Honorable Merrick Garland
      Attorney General of the United States

508 HAMPTON STREET
SUITE 202
COLUMBIA, SC 29201
(803) 933–0112

401 WEST EVANS STREET
SUITE 111
FLORENCE, SC 29501
(843) 669–1505

130 SOUTH MAIN STREET
SUITE 700
GREENVILLE, SC 29601
(864) 250–1417

530 JOHNNIE DODDS BOULEVARD
SUITE 202
MOUNT PLEASANT, SC 29464
(843) 849–3887

235 EAST MAIN STREET
SUITE 100
ROCK HILL, SC 29730
(803) 366–2828

124 EXCHANGE STREET
SUITE A
PENDLETON, SC 29670
(864) 646–4090

EXHIBIT 20



LINDSEY O. GRAHAM
SOUTH CAROLINA

290 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224–5972

# UNITED STATES SENATE

June 28, 2023

The Honorable Merrick Garland
Attorney General
Department of Justice
950 Constitution Ave., N.W.
Washington, D.C. 20530

Dear Attorney General Garland,

As you're well aware, recently the House of Representatives released testimony suggesting the Department of Justice (DOJ) and others slow-walked the Hunter Biden investigation. To the American people, it appears DOJ had its thumb on the scale of justice.

Specifically, two whistleblowers allege U.S. Attorney Weiss wanted a Special Counsel designation and was denied. They also state that efforts to bring stronger cases in Washington, D.C., and California were rejected. These allegations are corroborated by a contemporaneous e-mail. It is imperative these allegations are addressed head-on.

Were you aware of any request by U.S. Attorney Weiss to be designated Special Counsel? And likewise, were you aware of any effort to seek support to bring felony charges in Washington, D.C. or California? Finally, if such requests were made by U.S. Attorney Weiss and you were not aware, who would be the decision-making authority in such a case?

Please provide answers and clarity as soon as possible.

Sincerely,

Lindsey O. Graham
Ranking Member
Senate Committee on the Judiciary

Cc:     The Honorable Richard J. Durbin
        Chairman
        Senate Committee on the Judiciary

508 HAMPTON STREET
SUITE 202
COLUMBIA, SC 29201
(803) 933–0112

401 WEST EVANS STREET
SUITE 111
FLORENCE, SC 29501
(843) 669–1505

130 SOUTH MAIN STREET
SUITE 700
GREENVILLE, SC 29601
(864) 250–1417

530 JOHNNIE DODDS BOULEVARD
SUITE 202
MOUNT PLEASANT, SC 29464
(843) 849–3887

235 EAST MAIN STREET
SUITE 100
ROCK HILL, SC 29730
(803) 366–2828

124 EXCHANGE STREET
SUITE A
PENDLETON, SC 29670
(864) 646–4090

# EXHIBIT 21

JASON SMITH
MISSOURI,
*CHAIRMAN*

MARK ROMAN, STAFF DIRECTOR
(202) 225–3625



RICHARD E. NEAL
MASSACHUSETTS,
*RANKING MEMBER*

BRANDON CASEY, STAFF DIRECTOR
(202) 225–4021

# U.S. House of Representatives

### COMMITTEE ON WAYS AND MEANS
#### 1139 Longworth House Office Building
### Washington, DC 20515

July 14, 2023

The Honorable Merrick B. Garland
Attorney General
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

The Honorable David C. Weiss
United States Attorney
District of Delaware
1313 North Market Street
Wilmington, Delaware 19899

**Re:**  *United States v. Robert Hunter Biden,* **1:23-mj-00274-MN**

Dear Attorney General Garland and U.S. Attorney Weiss,

The U.S. House Committee on Ways and Means (Committee) recently voted to submit to the full House of Representatives (House)[1] the transcripts of whistleblower testimony provided by two Internal Revenue Service (IRS) employees regarding the investigation of Robert Hunter Biden.[2] Through that process, the transcripts became publicly available.[3] These whistleblowers provided information to the Committee under 26 U.S.C. § 6103(f)(5) and did so through voluntary transcribed interviews under questioning from both majority and minority counsel on May 26, 2023, and June 1, 2023.

The testimony of the two whistleblowers raises serious concerns about the handling of this investigation and prosecution, and multiple congressional inquiries into the whistleblowers' allegations are ongoing. The whistleblowers alleged that prosecutors and Department of Justice

---

[1] H. Comm. on Ways and Means, Business Meeting, *Meeting on Documents Protected Under Internal Revenue Code Section 6103* (June 22, 2023), https://waysandmeans.house.gov/event/meeting-on-documents-protected-under-internal-revenue-code-section-6103/.

[2] The Committee is also aware of a related matter under a different case number: *United States v. Robert Hunter Biden*, 1:23-cr-00061-MN. Given the seeming connection between the two matters, we believe the judge should consider the attached material in the context of both matters as appropriate.

[3] H. Comm. on Ways and Means, Business Meeting, *Meeting on Documents Protected Under Internal Revenue Code Section 6103* (June 22, 2023), https://waysandmeans.house.gov/event/meeting-on-documents-protected-under-internal-revenue-code-section-6103/.

Letter to the Honorable Merrick B. Garland and The Honorable David C. Weiss
July 14, 2023
Page 2

officials engaged in unjustified delays and political interference that resulted, in part, in the statute of limitations expiring for tax years 2014 and 2015. According to the whistleblowers, the IRS recommended criminal charges be sought for tax years 2014 through 2019, including multiple felony counts. These represent only some of the allegations presented to the Committee by the whistleblowers, as they also provided numerous examples of unprecedented and unusual interference, delays, and roadblocks beyond what is described above, which appear to have hindered the investigation.

Over the course of a single week in June, the existence of a plea agreement in this matter became public, a plea hearing was scheduled, and the Committee submitted whistleblower testimony to the full House. Given the abruptness of the plea agreement announcement shortly after it became public that whistleblowers made disclosures to Congress, the seriousness of the whistleblower allegations, and the fact that multiple congressional investigations into the matter are ongoing, we ask that you file this letter and the attached information in the docket of the above referenced matter and confirm with the Committee that you have done so as soon as possible, but no later than 5pm on Tuesday, July 18, 2023.

Placing the attached materials into the record is critical because the testimony provided by the two IRS whistleblowers brings new and compelling facts to light, and because it is essential for the Judge in this matter to have relevant information before her when evaluating the plea agreement.

Judges can reject plea agreements and there is precedent for them to do so for a variety of reasons.[4] Legal experts have described situations where judges rejected plea agreements "if judges believe the agreements do not adequately address the nature of the crimes, the rights of victims, or the interests of the public" or when judges "disagree with prosecutors' proposed sentence in order to avoid any surprises at the later sentencing hearing."[5] For example, judges have rejected plea agreements because the plea agreement is "flawed" and they "don't agree with

---

[4] *See e.g.*, Jonathan Allen, *In rare move, U.S. judge rejects plea agreement by Ahmaud Arbery's murderers*, REUTERS (Jan. 31, 2022), https://www.reuters.com/world/us/us-prosecutors-reach-hate-crime-plea-deals-ahmaud-arbery-murder-court-filings-2022-01-31/ (reporting on *U.S. v. Travis McMichael*, Change of Plea/Entry of Plea Minutes, Jan. 31, 2022, Case No. 2:21-cr-00022-LGW-BWC, ECF No. 154 (S.D. Ga. 2022)); Celine Castronuovo, *Judge rejects plea deal with man described as world's largest child porn purveyor*, THE HILL (May 12, 2021), https://thehill.com/regulation/court-battles/553183-judge-rejects-plea-deal-with-man-described-as-worlds-largest-child/ (reporting on rejection of a plea deal because the judge was inclined to give the defendant a longer sentence in *U.S. v. Eric Eoin Marques*, Transcript of Proceedings – Sentencing Hearing Before The Hon. Theodore D., May 12, 2021, Case No. 8:19-cr-00200-TDC, ECF No. 93 (D. Md. 2021)); Kristen Weaver, *Judge Rejects Tulsa Murder Suspect's Plea Deal, Orders Him To Stand Trial*, NEWS ON 6 (July 14, 2021), https://www.newson6.com/story/60ef9b140a26b00c04ee6447/judge-rejects-tulsa-murder-suspects-plea-deal-orders-him-to-stand-trial- (reporting on *U.S. v. Sago*, Minute Sheet – Sentencing, July, 13, 2021, Case No. 4:20-cr-00094-GKF, ECF No. 45 (N.D. Okla. 2021)).

[5] Jonathan Allen, *In rare move, U.S. judge rejects plea agreement by Ahmaud Arbery's murderers*, REUTERS (Jan. 31, 2022), https://www.reuters.com/world/us/us-prosecutors-reach-hate-crime-plea-deals-ahmaud-arbery-murder-court-filings-2022-01-31/.

Letter to the Honorable Merrick B. Garland and The Honorable David C. Weiss
July 14, 2023
Page 3

the outcome;"[6] the judge finds "the sentencing options available strikingly deficient;"[7] the plea agreement "falls short given the backdrop of the parties' motivation, [the individual's] trusted employment position, and the threats to national and global security…that [the parties'] actions caused;"[8] and "[i]t was not in the best interest of the community, or the country, to accept the[] plea agreements."[9]

In one state court proceeding, a judge rejected a plea agreement because "[i]t is contrary to justice. Justice in this society cannot be seen as being able to buy oneself out of a felony conviction." The Judge also went on to say, "[m]any in our community steal much less and go to prison or to jail…. They steal much less and they don't get a deferred judgment because they don't have any money."[10]

Thus, entering this information into the formal record will ensure that the Judge can review and consider this relevant information prior to the scheduled plea hearing on July 26, 2023. Please find attached the materials the Committee submitted to the full House. Thank you for your prompt attention to this matter. Again, we ask that you respond to the Committee by 5pm on Tuesday, July 18, 2023.

Sincerely,

Jason Smith
Chairman
Committee on Ways and Means

---

[6] *U.S. v. Eric Eoin Marques*, Transcript of Proceedings – Sentencing Hearing Before The Hon. Theodore D., May 12, 2021, Case No. 8:19-cr-00200-TDC, ECF No. 93 (D. Md. 2021).

[7] *Judge rejects plea deal in submarine secrets case, saying sentences were too light*, NPR (Aug. 17, 2022), https://www.npr.org/2022/08/17/1117837082/judge-rejects-plea-deal-in-submarine-secrets-case-saying-sentences-were-too-ligh; *see also U.S. v. Jonathan Toebbe and Diana Toebbe*, Order Rejecting Plea Agreements, Permitting Defendants to Withdraw Guilty Pleas and Setting Trial Dates 2, Aug. 18, 2022, Case No. 3:21-cr-00049-GMG-RWT, ECF No. 113 (N.D.W. Va. 2022) (rejecting a plea deal and noting "that while she generally honors plea agreements, in this case she said the sentencing options were 'strikingly deficient' considering the seriousness of the charges.").

[8] *U.S. v. Jonathan Toebbe and Diana Toebbe*, Order Rejecting Plea Agreements, Permitting Defendants to Withdraw Guilty Pleas and Setting Trial Dates 2, Aug. 18, 2022, Case No. 3:21-cr-00049-GMG-RWT, ECF No. 113 (N.D.W. Va. 2022).

[9] *Id.*

[10] Justin Wingerter, *'Contrary to justice': Judge rejects probation plea deal for Bachar in $125K theft*, BusinessDen (Mar. 13, 2023), https://businessden.com/2023/03/13/contrary-to-justice-judge-rejects-probation-plea-deal-for-bachar-in-125k-theft/.

# EXHIBIT 22

# Congress of the United States
## Washington, DC 20515

June 29, 2023

The Honorable Merrick B. Garland
Attorney General
Department of Justice
Washington, DC 20530

Dear Attorney General Garland:

Our Committees are continuing to conduct oversight of the programs and operations of the Department of Justice and Internal Revenue Service within their respective jurisdictions. Recent startling testimony from Internal Revenue Service whistleblowers raises serious questions about the Department's commitment to evenhanded justice and the veracity of assertions made to the Committee on the Judiciary. In order to fully assess these allegations, testimony is required from several Department and Federal Bureau of Investigation employees. We expect your full cooperation as we arrange these transcribed interviews.

From recent testimony before the Ways and Means Committee, we have identified several Department employees who we believe to possess information concerning allegations of politicization and misconduct with respect to the Department's investigation of Hunter Biden. Specifically, the Committees seek to examine whistleblower claims that the Department's investigation of Hunter Biden was purposely slow-walked and subjected to improper and politically motivated interference.[1] The Committees must obtain the first-hand testimony from these individuals to fully assess the serious allegations raised by these brave IRS whistleblowers. Accordingly, we ask that you initially make the following Department employees available for transcribed interviews before the Judiciary Committee promptly:

1. Lesley Wolf
2. Jack Morgan
3. Mark Daly
4. Matthew Graves
5. E. Martin Estrada
6. David Weiss
7. Stuart Goldberg
8. Shawn Weede
9. Shannon Hanson
10. Tom Sobocinski (FBI)
11. Ryeshia Holley (FBI)

We anticipate that we may require testimony from additional Department or FBI employees as our oversight continues, and we expect your cooperation in facilitating these future interviews as well. To the extent that the Department attempts to interfere with our oversight by asserting that line-level employees are off-limits to congressional oversight, please be advised that we will not

---

[1] *See* Transcribed interview of Gary Shapley, Internal Revenue Service (May 26, 2023); Transcribed interview of Case Agent, Internal Revenue Service (June 1, 2023).

The Honorable Merrick B. Garland
June 29, 2023
Page 2

accept that excuse. Congressional committees have regularly received testimony from non-Senate-confirmed and line-level Justice Department employees in the past.[2] We expect this past precedent to apply to our oversight in this matter as well.

The Supreme Court has recognized that Congress has a "broad and indispensable" power to conduct oversight, which "encompasses inquiries into the administration of existing laws, studies of proposed laws, and surveys in our social, economic or political system for the purpose of enabling Congress to remedy them."[3] Pursuant to Rule X of the Rules of the House of Representatives, the Committee on the Judiciary has jurisdiction over criminal justice matters in the United States.[4] The Committee on Ways and Means is authorized to conduct oversight of the Internal Revenue Service and the administration of the Internal Revenue Code. The Committee on Oversight and Accountability may examine "any matter" at any time. The Committees' need to obtain first-hand testimony from Department employees is vital for carrying out our oversight and for informing potential legislative reforms to the operations and activities of the Department.

To avoid any unnecessary delay, we ask that you please direct your staff to work with the Judiciary Committee staff to begin scheduling these transcribed interviews as soon as possible, but no later than 5:00 p.m. on July 13, 2023. Please be aware that the Committees will resort to compulsory process to obtain the required testimony. Thank you for your prompt attention to this matter.

Sincerely,

Jim Jordan
Chairman
Committee on the Judiciary

Jason Smith
Chairman
Committee on Ways and Means

James Comer
Chairman
Committee on Oversight and Accountability

---

[2] *See, e.g.*, Transcribed interview of Gary Grindler, U.S. Dep't of Justice (Dec. 14, 2011); Transcribed interview of Jack Smith, U.S. Dep't of Justice (May 29, 2014); Transcribed interview of Richard Pilger, U.S. Dep't of Justice (May 6, 2014); Transcribed interview Maame Frimpong, U.S. Dep't of Justice (July 19, 2016); Transcribed interview of Michael B. Steinbach, U.S. Dep't of Justice (June 16, 2020); Transcribed interview of Bruce Ohr, U.S. Dep't of Justice (June 30, 2020); Transcribed interview of Stuart Evans, U.S. Dep't of Justice (July 31, 2020); Transcribed interview of Deputy Chief, Counterintelligence and Export Control Section, U.S. Dep't of Justice (Sept. 18, 2020).
[3] *See, e.g., Trump v. Mazars LLP*, No. 19-715 at 11 (U.S. slip op. July 9, 2020) (internal quotation marks and citations omitted).
[4] Rules of the U.S. House of Representatives, R. X (2023).

The Honorable Merrick B. Garland
June 29, 2023
Page 3


cc:     The Honorable Jerrold L. Nadler, Ranking Member
        Committee on the Judiciary

        The Honorable Richard E. Neal, Ranking Member
        Committee on Ways and Means

        The Honorable Jamie Raskin, Ranking Member
        Committee on Oversight and Accountability

EXHIBIT 23

## Congress of the United States
### Washington, DC 20515

July 21, 2023

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Dear Attorney General Garland:

In the wake of testimony from brave Internal Revenue Service whistleblowers about special treatment for the son of President Biden during the course of a criminal investigation, our Committees are conducting oversight of the Executive Branch's commitment to impartial justice, as well as investigating the veracity of statements made in response to congressional inquiries. As part of this oversight, on June 29, 2023, we requested you make eleven Department of Justice officials available for transcribed interviews before the Judiciary Committee.[1] The Department's July 13 response letter raised several bases for why the Department could not comply immediately with our request.[2] We write to address these bases and to reiterate our request for the Department's voluntary cooperation.

The Department's July 13 response letter questioned the Committees' legislative purpose in conducting our oversight of the Justice Department's preferential treatment afforded to Hunter Biden.[3] There is no serious dispute that the Committees have a legislative purpose to examine how the Department has handled these matters. The Supreme Court has recognized that Congress has a "broad and indispensable" power to conduct oversight,[4] and that a legislative purpose is valid if it "concern[s] a subject on which legislation could be had."[5] In this matter, Congress may consider a number of legislative proposals including, but not limited to, reforming the "special attorney" statute,[6] codifying the special counsel regulations,[7] reforming the Tax Division of the

---

[1] Letter from Chairmen Jim Jordan, Jason Smith, and James Comer, to Merrick B. Garland, Att'y Gen., U.S. Dep't of Just. (June 29, 2023).
[2] Letter from Carlos Felipe Uriarte, Assistant Att'y Gen., U.S. Dep't of Just., to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (July 13, 2023) [hereinafter July 13 Letter].
[3] *Id.*
[4] *Trump v. Mazars*, 140 S. Ct. 2019, 2031 (2020) (internal quotation marks omitted).
[5] *Id.* (internal quotation marks omitted).
[6] 28 U.S.C. § 515.
[7] 28 C.F.R. § 600 *et seq.*

The Honorable Merrick B. Garland
July 21, 2023
Page 2

Department of Justice and its interactions with the IRS, and expanding the ability of the IRS, including whistleblowers, to share certain tax information with Congress.[8]

The Supreme Court has also recognized that a legislative purpose exists where Congress seeks information from the Executive Branch about "corruption, maladministration or inefficiency in agencies of the Government."[9] Here, whistleblowers have brought forward numerous concerns, backed by contemporaneous documentary evidence, of corruption (e.g., preferential treatment for the President's son), maladministration (e.g., retaliation against whistleblowers), and inefficiency (e.g., an investigation so bogged down by delays and micromanagement that the statute of limitations lapsed before prosecutors could file certain charges). These are among the matters about which the Committees require testimony to inform potential legislative reforms.

The Department's July 13 letter also asserted that it may not engage with Congress about pending investigations.[10] In support of this proposition, the Department cited a nonbinding, twenty-three year old letter to a House subcommittee chairman.[11] The Department's suggestion that it can dictate the "timing and scope" of the Committee's oversight because of ongoing nature of the Department's investigation lacks any valid legal basis and the Committees do not accept it as a legitimate reason to delay its oversight efforts.[12] Even assuming the Department is correct, as it has acknowledged, the U.S. District Court for the District of Delaware will consider Hunter Biden's plea agreement on July 26.[13] At that time, it is the Committees' understanding that the Department's prosecution will have concluded, the matter will be closed, and there will no longer be any reason for the Department to not comply in full with our requests.[14]

The Department's July 13 response endorsed the statements previously made to the Judiciary Committee by U.S. Attorney for the District of Delaware, David Weiss, regarding his authority to investigate and prosecute Hunter Biden. Weiss's representations about his authority, however, have shifted over time. Initially, in response to a letter addressed to you, Weiss asserted: "I *have been granted ultimate authority* over this matter, including responsibility for deciding where, when, and whether to file charges . . . ."[15] Subsequently, in his June 30 letter to the Judiciary Committee, Weiss claimed that his "charging authority is geographically limited to [his] home district" and that "[i]f venue for a case lies elsewhere, common Departmental practice

---

[8] *See, e.g.*, 26 U.S.C. § 6103(f).

[9] *Watkins v. United States*, 354 U.S. 178, 200 n.33 (1957).

[10] July 13 Letter, *supra* note 2.

[11] *Id.* (citing Letter from Robert Raben, Assistant Att'y Gen., U.S. Dep't of Just., to Rep. John Linder, Chairman, Subcomm. on Rules & Orgs. of the H. Comm. on Rules (Jan. 27, 200)).

[12] *Id. Cf.* William McGurn, Opinion, *The 'Ongoing Investigation' Dodge on Hunter Biden*, WALL ST. J. (July 10, 2023) (quoting former Assistant U.S. Attorney Andrew McCarthy as stating, "The executive branch response of 'ongoing investigation' is really a political objection, rather than a legal one. There is no 'ongoing investigation' privilege.").

[13] July 13 Letter, *supra* note 2.

[14] *See* Ed. Bd., *Hunter Biden's Prosecutor Keeps Dodging Congress*, WALL ST. J. (July 10, 2023) ("In his letter Mr. Weiss again refused to discuss anything further about his 'ongoing investigation.' But if he's settled the case, why is it 'ongoing'?").

[15] Letter from David C. Weiss, U.S. Att'y, Dist. of Del., to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (June 7, 2023) (emphasis added).

The Honorable Merrick B. Garland
July 21, 2023
Page 3

is to contact the United States Attorney's Office for the district in question and determine whether it wants to partner on the case."[16] If a fellow U.S. Attorney declined to "partner," Weiss explained, he would have had to request "Special Attorney" status, which he claimed to "have been assured that, if necessary" he would receive.[17] Finally, in a July 10 letter to Senator Lindsey Graham, Weiss acknowledged that he had "discussions" with unnamed "Departmental officials" about seeking Special Attorney status and "was assured" the authority would be granted.[18]

In other words, in his first letter, Weiss represented to the Judiciary Committee that he *had been* granted ultimate authority with respect to the filing of charges. But in his second letter, Weiss told the Committee that he had been assured by unnamed officials that he *would be* granted that authority in the future if necessary after going through a specified process, and he notably provided no explanation of who would make the determination of necessity. These are inconsistent representations, and it is not possible for both of them to be true.

Weiss's shifting statements about his authority to bring charges against Hunter Biden, especially his authority to bring charges outside of Delaware, suggest that improper political considerations factored into the Department's investigative and prosecutorial function. In addition, at least some of Weiss's statements to the Judiciary Committee contradict his own statement to line-level investigators in October 2022, in which he indicated that he was not the "deciding official" on bringing charges against Hunter Biden.[19] This statement was memorialized contemporaneously in an email sent by IRS whistleblower Gary Shapley; and none of the other participants in the meeting at which Weiss made this assertion have contradicted Shapley's account.

On a recent teleconference with Judiciary Committee staff, the Department confirmed that Weiss would appear before the Committee. While we look forward to Weiss appearing at a hearing at the appropriate time, we must first conduct our investigative work, including conducting the transcribed interview of witnesses identified in our June 29 letter. As we explained in that letter, the Department has made available non-Senate-confirmed and line-level employees for testimony to Congress in the past, and we expect no deviation from this precedent in this matter. Accordingly, we write to reiterate our outstanding requests for transcribed interviews with the Department and FBI officials listed in our June 29 letter.

Please contact the Judiciary Committee as soon as possible, but no later than 5:00 p.m. on July 24, 2023, to schedule these transcribed interviews. Absent cooperation with this request, the Judiciary Committee will issue subpoenas to obtain the required testimony.

---

[16] Letter from David C. Weiss, U.S. Att'y, Dist. of Del., to Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary (June 30, 2023).
[17] *Id.*
[18] Letter from David C. Weiss, U.S. Att'y, Dist. of Del., to Sen. Lindsey O. Graham, Ranking Member, S. Comm. on the Judiciary (July 10, 2023).
[19] Transcribed Interview of Gary A. Shapley, Jr., Supervisory Special Agent, Internal Revenue Serv., at 28 (May 26, 2023); Transcribed Interview of [Redacted], Special Agent, Internal Revenue Serv., at 40 (June 1, 2023).

The Honorable Merrick B. Garland
July 21, 2023
Page 4

Thank you for your attention to this matter.

Sincerely,

Jim Jordan
Chairman
Committee on the Judiciary

Jason Smith
Chairman
Committee on Ways and Means

James Comer
Chairman
Committee on Oversight and Accountability

cc:   The Honorable Jerrold L. Nadler, Ranking Member
      Committee on the Judiciary

      The Honorable Richard E. Neal, Ranking Member
      Committee on Ways and Means

      The Honorable Jamie Raskin, Ranking Member
      Committee on Oversight and Accountability

      The Honorable Daniel Werfel, Commissioner of the Internal Revenue Service