IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*Plaintiff*,<br><br>v.<br><br>**ROBERT HUNTER BIDEN**<br><br>*Defendant*. | Case Nos. 1:23-cr-61 (MN)<br>1:23-mj-274 (MN) |

## INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

LAW OFFICES OF
MURRAY, PHILLIPS & GAY

*/s/ Julianne E. Murray*
Julianne E. Murray
Bar ID 5649
215 E. Market Street
Georgetown, DE 19947
Tel: (302) 855-9300
julie@murrayphillipslaw.com

*Counsel for Amici Heritage Foundation and Mike Howell*

Dated: August 1, 2023

EXHIBIT 1

Intervenors Heritage Foundation and Mike Howell[1] oppose Defendant Robert Hunter Biden's Motion for Leave to File Under Seal (No. 23-mj-274, ECF No. 17) ("Motion" or "Mot."). It is contrary to law and fact, appears to be made for improper purposes, and when considered on the relevant record, is frivolous.

## BACKGROUND

In addition to seeking to seal the House Ways and Means Committee Chairman Jason Smith's *Amicus* filing via the present Motion, Defendant has *also* requested that Heritage consent to the sealing of *Heritage's* filing which contained the *identical* Internal Revenue Service ("IRS") Whistleblower Transcripts that the Defendant's Motion seeks to seal. *See* Mot. at 1–2. This broader record is directly relevant to Defendant's filed Motion.

On July 28, 2023, Counsel for Defendant contacted Heritage's counsel requesting consent to seal certain portions of Heritage's *Amici* Brief prior to Defendant filing a motion to seal in No. 23-cr-61 Amazingly, Defendant sought to seal the two IRS Whistleblower Transcripts *publicly* released by the House Ways and Means Committee on June 22, 2023—over four weeks ago— pursuant to a formal vote of the Committee.[2] But the Defendant does not stop there. The Defendant also wants to seal other public documents: (1) a *public letter* from Chairman Smith to the Attorney General of the United States dated July 14, 2023[3]; (2) a Congressional Quarterly transcript of a *public hearing* with the IRS Whistleblowers held on July 19, 2023 before the House

---

[1] The Intervenors are collectively referred to as "Heritage" throughout this brief.
[2] *See* https://waysandmeans.house.gov/event/meeting-on-documents-protected-under-internal-revenue-code-section-6103/.
[3] *See* https://waysandmeans.house.gov/smith-calls-on-ag-garland-and-u-s-attorney-weiss-to-submit-irs-whistleblower-testimony-into-hunter-biden-plea-agreement-proceedings/.

Committee on Oversight and Accountability[4]; and (3) portions of Heritage's *Amici* filing that discussed the foregoing.  Counsel for Defendant demanded a response by 5:00 p.m. on July 28, 2023, a mere 2.75 hours after making the request, and further advised that should Heritage not consent, Defendant intended to file a motion with the Court.  Heritage did not consent, and instead, explained at length that Defendant's attempt to seal would be "absurd and frivolous."  Exhibit 1, at 2 to the Declaration of Julliane E. Murray In Support of Motion for Leave to Intervene (Aug. 1, 2023) ("Murray Decl.").  Later that day, Heritage's counsel noted that the ECF system was down and requested to be copied on any email filings made to the Clerk over the weekend.  On Monday at 10:59 a.m., Counsel for Defendant changed positions and indicated that they would try to litigate the issue without involving Heritage:  "[A]s this identical issue is currently before the Court, we will await the Court's ruling on the pending application and pursue further relief accordingly."  Murray Decl. Ex. 2 at 2.  While the Court's ruling on Defendant's Motion to seal in No. 23-mj-274 would not be the law of the case as to Heritage, it would be *de facto* controlling.  Thus, Defendant has sought to game this litigation to effectively move to seal Heritage's *Amicus* filing without affording them an opportunity to respond.  Not only is that inefficient both for the Court and all other parties—it is deeply unfair.

## ARGUMENT

**I.      The Law is Simple:  Heritage Has a First Amendment Right of Access to this Court.**

The law is simple and clear.  Begin with the First Amendment right of access to courts. Defendant's Motion seeks to seal a filing related to a plea hearing deferred due to legal questions discussed for hours in open court.  In the Third Circuit, the First Amendment right of access

---

[4] The hearing is available for the world to see in full video on the Committee's webpage.  *See* https://oversight.house.gov/hearing/hearing-with-irs-whistleblowers-about-the-biden-criminal-investigation/.

unambiguously applies. *See, e.g.*, *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018) (the First Amendment right of access applies to plea hearings and, by extension, to documents related to those hearings). Accordingly, Defendant must thus satisfy the high bar of strict scrutiny. *See, e.g.*, *In re Avandia Mkt. Sales Practices and Prods. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019); Transcript of July 26, 2023 Hearing at 97:7–9 (No. 23-mj-274, ECF No. 18). As this Court stated in this matter, *Avandia* summarizes the applicable standards and controls. *See* Oral Order, *United States v. Biden*, 23-mj-273 (July 25, 2023) (ECF No. 12):

As the House Ways and Means Committee's Opposition correctly notes, Defendant misstates the applicable standard; misquotes its leading authority; and all but concedes *Avandia* is fatal to the Motion. 23-mj-274, ECF No. 22-1, at 1–2, 7–8 ("Opposition" or "Opp."). And all this despite being on notice of the Court's application of strict scrutiny.

## II.     Defendant Does Not Come Close to Surviving Strict Scrutiny.

There is no compelling interest capable of satisfying strict scrutiny in sealing materials that have been public for well over a month and have been continuously plastered on worldwide news sources. *See, e.g.*, *Thomas*, 905 F.3d at 282 ("compelling governmental interest" required to seal plea hearing related materials).

To take an example, national network television carried lengthy portions of the House Oversight hearing—*live*—that Defendant wishes to seal. This is not the case where a matter is public only incidentally or in a specific geographic area. This matter is known in every corner of the globe. Even if the information Defendant seeks to seal was wrongfully released—which is emphatically not the case—"the cat is out of the bag. . . . Once announced to the world, the information lost its secret characteristic." *In Re Charlotte Observer*, 921 F.2d 47, 50 (4th Cir. 1990). Tellingly, Defendant fails to mention *In re Subpoena Duces Tecum Served on Amerix Corp.* where the Court confronted the exact situation present here, albeit with a Senate Subcommittee.

3

No. 07-cv-2737 (WDQ), 2008 WL 11518429 (D. Md. Jan. 31, 2008). That Court decisively rejected the argument that it should seal previously confidential materials officially released by a Senate Subcommittee:

> But the Senate's previous public disclosures lessen the privacy concerns associated with some of the documents requested by the Government. To the extent that compliance with the Government's subpoena would cause Amerix to disclose financial or proprietary information that is not already public, those materials may be filed under seal. Materials previously disclosed by the Senate investigation, or published or produced as a result of any other regulatory activity will not be produced under seal.

*Id.* at *3.

The cases are legion that sealing widely public materials is improper. Defendant addresses none of them. *See, e.g.*, *OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022) ("It follows that a party should not seek to seal information that is already public, *see Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013), or that would cause no harm to a party if disclosed"); *Virginia Dep't of State Police v. Wash. Post*, 386 F.3d 566, 578 (D.C. Cir. 2004) (affirming unsealing of records where information asserted to be law enforcement sensitive was already public); *Wash. Post. v. Robinson*, 935 F.2d 282, 291–92 (D.C. Cir. 1991) (unsealing plea agreement over Government objection and holding that, while sealing to withhold fact that defendant is cooperating in order to protect the integrity of an investigation and safety of defendant can be a compelling interest, it was not a compelling interest where it was already widely reported in the media that defendant was cooperating).[5]

---

[5] *See also BASF Corp. v. SNF Holding Co.*, No. 17-cv-251, 2019 WL 3554699, at *10 (S.D. Ga. Aug. 5, 2019); *P&L Development LLC v. Bionpharma, Inc.*, No. 17-cv-1154, 2019 WL 2079830, at * 8 (M.D.N.C. May 10, 2019); *Meyers v. Kaiser Foundation Health Plan Inc.*, No. 17-cv-4946 (LHK), 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019); *Reed v. Paramo*, No. 15-cv-5636 (CAS), 2018 WL 10562057, at *2 (C.D. Cal. Sept. 25, 2018); *United States v. Morales*, No. 14-cr-3188 (LAB), 2015 WL 2406099, at *3 (S.D. Cal. May 19, 2015); *United States v. Loughner*, 769 F.Supp.2d 1188, 1196 (D. Ariz. 2011); *United States v. Key*, No. 98-cr-446 (ERK), 2010

### III. Defendant's Delays in Seeking Relief Operate as a Waiver and are Fatal to Any Purported Claim of "Injury".

Defendant has been woefully tardy in seeking to protect the supposed confidential materials. This is shown in multiple ways.

*First*, the identical transcripts were publicly filed on July 25, 2023 in Heritage's *Amicus* filing (ECF No. 13-1). But Defendant took no steps at all to seal these materials until the afternoon of *July 28th*. Even then, Defendant sought no relief regarding these materials which are publicly available on this Court's docket *right now*.

*Second*, apart from this case, the House Ways and Means Committee mark-up to release the transcripts was *noticed* on June 20, 2023 as required, and everyone knew that proceeding pertained to the Hunter Biden investigation, but Defendant did *nothing* to intervene in that proceeding. Defendant's counsel did *not* make submissions at the Congressional hearing. Defendant did *not* seek injunctive relief in the U.S. District Court for the District of Columbia against re-publication of the offending Congressional materials. Defendant's Counsel did not even bother to send a letter objecting prior to the Committee markup. It was only *after* the House Committee voted to approve the public release of the materials and they had been the subject of mass press coverage for over a week that Defendant finally sent an objection letter, on June 30, 2023.

*Third*, Heritage has already filed many of the same materials in other federal courts. On June 26 and June 29, 2023, Heritage filed the public transcripts as exhibits in the United States District Court for the District of Columbia. *See Heritage Found. & Mike Howell v. DOJ*, 23-cv-1854 (DLF). The case was widely reported. One would expect that Defendant, along with his

---

WL 3724358, at *3 (E.D.N.Y. 2010); *United States v. Zazi*, No. 09-cr-663 (RJD), 2010 WL 2710605, at *3–4 (E.D.N.Y. June 30, 2010).

plethora of lawyers working on this matter at multiple global law firms—including the major international law firms of Winston & Strawn and Latham & Watkins—almost certainly would have been monitoring the news and was aware of that litigation. Defendant could easily have sought leave to intervene and seal. Defendant could have litigated this issue over a month ago. He did not. That litigation decision appears to be strategic.

These cumulative instances of delay operate as a waiver of Defendant's Motion. Defendant's delay is fatal to any showing of injury. *See In re Avandia*, 924 F.3d at 678 (party seeking to seal must show material in question "will work a clearly defined and serious injury to the party seeking closure" (internal quotation and citation omitted)); *Hulton v. Artesian Water Co.*, No. 22-cv-1584 (MN), 2023 WL 3582672, at *2 (D. Del. May 23, 2023) (Norieka, J.) (similar); *United States v. Earquhart*, No. 17-cr-143 (BR), 2021 WL 2481675, at *2 (E.D.N.C. June 17, 2021) ("*Patriot Grp. Int'l, Inc. v. Janus Glob. Operations LLC*, No. 1:16-cv-907 (LMB/TCB), 2016 WL 11668615, at *2 (E.D. Va. Aug. 11, 2016) (where the public had access to documents for nearly a month, the "defendant's delay in moving to seal operates as a waiver" (internal citation omitted)).

## IV.  Defendant Has Failed to Show Any Real Prejudice.

Defendant cannot meet his burden of demonstrating that the material in question "will work a clearly defined and serious injury." *In re Avandia*, 924 F.3d at 678 (internal quotation and citation omitted); *see also Hulton*, 2023 WL 3582672, at *2. Defendant's *true* complaint is not with what is or is not on this Court's public docket, but is with the fact that the IRS Whistleblower transcripts and related materials are *currently available* to the world on the House of Representative's website—and have been so available for over a month. The same material is also widely available on a number of third-party websites such as C-SPAN and Congressional Quarterly. *That* putative injury cannot be remedied *here*. The Court cannot order the House of

Representatives to remove that material, nor can it enter a prior restraint against C-SPAN or Congressional Quarterly, nor can the Court order the unknown millions of people (and virtually every news outlet in the world) who have already downloaded that information to forget what they have seen. Any order sealing the same publicly available information would serve no purpose, and hence, would do nothing to alleviate the supposed harm suffered by Defendant.

V.  **It is Reasonable to Conclude that Defendant Is Attempting to Improperly Attack the IRS Whistleblowers.**

Given the clear state of the law and obvious lack of legal merit in the Defendant's Motion, one must ask *why* he bothered to file it. Regrettably, it is reasonable to conclude that Defendant's Motion is undertaken for improper purposes, specifically to intimidate IRS Whistleblowers Shapley and Ziegler and to smear them in a collateral proceeding with supposedly criminal conduct, and more broadly to intimidate any further whistleblowing about the investigation of Defendant. Indeed, the only coherent rationale for seeking to seal *public disclosures* by Congress, *public letters* from Congress, and a *public Congressional hearing*—all of which have been continuously covered in the press here and abroad—is to seek to litigate the Whistleblowers's conduct in *this Court*. *Cf.* Letter from Abbe David Lowell to the Hon. Jason Smith (June 30, 2023) (Murray Decl. Ex. 3) (accusing IRS Whistleblowers of criminal leaks to press of both 6(e) and 6103 information; assigning them the pejorative "self-styled IRS 'whistleblowers'" despite official acknowledgment of their protections; and stating "[i]t is no secret these interviews were orchestrated recitations of mischaracterized and incomplete 'facts' by disgruntled agents who believed they knew better than the federal prosecutors who had all the evidence as they conducted their five-year investigation of Mr. Biden").

But business before Congress, and what Congress discloses in its official proceedings, is not litigated in this Court. Those questions are dealt with *in* Congress, which enjoys a presumption

7

of regularity. *See, e.g., Exxon Corp. v. FTC*, 589 F.2d 582, 589 (D.C. Cir. 1978); *Ashland Oil v. FTC*, 548 F.2d 977, 979 (D.C. Cir. 1977), *cf. Bragg v. Jordan*, __F.Supp.3d__, No. 23-cv-3032, 2023 WL 2999971, *12 (S.D.N.Y. Apr. 19, 2023) (in a conflict between District Attorney Alvin Bragg and House Judiciary Committee Chairman Jim Jordan, the fact that both parties are acting politically does not alter analysis).

## CONCLUSION

The Motion is completely lacking in any factual or legal merit and arguably has been taken for an improper purpose. It should be denied forthwith and the Administrative Seal should be dissolved.

Respectfully submitted,

LAW OFFICES OF
MURRAY, PHILLIPS & GAY

*/s/ Julianne E. Murray*
Julianne E. Murray
Bar ID 5649
215 E. Market Street
Georgetown, DE 19947
Tel: (302) 855-9300
julie@murrayphillipslaw.com

*Counsel for Amici Heritage Foundation and Mike Howell*

Dated: August 1, 2023

8