# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 23-mj-00274-MN |
| | ) Criminal Action No. 23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO VACATE THE COURT'S BRIEFING ORDER

The United States, by its undersigned attorneys, respectfully submits this motion to vacate the Court's briefing order of July 26, 2023, as moot.

After a hearing on July 26, 2023, the Court ordered the parties to file briefing on the following topics:

> So this is what I am going to do. These agreements are not straightforward and they contain some atypical provisions. I am not criticizing you for coming up with those, I think that you have worked hard to come up with creative ways to deal with this. But I am not in a position where I can decide to accept or reject the Plea Agreement, so I need to defer it.
>
> First, I don't know which rule this falls under.
>
> I am not convinced that it is actually a plea under subsection B, which you all suggest is me rubber stamping the plea if it's a knowing plea. But even if it were, I have testimony under oath both that the Defendant is concerned about ensuring that he has immunity from additional charges, and also that well, he doesn't need that in terms of the Plea Agreement. So I need to think about that.
>
> Additionally, I need some understanding as to why this is a plea under B and that my concern about the form over substance of the agreement not to prosecute is not valid, or why I should do this. So I would like some briefing, additional briefing on why subsection B is the appropriate section, and if I were to determine that this actually is a plea under subsection A, it would be helpful to me to have your views on what it is that makes this plea acceptable, because I'm not saying that it is not, but nobody seems to really have given me that what I would need if I were to determine that as I read this as a whole, I think that that really is what is in front of me. So I need that.

> And then I would like as you offered, Mr. Clark, you guys can go back and work on whether or not you can take out [Paragraph 14 of the draft Diversion Agreement] and come up with something else that's acceptable, and while you do that, you might, though I'm not trying to tell you how to negotiate the Diversion Agreement, you might fix that one paragraph that you have orally modified today, [Paragraph 15 of the draft Diversion Agreement].
>
> I would like to understand why that provision, if you want it to go forward is appropriate, and why I am not doing something that gets me outside of my lane in terms of my branch of government if I were to do what is being requested.

Criminal Action No. 23-mj-000274, ECF 18, Transcript of Hearing at 104–05.  The Court's briefing order is premised on the idea that the parties intend to continue towards a guilty plea in Criminal Action No. 23-mj-00274 and diversion in Criminal Action No. 23-cr-00061.  But that is no longer the case.  Following additional negotiations after the hearing held on July 26, 2023, the parties are at an impasse and are not in agreement on either a plea agreement or a diversion agreement.  Therefore, the Government believes the Court's briefing order should be vacated.

The United States requested the Defendant's position on August 9, 2023, and asked for it by August 11, 2023.  The Defendant responded and requested an extension of time until August 14, 2023, to provide his position, which the Government declined.  As of the time of this filing, the Defendant has not yet provided his position.

[remainder of page intentionally blank]

As a result, the Government respectfully requests that the Court vacate its briefing order since there is no longer a plea agreement or diversion agreement for the Court to consider.

                                  Respectfully submitted,

                                  DAVID C. WEISS
                                UNITED STATES ATTORNEY

BY: _____
                                Leo J. Wise
                                Derek E. Hines
                                Special Assistant United States Attorneys

                                Benjamin L. Wallace
                                Assistant United States Attorney

Dated: August 11, 2023