# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' STATUS REPORT

The United States, by and through its undersigned attorneys, submits this status report pursuant to the Court's oral order that, "In view of the Speedy Trial Act, IT IS HEREBY ORDERED that, on or before Wednesday, September 6, 2023, the parties are directed to provide the Court with an update on the status of this case, including any steps that they believe the Court needs to take." ECF 36, issued August 31, 2023.

Title 18, United States Code, Section 3161 (commonly referred to as the "Speedy Trial Act") requires that, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." In this case, the Defendant was charged via an information with violating Title 18, United States Code Sections 922(g)(3) and 924(a)(2) (2018) (hereafter the "firearm Information") on June 20, 2023. The Defendant was also charged via an information with two violations of Title 26, United States Code Section 7203 (hereafter the "tax Information) on June 20, 2023, in a separately docketed case, 23-274-MN. The Government filed a letter in both cases in which it, on behalf of itself and the Defendant, asked for a consolidated initial appearance on the firearm Information and an initial appearance and change of plea hearing on the tax Information. The Government stated in the letter that, as of that time, the defendant had "agreed to plead guilty to both counts of the tax

information," and had "agreed to enter a Pretrial Diversion Agreement with respect to the firearm information."[1] ECF 1.

On June 8, 2023, prior to the filing of the two informations, the parties provided the Court with copies of the charging documents and with an unexecuted draft of the Memorandum of Plea Agreement related to the tax Information and an unexecuted draft of a pretrial diversion agreement related to the firearm Information.[2]

On June 21, 2023, the Court issued an order scheduling a hearing in this matter for July 26, 2023. According to a sealed entry on the docket, a summons was served on the Defendant on June 23, 2023. ECF 4. On July 26, 2023, the Court conducted an initial appearance on the firearm Information and granted pretrial release with conditions. *See* Minute Entry for July 26, 2023. At that hearing, the Defendant waived a preliminary hearing. *Id*. The Court also, "deferred a decision on the plea and pretrial diversion agreement," and ordered briefing related to both. Finally, the Court ordered that "[t]ime is excluded from the Speedy Trial Act between today and 9/1/2023 in the interests of justice." *Id*.

The Speedy Trial Act excludes, "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). Because the proposed diversion

---

[1] As the Court knows, the Defendant did not plead guilty on July 26, 2023, and instead pled not guilty. Further, in its Motion to Vacate the Court's Briefing Order in this case and the companion tax case, ECF 25, which the Court granted, ECF 34, the Government informed the Court that the parties' attempts at resolving this and the companion tax case pretrial were unsuccessful and the proposed plea agreement and the proposed diversion agreement were withdrawn.

[2] In its June 20, 2023 letter, the Government stated that "executed copies of the Memorandum of Plea Agreement related to the tax Information, and the Pretrial Diversion Agreement related to the firearm Information," would be submitted at or in advance of the hearing. An executed copy of the plea agreement was provided to the Court at the July 26, 2023 hearing. U.S. Probation declined to approve the proposed diversion agreement and so an executed copy was never provided to the Court.

agreement was provided to the Court on June 8, 2023, that agreement was under advisement from the date the case was formally initiated via information on June 20, 2023, up to and through the hearing on July 26, 2023—including when the summons was executed on June 23, 2023. Thirty days from the execution of the summons should therefore be excluded, meaning that the Speedy Trial Act's "clock," as its often referred, began to run on July 24, 2023. The Court also excluded time from July 26, 2023, to September 1, 2023, in the interests of justice. Thus, from June 23, 2023, until September 1, 2023, only two days, July 24 and 25, 2023, have elapsed for the purposes of calculating the 30 days within which an indictment must be returned after the execution of a summons. Thus, the Speedy Trial Act requires that the Government obtain the return of an indictment by a grand jury by Friday, September 29, 2023, at the earliest.

      The Government intends to seek the return of an indictment in this case before that date. Thus, the Government does not believe any action by the Court is necessary at this time.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

BY: /s/ Leo J. Wise

Leo J. Wise
Derek E. Hines
Assistant Special Counsels
U.S. Department of Justice

Dated: September 6, 2023