

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5000

September 19, 2023

**VIA ECF**
The Honorable Christopher J. Burke
United States Magistrate Judge
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   *United States v. Biden*, No. 1:23-cr-00061-MN

Dear Judge Burke:

We write on behalf of our client, Robert Hunter Biden, in response to the Court's Order issued on September 18, 2023, related to Mr. Biden's initial appearance. (D.E. 41.) We respectfully request that the Court hold Mr. Biden's initial appearance in this matter by video conference. Neither party would be prejudiced by doing so, and the financial impact on government resources and the logistical burden on the downtown area of Wilmington are significant in having him travel across the country for what should be a rather short proceeding. Mr. Biden understands both the charges against him and his rights, which are the primary purposes of this proceeding, and we believe the Court can be assured of that fact by conducting this initial appearance by video. No matter whether in person or virtual, he will waive reading of the indictment, which is merely a few pages and could easily be read at a video conference. Mr. Biden also will enter a plea of not guilty, and there is no reason why he cannot utter those two words by video conference. In short, Mr. Biden is satisfied that his constitutional rights will be met by conducting his initial appearance by video conference.

Mr. Biden is not seeking any special treatment in making this request. He has attended and will attend any proceedings in which his physical appearance is required. In addition, neither Mr. Biden nor the government would be prejudiced by an initial appearance conducted via video conference, and there exists precedent in this District to do so. This Court permitted a defendant to appear initially via video conference, with counsel, as recently as January 2023.[1] These sorts of initial appearances by video became commonplace upon the arrival of the COVID-19 pandemic, which demonstrated their efficiency and lack of prejudice to the parties. While in-person initial appearances have resumed now that the pandemic has waned and it is safer to do so, courts in this Circuit have not hesitated to conduct initial appearances or

---

[1] *United States v. Benn*, Case No. 1:22-cr-71, Dkt. No. 17 (D. Del. Jan. 5, 2023) (holding initial appearance by video conference); *see also United States v. Burns*, Case No. 1:22-cr-41, Dkt. No. 20 (D. Del. June 23, 2022) (holding initial appearance by video conference).



September 19, 2023
Page 2

arraignments by video when it is more efficient to do so.[2]  In this regard, the request by Mr. Biden is not out of the ordinary.

The indictment returned on September 14 charging Mr. Biden with three counts (D.E. 39) was filed by the government on the existing docket and with the same case number in the already-opened matter before this Court.  While the charges in this indictment may be new, the proceedings are not.  Mr. Biden made an initial appearance before Judge Noreika on July 26, 2023, in person, related to the tax misdemeanors that had been filed.  (*See* Minute Entry on July 26, 2023, Case No. 1:23-cr-00061-MN.)  Following the hearing, the U.S. Marshals Service and Probation processed Mr. Biden at the courthouse, which included the usual procedures (e.g., submitted to multiple sets of fingerprints, had his photograph taken, and filled out the required forms for release).  As the Court instructed Mr. Biden at the conclusion of that hearing, he needed "to go downstairs to the marshals for processing and to catch up with probation." (July 26, 2023 Hr'g Tr. at 110:4–5.)  Mr. Biden was then processed.

Since that proceeding, Mr. Biden has scrupulously complied with his conditions since returning home to California (D.E. 15), and it is his expectation that those conditions will remain in place until the Court orders otherwise.  Moreover, should there be any discussion of revising Mr. Biden's existing conditions of release, there is no reason why these discussions cannot take place with the Court and the government present by video conference.

Given these reasons, Mr. Biden also seeks this procedure to minimize an unnecessary burden on government resources and the disruption to the courthouse and downtown areas when a person protected by the Secret Service flies across the country and then must be transported to and from a downtown location.  Without getting into specifics, numerous agents and vehicles are required for what would have to be a two-day event (for a proceeding that may be very short in duration).  This includes agents and vehicles in California and in Delaware, as well as agents who must travel with him on the plane.  In addition, as the Court is aware of from the last appearance, security also requires shutting down local roadways in downtown Wilmington, advance coordination with local law enforcement and the U.S. Marshals Service, and several other logistical challenges.

The government's opposition to this common-sense request is puzzling because Mr. Biden is not asking for special treatment with this request, as individuals without the additional considerations described herein regularly make such appearances by video.

Respectfully,

Abbe David Lowell
*Counsel for Robert Hunter Biden*

---

[2] *See, e.g.*, *United States v. James Torrez Smith*, Case No. 3:23-cr-206, Dkt. No. 8 (M.D.P.A. Sept. 13, 2023) (holding initial appearance and arraignment via Zoom); *United States v. Muffley*, Case No. 5:23-cr-120, Dkt. No. 9 (E.D.P.A. Mar. 29, 2023) (holding arraignment via video conference); *United States v. Rogers*, Case No. 2:23-cr-171, Dkt. No. 45 (D.N.J. Mar. 15, 2023) (holding arraignment via Zoom).



September 19, 2023  
Page 3

cc: All Counsel of Record