1

09:48:43

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
USA,                        )
                            )
         Plaintiff,         )
                            ) CRIMINAL ACTION
v.                          ) NO. 23cr61(MN)
                            )
ROBERT HUNTER BIDEN,        )
                            )
         Defendant.         )
```

Tuesday, October 3, 2023
10:00 a.m.
Initial Appearance
Arraignment


Courtroom 2A
844 King Street
Wilmington, Delaware


BEFORE:   THE HONORABLE CHRISTOPHER J. BURKE
          United States District Court Magistrate Judge




APPEARANCES:


          OFFICE OF THE SPECIAL COUNSEL
          BY:  DEREK E. HINES, ESQ.
          BY:  LEO WISE, ESQ.


                    Counsel for the Plaintiff

1    APPEARANCES CONTINUED:

2
            WINSTON & STRAWN LLP
3            BY:   ABBE DAVID LOWELL, ESQ.

4            -and-

5            BERGER HARRIS LLP
            BY:   RICHARD I.G. JONES, JR., ESQ.
6

7                     Counsel for the Defendant

8

9

10                _ _ _ _ _ _ _ _ _ _ _ _

09:56:30  11

09:56:30  12

10:02:29  13            THE COURT:   Please be seated, everyone.   Good

10:02:32  14    morning.

10:02:32  15            MR. HINES:   Good morning, Your Honor.

10:02:33  16            MR. LOWELL:   Good morning, Your Honor.

10:02:33  17            THE COURT:   All right.   We have one matter on

10:02:36  18    our docket this morning.   Let me ask Government's counsel to

10:02:38  19    come forward and call our matter for this morning.

10:02:41  20            Mr. Hines.

10:02:43  21            MR. HINES:   Good morning, Your Honor.   Derek

10:02:45  22    Hines and Leo Wise appearing on behalf of the United States.

10:02:47  23    Now is the time the Court has set for initial appearance and

10:02:52  24    arraignment on the Indictment filed in the United States

10:02:54  25    versus Robert Hunter Biden, Criminal No. 23-61-MN.   The

10:03:01 1    Indictment is Docket No. 4.

10:03:01 2              THE COURT:  All right.  Thank you, Mr. Hines.

10:03:04 3    You may be seated.

10:03:05 4              Mr. Biden, good morning to you.  Mr. Lowell,

10:03:07 5    good morning to you.  Would you introduce your colleague.

10:03:11 6              MR. LOWELL:  Yes, Your Honor.  Abbe Lowell on

10:03:14 7    behalf of Mr. Biden.  Also, Richard Jones of Wilmington on

10:03:18 8    behalf of Mr. Biden.  And Mr. Biden is present.

10:03:20 9              THE COURT:  All right.  Thank you.

10:03:22 10             So Mr. Biden, good morning.  You're here today

10:03:26 11   as you know for your initial appearance, or first appearance

10:03:29 12   in our court on some new charges that have been brought

10:03:33 13   against you here in this district.  So what I want to do in

10:03:35 14   this initial appearance is a few things.

10:03:37 15             First, I want to review the charges that you

10:03:40 16   face and the alleged facts relating to them just to make

10:03:43 17   sure you have a basic understanding of those charges that

10:03:45 18   have been brought.

10:03:46 19             Next, I'll talk about the maximum penalties that

10:03:50 20   could apply if you were convicted of one or more of those

10:03:53 21   charges just to make sure you understand that up front.

10:03:56 22             Then I'll reiterate some important rights that

10:03:58 23   you have in this matter as it relates to these new charges,

10:04:02 24   information that you may have heard last time in court, but

10:04:06 25   that is important and I want to make sure that you

4

10:04:08 1 understand.

10:04:09 2       Next, we'll talk about conditions of pretrial

10:04:11 3 release on these charges.  And then as to any other matter

10:04:17 4 coming up, we'll then proceed after the close of the initial

10:04:20 5 appearance to the arraignment which is a short hearing in

10:04:23 6 which for the first time you'll enter your plea to the

10:04:27 7 charges now against you.  Okay?  All right.

10:04:29 8       So first, I mentioned that there have been new

10:04:33 9 charges here.  And those charges as the parties note were

10:04:39 10 brought in an Indictment returned by a federal grand jury in

10:04:43 11 this district.  Mr. Biden, you and your counsel I believe

10:04:46 12 have had a chance already to review the Indictment together.

10:04:50 13 It is a four-page indictment.

10:04:53 14       I'm not going to read the entirety of it right

10:04:56 15 now, but I do have an obligation to make sure that you

10:04:58 16 understand the charges against you, so I'm going to

10:05:01 17 summarize those charges here.  And there are three charges,

10:05:04 18 or three counts in the Indictment, but the Indictment begins

10:05:07 19 with some background relevant to all the charges really.

10:05:13 20       So first it explains that there was a company,

10:05:18 21 and that is referred to as Company 1, that's located in

10:05:19 22 Wilmington, Delaware.  And that company possessed what is

10:05:22 23 known as a Federal Firearms License, meaning that it was

10:05:27 24 known as an FFL and that they're authorized to deal in

10:05:31 25 firearms under federal law.

10:05:33 1            **The Indictment says that FFL holders are**

10:05:36 2 **licensed, among other things, to sell firearms and**

10:05:39 3 **ammunition and that they're obligated to follow various**

10:05:41 4 **rules and regulations that are set out in the United States**

10:05:46 5 **Code.**

10:05:48 6            **It next explains that among the rules and**

10:05:51 7 **regulations that those FFL's need to follow are ones**

10:05:56 8 **requiring that anybody seeking to purchase a firearm has to**

10:06:01 9 **fill out what is called a Firearm Transaction Record, known**

10:06:05 10 **as ATF Form 4473.  And it explains that part of Form 4473**

10:06:11 11 **requires that the prospective purchaser of a firearm has to**

10:06:15 12 **certified that his or her answers on that form or true and**

10:06:18 13 **correct.**

10:06:18 14            **It then explains that question 11(e) on the form**

10:06:23 15 **requires that the prospective purchaser of the firearm**

10:06:27 16 **certify truthfully that he or she is not an unlawful user of**

10:06:32 17 **or addicted to any narcotic drugs or other controlled**

10:06:36 18 **substance.**

10:06:37 19            **It explains that in the certification section of**

10:06:40 20 **the form the buyer has to certify that his or her answers**

10:06:44 21 **are true, correct, and complete.  It explains that the buyer**

10:06:48 22 **has to acknowledge this by signing the form and associated**

10:06:52 23 **with this signature is a statement that says, I understand**

10:06:57 24 **the person who answers yes to the questions, including**

10:07:00 25 **question 11(e), is prohibited from purchasing or receiving a**

10:07:04 1   firearm, and that making any false oral or written

10:07:08 2   statements is a crime punishable as a felony under federal

10:07:13 3   law and may also violate state or local law.

10:07:15 4        And lastly, the introduction section notes that

10:07:17 5   FFL holders are required by law to maintain certain records,

10:07:21 6   including the form, the completed Form 4473 of the identity

10:07:27 7   of any actual buyer of firearms sold by the FFL holder,

10:07:32 8   including the buyer's home address and date of birth.

10:07:35 9        And then it proceeds to the three counts.  The

10:07:38 10   first count is the charge of making a false statement in

10:07:40 11   purchase of a firearm.  It's an alleged violation of

10:07:44 12   Title 18 of the United States Code, Sections 922(a)(6) and

10:07:48 13   924(a)(2).  And there it's alleged that in addition to the

10:07:52 14   allegations that I have just described, that on or about

10:07:55 15   October 12th of 2018, in this district, the District of

10:07:59 16   Delaware, that you, in connection with a purchase or

10:08:02 17   acquisition of a firearm, and here specifically a Colt Cobra

10:08:07 18   38 SPL revolver with the serial number listed in Count 1

10:08:12 19   that you purchased from Company 1, and that Company 1 being

10:08:16 20   at the time licensed under federal law as an FFL, it's

10:08:22 21   alleged that you in association with that purchase knowingly

10:08:26 22   made a false and fictitious written statement that was

10:08:29 23   intended and likely to deceive the firearms dealer with

10:08:35 24   respect to the fact that it was material to the lawfulness

10:08:37 25   of the sale of that firearm under the provisions of federal

10:08:41 1    law.

10:08:41 2              More specifically that you did so by making a

10:08:44 3    written statement on the Form 4473 that you filled out

10:08:47 4    certifying that you were not an unlawful user of or addicted

10:08:51 5    to any stimulant, narcotic drug, or other controlled

10:08:54 6    substance when, in fact, it's alleged that you knew that

10:08:57 7    statement was false and fictitious.

10:09:00 8              Second in Count 2, you're charged there with a

10:09:02 9    similar, although slightly different crime, called making a

10:09:06 10   false statement related to information required to be kept

10:09:10 11   by a federal firearms licensed dealer.  That's an alleged

10:09:14 12   violation of a different statute, Title 18 of the United

10:09:17 13   States Code, Section 924(a)(1)(A).

10:09:20 14             There it's alleged that on or about October 12th

10:09:24 15   of 2018, in the District of Delaware, you in connection with

10:09:27 16   the acquisition of that firearm that I described listed in

10:09:30 17   Count 1 knowingly made a false statement and representation

10:09:33 18   to Company 1 with respect that information required by the

10:09:38 19   provisions of federal law to be kept in that FFL holder's

10:09:42 20   records.  Again, the statement being that you certified on

10:09:46 21   Form 4473 that you were not an unlawful user of or addicted

10:09:49 22   to any stimulant or narcotic drug or other controlled

10:09:54 23   substance when, in fact, it's alleged that you knew that

10:09:56 24   statement to be false and fictitious.

10:09:58 25             Lastly, in Count 3, that's the charge of

10:10:02 1   possession of a firearm by a person who is an unlawful user

10:10:06 2   or addicted to a controlled substance.  That's violation of

10:10:10 3   Title 18 of the United States Code, Sections 922(g)(3) and

10:10:15 4   924(a)(2).  There it's alleged that again, on or about

10:10:19 5   October 12th, 2018, through on or about October 23rd, 2018,

10:10:24 6   in the District of Delaware, that you knowing that you were

10:10:28 7   an unlawful user of or addicted to a stimulant, narcotic

10:10:31 8   drug, or any other controlled substance as defined in

10:10:34 9   Title 21 of the U.S. Code, Section 802, that you did

10:10:38 10   knowingly possess a firearm, that is the firearm described

10:10:41 11   earlier, the Colt Cobra 38 SPL revolver with the serial

10:10:46 12   number listed in the count, and that said firearm had been

10:10:50 13   shipped and transported in interstate commerce prior to your

10:10:54 14   possession of the gun.

10:10:55 15            All right.  So again, three counts, the last of

10:10:58 16   which relates to the possession of the firearm, the first

10:11:00 17   two relates to statements made relating to its purchase.

10:11:03 18            I want you to know that in reviewing this

10:11:05 19   information, nothing I say here today is meant to suggest

10:11:08 20   that you're either innocent or guilty of these charges, it's

10:11:11 21   simply to make sure that you have a basic factual

10:11:14 22   understanding of what you have been charged with.

10:11:16 23            Do you have that basic understanding?

10:11:18 24            THE DEFENDANT:  Yes, Your Honor.

10:11:19 25            MR. LOWELL:  Your Honor, you should also note

9

10:11:20  1   for the record that we have gone over this with him, and I

10:11:23  2   should have said at the beginning that we waive the reading

10:11:26  3   of the indictment.  It's a short indictment and Mr. Biden

10:11:28  4   and I have gone over it in some detail.

10:11:31  5            THE COURT:  Okay.  That will relate to your

10:11:34  6   arraignment that will happen very shortly.  Thank you.

10:11:37  7            Next, Mr. Biden, I want to review the maximum

10:11:40  8   penalties that could apply if you are convicted to one or

10:11:42  9   more of these charges.  The government has provided that

10:11:43 10   information to the Court.

10:11:43 11            So first with regard to Count 1, and keep in

10:11:46 12   mind these are the maximum penalties that could apply, you

10:11:49 13   could not be sentenced to anything more than this by the

10:11:52 14   district judge if you were convicted.  You, in fact, could

10:11:55 15   receive lesser than these sentences.

10:11:57 16            With regard to Count 1, the maximum penalty that

10:12:00 17   applies is a maximum term of imprisonment of ten years; a

10:12:03 18   maximum fine of $250,000; a maximum term of three years of

10:12:07 19   supervised release, supervised release being a period of

10:12:10 20   years after someone is released from prison where they still

10:12:13 21   have to follow certain conditions that were set by the judge

10:12:16 22   at their sentencing; and the payment of $100 special

10:12:19 23   assessment.

10:12:19 24            In Count 2, the maximum penalties are a maximum

10:12:23 25   term of imprisonment of five years; a maximum fine of

10:12:26 1  $250,000; a maximum term of three years of supervised

10:12:29 2  release; and again, a special assessment of $100.

10:12:32 3           And then lastly in Count 3, the maximum

10:12:35 4  penalties are the same as it relates to Count 1, a maximum

10:12:38 5  term of ten years of imprisonment; a maximum fine of

10:12:41 6  $250,000; a maximum term of three years of supervised

10:12:45 7  release; and a $100 special assessment.

10:12:47 8           Mr. Biden, do you understand what I said about

10:12:50 9  the maximum penalties that could apply in your case?

10:12:52 10           THE DEFENDANT:  Yes, Your Honor.

10:12:54 11           THE COURT:  Next let me talk about and reiterate

10:12:57 12  some of the important rights that you have in this case now

10:12:59 13  that you have been charged in this Indictment just as you

10:13:02 14  did previously when you were here in court in July, and that

10:13:05 15  is, of course, first, that you have the right to remain

10:13:08 16  silent, which means you don't have to talk to anybody about

10:13:10 17  these charges or the facts relating to them and no one can

10:13:12 18  force you to do so.  On the other hand, you need to know

10:13:16 19  that if you do choose to talk about the facts relating to

10:13:19 20  these allegations, that the words that you say in those

10:13:22 21  conversations can be used against you, including in court in

10:13:25 22  this very case.

10:13:27 23           On the other hand, anything you say to your

10:13:29 24  lawyers for the purposes of getting legal advice, those

10:13:32 25  conversations are privileged and confidential, which means

10:13:36 1    they can't be used against you for any reason.

10:13:38 2                So a lot of times people say that the only truly

10:13:41 3    safe person to talk to about the charges that you face if

10:13:44 4    you want to make absolutely sure that your words aren't used

10:13:47 5    against you is your attorneys.

10:13:49 6                Do you understand what I said about your right

10:13:51 7    to remain silent?

10:13:52 8                THE DEFENDANT:  Yes, Your Honor.

10:13:53 9                THE COURT:  All right.  I mentioned attorneys.

10:13:54 10   Of course that's another right that you have.  As you know,

10:13:56 11   as the Court described previously, you have the right to

10:14:00 12   hire attorneys of your own choosing to represent you.  If

10:14:03 13   you could not do so financially, you could ask the Court to

10:14:07 14   appoint an attorney to represent you.  In this case I

10:14:10 15   understand that you have chosen Mr. Lowell and Mr. Jones as

10:14:13 16   your lawyers to represent you in this case.  Is that

10:14:14 17   correct?

10:14:14 18               THE DEFENDANT:  Yes, Your Honor.

10:14:15 19               THE COURT:  And you wish to continue that

10:14:17 20   representation as well; is that right?

10:14:19 21               THE DEFENDANT:  Yes, Your Honor.

10:14:20 22               THE COURT:  And I notice for the record that

10:14:21 23   counsel's appearances are on the docket.  There is nothing

10:14:24 24   further they need to do to establish that.

10:14:26 25               So next let me talk about the conditions of

10:14:30 1    **release that I intend to impose here, but also ask the**

10:14:35 2    **parties for any input that they have.  And as counsel knows,**

10:14:39 3    **Judge Noreika at the prior hearing had imposed conditions of**

10:14:43 4    **pretrial release on Mr. Biden.  I have discussed with our**

10:14:50 5    **liaison probation officer, our chief probation officer,**

10:14:54 6    **Ms. Bray, the conditions that should apply going forward.**

10:14:57 7    **Ms. Bray I know has been in touch regularly with the**

10:15:01 8    **supervising probation officer in the Central District of**

10:15:04 9    **California.**

10:15:06 10    **It is the Probation Officer's recommendation**

10:15:07 11    **that the Court impose essentially similar conditions, the**

10:15:10 12    **same conditions, there are some slight wording changes to**

10:15:13 13    **note where we are in the case, but basically the same**

10:15:15 14    **conditions that were imposed previously on Mr. Biden.**

10:15:18 15    **What I'm going to do now is to review the**

10:15:20 16    **conditions that have been suggested and that are mirrored by**

10:15:22 17    **the prior conditions of release.  I'll give counsel for each**

10:15:26 18    **side a chance to tell me whether they have any suggested**

10:15:28 19    **alterations or edits to those conditions, and then**

10:15:31 20    **ultimately I'll impose conditions and make a brief record**

10:15:36 21    **explaining why they're appropriate.**

10:15:38 22    **With that said, the conditions that are**

10:15:41 23    **suggested to be imposed here are first, that the Defendant**

10:15:44 24    **must submit to supervision by and report for supervision to**

10:15:48 25    **the U.S. Probation Office in the Central District of**

10:15:51 1    California where he lives.  And then he must submit to

10:15:55 2    supervision, because he's currently supervised, no later

10:15:59 3    than as currently directed by his current officer.

10:16:03 4              Next, that he must continue or actively seek

10:16:05 5    employment.

10:16:05 6              Next, he must abide by the following

10:16:07 7    restrictions of personal association, residence or travel,

10:16:09 8    and that is that he must communicate in writing all

10:16:13 9    international travel plans and provide supporting

10:16:15 10   documentation if requested to both the Probation Office in

10:16:19 11   the District of Delaware and the Probation Office in the

10:16:24 12   Central District of California.

10:16:25 13             Next that he not possess a firearm, destructive

10:16:28 14   device, or other weapon.

10:16:30 15             Next, that he not use alcohol at all.

10:16:32 16             Next, that he not use or unlawfully possess a

10:16:36 17   narcotic drug or other controlled substance as defined in

10:16:37 18   Title 21 U.S. Code, Section 802, unless prescribed by a

10:16:40 19   licensed medical practitioner.

10:16:43 20             Next, that he submit to testing for a prohibited

10:16:46 21   substance if required by the Pretrial Services Office or the

10:16:50 22   supervising probation officer.  I will note that testing may

10:16:52 23   be used with random frequency and describe the type of

10:16:56 24   testing provided and notes that the Defendant must not

10:16:59 25   obstruct or attempt to obstruct or tamper with the

10:17:02 1    efficiency or accuracy of the testing process.

10:17:05 2              And lastly, that the Defendant participate in a

10:17:08 3    program of inpatient or outpatient substance abuse therapy

10:17:12 4    and counseling if directed by the Pretrial Services Office

10:17:15 5    or the supervising probation officer.

10:17:17 6              All right.  Mr. Hines, on behalf of the

10:17:22 7    Government, does the Government have any suggestions,

10:17:23 8    alterations or edits to the proposed conditions of release?

10:17:26 9              MR. HINES:  We do not, Your Honor.  Thank you.

10:17:28 10             THE COURT:  Thank you.

10:17:28 11             Mr. Lowell, any edits or alterations on behalf

10:17:33 12   of your client?

10:17:34 13             MR. LOWELL:  Not at this time.

10:17:35 14             THE COURT:  In light of that and in light of the

10:17:36 15   fact of the Court's discussions with our probation office, I

10:17:40 16   find that these conditions would be appropriate to institute

10:17:44 17   in this case going forward.  Just a few reasons briefly.

10:17:47 18             The first is conditions are relevant and related

10:17:50 19   to the charges faced on the record herein.  I just note in

10:17:55 20   that regard certainly that conditions relating to the not

10:18:01 21   possessing or using drugs or alcohol are relevant and

10:18:05 22   supported by information in the Pretrial Services report

10:18:08 23   relating to Mr. Biden's past history of addiction.

10:18:11 24             The conditions indicating that the Defendant

10:18:16 25   should not possess a firearm are obviously relevant to the

10:18:19 1    charges.  And the supervision that has been suggested makes

10:18:23 2    sense in light of those facts, including the requirement

10:18:27 3    that if the Defendant travels, he must communicate in

10:18:33 4    advance in writing of his travel plans to Probation Office.

10:18:36 5              I also note that I am informed by the Probation

10:18:39 6    Office that since his prior appearance here in July of 2023,

10:18:42 7    Mr. Biden has been communicative with and fully responsive

10:18:48 8    to the supervising probation officer in the Central District

10:18:52 9    of California; that he has been tested for drugs and alcohol

10:18:54 10   a number of times and has tested negative, and so for all

10:18:58 11   those reasons I find that these conditions of release are

10:19:00 12   appropriate.

10:19:01 13             So I'm going to go ahead and sign the conditions

10:19:03 14   of release form.  I'll hand a copy down to my courtroom

10:19:07 15   deputy.  After our hearing is closed, he will come down

10:19:11 16   briefly and review those with Mr. Biden and get his

10:19:15 17   signature on the form and we'll get that to counsel

10:19:18 18   thereafter.  So those conditions of release will be imposed

10:19:22 19   here.

10:19:22 20             Counsel, I know that at the prior appearance on

10:19:26 21   the proposed felony indictment, Judge Noreika reviewed the

10:19:32 22   Government's *Brady* obligations with them.  I'll simply say

10:19:36 23   that those obligations continue to be in force.

10:19:39 24             All right.  Before we conclude the initial

10:19:42 25   appearance portion of this hearing, let me just ask if there

10:19:46 1    is anything further I didn't address.  The Government,

10:19:50 2    Mr. Hines?

10:19:50 3              MR. HINES:  No, Your Honor.  Thank you.

10:19:51 4              THE COURT:  Mr. Lowell?

10:19:52 5              MR. LOWELL:  No, Judge.

10:19:53 6              THE COURT:  Thank you.

10:19:55 7              Next let's move on to the arraignment.  Again,

10:19:58 8    Mr. Biden, this is just a short portion of the hearing where

10:20:01 9    you'll answer your plea to the charges against you.

10:20:05 10             And Mr. Lowell, in that regard, I know that you

10:20:08 11   have stated that Mr. Biden waives any full reading of the

10:20:11 12   Indictment.  How does he wish to plead to the three charges

10:20:13 13   against him in the Indictment?

10:20:14 14             MR. LOWELL:  Mr. Biden pleads not guilty to the

10:20:17 15   three counts that have been brought against him.

10:20:19 16             THE COURT:  In light of that, I'll ask my

10:20:22 17   courtroom deputy, Mr. Kincaid, to come down, we have a copy

10:20:25 18   of the charging document for Mr. Biden and his counsel to

10:20:28 19   sign indicating formally his not guilty plea to these

10:20:32 20   charges.

10:21:06 21             COURTROOM DEPUTY:  The plea has been entered.

10:21:08 22             THE COURT:  Thank you.

10:21:09 23             Counsel, as you know, the case is assigned to

10:21:11 24   Judge Noreika.  I will, as I always do with regards to

10:21:15 25   arraignments, I'll set an initial pretrial motion deadline

10:21:19 1    for thirty days from today's date, that is November 3rd of

10:21:23 2    2023.  I'll sign that order.

10:21:25 3              We'll just note that to the extent that counsel

10:21:28 4    for either side or counsel jointly wishes to move to extend

10:21:31 5    that motions deadline or otherwise propose some different

10:21:35 6    pretrial schedule that they do so by way of a written motion

10:21:39 7    to Judge Noreika and file it on the docket.  So I'm signing

10:21:42 8    that order.

10:21:42 9              Mr. Biden, there is not a further hearing for me

10:21:46 10   to set in your case at this time.  The next significant

10:21:50 11   deadline is that motions deadline that I just set.  I'm sure

10:21:53 12   you'll talk with your counsel between now and then as to how

10:21:56 13   the case may proceed going forward.

10:21:58 14             Mr. Hines, one question on my end.  The

10:22:02 15   Indictment now obviously has been filed on the docket and

10:22:05 16   that still has the prior felony information that was filed

10:22:09 17   with regard to the prior gun charge back at the point where

10:22:14 18   it was thought that there might be a plea.  Did the

10:22:17 19   Government intend to dismiss that charge?

10:22:19 20             MR. HINES:  Yes, consistent with local practice,

10:22:21 21   we intend to file a written motion within the next day.

10:22:23 22             THE COURT:  Okay.  And that will go to Judge

10:22:26 23   Noreika and she will review that.

10:22:28 24             All right.  Is there anything further that the

10:22:30 25   Government would need to address at this hearing before we

10:22:32  1    recess?

10:22:32  2                    MR. HINES:  No, Your Honor.

10:22:33  3                    THE COURT:  All right.  Mr. Lowell, anything

10:22:35  4    further on behalf of Mr. Biden?

10:22:36  5                    MR. LOWELL:  Yes, a couple of things, Judge.

10:22:38  6              First, I understand that Judge Noreika did

10:22:41  7    advise the Government of their Brady obligations.  I would

10:22:44  8    want to talk to the Government about the overall discovery

10:22:47  9    issues, especially with the thirty-day motions schedule.  We

10:22:50 10    would like to get discovery in the case obviously before we

10:22:53 11    file the motions.  We will talk to them.  I don't know that

10:22:56 12    we'll have any problems that we will need to bring for the

10:22:58 13    Court's attention, but we will see.

10:22:59 14              And second of all on those motions, I appreciate

10:23:02 15    the date, I think we can conform to that based on the

10:23:04 16    discovery perhaps, but I think there will be a number of

10:23:07 17    motions which won't be a surprise to Your Honor or to Judge

10:23:10 18    Noreika, including motions to dismiss which we discussed

10:23:10 19    during the last proceeding which would focus on our view

10:23:16 20    that there was an agreement in effect which would prevent

10:23:17 21    this charge from being filed as well as questioning the

10:23:21 22    constitutionality of the statutes that have been cited and

10:23:25 23    others depending on what happens.  So that thirty days seems

10:23:28 24    right, but we'll talk to the Government.

10:23:30 25                    THE COURT:  I appreciate that.  And I would

10:23:32 1    suggest that counsel talk to each other to the extent that

10:23:35 2    counsel has jointly proposed alterations to the motions

10:23:40 3    deadline, I'm sure Judge Noreika, not speaking for her,

10:23:43 4    she'll determine the schedule that she thinks is

10:23:46 5    appropriate.  But it would be helpful if the parties do have

10:23:50 6    some joint proposal as to how things should go, other than

10:23:53 7    the motions deadline set thirty days from today's date, that

10:23:57 8    they provide that to the Court at the earliest convenience.

10:24:00 9             MR. LOWELL:  The only other thing that would

10:24:01 10   maybe not change the schedule but would add to the schedule,

10:24:05 11   is that at least one of those motions, I think given what we

10:24:07 12   all know about this case, we will be making a request for an

10:24:10 13   evidentiary hearing.

10:24:11 14             THE COURT:  Thank you.  All right.  With that

10:24:13 15   said and without anything further to address here, I'll

10:24:17 16   thank counsel for those arguments.

10:24:22 17             As we said, the initial pretrial motions

10:24:25 18   deadline will be set for November 3rd.  And with that, the

10:24:29 19   Court will stand in recess.  Thank you.

10:24:31 20             COURTROOM DEPUTY:  All rise.

21             (Court adjourned at 10:24 a.m.)

22             I hereby certify the foregoing is a true and
      accurate transcript from my stenographic notes in the proceeding.
23

24                               /s/ Dale C. Hawkins
                                 Official Court Reporter
25                                 U.S. District Court