IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Criminal Action No. 23-00061-MN |
| ) | |
| ROBERT HUNTER BIDEN,   ) | |
| ) | |
| Defendant.   ) | |

**UNITED STATES' MOTION TO VOLUNTARILY DISMISS FIREARM INFORMATION WITHOUT PREJUDICE BECAUSE AN INDICTMENT WAS RETURNED**

The United States, by and through its undersigned attorneys, moves to voluntarily dismiss the information filed in the above-captioned matter without prejudice because the grand jury returned an indictment charging three felony counts in this matter.

On June 20, 2023, the United States filed a single count criminal information charging the Defendant with violating 18 U.S.C. §§ 922(g)(3) and 924(a)(2) related to his illegal possession of a Colt Cobra 38SPL revolver (hereafter the "firearm") between October 12, 2018 and October 23, 2018. ECF 2. On July 26, 2023, the Defendant had an initial appearance on that charge. *See* Minute Entry for July 26, 2023.[1]

On September 14, 2023, a grand jury returned a three count indictment charging the Defendant with committing crimes in connection with the same firearm, specifically, with violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2) for making a false statement during a background check to deceive a firearms dealer when he acquired the firearm ("Count One"), 18 U.S.C. § 924(a)(1)(A) for making a false statement during a background check on paperwork that the firearms dealer was

---

[1] At the hearing on July 26, 2023, the Court entered an order setting conditions for the Defendant's pretrial release. ECF 15. Since that time, the Defendant has been on pretrial supervision pursuant to that order. At the initial appearance on the indictment, United States Magistrate Judge Christopher J. Burke entered an order setting conditions of release that were consistent with the Court's prior order. ECF 47.

1

required to maintain ("Count Two"), again related to the firearm, and 18 U.S.C. §§ 922(g)(3) and 924(a)(2) related to his illegal possession of the firearm between October 12, 2018 and October 23, 2018 ("Count Three").  ECF 39.

The Fifth Amendment to the United States Constitution provides that prosecutions "for a capital, or otherwise infamous crime," such as felonies, must be instituted by "a presentment or indictment of a Grand Jury." *See Ex Parte Wilson*, 114 U.S. 417, 427 (1885); *Luna-Reyes v. Att'y Gen. United States*, 826 F. App'x 178, 184 (3d Cir. 2020).[2]  That constitutional requirement is reflected in Federal Rule of Criminal Procedure 7(a) which provides that "[a]n offense (other than criminal contempt) must be prosecuted by an indictment if it is punishable … by imprisonment of more than one year." Fed. R. Crim. P. 7(a).  The statutory maximum penalty for a violation of 18 U.S.C. § 922(g)(3) (2018) is ten years' imprisonment.  Thus, the Fifth Amendment and Rule 7(a) required that the Defendant be charged by an indictment for a violation of 18 U.S.C. § 922(g)(3).

An information was filed in this case on June 20, 2023, because, at that time, the parties had negotiated a proposed diversion agreement which included a waiver of indictment.  At the July 26, 2023 hearing, U.S. Probation declined to sign the diversion agreement.  Therefore, it did not enter into effect and there was, as a result, no effective waiver of indictment.[3]  Further, at the hearing the

---

[2] By contrast, the "trial of a misdemeanor may proceed on an indictment, information, or complaint." Fed. R. Crim. P. 58(b)(1); *see also United States v. Goldstein*, 502 F.2d 526, 530 n.4 (3d Cir. 1974) (en banc) (noting that certain crimes may be prosecuted by information).

[3] Specifically, paragraph one of the proposed agreement expressly provided that, "The term of this Agreement shall be twenty-four (24) months, *beginning on the date of approval* of this Agreement, unless there is a breach as set forth in paragraphs 13 and 14." ECF 29-1 at 1 (emphasis added). Paragraph two further provides that, "The twenty-four (24) month period following the execution *and approval* of this Agreement shall be known as the 'Diversion Period.'" *Id.* (emphasis added). Ms. Bray, Chief United States Probation Officer for the District of Delaware, declined to approve the agreement at the hearing on July 26, 2023.  Indeed, the version of the agreement that the Defendant docketed on August 2, 2023, has an empty signature line for Ms. Bray, immediately below the text "APPROVED BY." *Id.* at 9.  The Defendant cannot claim that U.S. Probation signed the diversion agreement which was a condition precedent to the formation of the agreement that he negotiated, because it did not.

2

Court raised concerns about the proposed diversion agreement, including, among other things, whether it was enforceable or even constitutional. ECF 18, Transcript of Hearing, July 26, 2023, at 92:22-106:2. As a result, the Court deferred a decision on the proposed diversion agreement. *See* Minute Entry for July 26, 2023. Thus, the Defendant did not waive indictment at the July 26, 2023, hearing in open court, as required by Rule 7(b). Fed. R. Crim. P. 7(b).

Following the July 26, 2023 hearing, the Government and the Defendant engaged in negotiations to address the Court's concerns with the proposed diversion agreement but, as the Government previously informed the Court, those negotiations did not result in any agreement. ECF 25. Because the parties could not reach agreement, the Government informed the Defendant, in writing on August 9, 2023, that it was withdrawing the most recent version of its proposed diversion agreement. ECF 32.

In addition to the Fifth Amendment and Rule 7(a) requirement that the Defendant be charged by an indictment, the Government was also required to bring a timely indictment under the Speedy Trial Act. *See* Title 18, United States Code, Section 3161 ("Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.") As the Government described in its status report of September 6, 2023, because of two periods of exclusion, the Speedy Trial Act required the Government to seek the return of an indictment by a federal grand jury by September 28, 2023. ECF 37. The Government did so on September 14, 2023.

[this space intentionally left blank]

ECF 39. Thus, the criminal information filed on June 20, 2023, should be dismissed without prejudice.

                    Respectfully submitted,

                    DAVID C. WEISS
                    SPECIAL COUNSEL

BY:  _____
                    Leo J. Wise
                    Derek E. Hines
                    Assistant Special Counsels
                    United States Department of Justice