AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| United States of America | ) |
|---|---|
| v. | ) |
| Robert Hunter Biden | ) Case No. 23-cr-00061-MN |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To: William P. Barr, Esq.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Winston & Strawn LLP<br>c/o Abbe David Lowell, Esq.<br>1901 L St NW<br>Washington, DC 20036 | Date and Time: 12/01/2023 5:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Robert Hunter Biden, who requests this subpoena, are:

Abbe David Lowell, Esq.
AbbeLowellPublicOutreach@winston.com; (202) 282-5000

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.  23-cr-00061-MN

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## **ATTACHMENT A**

## **DEFINITIONS**

1. "Communication" and "communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Document" and "documents" shall have the same meaning as the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). That is, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party to a reasonably usable form. "Document" and "documents" also include without limitation emails and other forms of electronic communication (such as deleted emails, instant messages, text messages, MMS messages, SMS messages, BlackBerry Messages ("BBMs"), WhatsApp messages, Signal messages, Telegram messages, Twitter direct messages, Instagram direct messages, and any communication via social or professional network sites or systems), as well as voicemail.

3. "Hunter Biden" shall mean the individual Robert Hunter Biden, the son of United States President Joseph R. Biden, Jr.

4. "Records" shall mean documents, memoranda, communications, writings, or other files, including as described in Definition Nos. 1 and 2 above.

5. "Relevant Time Period" shall mean the time period January 20, 2017 to the present.

6. "Subpoena Recipient" shall mean either Donald John Trump, William P. Barr, Richard Donoghue, or Jeffrey A. Rosen individually (and collectively, the "Subpoena Recipients").

7. "You" or "Your" shall mean the individual(s) described in Definition No. 6 above.

1

## INSTRUCTIONS

1. Unless otherwise stated, this request seeks documents, communications and records from the time period *January 20, 2017 to the present* (the "Relevant Time Period").

2. In responding to this request, You are directed to produce all documents in Your possession, custody or control, including documents and materials in the possession of Your employees, agents, servants, and/or representatives.

3. If any portion of a document is considered responsive to any request, the request shall be construed as requesting production of the entire document.

4. Documents shall be produced as they are kept in the usual course of business.

5. Any document that contains any notation, addition, insertion, or marking of any kind is not deemed to be identical to one without such marks, and is to be produced as a separate document.

6. Whenever a document has been withheld because the request is objected to on the grounds of an applicable privilege, work product or confidentiality, or any other grounds:

   a. identify the document;
   b. describe the nature of the document (e.g., letter, chart, memorandum);
   c. identify the privilege and any statute, rule or decision upon which You rely in withholding the document and state the factual basis supporting the privilege claimed;
   d. set forth each request to which each such document is responsive;
   e. state the date of the document;
   f. describe the subject matter of the document;

      g. identify the author(s), the recipient(s), and all person(s) who received copies of the document; and

      h. If part of an otherwise responsive document contains information that is subject to a claim of privilege, those parts of the document subject to the claim of privilege shall be redacted from the document, the redacted parts shall be clearly marked as such, and the rest of the document shall be produced.

7. Each of these requests seeks all documents, wherever located, which are in Your actual or constructive possession, custody or control, as well as all documents which are known to exist and can be obtained by You from any other source.

## DOCUMENTS REQUESTED

1. All documents and records (personal or official platforms) reflecting communications from the Relevant Time Period to, from, between, or among the Subpoena Recipient relating to or discussing any formal or informal investigation or prosecution of Hunter Biden, including, but not limited to, any decision, referral, or request to investigate or not investigate or charge or not charge Hunter Biden.

2. All documents and records (personal or official platforms) reflecting communications from the Relevant Time Period to, from, between, or among the Subpoena Recipient and any Executive Branch official, political appointee, Department of Justice official, government agency, government official or staff person, cabinet member, or attorney for President Trump (personal or other) discussing or concerning Hunter Biden.

3. All personal records (including diaries, journals, memoirs, memoranda, or notes) from the Relevant Time Period discussing or concerning Hunter Biden, including, but not limited to, reference to any formal or informal decision, discussion, or request to investigate or prosecute Hunter Biden.

4. Any documents and records produced by the Subpoena Recipient to the House Select Committee to Investigate the January 6th Attack on the United States Capitol that reference or discuss Hunter Biden.