# Exhibit D

| | |
|---|---|
| **From:** | Christopher Clark |
| **To:** | Wolf, Lesley (USADE) |
| **Cc:** | Hudson, Carly (USADE) |
| **Subject:** | Re: In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL |
| **Date:** | Friday, May 19, 2023 12:22:11 AM |

Lesley and Carly,

I've reviewed your email preliminarily with my client. We will work on a draft for discussion. If you can send an exemplar in the morning we can try to conform our draft to it to make things as easy to compare as possible.

Thanks for your continuing efforts,

Chris

Christopher Clark
Partner
Clark Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, New York 10019
**O:**212-582-4400 **D:**212-377-0853

**From:** Wolf, Lesley (USADE)
**Sent:** Thursday, May 18, 2023 10:02:52 PM
**To:** Christopher Clark <clark@csvllp.com>
**Cc:** Hudson, Carly (USADE)
**Subject:** [EXTERNAL EMAIL] In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL

**CONFIDENTIAL**
**SUBJECT TO FRE 408, FRE 410, AND FED. R. CRIM. P. 11(f)**

Chris,

Thanks for taking the time to speak with us earlier this evening. Below please find what we would consider to be the key terms of any potential diversion agreement. A number of these were essentially included in the NPA draft you sent to us earlier today. As I said during our call, the below list is preliminary in nature and subject to change. We have not discussed or obtained approval for these terms, but are presenting them in attempt to advance our discussions about a potential non-trial resolution and accordingly this communication is subject to the protections of Fed. R. Crim. P. 11(f) and FREs 408 and 410. We understand you will work with your team to incorporate them into a draft agreement and will identify for us anything that you immediately see as problematic. I can also check in the morning to see if there is a useful form we have that will assist in drafting. Please let me know if you want me to directly copy the Latham team- otherwise, I will just send to you to forward along.

(1) Pre-trial Diversion Agreement;

(2) Agreement to waive indictment (which requires an in-court proceeding- understand your request as to this);

(3) Information filed charging 922(g)(3) and the tax misdemeanors;

(4) Agree to dismiss after three years;

(5) On non-reporting supervision by Probation Office in Delaware during that time;

(6) Diversion agreement will be public record and filed in the criminal case;

(7) Diversion agreement will specifically reference both prior drug use and current sobriety;

(8) There will be some conditions of the diversion agreement, to include no drug use, drug testing, etc.;

(9) A more comprehensive statement of facts than what was included in your initial draft;

(10) Lifetime firearms ban (consent to NICS entry that he is prohibited);

(11) No contradictory public statements regarding guilt;

(12) Remedies for breaches- remove all the 30-day requirements, but omit that the US Attorney has "sole discretion" to determine whether there is a breach. That leaves it up to the Court akin to a supervised release violation.

Other than 10-12 tomorrow (EST), we are around and available to speak.

-Lesley