# Exhibit F

| | |
|---|---|
| **From:** | McCarten, Timothy (DC) |
| **Sent:** | Friday, May 19, 2023 5:10 PM |
| **To:** | Wolf, Lesley (USADE); Hudson, Carly (USADE) |
| **Cc:** | 'Christopher Clark'; Salerno, Matthew (NY); McManus, Brian (BN) |
| **Subject:** | RE: In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL |
| **Attachments:** | 2023.05.19 Agreement (PRELIMINARY DRAFT - CONFIDENTIAL).pdf; 2023.05.19 Agreement (PRELIMINARY DRAFT - CONFIDENTIAL).docx |


**CONFIDENTIAL**
**SUBJECT TO FRE 408, FRE 410, AND FED. R. CRIM. P. 11(f)**

Lesley and Carly,

Further to your emails, attached please find a draft agreement for discussion.

We are sharing the enclosed draft in an attempt to advance our discussions about a potential non-trial resolution.   Accordingly this communication and the enclosure are subject to Federal Rules of Evidence 408 and 410, as well as Federal Rule of Criminal Procedure 11(f), and neither the content of the enclosed draft nor the fact of its transmission can be used to prove or disprove the validity of a disputed claim or to impeach Mr. Biden by a prior inconsistent statement or a contradiction. Mr. Biden does not intend to waive any such privileges in this transmission or in any other correspondence with the Department, and any such waivers should be construed as inadvertent.

Best,

Tim

**Timothy H. McCarten**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.1036

---

**From:** Christopher Clark <clark@csvllp.com>
**Sent:** Friday, May 19, 2023 8:59 AM
**To:** Wolf, Lesley (USADE)
**Cc:** Hudson, Carly (USADE)                         ; McCarten, Timothy (DC) <Timothy.McCarten@lw.com>; Salerno, Matthew (NY) <matthew.salerno@lw.com>; McManus, Brian (BN) <Brian.McManus@lw.com>
**Subject:** Re: [EXTERNAL EMAIL] RE: In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL

Thanks Lesley,

We will use this as a template and understand the points you raise and will address them.

Chris

Christopher Clark
Partner
Clark Smith Villazor LLP

250 West 55th Street, 30th Floor
New York, New York 10019
**O:**212-582-4400 **D:**212-377-0853

---

**From:** Wolf, Lesley (USADE)
**Sent:** Friday, May 19, 2023 8:52:15 AM
**To:** Christopher Clark <clark@csvllp.com>
**Cc:** Hudson, Carly (USADE)                                   ; Timothy.McCarten@lw.com <Timothy.McCarten@lw.com>;
matthew.salerno@lw.com <matthew.salerno@lw.com>; Brian.McManus@lw.com <Brian.McManus@lw.com>
**Subject:** [EXTERNAL EMAIL] RE: In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL

**<u>CONFIDENTIAL</u>**
**<u>SUBJECT TO FRE 408, FRE 410, AND FED. R. CRIM. P. 11(f)</u>**


Chris,

After talking it through on this end, we thing Aegis might be the best exemplar- while it is a
DPA, it seems like substituting in "Diversion" in most places for "Deferral" would be a good
starting point.  It sounds like you already have it- but am attaching it and copying the team as I
know you are a few hours behind.  A couple of things to flag in here.  First, there is a whole
section on cooperation here, which is not part of our discussions.  Also thinking about the breach
point and how to best address the concerns you raised.  Instead of a thirty day back and forth, we
suggest including notice from the government and if contested, then presented to the Court for
determination in the same way a supervised release violation might be handled.

I am tied up much of the morning and expect to free up around noon, but can step out for a quick
call if it is important to connect sooner.

-Lesley

---

**From:** Christopher Clark <clark@csvllp.com>
**Sent:** Friday, May 19, 2023 12:22 AM
**To:** Wolf, Lesley (USADE)
**Cc:** Hudson, Carly (USADE)
**Subject:** [EXTERNAL] Re: In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL

Lesley and Carly,

I've reviewed your email preliminarily with my client. We will work on a draft for discussion.  If you can send an
exemplar in the morning we can try to conform our draft to it to make things as easy to compare as possible.

Thanks for your continuing efforts,

Chris

Christopher Clark
Partner
Clark Smith Villazor LLP
250 West 55th Street, 30th Floor

New York, New York 10019
**O:**212-582-4400 **D:**212-377-0853

---

**From:** Wolf, Lesley (USADE)
**Sent:** Thursday, May 18, 2023 10:02:52 PM
**To:** Christopher Clark <clark@csvllp.com>
**Cc:** Hudson, Carly (USADE)
**Subject:** [EXTERNAL EMAIL] In re Grand Jury Subpoenas 19-3-LFWS-V-176 - 179 - CONFIDENTIAL

<u>**CONFIDENTIAL**</u>
<u>**SUBJECT TO FRE 408, FRE 410, AND FED. R. CRIM. P. 11(f)**</u>

Chris,

Thanks for taking the time to speak with us earlier this evening.  Below please find what we would consider to be the key terms of any potential diversion agreement.  A number of these were essentially included in the NPA draft you sent to us earlier today.  As I said during our call, the below list is preliminary in nature and subject to change.  We have not discussed or obtained approval for these terms, but are presenting them in attempt to advance our discussions about a potential non-trial resolution and accordingly this communication is subject to the protections of Fed. R. Crim. P. 11(f) and FREs 408 and 410.  We understand you will work with your team to incorporate them into a draft agreement and will identify for us anything that you immediately see as problematic.  I can also check in the morning to see if there is a useful form we have that will assist in drafting.  Please let me know if you want me to directly copy the Latham team- otherwise, I will just send to you to forward along.

(1)  Pre-trial Diversion Agreement;

(2)  Agreement to waive indictment (which requires an in-court proceeding- understand your request as to this);

(3)  Information filed charging 922(g)(3) and the tax misdemeanors;

(4)  Agree to dismiss after three years;

(5)  On non-reporting supervision by Probation Office in Delaware during that time;

(6)  Diversion agreement will be public record and filed in the criminal case;

(7)  Diversion agreement will specifically reference both prior drug use and current sobriety;

(8)  There will be some conditions of the diversion agreement, to include no drug use, drug testing, etc.;

(9)  A more comprehensive statement of facts than what was included in your initial draft;

(10)   Lifetime firearms ban (consent to NICS entry that he is prohibited);

(11)   No contradictory public statements regarding guilt;

(12)   Remedies for breaches- remove all the 30-day requirements, but omit that the US Attorney has "sole discretion" to determine whether there is a breach.  That leaves it up to the Court akin to a supervised release violation.

Other than 10-12 tomorrow (EST), we are around and available to speak.

-Lesley