# Exhibit T

| | |
|---|---|
| **From:** | Wallace, Benjamin (USADE) |
| **To:** | Mark Buckson |
| **Cc:** | Christopher Clark; Margaret Bray; Hanson, Shannon (USADE); Wise, Leo (USAMD); Hines, Derek (USAPAE) |
| **Subject:** | [EXTERNAL EMAIL] US v. Biden -- Revised Diversion Agreement |
| **Date:** | Thursday, July 20, 2023 4:07:48 PM |
| **Attachments:** | image001.png |
| | RHBiden GunDiversion and exh a (7.20.23 - Clean).pdf |
| | RHBiden GunDiversion and exh a (7.20.23 - Redline).pdf |

Mark:

The parties and Probation have agreed to revisions to the diversion agreement to more closely match the conditions of pretrial release that Probation recommended in the pretrial services report issued yesterday.  Attached, please find clean and redline versions of the diversion agreement.

Best,

**Benjamin L. Wallace**
Assistant U.S. Attorney

Office: 302-573-6118
U.S. Attorney's Office | District of Delaware
1313 N. Market Street, Wilmington, DE 19801

---

**From:** Mark Buckson
**Sent:** Thursday, July 13, 2023 9:14 AM
**To:** Wallace, Benjamin (USADE)                               ; Hanson, Shannon (USADE)

**Cc:** Christopher Clark <clark@csvllp.com>; Hines, Derek (USAPAE)                                ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

Received, thank you.

Mark Buckson
Courtroom Deputy

---

**From:** Wallace, Benjamin (USADE)
**Sent:** Wednesday, July 12, 2023 8:37 PM
**To:** shannon.hanson_usdoj.gov                               ; Mark Buckson

**Cc:** Christopher Clark <clark@csvllp.com>; Derek.Hines_usdoj.gov                                ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

**CAUTION - EXTERNAL:**

Mark:

With apologies for the delay, please find attached the redlines the Court requested.

One note: in preparing the redline of the plea agreement, we realized that we had mistakenly omitted subsection heading c from section 5 (just the heading, not the subsection itself).  We've corrected that typographical error in a new clean version attached to this email.

So the Court has everything in one place, we're also reattaching the clean version of the diversion agreement.  No changes – typographical or otherwise – have been made to that agreement.

Best,

**Benjamin L. Wallace**
Assistant U.S. Attorney

Office: 302-573-6118
U.S. Attorney's Office | District of Delaware
1313 N. Market Street, Wilmington, DE 19801

---

**From:** Hanson, Shannon (USADE)
**Sent:** Wednesday, July 12, 2023 3:35 PM
**To:** Mark Buckson                                    ; Wallace, Benjamin (USADE)

**Cc:** Christopher Clark <clark@csvllp.com>; Hines, Derek (USAPAE)                        ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

Mark:

We will get that information to the Court this afternoon.

Respectfully,

Shannon Hanson

---

**From:** Mark Buckson
**Sent:** Wednesday, July 12, 2023 3:30 PM
**To:** Wallace, Benjamin (USADE)                        ; Hanson, Shannon (USADE)

**Cc:** Christopher Clark <clark@csvllp.com>; Hines, Derek (USAPAE)                        ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

Good afternoon,

Her Honor would like redline versions of these agreements, from what was submitted on 6/8/23, as

soon as possible.

Thank you,

Mark Buckson
Courtroom Deputy

---

**From:** Wallace, Benjamin (USADE)
**Sent:** Wednesday, July 12, 2023 1:30 PM
**To:** Mark Buckson                                    ;                    usdoj.gov

**Cc:** Christopher Clark <clark@csvllp.com>;                usdoj.gov                           ; Wise,
Leo (USAMD)
**Subject:** RE: Regarding

<mark>**CAUTION - EXTERNAL:**</mark>

Mark:

Please find updated versions of the plea and diversion agreements.  These versions are final, with the
exception of signatures.

Best,

**Benjamin L. Wallace**
Assistant U.S. Attorney

Office: 302-573-6118
U.S. Attorney's Office | District of Delaware
1313 N. Market Street, Wilmington, DE 19801

---

**From:** Mark Buckson
**Sent:** Tuesday, July 11, 2023 12:57 PM
**To:** Hanson, Shannon (USADE)
**Cc:** Christopher Clark <clark@csvllp.com>; Wallace, Benjamin (USADE)                           ;
Hines, Derek (USAPAE)                         ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

Thanks Shannon! I will relay this to Her Honor.

Mark Buckson
Courtroom Deputy

---

**From:** Hanson, Shannon (USADE)
**Sent:** Tuesday, July 11, 2023 12:35 PM

**To:** Mark Buckson
**Cc:** Christopher Clark <clark@csvllp.com>; Wallace, Benjamin (USADE)
                                        ;                usdoj.gov                               ; Wise, Leo
(USAMD)
**Subject:** RE: Regarding

<mark>**CAUTION - EXTERNAL:**</mark>

Mark:

I will be speaking with the team later today (I understand they are in a secure location and cannot readily be contacted at the moment.  I will get back with you and the Court as soon as possible.  We will certainly have the documents to the Court no later than Thursday of this week.  I am very much hoping we will have them to you sooner than that.

I will respond with a definitive time later today.

Best,

Shannon

*Shannon T. Hanson*
*First Assistant U.S. Attorney*
*U.S. Attorney's Office for the District of Delaware*
*1313 N. Market Street, Suite 400*
*Wilmington, DE 19801*

---

**From:** Mark Buckson
**Sent:** Tuesday, July 11, 2023 12:30 PM
**To:** Hanson, Shannon (USADE)
**Cc:** Christopher Clark <clark@csvllp.com>; Wallace, Benjamin (USADE)                               ;
Hines, Derek (USAPAE)                               ; Wise, Leo (USAMD)
**Subject:** RE: Regarding

Hi Shannon,

Following up, Her Honor would like to know when you will have final versions of the documents completed.

Thank you,

Mark Buckson
Courtroom Deputy

**From:** Hanson, Shannon (USADE)
**Sent:** Thursday, July 6, 2023 9:48 AM
**To:** Mark Buckson
**Cc:** Christopher Clark <clark@csvllp.com>; Wallace, Benjamin (USADE)
                                    ;                   usdoj.gov                              ; Wise, Leo
(USAMD)
**Subject:** RE: Regarding

<mark>**CAUTION - EXTERNAL:**</mark>

Mark:

Thank you for reaching out.  There have been some minor modifications to these documents.  We
will confer with defense counsel, cced here, to confirm the final versions and then send them to the
Court.  Is there a particular date by which the Court would like the finalized versions with signatures?

Respectfully,

Shannon Hanson

**From:** Mark Buckson
**Sent:** Thursday, July 6, 2023 9:35 AM
**To:** Hanson, Shannon (USADE)
**Cc:** Christopher Clark <clark@csvllp.com>
**Subject:** FW: Regarding

Good morning Shannon,

In preparation for the hearing later this month, do you anticipate any changes to the contents of the
attached documents (aside from signatures)? Please let me know when you have a moment.

Mark Buckson
Courtroom Deputy

**From:** Maryellen Noreika
**Sent:** Friday, June 9, 2023 9:43 AM
**To:**                     usdoj.gov
**Cc:** Christopher Clark <clark@csvllp.com>; Margaret Bray                                    ;
Mark Buckson                                    ; April Smith
**Subject:** Re: Regarding

Ms. Hanson —

Please send information to my Courtroom Deputy and Case Manager.  We do not usually accept

information sent only to my private email address.

I do not know when I will have a chance to review, but we will let you know if Tuesday works for us after I have been able to do so.

Thank you.

Maryellen Noreika

On Jun 8, 2023, at 7:38 PM, Hanson, Shannon (USADE) wrote:

**CAUTION - EXTERNAL:**

Dear Judge Noreika:

Our sincere apologies for the delay in getting these draft documents to you for review. We have been working diligently today with defense counsel, Mr. Christopher Clark, cced above, to finalize their content. The attached are in final form, with exception of the signature blocks.

Accordingly, please find:

**Tax**:

1. An Information charging two misdemeanor tax offenses, in violation of Title 26, United States Code, Section 7203
2. A Memorandum of Plea Agreement for the tax offenses, including a standard Attachment A and a Statement of Facts (Exhibit 1).

**Firearm:**

1. An Information charging one gun offense, in violation of 18 U.S.C. Section 922(g)(3).
2. A Pretrial Diversion Agreement for the gun offense, including a Statement of Facts (Attachment A).

We anticipate filing the signed documents with the Court on Tuesday.

You will notice that the Pretrial Diversion Agreement contemplates approval by the U.S. Probation and Pretrial Services Office. We have been speaking with Margi Bray, Chief

U.S. Probation Officer.  Through her diligence, we hope to have the requisite pretrial diversion report completed prior to the hearing, currently tentatively scheduled for Tuesday, June 13th at 4:00 p.m.

We are available at the call of the Court.

Respectfully submitted,

Shannon Hanson

*Shannon T. Hanson*
*First Assistant U.S. Attorney*
*U.S. Attorney's Office for the District of Delaware*
*1313 N. Market Street, Suite 400*
*Wilmington, DE 19801*

*302 573 6669 (desk)*

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal Action No. 1:23-cr-00061-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**DIVERSION AGREEMENT**

## I.   PARTIES

This Diversion Agreement (the "Agreement") is entered into between the United States of America, by and through the United States Attorney's Office for the District of Delaware, and Robert Hunter Biden ("Biden"), collectively referred to herein as "Parties," by and through their authorized representatives.

## II.   TERMS AND CONDITIONS OF DIVERSION AGREEMENT

1.   The term of this Agreement shall be twenty-four (24) months, beginning on the date of approval of this Agreement, unless there is a breach as set forth in paragraphs 13 and 14. Obligations hereunder survive the term of this Agreement only where this Agreement expressly so provides.

2.   The twenty-four (24) month period following the execution and approval of this Agreement shall be known as the "Diversion Period."

3.   Biden shall waive indictment in relation to the information filed in the United States District Court for the District of Delaware on June 20, 2023, which charges Biden with one count of knowingly possessing a firearm while then an unlawful user of or person addicted to a controlled substance, in violation of Title 18, United States

2

Code, Sections 922(g)(3) and 924(a)(2) (2018) (hereinafter "the Information").

4.      The United States agrees that if Biden complies with all of his respective obligations under this Agreement, then the United States, within thirty (30) days after the expiration of the Diversion Period, will file a motion with the Court seeking the dismissal of the Information.

5.      Biden agrees that the United States has probable cause to bring the charge in the Information, and that the charge is not frivolous or made in bad faith. Biden also agrees that if at a future time the United States should move to dismiss the Information pursuant to this Agreement, Biden would not be a "prevailing party" with regard to the Information. Biden further waives any possible claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this case.

6.      In light of the fact that Biden has accepted responsibility for the actions referenced in the Statement of Facts as set forth in the attached Attachment A (hereinafter "Statement of Facts (Attachment A)"), and taking into consideration Biden's candid acknowledgment of his historical drug use as well as his current sobriety, and in consideration for the other terms recited herein, the United States shall divert this matter in the manner set forth in this Agreement pursuant to the terms and conditions set forth herein.

7.      Biden agrees to waive all defenses based on the statute of limitations with respect to the charge set forth in the Information and any other federal firearms

charges that could be brought with respect to the conduct set forth in the Statement of Facts (Attachment A) and agrees that the applicable statute of limitations period for any federal charges arising out of the firearms purchase set forth in the Statement of Facts (Attachment A) shall be tolled during the Diversion Period. Biden further agrees not to assert any right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, or Title 18, United States Code, Section 3161, or Federal Rule of Criminal Procedure 48(b), or any local rule of the District of Delaware, with respect to the Information.

8.     It is the intent of this Agreement for Biden to agree to be subject to the jurisdiction of, and venue in, the United States District Court for the District of Delaware with respect to the charge set forth in the Information, and for any federal charges arising out of the firearms purchase set forth in the Statement of Facts (Attachment A).

<u>Commitments and Undertakings of Biden</u>

9.     It is understood that under the terms of this Agreement, Biden shall:

   a.  Not purchase, possess, or attempt to purchase or possess, or otherwise come into possession of, a firearm (as that term is defined by Title 18, United States Code, Section 921(a)(3)) or ammunition (as that term is defined by Title 18, United States Code, Section 921(a)(17)), during the Diversion Period or at any time thereafter;

   b.  Consent to a permanent entry in the National Instant Criminal Background Check System ("NICS"), such that he will be denied via NICS if he attempts to legally purchase another firearm; and

   c.  Pursuant to 18 U.S.C. § 924(d), forfeit to the United States all right, title, and interest in all firearms and ammunition involved in the charge set forth in the Information, including but not limited to a Colt Cobra 38SPL revolver with serial number RA 551363 (the "Subject Property"). The defendant agrees to waive any and all interest in the Subject Property in any administrative or judicial proceeding, whether civil or criminal, state or federal, and the defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Subject Property in any administrative or judicial proceeding, whether civil or criminal, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. §§ 924(d) and 983(a).

<u>Additional Conditions Applicable to Diversion Period</u>

10.  Without limiting or otherwise modifying any of the Commitments and Undertakings set forth in the preceding paragraph, it is further understood that during the Diversion Period, Biden shall:

   a.  Be subject to pretrial diversion supervision as directed by the U.S. Probation and Pretrial Services Office in this District;

   b.  Continue or actively seek employment;

   c.  Refrain from unlawfully consuming or possessing any controlled substance;

   d.  Refrain from using alcohol;

   e.  Submit to substance-abuse testing and participate in substance-abuse treatment as directed by the U.S. Probation and Pretrial Services Office in

this District;

f. Submit to fingerprinting by the Federal Bureau of Investigation (FBI). The fingerprint card will be submitted to the FBI for placement in their identification files. Upon successful completion of the term of pretrial diversion, the FBI will be notified to mark their records that pretrial diversion was successfully completed. The fingerprint cards will be withdrawn from the FBI's records three years after completion of pretrial diversion in accordance with FBI policy;

g. Communicate in writing all international travel plans (and provide any supporting documentation, if requested) to the U.S. Probation and Pretrial Services Offices in this District and the District where Biden resides; and

h. Not commit a violation of any federal, state, or local law.

<u>Statement of Facts</u>

11.     Biden acknowledges and agrees that the Statement of Facts (Attachment A), is truthful and accurate.

12.     Biden agrees that he shall not, himself or through any agent or representative, make any statement, in litigation or otherwise, repudiating or contradicting the Statement of Facts (Attachment A) associated with this Agreement. Any contradictory statement by Biden, or by an agent for Biden, shall constitute a violation of this Agreement. If the United States believes such a contradictory statement has been made and that such statement constitutes a knowing material breach of this Agreement, then the United States may seek a determination regarding such alleged breach pursuant to the procedures set forth in paragraph 14,

below.

Breach of Agreement

13.     Biden agrees that a knowing failure to abide by or fully perform any of the terms, promises, or agreements set forth in this Agreement shall constitute a breach of this Agreement.

14.     If the United States believes that a knowing material breach of this Agreement has occurred, it may seek a determination by the United States District Judge for the District of Delaware with responsibility for the supervision of this Agreement.  Upon notice to Biden, the United States may seek a determination on a preponderance of the evidence presented to such District Judge.  Biden shall have the right to present evidence to rebut any such claim in such proceeding.  If after that process the judge overseeing such process makes a final determination that Biden committed a knowing material breach of this Agreement, then the United States may elect from the following remedies depending on the nature and seriousness of the breach:

   a.  **Remedy 1** – The United States may give Biden a specific time period in which to remedy the breach. If the United States determines that Biden has failed to remedy the breach during the specified time period, then the United States may elect Remedy 2 below.

   b.  **Remedy 2** – The United States may prosecute Biden for any federal criminal violation of which the United States has knowledge, including crimes related to the conduct set forth in the Statement of Facts (Attachment A); perjury; obstruction of justice; and any such prosecution that is not time-barred by the applicable statute of limitations on the date

of the signing of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. The United States is not required to offer Remedy 1 before proceeding to Remedy 2 if, in its sole determination, the nature and seriousness of the breach warrants termination of this Agreement.

Agreement Not to Prosecute

15.    The United States agrees not to criminally prosecute Biden, outside of the terms of this Agreement, for any federal crimes encompassed by the attached Statement of Facts (Attachment A) and the Statement of Facts attached as Exhibit 1 to the Memorandum of Plea Agreement filed this same day. This Agreement does not provide any protection against prosecution for any future conduct by Biden or by any of his affiliated businesses.

General Terms and Conditions

16.    All parties consent to the public disclosure of this Agreement. The parties agree that this Agreement, the attached Statement of Facts (Attachment A), the Information, and any order related thereto shall be publicly filed in the United States District Court for the District of Delaware.

17.    The parties stipulate and agree that the conduct set forth in the Statement of Facts (Attachment A) does not constitute relevant conduct pursuant to U.S.S.G. § 1B1.3 for the offenses arising under Title 26 of the United States Code as set forth in the Information filed in a separate case this same day.

18.    This Agreement may be executed in counterparts, each of which constitutes an

8

original and all of which constitute one and the same agreement.

19.    This Agreement sets forth all of the terms of the Agreement between the United States and Biden. It constitutes the complete and final agreement between the United States and Biden in this matter. There are no other agreements, written or otherwise, modifying the terms, conditions, or obligations of this Agreement. No future modifications of or additions to this Agreement, in whole or in part, shall be valid unless they are set forth in writing and signed by the United States, Biden, and Biden's counsel.

In Witness Whereof, the Parties, through their duly authorized representatives, hereunder set their hands.

ON BEHALF OF THE UNITED STATES OF AMERICA

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _____
Leo J. Wise
Derek E. Hines
Special Assistant United States Attorneys

Benjamin L. Wallace
Assistant United States Attorney

Dated:

ON BEHALF OF ROBERT HUNTER BIDEN

BY: _____    BY: _____
Robert Hunter Biden          Christopher Clark, Esq.
Defendant                    Attorney for Robert Hunter Biden

Dated:

APPROVED BY:

_____

Margaret M. Bray
Chief United States Probation Officer
District of Delaware

Dated:

## ATTACHMENT A
## STATEMENT OF FACTS

Robert Hunter Biden ("Biden") began using crack and powder cocaine in or around October 2016, became a habitual user in 2017, and continued to use frequently and regularly through approximately May 2019. During that time, he enrolled in multiple in- and outpatient rehabilitation programs with varying degrees of temporary success but did not achieve long-term sobriety. Instead, his drug use overall escalated.

Biden moved to California in the spring of 2018, where he used crack cocaine on a regular basis, at times as frequently as every 15 minutes. He enrolled in an additional rehabilitation program in California from August 16–27, 2018, and then lived with a sober companion from August 27–September 2, 2018. He relapsed shortly thereafter, and his crack cocaine use continued when he returned to the East Coast in the fall of 2018.

On October 12, 2018, Biden visited a federally licensed firearms dealer in Wilmington, Delaware. He purchased a Colt Cobra 38SPL revolver with serial number RA 551363 (the "Firearm"), along with several other items, including an HKS speed loader for the Firearm and a box of ammunition.

When he purchased the Firearm, Biden completed an ATF Form 4473, which required him to answer the question, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" Biden answered "no," even though he was a user of, and addicted to, crack cocaine at the time. Biden certified that his "answers in Section A" were "true, correct, and complete," and that he understood that a person who answers "yes" to that question is "prohibited from purchasing or receiving a firearm."

Biden possessed the Firearm from October 12–23, 2018. During that time, he purchased and used crack cocaine regularly. On October 23, 2018, the Firearm was found in Biden's vehicle along with drug remnants and paraphernalia. The Firearm was subsequently discarded in a trashcan outside a supermarket in Greenville, Delaware, and later recovered by law enforcement.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-00061-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DIVERSION AGREEMENT**

I.   <u>PARTIES</u>

This Diversion Agreement (the "Agreement") is entered into between the United States of America, by and through the United States Attorney's Office for the District of Delaware, and Robert Hunter Biden ("Biden"), collectively referred to herein as "Parties," by and through their authorized representatives.

II.   <u>TERMS AND CONDITIONS OF DIVERSION AGREEMENT</u>

1.   The term of this Agreement shall be twenty-four (24) months, beginning on the date of approval of this Agreement, unless there is a breach as set forth in paragraphs 13 and 14. Obligations hereunder survive the term of this Agreement only where this Agreement expressly so provides.

2.   The twenty-four (24) month period following the execution and approval of this Agreement shall be known as the "Diversion Period."

3.   Biden shall waive indictment ~~and agree that~~in relation to the ~~United States will file an~~ information ~~(hereinafter "the Information")~~filed in the United States District Court for the District of Delaware~~, charging~~ on June 20, 2023, which charges Biden with one count of knowingly possessing a

3.      firearm while then an unlawful user of or person addicted to a controlled substance, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) (2018). (hereinafter "the Information").

4.      The United States agrees that if Biden complies with all of his respective obligations under this Agreement, then the United States, within thirty (30) days after the expiration of the Diversion Period, will file a motion with the Court seeking the dismissal of the Information.

5.      Biden agrees that the United States has probable cause to bring the charge in the Information, and that the charge is not frivolous or made in bad faith. Biden also agrees that if at a future time the United States should move to dismiss the Information pursuant to this Agreement, Biden would not be a "prevailing party" with regard to the Information. Biden further waives any possible claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this case.

6.      In light of the fact that Biden has accepted responsibility for the actions referenced in the Statement of Facts as set forth in the attached Attachment A (hereinafter "Statement of Facts (Attachment A)"), and taking into consideration Biden's candid acknowledgment of his historical drug use as well as his current sobriety, and in consideration for the other terms recited herein, the United States shall divert this matter in the manner set forth in this Agreement pursuant to the terms and conditions set forth herein.

7.      Biden agrees to waive all defenses based on the statute of limitations with respect to the charge set forth in the Information and any other federal firearms

charges that could be brought with respect to the conduct set forth in the Statement of Facts (Attachment A) and agrees that the applicable statute of limitations period for any federal charges arising out of the firearms purchase set forth in the Statement of Facts (Attachment A) shall be tolled during the Diversion Period. Biden further agrees not to assert any right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, or Title 18, United States Code, Section 3161, or Federal Rule of Criminal Procedure 48(b), or any local rule of the District of Delaware, with respect to the Information.

8.      It is the intent of this Agreement for Biden to agree to be subject to the jurisdiction of, and venue in, the United States District Court for the District of Delaware with respect to the charge set forth in the Information, and for any federal charges arising out of the firearms purchase set forth in the Statement of Facts (Attachment A).

<u>Commitments and Undertakings of Biden</u>

9.      It is understood that under the terms of this Agreement, Biden shall:

> a.  Not purchase, possess, or attempt to purchase or possess, or otherwise come into possession of, a firearm (as that term is defined by Title 18, United States Code, Section 921(a)(3)) or ammunition (as that term is defined by Title 18, United States Code, Section 921(a)(17)), during the Diversion Period or at any time thereafter;
>
> b.  Consent to a permanent entry in the National Instant Criminal Background Check System ("NICS"), such that he will be denied via NICS if he attempts to legally purchase another firearm; and

    c.  Pursuant to 18 U.S.C. § 924(d), forfeit to the United States all right, title, and interest in all firearms and ammunition involved in the charge set forth in the Information, including but not limited to a Colt Cobra 38SPL revolver with serial number RA 551363 (the "Subject Property"). The defendant agrees to waive any and all interest in the Subject Property in any administrative or judicial proceeding, whether civil or criminal, state or federal, and the defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Subject Property in any administrative or judicial proceeding, whether civil or criminal, state or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. §§ 924(d) and 983(a).

<u>Additional Conditions Applicable to Diversion Period</u>

10.    Without limiting or otherwise modifying any of the Commitments and Undertakings set forth in the preceding paragraph, it is further understood that during the Diversion Period, Biden shall:

    a.  Be subject to pretrial diversion supervision as directed by the U.S. Probation and Pretrial Services Office in this District;

    b.  Continue or actively seek employment;

    c.  Refrain from unlawfully consuming or possessing any controlled substance ~~and be subject~~;

    d.  Refrain from using alcohol;

    ~~b.~~c.  Submit to ~~drug~~ substance-abuse testing ~~on a periodic basis~~and

4

participate in substance-abuse treatment as ~~determined~~directed by the U.S. Probation and Pretrial Services Office in this District;

f.   Submit to fingerprinting by the Federal Bureau of Investigation (FBI). The fingerprint card will be submitted to the FBI for placement in their identification files. Upon successful completion of the term of pretrial diversion, the FBI will be notified to mark their records that pretrial diversion was successfully completed. The fingerprint cards will be withdrawn from the FBI's records three years after completion of pretrial diversion in accordance with FBI policy;

~~e.~~g.   Communicate in writing all international travel plans (and provide any supporting documentation, if requested) to the U.S. Probation and Pretrial Services Offices in this District and the District where Biden resides; and

~~d.~~h.   Not commit a violation of any federal, state, or local law.

Statement of Facts

11.    Biden acknowledges and agrees that the Statement of Facts (Attachment A), is truthful and accurate.

12.    Biden agrees that he shall not, himself or through any agent or representative, make any statement, in litigation or otherwise, repudiating or contradicting the Statement of Facts (Attachment A) associated with this Agreement. Any contradictory statement by Biden, or by an agent for Biden, shall constitute a violation of this Agreement. If the United States believes such a contradictory statement has been made and that such statement constitutes a knowing material breach of this Agreement, then the United States may seek a determination

5

regarding such alleged breach pursuant to the procedures set forth in paragraph 14, below.

<u>Breach of Agreement</u>

13.     Biden agrees that a knowing failure to abide by or fully perform any of the terms, promises, or agreements set forth in this Agreement shall constitute a breach of this Agreement.

14.     If the United States believes that a knowing material breach of this Agreement has occurred, it may seek a determination by the United States District Judge for the District of Delaware with responsibility for the supervision of this Agreement.  Upon notice to Biden, the United States may seek a determination on a preponderance of the evidence presented to such District Judge.  Biden shall have the right to present evidence to rebut any such claim in such proceeding.  If after that process the judge overseeing such process makes a final determination that Biden committed a knowing material breach of this Agreement, then the United States may elect from the following remedies depending on the nature and seriousness of the breach:

     a.  **Remedy 1** – The United States may give Biden a specific time period in which to remedy the breach. If the United States determines that Biden has failed to remedy the breach during the specified time period, then the United States may elect Remedy 2 below.

     b.  **Remedy 2** – The United States may prosecute Biden for any federal criminal violation of which the United States has knowledge, including crimes related to the conduct set forth in the Statement of Facts (Attachment A); perjury; obstruction of justice; and any such prosecution

that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. The United States is not required to offer Remedy 1 before proceeding to Remedy 2 if, in its sole determination, the nature and seriousness of the breach warrants termination of this Agreement.

Agreement Not to Prosecute

15.   The United States agrees not to criminally prosecute Biden, outside of the terms of this Agreement, for any federal crimes encompassed by the attached Statement of Facts (Attachment A) and the Statement of Facts attached as Exhibit 1 to the Memorandum of Plea Agreement filed this same day.  This Agreement does not provide any protection against prosecution for any future conduct by Biden or by any of his affiliated businesses.

General Terms and Conditions

16.   All parties consent to the public disclosure of this Agreement. The parties agree that this Agreement, the attached Statement of Facts (Attachment A), the Information, and any order related thereto shall be publicly filed in the United States District Court for the District of Delaware.

17.   The parties stipulate and agree that the conduct set forth in the Statement of Facts (Attachment A) does not constitute relevant conduct pursuant to U.S.S.G. § 1B1.3 for the offenses arising under Title 26 of the United States Code as set forth in the Information filed in a separate case this same day.

7

18.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

19.     This Agreement sets forth all of the terms of the Agreement between the United States and Biden. It constitutes the complete and final agreement between the United States and Biden in this matter. There are no other agreements, written or otherwise, modifying the terms, conditions, or obligations of this Agreement. No future modifications of or additions to this Agreement, in whole or in part, shall be valid unless they are set forth in writing and signed by the United States, Biden, and Biden's counsel.

In   Witness   Whereof,   the   Parties,   through   their   duly   authorized representatives, hereunder set their hands.

ON BEHALF OF THE UNITED STATES OF AMERICA

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _____
Leo J. Wise
Derek E. Hines
Special Assistant United States Attorneys

Benjamin L. Wallace
Assistant United States Attorney

Dated:

ON BEHALF OF ROBERT HUNTER BIDEN

BY: _____        BY: _____
Robert Hunter Biden                  Christopher Clark, Esq.
Defendant                            Attorney for Robert Hunter Biden

Dated:

APPROVED BY:

_____
Margaret M. Bray
Chief United States Probation Officer
District of Delaware

Dated:

9

## ATTACHMENT A
## STATEMENT OF FACTS

Robert Hunter Biden ("Biden") began using crack and powder cocaine in or around October 2016, became a habitual user in 2017, and continued to use frequently and regularly through approximately May 2019. During that time, he enrolled in multiple in- and outpatient rehabilitation programs with varying degrees of temporary success but did not achieve long-term sobriety. Instead, his drug use overall escalated.

Biden moved to California in the spring of 2018, where he used crack cocaine on a regular basis, at times as frequently as every 15 minutes. He enrolled in an additional rehabilitation program in California from August 16–27, 2018, and then lived with a sober companion from August 27–September 2, 2018. He relapsed shortly thereafter, and his crack cocaine use continued when he returned to the East Coast in the fall of 2018.

On October 12, 2018, Biden visited a federally licensed firearms dealer in Wilmington, Delaware. He purchased a Colt Cobra 38SPL revolver with serial number RA 551363 (the "Firearm"), along with several other items, including an HKS speed loader for the Firearm and a box of ammunition.

When he purchased the Firearm, Biden completed an ATF Form 4473, which required him to answer the question, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" Biden answered "no," even though he was a user of, and addicted to, crack cocaine at the time. Biden certified that his "answers in Section A" were "true, correct, and complete," and that he understood that a person who answers "yes" to that question is "prohibited from purchasing or receiving a firearm."

Biden possessed the Firearm from October 12–23, 2018. During that time, he purchased and used crack cocaine regularly. On October 23, 2018, the Firearm was found in Biden's vehicle along with drug remnants and paraphernalia. The Firearm was subsequently discarded in a trashcan outside a supermarket in Greenville, Delaware, and later recovered by law enforcement.