# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

**MR. BIDEN'S MOTION TO DISMISS THE INDICTMENT BECAUSE SPECIAL COUNSEL WEISS WAS UNLAWFULLY APPOINTED AND THIS PROSECUTION VIOLATES THE APPROPRIATIONS CLAUSE**

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**INTRODUCTION**

This prosecution is not legally authorized because David Weiss was unlawfully appointed as Special Counsel and Congress has not appropriated funds for the Special Counsel's investigation or this prosecution. In appointing Mr. Weiss as Special Counsel, Attorney General Merrick Garland explained that "Mr. Weiss will also continue to serve as U.S. Attorney for the District of Delaware," and Mr. Weiss has done so.[1] That appointment is flatly precluded by the U.S. Department of Justice's own regulations setting the "Qualifications of the Special Counsel," which provide: "The Special Counsel *shall* be selected from *outside* the United States Government." 28 C.F.R. § 600.3 (emphasis added).

In addition to not being qualified to serve as Special Counsel, the Special Counsel's funding for his investigation and this prosecution was not approved by Congress and, therefore, violates the Appropriations Clause. *See* U.S. Const. art. I, § 9, cl. 7 ("No money shall be drawn from the Treasury, but in Consequences of Appropriations made by Law."). This Special Counsel's Office was not funded by monies approved by Congress; rather, the Department of Justice is funding the investigation from an unlimited account established in 1987 to pay for *independent* counsels.[2] Mr. Weiss, however, is not an "independent" counsel, he is a Special Counsel, and that alone is a major difference in terms of his independence. Compounding the problem, Attorney General Garland

---

[1] Attorney General Merrick B. Garland Delivers A Statement (Aug. 11, 2023), https://www.justice.gov/opa/speech/attorney-general-merrick-b-garland-delivers-statement.

[2] Special Counsel Weiss has not yet filed his expenditure report required by 28 C.F.R. § 600.8, but Special Counsel John Durham, who was appointed in a similar manner, recently filed a report explaining that his work is funded through "the permanent, indefinite appropriation for independent counsels (IC Appropriation) (28 U.S.C. § 591 note)." Special Counsel's Office – Durham Statement of Expenditures October 1, 2022 through March 31, 2023 at 4 (2023), https://www.justice.gov/d9/2023-07/Special%20Counsel%27s%20Office%20of%20John%20Durham%20-%20Statement%20of%20Expenditures%20-%20October%201%202022%20to%20March%2031%202023_FINAL_7.3.2023v4.pdf. The Justice Management Division at DOJ has confirmed that Special Counsel Weiss will be funded through this same appropriation.

1

appointed one of his own subordinates to the Special Counsel position in violation of DOJ's own regulations requiring that the Special Counsel be selected from *outside* the government. The whole point of that regulation is to provide for the Special Counsel's independence. Special Counsel Weiss is not an independent counsel subject to any valid appropriation by Congress. Accordingly, the Indictment should be dismissed as without proper authority to have been sought and brought. *See, e.g.*, *United States v. Pisarski*, 965 F.3d 738, 741 (9th Cir. 2020) (affirming injunction against further prosecution because the prosecution violated the Appropriations Clause); *United States v. McIntosh,* 833 F.3d 1163, 1175 (9th Cir. 2016) ("[I]f DOJ were . . . drawing funds from the Treasury without authorization by statute[, it would thus be] violating the Appropriations Clause. That Clause constitutes a separation-of-powers limitation that Appellants can invoke to challenge their prosecutions.").

## ARGUMENT

**I.    MR. WEISS WAS UNLAWFULLY APPOINTED SPECIAL COUNSEL**

**A. DOJ Regulations Render Mr. Weiss Ineligible To Be Appointed Special Counsel**

DOJ's regulations setting the qualifications for a Special Counsel are explicit, and they have been violated here. The regulation is not ambiguous: "The Special Counsel *shall* be selected from *outside* the United States Government." 28 C.F.R. § 600.3 (emphasis added). That plainly—even admittedly—has not been met. *See supra* n.1.

Attorney General Garland's appointment of Special Counsel Weiss highlights the irregularity. Attorney General Garland's appointment explicitly stated: "Sections 600.4 to 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel." Order 5730-2023 (Aug. 11, 2023). These are the provisions of the Special Counsel regulations governing the scope of the authority and responsibilities of a Special Counsel. It is striking that Attorney General

Garland recognizes the applicability of these parts of the regulations that apply to the Special Counsel's actions, but not the very preceding section of the *same* regulations that restricts the Attorney General's authority to select who may be a Special Counsel. In this regard, the Attorney General had no lawful basis to pick and choose what parts of an integrated regulation to apply.

The regulatory requirement specifying that the Special Counsel be someone chosen from *outside* the United States government also is an important provision, one imposed after careful deliberation. After the Independent Counsel Reauthorization Act of 1994 expired in 1999, then-Attorney General Janet Reno replaced the procedures for appointing Independent Counsel with these new regulations for selecting a Special Counsel.

In crafting the role of both the Independent Counsel and Special Counsel, the central struggle was to strike the right balance between independence and accountability. Where there is a conflict of interest within DOJ or a concern with political pressure within the government, independence is important, on the one hand. On the other hand, there was a concern that too much independence could lead to a lack of supervision and accountability.

Congress and DOJ abandoned the Independent Counsel regime precisely because it afforded Independent Counsel too much independence. Then-Deputy Attorney General Eric Holder testified before Congress that "nearly every living former attorney general" opposed reauthorizing the Independent Counsel statute, and he explained:

> [The Act] vests this immense prosecutorial power in an inferior officer who is not subject to the ordinary controls of any branch of government; and this officer is someone who has not been confirmed by the Senate and who, as former Attorney General Barr stated, is not subject to the same sort of oversight or budgetary constraints that the publicly accountable Department of Justice faces day in and day out. . . . Independent counsel are largely insulated from any meaningful budget process, competing public duties, time limits, accountability to superiors and identification with the traditional long-term interests of the Department of Justice. This insulation contributes greatly to the independence of these prosecutors, but it also eliminates the incentive to show restraint in the exercise of prosecutorial power. [These factors] provide an impetus to investigate

the most trivial matter to an unwarranted extreme. . . . An independent counsel who does not indict faces criticism for wasting both his time and the taxpayers' good money. As the old adage, adapted from Mark Twain, goes: To a man with a hammer, a lot of things look like nails that need pounding."[3]

DOJ explained that its regulations for the newly created Special Counsel position would strip the former Independent Counsel role of its independence where it mattered. Despite providing limited discretion, DOJ explained: "Nevertheless, it is intended that ultimate responsibility for the matter and how it is handled will continue to rest with the Attorney General (or the Acting Attorney General if the Attorney General is personally recused in the matter); thus, the regulations explicitly acknowledge the possibility of review of specific decisions reached by the Special Counsel." 64 FR 37038-01 (July 9, 1999).

In providing the Attorney General heightened supervisory authority over the Special Counsel—at the expense of the independence of the Special Counsel—the regulations preserved the Independent Counsel Act's exclusion against service by someone who worked for the U.S. government. *Compare* 28 U.S.C. § 593(b)(2) ("The division of the court may not appoint as an independent counsel any person who holds any office of profit or trust under the United States."), *with* 28 C.F.R. § 600.3 ("The Special Counsel shall be selected from outside the United States

---

[3] *The Independent Counsel Act, Hearing Before the Subcomm. on Commercial and Administrative Law, on the Judiciary*, 106th Cong. (Mar. 2, 1999) (prepared remarks of Dep. Att'y Gen. Eric Holder), https://www.justice.gov/archive/dag/testimony/ictestimonydag.htm. It is worth noting that the appointment of Mr. Weiss as Special Counsel, rather than Independent Counsel, has not proven effective at remedying these deficiencies. After a five-year investigation, an agreement to resolve this dispute (after extensive negotiations where Special Counsel Weiss repeatedly moved the goal post at the last minute), Special Counsel Weiss buckled to political pressure critical of the deal that he struck and now he is attempting to renege on that deal. In addition to bringing the gun charges addressed in the motions being filed in Delaware, on December 7, 2023, he filed a nine-count tax indictment in California, again after he had been content with a lesser charge (in the tax context two late payment misdemeanors). Special Counsel Weiss's handling of this investigation has been unlike any other and it is worthy of criticism.

4

Government."). That is because it defies all notions of independence from the government to appoint someone to either position who is not independent of the government, but a part of it.

### B. DOJ Is Bound By Its Own Regulations

Although the Attorney General has broad statutory authority to appoint someone as a Special Counsel, the Attorney General is bound by the Department's own regulations regarding who is qualified to serve as Special Counsel. An "agency must follow its own regulations; 'it is a well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant act.'" *Mine Reclamation Corp. v. FERC*, 30 F.3d 1519, 1524 (D.C. Cir. 1994) (quoting *Way of Life Television Network, Inc. v. FEC*, 593 F.2d 1356, 1359 (D.C. Cir. 1979)); *see, e.g.*, *Wilson v. U.S. Parole Comm'n*, 193 F.3d 195, 200 (3d Cir. 1999) ("Fundamentally, the Parole Commission must follow its own regulations, which have the force of law."); *U.S. ex rel. Farese v. Luther*, 953 F.3d 49, 52 (3d Cir. 1992) ("An agency must follow its own regulations, which have the force of law."); *id.* at 52 n.2 ("[T]he Commission is required to follow this procedure, as it is a duly promulgated administrative *regulation*.") (emphasis in original).

Even the Attorney General is bound to follow his own regulations. In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court made that clear as to the Attorney General's appointment of the Watergate Special Prosecutor. President Nixon claimed the power as the head of the Executive Branch to derail the investigation into him or to order his Attorney General to do so, but the Court disagreed. The authority to represent the United States had been conferred upon the Attorney General and he had delegated that authority to the Special Prosecutor, consistent with DOJ's regulations at the time. The Supreme Court explained:

> [I]t is theoretically possible for the Attorney General to amend or revoke the regulation defining the Special Prosecutor's authority. But he has not done so. So long as this regulation remains in force the Executive Branch is bound by it, and indeed the United

5

States as the sovereign composed of the three branches is bound to respect and to enforce it.

*Id.* at 695.

The Supreme Court found that outcome dictated by its prior decision in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). *Accardi* was a habeas case, where the petitioner challenged the Attorney General's violation of his rights under DOJ regulations to seek a suspension of his deportation. There, the Attorney General had—by regulation—delegated his authority on such matters to the Board of Immigration Appeals to decide, but the Attorney General subsequently expressed his view that petitioner's application be denied. The Court reversed the denial of the application because "as long as the regulations remain operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision in any manner." *Id*. at 267; *see also Nixon*, 418 U.S. at 696 ("The Court held [in *Accardi*] that so long as the Attorney General's regulations remained operative, he denied himself the authority to exercise the discretion delegated to the Board even though the original authority was his and he could reassert it by amending the regulations."). *Nixon* cited additional authority echoing this principle. *Id.* (citing *Vitarelli v. Seaton*, 359 U.S. 535 (1959) (Secretary of the Interior could not discharge employee without following his own procedural regulations); *Service v. Dulles*, 354 U.S. 363 (1957) (Secretary of State could not discharge employee without following his own procedural regulations).

The bottom line here is that DOJ's regulations flatly precluded Attorney General Garland from appointing Mr. Weiss as Special Counsel. If the Attorney General no longer wishes to be bound by those regulations, he should look into having them changed. Until then, however, the regulations remain binding and should be enforced. Because the Indictment in this case was filed by an unauthorized Special Counsel, it must be dismissed.

6

## II. DOJ IS VIOLATING THE APPROPRIATIONS CLAUSE BY FUNDING SPECIAL COUNSEL WEISS'S INVESTIGATION AND PROSECUTION

The funds spent on Special Counsel Weiss's investigation and prosecution of Mr. Biden have not been appropriated by Congress in accordance with the Appropriations Clause. DOJ is funding Special Counsel Weiss's investigation and prosecution through an appropriation established in a Note to 28 U.S.C. § 591, *see supra* n.2, which provides: "[A] permanent indefinite appropriation is established within the Department of Justice to pay all necessary expenses of investigations and prosecutions by *independent counsel* appointed pursuant to the provisions of 28 U.S.C. 591 et seq. or other law." *See* Pub. L. 100–202, § 101(a) [title II], Dec. 22, 1987 (emphasis added). Section 591 and the other Independent Counsel regulations expired in 1999. 28 U.S.C. § 599. Attorney General Garland's appointment of Special Counsel Weiss relies on other law, 28 U.S.C. §§ 509, 510, 515 and 533, none of which authorize the appointment of an independent counsel for purposes of the Section 591 independent counsel fund. Attorney General Garland, Order 5730-2023 (Aug. 11, 2023).

Special Counsel Weiss is not an *independent* counsel and that is by design. This appropriation for "independent counsel" was created in 1987, when everyone understood that "independent" referred to the circumstances that then-existed concerning the role of an Independent Counsel. As noted above, the Special Counsel regulations adopted in 1999 were designed to eliminate that sort of independence by creating the new role of Special Counsel, which would not be independent. *See, e.g.*, Daniel Huff, *Robert Mueller Has A Money Problem*, Wall St. J. (Mar. 24, 2019), https://www.wsj.com/articles/robert-mueller-has-a-money-problem-11553468712 (explaining that the limited independence of a Special Counsel is not subject to the appropriation for independent counsel).

7

Not only did the Attorney General disregard the regulation requiring appointment of a Special Counsel from outside of the government; the Attorney General did not even select a Special Counsel from outside his own agency. Thus, Special Counsel Weiss has less independence than even the Special Counsel regulations were meant to confer. By choosing a subordinate from within DOJ, there is not even a veneer of independence. Mr. Weiss cannot be both "independent" of DOJ and a part of DOJ (as he is still the U.S. Attorney for the District of Delaware).

The Appropriations Clause is strictly enforced. *See, e.g.*, *U.S. Dept. of Navy v. Fed. Labor Relations Auth.*, 665 F.3d 1339, 1342 (D.C. Cir. 2012) (Kavanaugh, J.,) ("Decisions of the Supreme Court and this Court have strictly enforced the constitutional requirement, implemented by federal statutes, that uses of appropriated funds be authorized by Congress."). The Clause conveys a "straightforward and explicit command": No money "can be paid out of the Treasury unless it has been appropriated by an act of Congress." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990) (citations omitted). An appropriation must be expressly stated; it cannot be inferred or implied. 31 U.S.C. § 1301(d) ("A law may be construed to make an appropriation out of the Treasury . . . only if the law specifically states that an appropriation is made."). A prosecution that is made in violation of the Appropriations Clause must be dismissed. *See, e.g.*, *Pisarski*, 965 F.3d at 741; *McIntosh,* 833 F.3d at 1175; *see also Collins v. Yellin*, 141 S. Ct. 1761, 1781 (2021) ("As we have explained on many prior occasions, the separation of powers is designed to preserve the liberty of all the people. So whenever a separation-of-powers violation occurs, any aggrieved party with standing may file a constitutional challenge"); *Sheila Law LLC v. Consumer Fin. Protec. Bureau*, 140 S. Ct. 2183, 2196 (2020) (defendant could challenge enforcement action where agency lacked authority under the Appointments Clause); *Bond v. United States*, 564 U.S. 211, 220 (2011) (defendant could challenge indictment on federalism grounds). As the subject of

8

an unauthorized and improperly funded prosecution, Mr. Biden surely has standing to challenge this ultra vires Indictment.

## CONCLUSION

Whatever caused Special Counsel Weiss to renege on the agreement he reached in this case and to then bring charges beyond the agreement, he filed this Indictment as an improperly appointed and funded Special Counsel. Consequently, the Court should dismiss the Indictment.

Dated: December 11, 2023

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of December, 2023, I filed the foregoing Motion to Dismiss the Indictment with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                         /s/ *Abbe David Lowell*
                                         Abbe David Lowell

                                         *Counsel for Robert Hunter Biden*