## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

### MR. BIDEN'S MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING REGARDING HIS MOTIONS TO DISMISS THE INDICTMENT

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**INTRODUCTION**

"[O]ur society is not bettered by law enforcement that . . . is not conducted in a spirit of fairness or good faith." *United States v. Banks*, 383 F. Supp. 389, 397 (D.S.D. 1974). As discussed at length in Mr. Biden's Motion to Dismiss for Selective and Vindictive Prosecution, filed concurrently, this prosecution falls squarely in that category, and the Court should either dismiss the Indictment or, if any doubt remains, permit discovery and an evidentiary hearing to further develop the record.[1]

On October 8, 2023 and November 15, 2023, as well as in follow-up correspondence on November 15, Mr. Biden wrote to the prosecution with tailored and enumerated discovery requests, many of which are routine in a criminal defense case such as this one.[2] The October 8 requests included customary Rule 16 discovery requests and 19 specific requests under *Brady*, *Agurs*, *Giglio*, and the Fifth Amendment, Rule 26/Jencks Act and similar requests. These requests have largely been met with silence and will be the subject of a motion to compel should this case proceed. However, the November 15, 2023 requests as well as the motion for Rule 17 subpoenas filed that same day seek information bearing directly on the issues addressed in the motions to dismiss filed concurrently herewith—selective and vindictive prosecution, political interference, and separation of powers concerns. The prosecution has not responded to or addressed these requests by Mr. Biden in any fashion. During a meet and confer phone call on December 1, 2023, Mr. Biden's counsel even asked Messrs. Wise and Hines for a status update of the prosecution's

---

[1] To the extent the Special Counsel disputes the facts laid out in Mr. Biden's Motion to Dismiss the Indictment Based on Immunity Conferred By His Diversion Agreement and the Declaration of Christoper Clark (his former counsel), filed contemporaneously, as noted in that Motion at Note 1, an evidentiary hearing where all the participants to the negotiations (including U.S. Attorney David Weiss) should be held on that motion as well.

[2] Letter from A. Lowell to L. Wise and D. Hines, dated October 8, 2023 (Ex. 1); Letter from A. Lowell to L. Wise and D. Hines, dated November 15, 2023 (Ex. 2).

1

discovery, and specifically whether the government intended to make any additional productions in the near-term or respond to our various discovery request letters, to which Mr. Hines responded that the government would "let the discovery stand for itself."[3]

In addition, the motions to dismiss may also warrant an evidential hearing. Among these would be the possibility the Court would want to hear if the prosecution disputes the declaration of Mr. Biden's former counsel supporting the motion to dismiss the charges as violative of the Diversion Agreement in effect, the reasons for the prosecution's change in charging two misdemeanors and a diversion agreement to now twelve felonies and misdemeanors, and the need for the prosecution to rebut the evidence of selective and vindictive prosecution.

## ARGUMENT

**I.    IF THE COURT DECIDES THAT THE RECORD TO DISMISS ON THE BASIS OF THE CURRENT EVIDENCE SHOULD BE SUPPLEMENTED, DISCOVERY AND A HEARING SHOULD BE PERMITTED**

The factual record set out in Mr. Biden's Motion to Dismiss establishes how a former President, MAGA-fanatic Congresspersons, political appointees, and Department of Justice (DOJ) officials have sought to erode, often in coordination, Mr. Biden's fundamental right to be free from selective and vindictive prosecution, thereby warranting dismissal of this Indictment. However, should the Court disagree or find that the prosecution may be able to satisfy its burden to rebut the *prima facie* case for selective and vindictive prosecution on the current record, or as noted in Note 1 that should the Special Counsel deny the facts laid out in Mr. Biden's Motion to Dismiss the Indictment Based on Immunity Conferred By His Diversion Agreement, then the Court should

---

[3] An order granting Mr. Biden's request to issue the Rule 17 subpoenas sought on November 14, 2023 would also further the same goals of allowing the Defendant to better understand the communications, activities, pressures, and motivations that led to the unprecedented and rare charges in this prosecution. (*See* D.E. 56.)

order an evidentiary hearing and order the prosecution to produce material in response to Mr. Biden's written discovery requests on October 8 and Novembre 15.[4]

While dismissal outright is appropriate, "[t]he standard for obtaining an evidentiary hearing on the matter is somewhat lower." *Bradley*, 880 F. Supp. at 279 (permitting discovery to support a selective prosecution claim). A hearing is necessary where "the motion alleges sufficient facts to take the question past the frivolous state . . . and raises a reasonable doubt as to the prosecutor's purpose." *Id.* (citing cases). The standard to obtain discovery on a selective or vindictive prosecution claim is even lower. A defendant need only "make out a colorable entitlement to the defense of discriminatory prosecutions, . . . or come forward with some evidence tending to show the existence of the essential elements of the defense." *Id.* (citations omitted). The "essential elements" are: (1) that the defendant was singled out for prosecution from others similarly situated, and (2) that the prosecution was motivated by a discriminatory purpose. *See United States v. Palfrey*, 499 F. Supp. 2d 34, 39 (D.D.C. 2007); *United States v. Blackley*, 986 F. Supp. 616, 618 (D.D.C. 1997).

As Justice Marshall remarked:

> This standard ... is consistent with our exhortation that the need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. It also recognizes that most of the relevant proof in selective prosecution cases will normally be in the Government's hands.

*Wayte v. United States*, 470 U.S. 598, 624 (1985) (Marshall, J., dissenting) (citations omitted); *see also United States v. Cammisano*, 546 F.2d 238, 239 (8th Cir. 1976) (affirming discovery on selective prosecution issue to support claim of prosecution based on "association with Italians");

---

[4] "[T]he decision whether or not to order discovery, or an evidentiary hearing, lies substantially within the trial court's discretion." *United States v. Bradley*, 880 F. Supp. 271, 280 (M.D. Pa. 1994).

3

*United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) ("It may well be that no fire will be discovered under all the smoke, but there is enough smoke here, in our view, to warrant the unusual step of letting the defendants find out how this unusual prosecution came about. . . ."); *United States v. Michel*, 2022 WL 4182342, at *8 (D.D.C. Sept. 13, 2022) ("[B]ecause the Government has not yet proffered an explanation for the Superseding Indictment, the Court shall, in an abundance of caution, hold an evidentiary hearing to determine whether the Government returned the Superseding Indictment [for vindictive reasons].").[5]

Where a defendant has not carried his initial burden, but has demonstrated a "colorable claim," discovery and an evidentiary hearing should be permitted. *United States v. Heidecke*, 900 F.2d 1155, 1159 (7th Cir. 1990); *see United States v. Jones*, 159 F.3d 969, 978, n.8 (6th Cir. 1998) (granting discovery to give the defendant "the opportunity to move to dismiss the indictment" for selective prosecution). "[I]t is clear that any conviction which may be obtained in this case without permitting defense counsel to determine what may be useful to the alleged defense of selective and discriminatory prosecution would be in violation of the due process guaranteed by the Constitution." *United States v. Cammisano*, 433 F. Supp. 964, 982 (W.D. Mo. 1977).

Mr. Biden has without a doubt offered a "colorable claim" to warrant discovery and an evidentiary hearing in this case for selective or vindictive prosecution. In the context of the Special Counsel's investigation and now prosecution, Mr. Biden's Motion to Dismiss for Selective and Vindictive Prosecution offered several concrete instances beyond "mere speculation or 'personal conclusions based on anecdotal evidence,'" *see United States v. Hsia*, 24 F. Supp. 2d 33, 49

---

[5] If ordered, discovery may include for example, "information demonstrating how many instances of the crime were detected" or "how many were prosecuted[.]" *United States v. Washington*, 705 F.2d 489, 494–95 (D.C. Cir. 1983). Specifically in this case, discovery should also include material responsive to the categories and enumerated requests Mr. Biden made on October 8 and November 15, 2023, as well as the information sought by the Rule 17 subpoenas, as discussed *supra* at 1–2.

(D.D.C. 1998) (citing *United States v. Armstrong*, 517 U.S. 456, 470 (1996)), and cited examples of contemporaneous handwritten notes by a former high-ranking DOJ official while on the phone with then-President Trump, IRS criminal investigation agent memorandums, quotes of then-President Trump summarized by former Attorney General Bill Barr in his memoir, and an incessant pressure campaign by partisan congresspersons and their allies, among other things. Thus, if the Court does not believe the record yet supports dismissal of the Indictment, Mr. Biden certainly satisfies the threshold entitling him additional discovery and an evidentiary hearing to develop the record further.

## CONCLUSION

Should the Court seek any additional information concerning the motions to dismiss being filed, Mr. Biden respectfully requests that the Court order the government to provide the discovery that he requested and conduct an evidentiary hearing to further develop the record in this regard.

Dated: December 11, 2023

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
|  | ) |
| ROBERT HUNTER BIDEN, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that Defendant's request for the government to provide the written discovery sought is GRANTED.

IT IS FURTHER ORDERED that Defendant's request for an evidentiary hearing on this matter to further develop the record is GRANTED.

_____            _____
Date                                                                  Hon. Maryellen Noreika
                                                                              United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2023, I filed the foregoing Motion for Discovery and an Evidentiary Hearing regarding Mr. Biden's Motions to Dismiss the Indictment with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*
