# Exhibit 1



1700 K Street, NW
Washington, DC 20006
T +1 202 282 5000
F +1 202 282 5100

**ABBE DAVID LOWELL**
Partner

October 8, 2023

**VIA E-MAIL**

Leo J. Wise
Derek E. Hines
Special Assistant United States Attorneys
Office of the Special Counsel
1313 North Market Street
Wilmington, DE 19801

**Re: *United States v. Robert Hunter Biden*, Case No. 23-cr-00061-MN (D. Del.)**

Dear Counsel:

On behalf of our client, we hereby make the following requests to be thorough and to effectuate the full requirements of Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the applicable rules of prosecutorial ethics, the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

The documents and information that we request include not only documents and information in the possession, custody, or control of the Special Counsel's office, or otherwise available to your office, but also documents and information in the possession, custody, or control of any federal, state, territorial, or local agency allied with the prosecution (including, without limitation, the Department of Justice ("DOJ")), the United States Secret Service, and the Federal Bureau of Investigation ("FBI")) (collectively, the "Government Agencies"). *See, e.g.*, *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973), *overruled on other grounds by United States v. Henry*, 749 F.2d 203 (5th Cir. 1984); *United States v. Perdomo*, 929 F.2d 967, 970-71 (3d Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971), *overruled on other grounds by Arizona v. Youngblood*, 488 U.S. 51 (1988).

## I. Rule 16 Discovery

Defense counsel requests the ongoing production of all materials subject to disclosure under Rule 16(a)(1)(A), (B), and (D). In addition, pursuant to Rule 16(a)(1), defense counsel specifically requests the production of all statements (oral, written and/or recorded) made by Mr. Biden. Furthermore, we appreciate the copying and provision of the data on devices we have arranged with you.



## II. Specific Requests Under *Brady*, *Agurs*, *Giglio*, and the Fifth Amendment

As ordered by Judge Noreika and Magistrate Judge Burke during proceedings held on July 26 and October 3, 2023, Mr. Biden requests any and all exculpatory material—including impeachment material—relevant to either guilt or punishment, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). For purposes of this request, "all exculpatory or impeaching material" includes, but is not limited to, any information indicating or tending to indicate that any of the allegations contained in the Indictment are not true, that government witnesses are not credible, or that Mr. Biden did not have the intent alleged in the charges.

As noted above, this request is not limited to documents and information in the possession, custody, or control of the Special Counsel's office, or otherwise available to your office, but also documents and information in the possession, custody, or control of any member of Government Agencies.

This request includes, but is not limited to, the following:

A. Any documents and/or information reflecting Mr. Biden's sobriety in 2018.

B. Any documents and/or information reflecting Mr. Biden's treatment for any substance or alcohol abuse issues in 2018.

C. Any documents and/or information sent or received (including internal memoranda) addressing the events of October 12, 2018 by any law enforcement agency, the analysis of by your Office of the statutes involved for constitutionality, or analysis of the evidence of Mr. Biden's state of sobriety on or around October 12, 2018.

D. Any documents and/or information reflecting communications between anyone in your Office and any attorney representing Mr. Biden from the onset of the investigation to June 20, 2023.

E. Any documents and/or information reflecting communications between anyone in your Office and any member of the investigative team or their supervisors (including FBI and IRS agents) concerning the investigation and decisions to bring or not to bring charges from October 12, 2018 to the present.

F. Any documents and/or information reflecting communications between anyone in your Office or any member of the investigative team or their supervisors (including FBI and IRS agents) with any member of the press or public concerning the investigation, and any documents and/or information reflecting leaks of information concerning the investigation or prosecution of Mr. Biden to the press, any private person, or any government official or employee who was not authorized to receive such disclosure.

G. Any documents and/or information reflecting communications between anyone in your Office and any person at the U.S. Department of Justice concerning the investigation or prosecution of Mr. Biden, including the decision to bring any particular charges.



H. Any documents and/or information reflecting communications between any Member of Congress, Committee or Subcommittee of Congress, or congressional staff and any person at the U.S. Department of Justice, including your Office, concerning the investigation or prosecution of Mr. Biden, including the decision to bring any particular charges.

I. Any documents and/or information reflecting communications (whether oral or in writing) between anyone in your Office or any member of the investigative team or their supervisors (including FBI and IRS agents) with John Paul Mac Isaac or any member of his family.

J. Any documents and/or information reflecting the drafting of, negotiations, or decision to enter the plea agreement or diversion agreement presented to the Court on June 20 or July 26, 2023.

K. Any records or data concerning the filing by your Office through a grand jury or otherwise of charges under the statutes listed in the Indictment from 2010 – 2023.

L. Any affidavits or other statements or submissions made by law enforcement agents to support any search warrant or Title III warrant drafted, applied for or granted related to the investigation or prosecution of Mr. Biden.

M. Any documents or information describing or reflecting any violation of law, rules, or policy by anyone associated with or involved in the investigation of this matter with respect to their activities in the investigation of this case, including, but not limited to, commission of crimes or violations of Department of Justice rules or protocol.

N. Any documents or information describing or reflecting any pending or sustained internal disciplinary investigation of government agents or personnel involved in this case, including, but not limited to, information regarding any investigative files and any discipline administered.

O. Any documents or information describing or reflecting prior criminal convictions, guilty verdicts, or juvenile adjudications (including, but not limited to, any relevant "rap sheets") of any witness the government intends to call at trial.

P. Any documents or information describing or reflecting any consideration or promise given by any law enforcement official, prosecutor, or government agent during the course of the investigation of the above-referenced case to any witness the government intends to call at trial. Such "consideration" or "promise" includes, but is not limited to, anything that could be of value to the witness, such as favorable treatment or assistance in another criminal matter, immunity, letters of support for the witness, or anything else that would provide the witness with an incentive or motive to provide testimony against the defendant at trial.

Q. Any documents or information not requested above that describe or reflect the motivation of any witness to cooperate with the United States.

R. Any documents or information not requested above that describe or reflect the competency or credibility of any witness the government intends to call at trial.

S. Any documents or information not requested above that describe or reflect any bias or hostility against defendant of any witness the government intends to call at trial.

**III. <u>Rule 26/Jencks Act Material</u>**

For some time, in cases where there is no legitimate concern for flight or witness tampering and in the spirit of full compliance with *Brady* and its progeny, the Department of Justice has provided witness interview memoranda and grand jury testimony as part of initial discovery. We request this material in this phase of discovery.

**IV. <u>Other Crimes Evidence</u>**

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), defendant requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by Mr. Biden, upon which the prosecution intends to rely to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**I. <u>Investigative Witness Statements</u>**

With respect to those individuals interviewed by the government as part of its investigation in this matter, defendant specifically requests:

A. Any draft FBI-302s, FD-1023s or interview memoranda describing such interviews.

B. Any requests by investigating agents or members of the Department of Justice to edit, revise, or otherwise change the content of any 302 or interview memorandum.

**VII. <u>Grand Jury</u>**

With respect to grand jury proceedings in the above-referenced case, defendant requests that the prosecution disclose:

A. The empanelment date and place of each grand jury that heard evidence concerning this case.

B. Any voir dire questions presented to potential grand jurors.

C. The record of any grand jurors who were summoned but excused from service.

D. The dates on which each such grand jury sat, the number of grand jurors present on those dates, and the dates on which each grand juror was in attendance.



E. The identities of all persons to whom grand jury materials were disclosed.

F. Whether anyone was present during grand jury proceedings other than the grand jurors, witnesses, court reporter, and the prosecutors, and, if so, the identities of all such persons.

G. The instructions provided to the grand jury before the indictment was returned.

H. The voting record and record of return of the indictment in open court.

* * *

Defense counsel would appreciate your response to these requests as soon as possible given the current schedule for filing pretrial motions. (*See* Dkt. Entry on Oct. 3, 2023.) We will supplement these requests as we continue our preparation for trial. If you have any questions regarding these requests, please contact me. Thank you for your consideration.

Sincerely,

Abbe David Lowell