IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MR. BIDEN'S RESPONSE IN SUPPORT OF HIS MOTION
FOR ISSUANCE OF RULE 17(C) SUBPOENAS *DUCES TECUM***

Defendant Robert Hunter Biden filed a motion asking the Court to enter an order pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure directing that subpoenas *duces tecum* be issued to Donald John Trump, William P. Barr, Richard Donoghue, and Jeffrey A. Rosen (collectively, "Subpoena Recipients") on November 15, 2023. (D.E. 58.) The subpoenas seek information regarding the multi-year probe of Mr. Biden that began in 2018 after former President Trump and his supporters pressured the Department of Justice (DOJ) into investigating their baseless accusations of wrongdoing. As Mr. Biden's motions to dismiss demonstrate, there is evidence that this investigation was and remains politically motivated, and that the prosecution of Mr. Biden is selective, vindictive, and violates separation of powers. (D.E. 60-64.) The Subpoena Recipients each have knowledge and information regarding the investigation and the motives behind DOJ's charging decisions, which is directly relevant to these issues. Thus, while the record is already sufficient to warrant dismissal of these charges, *see id.*, to the extent this Court believes the record should be developed further, the Court should grant Mr. Biden's motion.

1

The prosecution filed a 32-page opposition on December 4, 2023 (D.E. 59), and its overarching complaint is that Mr. Biden "has not yet filed any pre-trial motion to dismiss the indictment on selective- or vindictive-prosecution grounds." (D.E. 59 at 3.) Mr. Biden has answered that with a 61-page motion raising those exact legal issues. (D.E. 63.)

Additionally, the prosecution misunderstands the standard for obtaining discovery, making the circular argument that Mr. Biden has not proven that he is being selectively and vindictively prosecuted and therefore should not be able to obtain the discovery needed to prove that he is being selectively and vindictively prosecuted.[1] This is not the standard to obtain discovery in any context, and certainly not to support Mr. Biden's claims. (*See* D.E. 63 at 23; D.E. 64 at 3.) If a defendant had to be able to prove his claim to get discovery, discovery would not be needed in the first place.

The prosecution also complains that Mr. Biden seeks "documents across seven years" (D.E. 59 at 1), but the requests match the years that former-President Trump and his allies engaged in their misconduct. In addition, the cases cited in Mr. Biden's motions hold, a delay in bringing charges that the prosecution could have brought earlier raises an inference of vindictive prosecution. (D.E. 63 at 52–53.) Information regarding DOJ's initial decision to investigate and subsequent decision to bring these charges is directly relevant to whether it did so for improper purposes. The scope of these requests is therefore not overbroad.

---

[1] The prosecution claims Rule 17(c) permits a defendant to "seek only 'known, ascertainable' potential trial evidence, not conduct fishing expeditions." (D.E. 59 at 27.) The prosecution then notes that Mr. Biden has identified the Subpoena Recipients as "likely to have relevant materials," and ironically calls this "circular reasoning." *Id.* at 29. The relevant evidence is evidence reflecting the motivations behind DOJ's charging decisions, and whether it ultimately supports Mr. Biden's claims or not, the existence of that evidence and its relevance is certainly known and ascertainable (DOJ must have made its decisions for *some* reason). The Subpoena Recipients are the ones likely to have that evidence. The only circular reasoning is the prosecution's suggestion that Mr. Biden must already have that evidence before he can seek it.

Next, the prosecution claims that "both vindictive- and selective-prosecution claims turn on the actual intent of the specific decisionmaker in a defendant's case. . . [b]ut not only does defendant's motion fail to identify any actual evidence of bias, vindictiveness, or discriminatory intent on the Special Counsel's part, his arguments ignore an inconvenient truth: No charges were brought against defendant during the prior administration when the subpoena recipients actually held office in the Executive Branch." (D.E. 59 at 1–2.)

*First*, DOJ is wrong—Mr. Biden need not prove selective or vindictive prosecution to justify these subpoenas. To obtain the information sought in discovery and in these subpoenas, Mr. Biden need only "allege[] sufficient facts to take the question past the frivolous state . . . and raise[] a reasonable doubt as to the prosecutor's purpose," and to obtain *discovery*, he need only "make out a *colorable* entitlement to the defense of discriminatory prosecutions, . . . or come forward with some evidence *tending* to show the existence of the essential elements of the defense." *United States v. Bradley*, 880 F. Supp. 271, 279 (M.D. Pa. 1994) (citations omitted) (emphasis added).[2] He has certainly done so. (*See* D.E. 63; D.E. 64.)

*Second*, selective and vindictive prosecution claims do not turn solely on the motive of the charging official. *United States v. Monsoor*, 77 F.3d 1031, 1035 (7th Cir. 1996) (where outside party "in some way prevail[s] upon the prosecutor in making the decision to seek an indictment," the "ill will, whoever its bearer," may be "imputed to federal prosecutors"); *United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) (evidence that a party had "instigated and pushed" the prosecution justified discovery into whether that party "was able to prevail upon the

---

[2] In fact, Mr. Biden does not even need evidence of actual vindictiveness to *prove* vindictive prosecution. *United States v. Velsicol Chem. Corp.*, 498 F. Supp. 1255, 1263–64 (D.D.C. 1980) ("The vindictive prosecution doctrine reaches all prosecutions that pose a realistic likelihood of vindictiveness, whether or not the prosecutor acted out of vindictiveness in fact.") (citations omitted).

Department of Justice to institute a prosecution that [otherwise] would not have been undertaken"). While Mr. Weiss's motives are certainly relevant, so are the motives of anyone who coerced him into exercising his prosecutorial discretion.

*Third*, the fact that Mr. Weiss decided these charges were unwarranted during the prior administration, despite that administration pressuring Mr. Weiss to do so and DOJ having all the evidence underlying these charges, is one of the many reasons the decision to do so now raises an inference of discriminatory prosecution. (*See* D.E. 63 at 53.)

*Fourth*, whether DOJ was prevailed upon by the Subpoena Recipients to bring charges for improper purpose does not depend on whether they are currently in office, and DOJ cites nothing to the contrary. Information that any of the Subpoena Recipients have relayed to DOJ initially encouraging an investigation, or resisting one, is highly relevant to Mr. Biden's defense and is sought by the Subpoenas. (*See* D.E. 63; D.E. 64.)

The prosecution adds that "defendant's broadly worded requests appear to encompass both personal and official documents, including those over which the Executive Branch may retain a variety of possible privileges." (D.E. 59 at 31.) The prosecution then claims that "the lack of identification of specific documents precludes the government from assessing whether and which privileges might apply." *Id.* If the prosecution thinks any official documents responsive to the requests are more properly sought from the prosecution, it should provide them in response to Mr. Biden's outstanding discovery requests to DOJ rather than continue stonewalling him and refusing to provide any reasoning (valid or otherwise) for doing so. It appears the Subpoena Recipient have ample personal documents as well, given that Mr. Trump regularly posts his claims on Twitter and Mr. Barr has written a book since leaving office. Consequently, they likely have many documents, including communications, that were generated in their personal capacity after leaving office.

4

Moreover, the prosecution conflates responsiveness with the applicability of privilege. Mr. Biden knows and has identified the categories of documents that are responsive, and the burden is on the prosecution and Subpoena Recipients to search for and identify those documents. Once they have done so, the prosecution and Subpoena Recipients will surely know whether they believe any of those documents are protected from discovery by some form of privilege or immunity. If they do believe any of those documents are so protected, the prosecution and Subpoena Recipients then have the burden of identifying those documents and why they believe they should not be produced. *See United States v. Weisberg*, 2011 WL 1327689 at *7 (E.D.N.Y 2011).

The prosecution's next claim is that Rule 17(c) subpoenas are limited to documents for use at trial. The Court's authority under Rule 17(c) relates to a judicial "proceeding," *see* Fed. R. Crim. P. 17(a), which includes pre-trial evidentiary hearings. *See United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013) (observing that Rule 17(c) "implements a criminal defendant's constitutional right 'to have compulsory process for obtaining witnesses in his favor' by providing a means to subpoena witnesses and documents for a trial or a hearing. U.S. Const. amend. VI[.]" (citing 2 Charles Alan Wright et al., Federal Practice and Procedure § 272 (4th ed. 2023) ("Rule 17 is not limited to subpoenas for the trial" and observing that a subpoena may be issued for a preliminary examination, a grand jury investigation, a deposition, a determination of a factual issue raised by a pre-trial motion, or a post-trial motion)). Assuming the Court does not dismiss the Indictment based on the current record (which it should) (*see* D.E. 63), the documents Mr. Biden seeks from the Subpoena Recipients are directly relevant to that proceeding.

Moreover, not only do the subpoenas seek evidence critical for a pre-trial judicial proceeding, but they also seek evidence for use at trial relevant to issues such as impeachment. Evidence that potentially shows witnesses were subject to external pressure or harbor animus

speaks directly to their credibility. This crucial impeachment evidence certainly satisfies the relevancy, admissibility, and specificity requirements of *United States v. Nixon*, 418 U.S. 683 (1974); *see also* Fed. R. Crim. P. 17(c)(1) (permitting courts to require production pre-trial or "before they are to be offered in evidence").

Again, beyond misstating the various legal standards,[3] the rest of the prosecution's opposition can be summed up as a claim that the evidence Mr. Biden seeks is not relevant to any pretrial motions or arguments asserted. Mr. Biden filed a motion to dismiss for selective and vindictive prosecution and a motion, or alternatively requesting an evidentiary hearing and discovery to further develop the record. (D.E. 63; D.E. 64.) And contrary to the prosecution's assertions, having put forth that evidence, the burden is on *the prosecution* to rebut it by "show[ing] the selection process actually rested upon some valid ground." *United States v. Steele*, 461 F.2d 1148, 1152 (9th Cir. 1972); *see United States v. Berrios*, 501 F.2d 1207 (2d Cir. 1974) (when a defendant has established a prima facie case for selective prosecution, the government must rebut this by "proving that the decision to prosecute was free of discriminatory taint"). The prosecution has "offered no explanation for its selection of [Mr. Biden], other than prosecutorial discretion" (*see* D.E. 59 at 4), and "[t]hat answer simply will not suffice in the circumstances of this case." *Steele*, 461 F.2d at 1152.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Biden's motion and enter an order directing that subpoenas *duces tecum* be issued to the Subpoena Recipients.

Dated: December 12, 2023

---

[3] Even setting aside the prosecution's poor understanding of selective and vindictive prosecution, Mr. Biden has also asserted that this prosecution violates his constitutional rights by breaching separation of powers. (D.E. 63 at 54.) The prosecution does not argue Mr. Biden cannot state such a claim, and the discovery he seeks from the Subpoena Recipients is directly relevant to that issue.

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
Kyllan J. Gilmore
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*