IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| *Defendant.* | ) |

**THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
FOR DISCOVERY AND AN EVIDENTIARY HEARING REGARDING
HIS MOTIONS TO DISMISS THE INDICTMENT**

The United States respectfully opposes defendant Robert Hunter Biden's motion for discovery and an evidentiary hearing regarding his motions to dismiss the indictment. *See* ECF 64. With respect to his motion to dismiss for selective and vindictive prosecution (ECF 63), as discussed in the government's response (ECF 68), the defendant fails to make a credible showing of both discriminatory effect *and* discriminatory intent or animus and has therefore failed to meet the "correspondingly rigorous standard for discovery" in aid of such claims. *United States v. Armstrong*, 517 U.S. 456, 468 (1996).  Moreover, because he failed to make a credible showing supporting both elements, an evidentiary hearing is likewise not warranted. *See United States v. Torquato*, 602 F.2d 564 (3d Cir. 1979); *United States v. Slawick*, 1993 U.S. Dist. LEXIS 11020, *3 (Dist. of Del. 1993).

Additionally, as discussed in the government's response (ECF 69) to his motion to dismiss the indictment based on immunity conferred by the proposed diversion agreement that never went into effect (ECF 60), parol evidence is not permitted to support the claims he raised in his motion because, as the defendant concedes, the relevant language in the Diversion Agreement is unambiguous.  Therefore, an evidentiary hearing involving the "participants to the

1

negotiations (including U.S. Attorney David Weiss)," ECF 64, is irrelevant to the issues raised by the defendant. His motion should be denied.

I.     **BACKGROUND**

On September 14, 2023, a grand jury in the District of Delaware returned a three-count indictment charging the defendant with violating 18 U.S.C. §§ 922(a)(6) and 924(a)(2) for making a false statement during a background check to deceive a firearms dealer when he acquired a firearm ("Count One"), 18 U.S.C. § 924(a)(1)(A) for making a false statement during a background check on paperwork that the firearms dealer was required to maintain ("Count Two"), and 18 U.S.C. §§ 922(g)(3) and 924(a)(2) related to his illegal possession of a firearm between October 12, 2018 and October 23, 2018 ("Count Three") (hereafter the "gun case"). ECF 39, 40.

On October 8, 2023, the defendant made a request for discovery under Federal Rules of Criminal Procedure 16.

On October 12, 2023, the government provided to the defendant a production of materials consisting of over 350 pages of documents as well as additional electronic evidence from the defendant's Apple iCloud account and a copy of data from the defendant's laptop. This production included search warrants related to evidence the government may use in its case-in-chief in the gun case, statements of the defendant including his admissions that he was addicted to crack cocaine and possessed a firearm in 2018, and law enforcement reports related to the gun investigation.

On November 1, 2023, the government provided a production of materials to the defendant that was over 700,000 pages and largely consisted of documents obtained during an investigation into whether the defendant timely filed and paid his taxes and committed tax evasion. These documents included information of the defendant's income and payments to drug

and alcohol rehabilitation programs in 2018, the same year in which the defendant possessed the firearm while addicted to controlled substances.

On December 7, 2023, a grand jury in the Central District of California returned an indictment (hereafter the "tax indictment") charging the defendant with the following tax offenses:

| COUNT | STATUTE | OFFENSE | TAX YEAR AND FILING |
|---|---|---|---|
| 1 | 26 U.S.C. § 7203 | failure to pay | 2016 Form 1040 for Hunter Biden |
| 2 | 26 U.S.C. § 7203 | failure to pay | 2017 Form 1040 for Hunter Biden |
| 3 | 26 U.S.C. § 7203 | failure to file | 2017 Form 1040 for Hunter Biden |
| 4 | 26 U.S.C. § 7203 | failure to pay | 2018 Form 1040 for Hunter Biden |
| 5 | 26 U.S.C. § 7203 | failure to file | 2018 Form 1040 for Hunter Biden |
| 6 | 26 U.S.C. § 7201 | tax evasion (felony) | 2018 Form 1040 for Hunter Biden |
| 7 | 26 U.S.C. § 7206 | filing a false return (felony) | 2018 Form 1040 for Hunter Biden |
| 8 | 26 U.S.C. § 7206 | filing a false return (felony) | 2018 Form 1120 for Hunter Biden's company, Owasco, PC |
| 9 | 26 U.S.C. § 7203 | failure to pay | 2019 Form 1040 for Hunter Biden |

In advance of his initial appearance on the tax indictment, the government made a production of materials to the defendant on January 9, 2024, which included over 500,000 pages of documents and consisted of additional information related to the tax investigation.

## II. ARGUMENT

### A. The Defendant Failed to Make a Credible Showing to Support His Request for Discovery in Support of His Claims of Selective and Vindictive Prosecution and Breach of Separation of Powers

In the defendant's motion, he requests discovery that he claims is relevant to his motion to dismiss for selective and vindictive prosecution. ECF 63. Although he does not specifically identify in his motion what discovery he seeks, he includes as exhibits two letters sent by the defense to the government. ECF 64, 65. Those letters include a myriad of requests for information, some of which has been produced and some of which has not been produced in discovery. With respect to his selective and vindictive prosecution claims, it appears that

3

defendant is seeking an order requiring the government to provide the following discovery requested in those letters:

- Emails, documents, and information reflecting deliberative processes and decision-making of DOJ concerning the investigation and its decision to bring charges against the defendant. ECF 65 at ¶¶ E, G

- Emails, documents, and information concerning communications with Congress and "any person at the U.S. Department of Justice" "concerning the investigation or prosecution of Mr. Biden, including the decision to bring any particular charges." ECF 65 at ¶ H

- "All documents and records reflecting communications from January 20, 2017 to the present (the "Relevant Time Period") to, from, between, or among Donald J. Trump, William P. Barr, Geoffrey Berman, Scott W. Brady, Richard Donoghue, or Jeffrey A. Rosen relating to or discussing any formal or informal investigation or prosecution of Hunter Biden, or a request thereof" ECF 66 at ¶ 1

- "All documents and records reflecting communications from the Relevant Time Period to, from, between, or among Donald J. Trump, William P. Barr, Geoffrey Berman, Scott W. Brady, Richard Donoghue, or Jeffrey A. Rosen and any Executive Branch official, political appointee, Department of Justice official, government agency, government official or staff person, cabinet member, or attorney for President Trump (personal or other) discussing or concerning Hunter Biden." ECF 66 at ¶ 2

For the same reasons discussed in the government's response to his motion to dismiss the indictment for selective and vindictive prosecution and breach of separation of powers, the defendant's request for discovery should be denied. The defendant's motion fails to meet the exacting standards both for the merits of such claims and for seeking discovery in aid of them.

To prove a selective prosecution claim, "a criminal defendant must present clear evidence." *Armstrong*, 517 U.S. at 465. Defendant failed to do so in either his motion to dismiss the indictment for selective and vindictive prosecution and in the instant motion for discovery in support of those claims.

As the Court explained in *Armstrong*, "[t]he justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim." 517 U.S. at 468. That is because, "[d]iscovery imposes many of the same costs present when the Government must respond to a prima facie case of selective prosecution," both by "diverting prosecutors' resources" and potentially "disclosing the Government's prosecutorial strategy."

Notably, *Armstrong* did not adopt a case-by-case balancing of factors to determine whether discovery is warranted. Instead, the Court struck the balance itself, concluding that "the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution" permits discovery only after a defendant makes "a credible showing of different treatment of similarly situated persons." *Id.* at 470; *see also id.* at 469 (rejecting the Ninth Circuit's conclusion that a defendant could obtain discovery "without evidence that the Government has failed to prosecute others who are similarly situated to the defendant").

Subsequently, the Supreme Court repeated the need for such comparators "even assuming that the *Armstrong* requirement can be satisfied by a nationwide showing (as opposed to a showing regarding the record of the decisionmakers in respondent's case)." *United States v. Bass*, 536 U.S. 862, 863 (2002) (per curiam). The Supreme Court in *Bass* summarily reversed a divided panel of the Sixth Circuit that had affirmed a district court's discovery order for a selective prosecution claim that was supported by nationwide statistics. 536 U.S. at 864. The Court found that the defendant in *Bass* failed to meet the burden for obtaining discovery to pursue his claim because "raw statistics regarding overall charges say nothing about charges brought against *similarly situated defendants." Id.* (emphasis in original).

Though *Armstrong* itself did not specifically address vindictive-prosecution claims, it relied heavily on the same prosecutorial discretion and presumption of regularity that *Goodwin* recognized in the context of pre-trial vindictive-prosecution claims. *Compare Armstrong*, 517 U.S. at 463–65, 468, *with United States v. Goodwin*, 457 U.S. 368, 384 & n.19 (1982). Accordingly, both before and after *Armstrong*, the circuits have uniformly held that the same "some evidence" pleading standard for selective-prosecution discovery applies to vindictive-prosecution discovery. *See United States v. Bucci*, 582 F.3d 108, 113 (1st Cir. 2009); *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004); *United States v. Wilson*, 262 F.3d 305, 315–16 (4th Cir. 2001); *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000); *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir. 1990); *United States v. Heidecke*, 900 F.2d 1155, 1159 (7th Cir. 1990); *United States v. Adams*, 870 F.2d 1140, 1145–46 (6th Cir. 1989).

The Third Circuit rigorously enforces *Armstrong*'s requirements to obtain discovery.[1] In *United States v. al Hedaithy*, 392 F.3d 580, 607-08 (3d Cir. 2004), for example, the court held that a defendant was not entitled to discovery based on "numerous newspaper articles" demonstrating that several thousand people cheated on a standardized test every year yet "the Government has never before prosecuted such cheaters for any offense." The court noted the "defect in Al Hedaithy's proffer is that none of the evidence indicates that *similarly situated* persons were treated differently" and identified the lack of any showing about similarities in the scope, facts, nature, or purpose of the offenses for other individuals not prosecuted. *Id.* at 608. In

---

[1] In fact, well before *Armstrong*, the Circuit emphatically rejected a defendant's attempts to obtain discovery into the prosecutorial decisions leading to his charging. *United States v. Berrigan*, 482 F.2d 171, 180 (3d Cir. 1973) ("[F]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.") (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.)).

*United States v. Taylor*, 686 F.3d 182, 197 (3d Cir. 2012), the court again held that a defendant failed to meet the discovery threshold "given [*Armstrong*'s] high standards" in the absence of showing "any other examples of defendants" who committed similar crimes without comparable prosecution.[2]

More recently, even while slightly relaxing the standard for discovery into allegedly discriminatory law-enforcement practices, the Third Circuit emphasized that *Armstrong* and *Bass* continue to apply to all claims "that implicate protected prosecutorial functions." *United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017). In so doing, the Third Circuit reiterated that "'some evidence' must still include a showing that similarly situated persons were not prosecuted," which "must be 'credible' and cannot generally be satisfied with nationwide statistics." *Id.* at 214-15 (citing *Armstrong* and *Bass*)). The Third Circuit further noted that this standard is a "demanding gatekeeper" and that "neither the Supreme Court nor this [Circuit] has ever found sufficient evidence to permit discovery of a prosecutor's decision-making policies and practices." *Id.* at 215. Where a district court orders discovery on such claims and the government refuses to comply, a district court's decision to dismiss an indictment as a sanction is an abuse of discretion where the defendant had failed to make a credible showing of both elements of selective prosecution. *United States. v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997) (concluding Hastings was not entitled to discovery on selective prosecution claim and reversing district court).

---

[2] A host of unpublished decisions hold likewise. *See, e.g.*, *United States v. Bernick*, 651 F. App'x 102, 105 (3d Cir. 2016); *United States v. Roberts*, 404 F. App'x 624, 625 (3d Cir. 2010); *United States v. Gist*, 382 F. App'x 181, 183-84 (3d Cir. 2010); *United States v. Rhines*, 143 F. App'x 478, 481 (3d Cir. 2005); *United States v. Geddes*, 98 F. App'x 187, 188 (3d Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005); *United States v. Davis*, 39 F. App'x 702, 705 n.3 (3d Cir. 2002).

As discussed in the government's response (ECF 68), the defendant's motion does not even attempt to identify a similarly situated individual who was not prosecuted, and therefore he did not meet his burden of showing clear evidence of discriminatory effect. Because he produces no evidence on this point, it certainly does not rise to a "credible showing." Moreover, his speculative claims of discriminatory intent are based on "conjecture" and the evidence offered is insufficient to permit discovery and an evidentiary hearing. *See Slawick,* 1993 U.S. Dist. LEXIS 11020, *9-12. On the issue of vindictive prosecution, defendant's motion does not identify a protected right he invoked, and he does not make a credible showing of animus. These deficiencies in meeting the heightened pleading standard for discovery on selective and vindictive prosecution claims warrants a denial of his discovery motion. Finally, because he failed to present clear evidence in support of his motion, an evidentiary hearing is not warranted.

  **B. The Defendant's Motion for an Evidentiary Hearing to Advance His Arguments Related to the Diversion Agreement is Unsupported by the Law**

In a footnote, the defendant states "[t]o the extent the Special Counsel disputes the facts laid out in Mr. Biden's Motion to Dismiss the Indictment Based on Immunity Conferred by His Diversion Agreement and the Declaration of Christopher Clark (his former counsel) . . . an evidentiary hearing where all the participants to the negotiations (including U.S. Attorney David Weiss) should be held on that motion as well." ECF 64 at n.1. The word "testify" appears to be missing from this sentence, but that is apparently what he is seeking. As discussed in the government's response, because the defendant conceded in his motion that the Diversion Agreement is unambiguous, the testimony of prosecutors and other parol evidence are not relevant to the question of whether the Diversion Agreement is in effect. *See In re Zohar III, Corp.,* 2021 WL 3793895, at *6 (D. Del. Aug. 26, 2021). Accordingly, his request for an evidentiary hearing should be denied.

### III.   CONCLUSION

The defendant's request for discovery and an evidentiary hearing should be denied.

                                             Respectfully submitted,

                                             DAVID C. WEISS
                                             SPECIAL COUNSEL

By:   _____
            Derek E. Hines
            Senior Assistant Special Counsel

            Leo J. Wise
            Principal Senior Assistant Special Counsel

            U.S. Department of Justice