# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

**MR. BIDEN'S NOTICE OF SUPPLEMENTAL AUTHORITY:**
*UNITED STATES V. CRUZ*, NO. 23-1192 (3D CIR. MAR. 8, 2024)

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

Mr. Biden writes to call the Court's attention to the Third Circuit's decision last Friday in *United States v. Cruz*, No. 23-1192 (3d Cir. Mar. 8, 2024) (Ex. 1), as supplemental authority in support of his motion to dismiss based on the immunity conferred by his Diversion Agreement (DE 60). *Cf.* Fed. R. App. P. 28(j) (notice of supplemental authority). In *Cruz*, the Third Circuit vacated a sentence and remanded for sentencing before a new judge because the prosecution broke a plea agreement by advocating for a higher sentence than it agreed to seek under that agreement. The Court's very first sentence is: "Prosecutors must keep their promises," slip. op. at 2, and the Court explained that prosecutors must "give the defendant the benefit of his bargain," *id.* at 8–9, and "a defendant must get the benefit of his bargain," *id.* at 10. In responding to the prosecution's claim that its promise may have been inartful, but was not broken, the Third Circuit explained: "we read the agreement *contra proferentem*: "[T]o the extent there is ambiguity caused by the 'little bit of poor draftsmanship' conceded by the prosecutor, we must construe the agreement against the government as drafter." *Id.* at 6–7 (quoting *United States v. Rivera*, 357 F.3d 290, 295 (3d Cir. 2004) (alterations in *Cruz*)).

*Cruz* confirms that the Diversion Agreement at issue here should be enforced and, if contested, construed against the prosecution because Mr. Biden "must get the benefit of his bargain." *Id.* at 10. Every contract requires the approval of the parties to be effective, and the only parties to that Agreement were Mr. Biden and the prosecution—both of whom executed that Agreement on July 26. Thus, when the Diversion Agreement explains that the Agreement becomes effective upon "approval" (Para. II(1)), it should be read to require approval of only the parties, not Probation as the prosecution now claims. Not only is that the most logical reading of a contract that discusses only the parties, with no mention of Probation, before this "approval" language is

1

discussed, but any ambiguity concerning whose approval is required must be construed against the prosecution.

Dated: March 11, 2024

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of March, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*