```
               IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF DELAWARE



    USA,                         )
                                 )
           Plaintiff,            )
                                 ) CRIMINAL ACTION
    v.                           ) NO. 23cr61(MN)
                                 )
    ROBERT HUNTER BIDEN,         )
                                 )
           Defendant.            )



                         Wednesday, March 13, 2024
                         4:30 p.m.
                         Teleconference


                         Courtroom 2A
                         844 King Street
                         Wilmington, Delaware




    BEFORE:   THE HONORABLE MARYELLEN NOREIKA
              United States District Court Judge




    APPEARANCES:


                   OFFICE OF THE SPECIAL COUNSEL
                   BY:  DEREK E. HINES, ESQ.


                               Counsel for the Plaintiff
```

```
 1   APPEARANCES CONTINUED:

 2

 3           DALTON & ASSOCIATES, P.A.
             BY:  BARTHOLOMEW J. DALTON, ESQ.
 4
             -and-
 5
             WINSTON & STRAWN LLP
 6           BY:  ABBE DAVID LOWELL, ESQ.

 7
                        Counsel for the Defendant
 8

 9

10                    - - - - - - - - - - - -

11

12

13           THE COURT:  Good afternoon, counsel.  Who is

14   there, please?

15           MR. HINES:  Good afternoon, Your Honor.  On

16   behalf of the United States, Derek Hines.

17           THE COURT:  All right.  And for Mr. Biden?

18           MR. DALTON:  Your Honor, this is Bart Dalton,

19   Delaware counsel, along with Abbe Lowell for the defendant.

20           THE COURT:  Good afternoon.

21           MR. LOWELL:  It's Abbe Lowell.  I was on mute.

22           THE COURT:  So we're working through the motions

23   and we're going to get something out as soon as we can.  I

24   haven't completely figured out what I am going to do with

25   all of them, but we're working on them.
```

1                But in the meantime, I have a number of things
2       that I have been scheduling on my calendar and some other
3       criminal matters and I wanted to get an idea of what you're
4       thinking in terms of timing and length of trial so we can
5       pencil something in if we need it.  So any thoughts?
6                Mr. Hines, I'll let you go first.
7                MR. HINES:  Your Honor, the United States
8       anticipates that our case-in-chief in this matter will be
9       approximately four days.  It may be three days depending on
10      whether issues are streamlined.  It could be five days if
11      there are lengthy cross-examinations.  But our best estimate
12      at this stage is four days for the trial.
13               We are prepared to proceed in this matter.
14      Looking at our schedules we could do that beginning in May,
15      beginning May 6th.  We have a trial the preceding two weeks,
16      but beyond that, as far as we are concerned, we share a
17      conflict with Mr. Lowell because we have the tax trial in
18      Los Angeles beginning on June 20th in LA and that will last
19      several weeks into mid to late July.  That's our shared
20      conflict.
21               Like I said a moment ago, the only other real
22      significant conflict that I would alert the Court to is our
23      trial that we have in April in Los Angeles, that actually
24      begins on April 23rd and is expected to last two weeks.  So
25      we're prepared to proceed in May and we're happy to work out

```
 1   dates as needed.
 2              THE COURT:  All right.  Mr. Lowell, any
 3   thoughts?
 4              MR. LOWELL:  Yes.  Could I take a minute and
 5   address the preliminary before I respond to Mr. Hines'
 6   schedule in terms of the first sentence you spoke about the
 7   status of the motions?
 8              THE COURT:  Yes.
 9              MR. LOWELL:  I appreciate that.  Thank you.
10              What I wanted to say, you know, it's hard for
11   defense attorneys who has made motions to start thinking
12   okay, well, we think these have quite a lot of merits and
13   you're asking us to think okay, well, give me a trial date.
14              I read your order the way you intended it which
15   is you're trying to make sure your calendar can accommodate
16   whatever happens without having yet decided.
17              I wanted to say four things or so before I tell
18   you what I think the schedule could be, but it would have to
19   start by saying to you we think -- as you know we filed in
20   your court four motions.  The first motion that you are
21   considering is one that really should be decided by you we
22   think and that has to do with whether or not either of these
23   cases can proceed based on the agreement that we believe
24   exist.
25              You won't be surprised to know that as a defense
```

1   attorney I have made, I don't know, hundreds and hundreds of

2   pretrial motions and I don't believe I have made one that I

3   think is more merited.  And I thought that was made even

4   more clear by having seen the Third Circuit decision last

5   week in *Crews* and including that as a supplement and so it's

6   a little hard to say let's go forward with the trial.

7          Having said that, it's an important motion not

8   only on its own basis, especially given the language in

9   *Crews*, but as Your Honor knows, it has a lot of value to be

10  decided we think in our way because it obviates all the

11  other motions.  And it also takes place at a time before

12  Mr. Wise and his colleagues were special counsel, so it can

13  be decided on that basis.

14         It also is difficult because the district court

15  in California has asked us to file all of our motions and I

16  intended to find out whether it made sense to file all the

17  ones pending in Delaware as well as there because it seems

18  an unusual situation by all means.  But the judge there

19  asked that we do that, directed us to do that, so there is

20  that point as well.

21         I think the last point I was going to make, Your

22  Honor, and I appreciate you giving me this three minutes, is

23  that there is one more thing I would ask you and the

24  government to consider, that if we are right, as I am saying

25  we are, and you disagree, and Mr. Biden ends up potentially,

1  depending on what happens across the country, with two
2  trials of major significance, because we probably -- and I'm
3  not a hundred percent sure, but we probably don't have a
4  means to get reviewed by the appellant court right away.  On
5  the other hand if we are right, and we believe us to be
6  right, then the government doesn't suffer that prejudice and
7  has the ability to get that appellant review.
8           And it's not quite in the nature of the law on
9  double jeopardy, but it has the same concept, right, which
10 is a person shouldn't have to go to trial if a person
11 shouldn't have to go to trial.  And in this case it was
12 because there was a deal on the table, it seems like that's
13 why we're pressing it so hard.
14          I appreciate you giving me a chance to say that.
15 And I know that you are certainly looking at all of these,
16 but that one I think is one that you should be the one to
17 decide.  You were there.  The contract law such that exist
18 arises in Delaware and it makes more sense than if that
19 wasn't the case.
20          And without gilding my own lilly, I'll just say
21 that it is something that I would be very surprised given
22 you and all the work you are doing you would disagree with
23 us on that one.
24          So having said that one, and I appreciate that,
25 I don't have a firm idea in terms of what would happen in

1	that one, hopefully one out of a thousand or more chance
2	that you don't see it as we see it.
3	          I know that May would not work as a trial date
4	for us for a variety of reasons, not the least of which is
5	various other cases that I have with Mr. Biden, potential
6	other criminal cases that are lingering and my finishing my
7	obligations to teach and grade papers at a law school.
8	          We have the end of June that is presently
9	scheduled with Judge Scarsi, and I would probably think
10	given the government's estimation that if we were ever to
11	have to go forward in Delaware, his estimation of the number
12	of days made sense.  I think ours would probably be perhaps
13	two more days, and that's also assuming we would have to
14	pick a jury, how long that would take, maybe a day or two
15	because of the nature of this case and who the parties are.
16	          With that in mind, I don't know whether we could
17	squeeze it at the beginning of June, if not then, I'm not
18	sure about the fall yet.  I would be willing to get with
19	Mr. Hines and Mr. Wise and see what that would look like at
20	either the end of the summer when everyone else's trials are
21	done and lining up with what your schedule is and see how
22	that would work.  But my window would not be May, but my
23	window could be in the beginning of June.
24	          THE COURT:  All right.  And Mr. Hines, what
25	about the government for the beginning of June?

 1                MR. HINES:  Your Honor, we are available in the
 2    beginning of June.  I note we have a status conference
 3    before Judge Scarsi in LA on June 3rd, but the week of
 4    June 3rd and the week of June 10th are open for us
 5    otherwise.  So we could start, you know, midweek the week of
 6    June 3rd, June 5th to work around that status conference or
 7    perhaps the court in LA would make some kind of
 8    accommodation if Your Honor wished to proceed on the
 9    beginning of that week.
10                THE COURT:  Okay.
11                MR. LOWELL:  And the court -- again, the case in
12    California was brought after yours and the one that was
13    filed in Delaware should get a say.  And I don't know that
14    it would be possible for the government and us to go to the
15    judge depending on when we slip in the Delaware case, I know
16    you are getting sick of me saying this, in the off chance
17    that there is a case left, maybe he could accommodate a week
18    or two or however.
19                I think right now what I can tell Your Honor is
20    what I said, which is that May doesn't work.  I don't know
21    whether we could move it later in your schedule in the early
22    fall or the late summer.  I do know that there is a lot to
23    do before the California case.  There are motions pending
24    there including some of the same ones pending in front of
25    Your Honor, and some additional ones which could change the

1  course of what that trial is and whether it occurs at all,
2  so I think that's maybe what we could do and see what
3  happens next.
4           THE COURT:  Okay.
5           MR. HINES:  Your Honor.
6           THE COURT:  Go ahead, Mr. Hines.
7           MR. HINES:  Briefly, Your Honor.  And I don't
8  intend to respond to some of Mr. Lowell's advocacy about the
9  motions given that this is a status conference, but I would
10 just note on his point about, you know, a sort of a -- his
11 insinuation of a rush towards trial, you know, that our case
12 in Delaware has been indicted since last fall, actually
13 early fall in September.  It is normal and within the normal
14 course to have motions and motions pending and still
15 schedule a trial date.  And we think it is standard and sort
16 of appropriate on the timeline to suggest trial dates in
17 early summer.
18           And I even note that Mr. Lowell in at least one
19 of his other civil cases recently, that is Mr. Biden versus
20 Patrick Burns, represented to the Court that there would be
21 criminal proceedings in California and Delaware which are
22 likely to be very active during the summer and possibly
23 fall.  So we think it does make sense to look towards that
24 perhaps June trial date that it sounds like Mr. Lowell is
25 also available for.

```
 1                THE COURT:  Okay.  So why don't we --
 2                MR. LOWELL:  If it's appropriate, I only have
 3    one sentence to add to that, Judge, when appropriate.
 4                THE COURT:  Well, now you have got my curiosity
 5    peaked, so go ahead.
 6                MR. LOWELL:  Well, I kindly disagree with
 7    Mr. Hines on a lot of things that have happened, but the
 8    most recent one was that I didn't say anything that remotely
 9    used the word "rushed" when I was expressing my concerns
10    about the pending motions and/or a trial schedule that
11    accommodated the parties.  So I was trying to basically find
12    the common ground.  But I just wanted to make clear that is
13    his review of what I said, not what I said.
14                THE COURT:  Okay.  So why don't we pencil this
15    in for the weeks of June 3rd and June 10th, and we can
16    figure out whether we would need to start later in the week
17    of the 3rd to accommodate any proceedings in California or
18    you can see if Judge Scarsi could move that a little bit.
19                But it sounds like even if I take the government
20    at its longest estimate of five days and defendant two days,
21    and even if it took us two days to pick a jury, we should
22    probably be able to fit it in in that time period.  Let's
23    pencil that in.
24                And we will continue working on the motions.
25    And I will pull the diversion agreement one to the front of
```

1 the line given the representations that I have heard that it
2 is also pending in California, and I'll take a look, closer
3 look at that one.
4     Anything else that we need to discuss?
5     MR. HINES: Your Honor, thank you. With the
6 June 3rd date in mind, would the Court like to address now,
7 you know, possible other scheduling dates such as the
8 pretrial conference or the joint disclosure of experts,
9 motions in limine, things of that nature, or would the Court
10 prefer that we solidify that date first and then sort of
11 propose a schedule to the Court once we have done that?
12     THE COURT: I think that if you guys could chat,
13 because I don't think it's a good use of all of our time on
14 this call to just sit here and have you all looking at your
15 schedules on, you know, whether one particular date versus
16 another for a pretrial conference or for your disclosures
17 works. So why don't you, assuming that we start on the 3rd,
18 come up with a proposal after you chat about it and can look
19 at your schedule.
20     MR. HINES: We will, Your Honor. Thank you.
21     MR. LOWELL: And I will talk to Mr. Hines and do
22 the exact same thing. So thank you, Judge.
23     And the only other thing I would add before we
24 leave then, if you are doing what you said you were going to
25 do, and I'm glad you are, is if what I said is not clear to

 1   you by doing what you do as normal, then probably the fault
 2   lies with our writing.  So if there is anything that we
 3   could further elucidate to you in terms of questions or a
 4   hearing, we will jump to the occasion.
 5              THE COURT:  All right.  Hold on just one second.
 6              (A brief recess was taken.)
 7              THE COURT:  Okay.  Along those lines, I think
 8   there is one thing that I wanted a little bit of
 9   clarification on.  But the specifics of it are eluding me at
10   the moment, so I'll just issue a quick order and ask for a
11   little bit more information.  I don't think it's on the
12   diversion agreement.  I don't believe it's on the one about
13   the special counsel.  But I'll get something out and just
14   ask for a short submission to the extent that you all have
15   anything you want to add.  And I apologize, I just don't
16   have it at the tip of my tongue at the moment.
17              All right.  Anything else?
18              MR. HINES:  Not from the United States, Your
19   Honor.  Thank you very much.
20              MR. LOWELL:  Not on the defense side, Judge.
21              THE COURT:  Thanks very much everyone.  Enjoy
22   the rest of the week.
23              (Teleconference concluded at 4:48 p.m.)
24
25

```
 1              I hereby certify the foregoing is a true and
        accurate transcript from my stenographic notes in the proceeding.
 2

 3                              /s/ Dale C. Hawkins
                                Official Court Reporter
 4                                U.S. District Court
```