IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S STATUS REPORT**

On April 11, 2024, the Court issued an Oral Order which stated, "IT IS FURTHER ORDERED that the parties shall submit a REVISED proposed schedule by April 18, 2024 . . ." (Doc. No. 96). Rather than complying with the Court's Order, the defendant submitted a "Status Report" on April 17, 2024, that does not include a proposed schedule, and instead asks the Court for "further clarity regarding a scheduling order in this matter." (Doc. No. 104). The government believes that the Court's Order is clear and a second status conference to discuss scheduling is not necessary. Since the defendant failed to propose any dates, the government requests that the Court adopt the proposed schedule submitted by the government. (*See* Doc. No. 102-1).

Additionally, in his "Status Report," the defendant wrote, "[t]oday, we filed a Notice of Appeal of some of the Court's rulings (those for which Third Circuit law provides such interlocutory review)." (Doc. No. 104). He does not cite to any law in support of this claim, which is different than what defendant's counsel stated at the last status conference. (March 13, 2024 Trans. at 6:3) (Mr. Lowell: " . . .I'm not a hundred percent sure, but we probably don't have a means to get reviewed by the appellate court right away.") The government writes to apprise the Court that the Third Circuit immediately issued an order requesting briefing on the threshold jurisdictional question, within 14 days, because the "orders on appeal may not be final and may not be otherwise appealable at this time." *United States v. Biden*, Case No. 24-1703, Doc. No. 2

(3rd Cir. April 17, 2024).

      Specifically, the Third Circuit's order states:

> Appellant seeks review of the District Court orders entered April 12, 2024, denying three motions to dismiss the indictment. The orders on appeal may not be final and may not otherwise be appealable at this time. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984); *United States v. Soriano Nunez*, 928 F.3d 240, 243 (3d Cir. 2019) ("An order denying dismissal of an indictment is not a 'final judgment of the district court.'"). *See also United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263 (1982); *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989). All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order.

*Id.*

      In light of the foregoing, the government requests that this Court set the pretrial schedule that has been proposed by the government.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: /s/ Derek E. Hines
_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice