IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

In his reply to a pleading he framed as a "Status Report," the defendant for the first time asks this Court to stay the district court proceedings while he pursues a frivolous appeal which the Third Circuit does not have jurisdiction to hear. (Doc. No. 107). The government treats the defendant's reply as a motion to stay proceedings and files this opposition. Without providing any authority to support his claim that the issues he appeals are subject to interlocutory review, the defendant simply asserts that "[t]his Court has been divested of jurisdiction, so it cannot proceed." (*Id.*) The defendant is incorrect.

**A.  The defendant bears the burden of establishing appellate jurisdiction, but he cannot do so here because the orders he appeals are not subject to interlocutory review**

An improper notice of appeal does not divest the district court of jurisdiction. *Venen v. Sweet*, 758 F.2d 117, 121 & n.3 (3d Cir. 1985) ("the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable") (quoting *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962), and citing numerous cases). Before the district court grants a defendant's request to stay proceedings, the district court must assess whether the defendant has met his burden of establishing that an appellate court has jurisdiction over the appeal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the Third Circuit has explained, "a contrary conclusion would enable a

litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process." *Venen*, 758 F.2d at 121 (citing *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980)). This "great potential for disruption" has led the Third Circuit to long recognize that the district courts retain jurisdiction over appeals that are not subject to interlocutory review. *Id.*

When other district courts in this Circuit have confronted situations where a defendant attempts to appeal a nonappealable order, these courts have swiftly denied such attempts to disrupt proceedings, even while the appeal is pending. For example, in *United States v. Fattah*, the district court rejected a defendant's request to delay proceedings after he appealed a denial of his motion to quash the indictment for alleged government misconduct. 83 F.Supp.3d 632 (E.D.Pa. 2015). The court observed that "[w]hile the filing of a notice of appeal ordinarily divests the trial court of jurisdiction, our Court of Appeals has observed that 'the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the district court performed during the interval between the filing of the notice and the dismissal of the appeal.'" *Id.* (citing *Leppo*). The court reasoned that if it could not deny such a request, a "defendant could delay a criminal proceeding and even disrupt an ongoing trial simply by filing a piece of paper denominated a notice of appeal" and such delay would "inhibit the smooth and efficient functioning of the judicial process." *Id.* Ultimately, the court concluded that Fattah's appeal from a nonappealable order "therefore has no effect on our continuing jurisdiction over this action." *Id.*; *see also United States v. Jackson*, 2023 WL 5994640 (D.N.J. 2023) (retaining jurisdiction where "Defendants' arguments clearly do not satisfy the third element of the collateral order doctrine and, accordingly, are procedurally frivolous.")

At the outset, the government believes that the defendant has not properly raised his request to stay proceedings in this Court because he failed to file a motion meeting his burden of showing that each order he noticed for appeal is subject to interlocutory review. Nonetheless, the government provides the Court with the following authority to demonstrate that defendant's interlocutory appeal is frivolous and has not divested this Court of jurisdiction.

**B.    The Defendant cannot establish appellate jurisdiction because the orders he appeals are not final orders or collateral orders subject to interlocutory review**

An appellate court has jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937). *See also Parr v. United States*, 351 U.S. 513, 518 (1956). "In criminal cases, this prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Because "an order denying dismissal is not a 'final judgment of the district court'," an appellate court does not have jurisdiction over an appeal of this court's orders denying his pretrial motions under 28 U.S.C. § 1291. *United States v. Soriano Nunez,* 928 F.3d 240, 243 (3d Cir. 2019).

The Supreme Court has allowed a departure from the final judgment rule only for the "limited category of cases falling within the 'collateral order' exception delineated in *Cohen* [*v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)] ...." *Flanagan v. United States*, 465 U.S. 259, 265 (1984); *Abney v. United States*, 431 U.S. 651, 657 (1977); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 228 (3d Cir. 1998) (abrogated on other grounds). To fall within the limited class of final collateral orders, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. at 799 (internal citation omitted). "The importance of the final judgment rule has

3

led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" *Flanagan v. United States*, 465 U.S. at 265, (1984) (citing *Cobbledick v. United States,* 309 U.S., 323, 324–325 (1940)).

As the Supreme Court has noted:

> Although we have had numerous opportunities in the 40 years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause.

*Midland Asphalt Corp.*, 489 U.S. at 799 (cleaned up).[1]

None of the motions denied by the district court fall into these categories. Therefore, his appeal should be dismissed.

### 1. The Court's Order denying the defendant's motion to dismiss based on immunity purportedly conferred in the pretrial diversion agreement is not subject to interlocutory review.

The Court's denial of the defendant's motion to dismiss based on immunity conferred in the diversion agreement does not fall within the collateral order exception to the final judgment rule. That was made clear *Midland Asphalt,* where the Supreme Court held that:

> There is a "crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *United States v. Hollywood Motor Car*

---

[1] The Supreme Court has rejected other attempts to immediately appeal a pretrial order denying a motion to dismiss an indictment. *See Flanagan*, 465 U.S. at 268–70 (holding an order denying dismissal on grounds of pretrial disqualification of defense counsel is not truly collateral because it is dependent on prejudice to the defendant); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982) (holding an order denying dismissal on the grounds of prosecutorial vindictiveness is not immediately appealable because the right will not be lost if not appealed before trial); *United States v. MacDonald*, 435 U.S. 850, 861 (1978) (holding an order denying dismissal on grounds of the Sixth Amendment speedy trial guarantee is not immediately appealable because the right to a speedy trial is not a right not to be tried); *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 32 (1943) (holding a claim of lack of jurisdiction is not immediately appealable); *Heike v. United States*, 217 U.S. 423, 431–33 (1910) (holding an order denying dismissal on grounds of statutory immunity is not immediately appealable because it is merely a defense and is not intended to secure a defendant from prosecution). The Court has emphasized that "exceptions to the final judgment rule in criminal cases are rare." *Flanagan*, 465 U.S. at 270.

>*Co.*, 458 U.S. 263, 269, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982). A right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial will not occur—as in the Double Jeopardy Clause ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"), *see Abney v. United States, supra*, or the Speech or Debate Clause ("[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place"), *see Helstoski v. Meanor, supra*.

489 U.S. at 801.

The immunity the defendant claims to enjoy is contained within the diversion agreement, which he incorrectly argued was in effect. That is different from a right not to be tried that "rests upon an explicit statutory or constitutional guarantee." Consistent with the Supreme Court's holding in *Midland Asphalt*, all Circuit Courts that have addressed the immediate appealability of denials of motions to dismiss based on claims of immunity conferred through plea agreements, nonprosecution agreements, cooperation agreements, grants of transactional immunity and testimony immunity have held that such denials do not fall within the collateral order doctrine. *United States v. Bailey*, 34 F.3d 683, 691 (8th Cir. 1994) (nonprosecution agreement and immunized statements); *United States v. Dederich*, 825 F.2d 1317, 1321 (9th Cir. 1987) (state grant of immunity); *John Doe Corp. v. United States*, 714 F.2d 604, 606–07 (6th Cir. 1983) (plea agreement); *United States v. Bird*, 709 F.2d 388, 392 (5th Cir. 1983) (nonprosecution agreement); *United States v. Brizendine*, 659 F.2d 215, 226 (D.C. Cir. 1981) (plea bargain process); *United States v. Eggert*, 624 F.2d 973, 975–76 (10th Cir. 1980) (plea bargain); *United States v. Solano*, 605 F.2d 1141 (9th Cir. 1979) (plea agreement); *United States v. Cavin*, 553 F.2d 871, 872–74 (4th Cir. 1977) (immunized statements).[2] Only the Second Circuit has ever found that a plea

---

[2] For the same reason, other circuits have held that denials of motions to dismiss based on violations of plea agreements, specifically agreements not to indict or otherwise prosecute a defendant, are not subject to the collateral order doctrine. *See, e.g., United States v. Ecker*, 232 F.3d 348, 350 (2d Cir. 2000) ("an order denying a motion to dismiss on the ground of an allegedly breached plea agreement is not appealable prior to the entry of final judgment") (*citing United*

agreement barring prosecution protected a defendant not merely from punishment, but from trial itself. *See United States v. Abbamonte*, 759 F.2d 1065, 1070–71 (2d Cir.1985). However, following the Supreme Court's decision in *Midland Asphalt*, the Second Circuit explicitly overruled *Abbamonte* and related rulings and found it lacked jurisdiction to hear an interlocutory appeal of an immunity claim rooted in a plea agreement, aligning the Second Circuit with all other circuits on this question. *United States v. Macchia*, 41 F.3d 35, 39 (2d Cir. 1994).

While it was not postured as an interlocutory appeal, in *Stolt-Nielsen, S.A. v. U.S.*, the Third Court recognized that: "[w]hen a district court rejects prior to trial a defendant's contention that an immunity agreement bars his conviction, the defendant may not avail himself of an interlocutory appeal challenging that decision; rather, the availability of dismissal after final judgment will adequately protect and secure the defendant for the benefit of his bargain under the nonprosecution agreement if he is entitled to it." 442 F.3d 177, 186 (3d Cir. 2006) (internal citations omitted). And claims of immunity are matters routinely appealed and reviewed after a trial and final judgment, not in an interlocutory appeal. *See e.g.*, *United States v. Pantone*, 634 F. 2d 716 (3d Cir. 1980) (reviewing claim that prosecutors used testimony of defendant provided under grant of use immunity); *United States v. Semkiw*, 712 F.2d 891 (3d Cir. 1983) (reviewing claim that prosecutors used defendant's testimony that was provided under use immunity grant); *United States v. Carter*, 176 Fed.Appx. 246 (3d Cir. 2006) (unreported decision discussing whether prosecutors violated terms of proffer agreement that provided use immunity); *United States v. Cohen*, 171 F.3d 796 (3d Cir. 1999) (discussing defendant's claim that government used immunized testimony); *United States v. Webb*, 499 Fed.Appx. 210 (3d Cir. 2012) (unreported decision discussing challenge to

---

*States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998)); *United States v. Lewis*, 844 F.3d 1007, 1010 (8th Cir. 2017) (same); *United States v. Ledon*, 49 F.3d 457, 459–60 (8th Cir.1995) (same); *United States v. Crosby*, 20 F.3d 480, 487 (D.C. Cir. 1994), (same); *United States v. Eggert*, 624 F.2d at 975–76 (same).

validity of proffer agreement that provided defendant with use immunity). Accordingly, this Court has not been divested of its jurisdiction.

### 2. The Court's Order denying the defendant's motion to dismiss based on the Special Counsel's appointment is not subject to interlocutory review.

The Court's denial of the defendant's motion to dismiss based on the Special Counsel appointment and funding does not satisfy the *Cohen* test because the Court's order can be reviewed on direct appeal from a final judgment. *Collinsgru*, 161 F.3d at 229 (citing *Cohen v. Beneficial Indus. Loan Corp.*).

While no court has found that a denial of a motion to dismiss based on claims that a special counsel was unlawfully appointed is subject to an interlocutory appeal, other courts have addressed an analogous argument concerning internal Department of Justice regulations. For example, in *United States v. Morales*, a defendant moved to dismiss an indictment on the grounds that the Department of Justice was violating the "Petite policy," an internal departmental regulation that provides that "after a state trial a subsequent federal trial for the same conduct should not occur absent compelling reasons and prior approval by the Justice Department." 682 Fed. App'x 690, 693 (10th Cir. 2017). The Tenth Circuit held that:

> We have repeatedly reiterated that a defendant is not entitled to dismissal of an indictment even if the government does not comply with its *Petite* policy. And because that is so, there is no merit whatsoever to a criminal defendant's motion to dismiss an indictment premised on the United States's alleged violation of or refusal to implement the *Petite* policy. Therefore, jurisdiction to entertain an interlocutory appeal from the denial of such a motion does not exist.

*Id.* (cleaned up).

Similarly, the Third Circuit stated that, "[t]his is a criminal matter, and Defendant is a person attempting to rely upon the regulations to create an enforceable substantive (and procedural) right. By its clear terms, the DOJ regulations prohibit Defendant from doing so. He

7

is not entitled to dismissal (or any other remedy) in this case even if the DOJ has violated its own DOJ regulations." (ECF 101 at p. 2). Thus, the Tenth Circuit's logic that there is no interlocutory jurisdiction to hear a denial of a motion to dismiss predicated on an alleged violation of departmental regulations applies equally here. Accordingly, this Court has not been divested of its jurisdiction.

> 3. **The Court's Order denying the defendant's motion to dismiss based on selective and vindictive prosecution and a violation of the separation of powers is not subject to interlocutory review.**

The Court's denial of the defendant's motion to dismiss based on an alleged selective and vindictive prosecution and a supposed breach of the separation of powers is not subject to interlocutory appeal. The Supreme Court has held that denial of a motion to dismiss based on claims of vindictive and selective prosecution are not subject to interlocutory appeal. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982) (per curiam); *Flynt v. Ohio*, 451 U.S. 619 (1981). As the Ninth Circuit explained in *United States v. Butterworth*, "[defendant's] right to be free from selective prosecution, like the right asserted in vindictive prosecution claims, may be vindicated in an appeal from the final judgment" and, therefore, any interlocutory appeal must be dismissed. 693 F.2d at 101 (9th Cir. 1982). Other courts have found the same. *See, e.g., United States v. Mulherin*, 710 F.2d 731, 743 (11th Cir. 1983); *United States v. Gregory,* 656 F.2d 1132, 1135 (5th Cir.1981) (a claim of prosecutorial vindictiveness does not seek to protect a right of such a special nature that it presents a compelling need for immediate review).

In his notice of appeal, the defendant provided notice that he is appealing only the Court's decision related to his separation of powers argument, not the selective and vindictive arguments addressed in that same order. (ECF 103). The Court's denial of the Appellant's motion to dismiss does not satisfy the *Cohen* test. Specifically, the Court's denial of the motion to dismiss based on

8

arguments about a supposed breach of separation of powers (or selective or vindictive prosecution allegations) can be reviewed on direct appeal from a final judgment. *Collinsgru*, 161 F.3d at 229 (citing *Cohen v. Beneficial Indus. Loan Corp.*).

The D.C. Circuit has specifically found that an order denying a motion to dismiss an indictment on separation of powers grounds is not immediately appealable. In *United States v. Cisneros*, the defendant, the former Secretary of Housing and Urban Development Henry Cisneros moved to dismiss charges that he violated 18 U.S.C. § 1001 when he lied during an FBI background investigation as he prepared to join the Clinton Administration. He argued that his prosecution violated the separation of powers doctrine. 169 F.3d 763, 765 (D.C. Cir. 1999). The D.C. Circuit found that the district court's denial of Cisneros's motion to dismiss based on a violation of the separation of powers did not fall within the collateral order doctrine announced by the Supreme Court in *Cohen*. *Id*. at 767. Of particular relevance here, the D.C. Circuit noted that Cisneros could not meet the third *Cohen* factor:

> Cisneros, like any criminal defendant, may raise separation of powers as a defense. But it scarcely follows that whenever a defendant relies on the separation-of-powers doctrine, the defendant's right must be treated as if it rested on an explicit guarantee that trial will not occur. Most separation-of-powers claims are clearly not in that category. A few may be. For instance, a trial court's order denying a President's claim of separation-of-powers immunity from civil actions during his term of office falls within the collateral order doctrine: the right asserted would be irretrievably lost if there could be no immediate appeal.

*Id*. at 769 (cleaned up). The defendant's separation of powers argument, like Cisneros's, is not the kind that falls into the narrow category in which there is an "explicit … guarantee that trial will not occur." *Midland Asphalt Corp.*, 489 U.S. at 801. As the D.C. Circuit further held, "if there is merit to [the defendant's] claim about ... infringement on the President's… prerogatives ... there will be time enough in an appeal from the final judgment to vindicate the separation of powers." *Cisneros*, 169 F.3d at 770-741. Accordingly, this Court has not been divested of its jurisdiction.

C.     **Conclusion**

In his reply, the defendant complains that the government is suggesting that this Court "plow ahead" in scheduling a trial and pretrial deadlines. This is misleading. The parties agreed to the June 3, 2024, trial date at the last status conference with the Court. The parties then provided a joint submission that included a series of agreed pretrial deadlines in advance of that trial date. (Doc. No. 95). This Court scheduled the pretrial conference for May 24, 2024. (Doc. No. 96). The grand jury indicted the defendant over seven months ago and the defendant has been represented by counsel in connection with this investigation for more than three years. The defendant's change-of-heart following the Court's denial of his pretrial motions for which there is no right to interlocutory appeal in no way prevents this Court from issuing an appropriate scheduling order consistent with its prior orders. Defendant's frivolous notice of appeal is nothing more than a transparent attempt to delay trial. Because the issues the defendant appealed are not subject to interlocutory review, the Court has not been divested of jurisdiction, and the government respectfully asks that the Court issue a schedule that includes the government's proposed deadlines.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: /s/ Derek Hines
_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice