IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO EXCLUDE DEFENSE FROM ARGUING OR SUGGESTING THAT GOVERNMENT MUST SHOW DEFENDANT'S USE OF CONTROLLED SUBSTANCE ON THE DAY OF HIS FIREARM PURCHASE**

The government moves to exclude the defendant from arguing or suggesting through questioning of witnesses that the government must establish the defendant's use of a controlled substance on the day of his firearm purchase. Because such an argument is contrary to the law, it should not be permitted.[1] Counsel for the government has discussed this motion with defense counsel and they oppose this motion.

**BACKGROUND**

The defendant is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3) and two false statement counts under §§ 922(a)(6) and 924(a)(1)(A). Doc. No. 40.[2] At trial, the government will establish the defendant's addiction and use of controlled substances through different types of evidence including, but not limited to, (1) his admissions in his book and audiobook, *Beautiful Things*, that he was actively addicted to crack between at least 2016 through 2019, (2) civilian witness testimony about observations of the defendant's crack use during this same time period, (3) law enforcement and chemist testimony

---

[1] The government will prove at trial that the defendant was addicted to a controlled substance when he possessed the firearm charged in the indictment.
[2] Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm

1

that cocaine residue was found on the brown leather pouch that the defendant had used to store his firearm and was recovered with his firearm, and (4) contents from the defendant's Apple iCloud account and laptop that show the defendant was purchasing and using crack prior to, during, and after, his possession of the firearm.

For example, on October 13, 2018, the day after the defendant purchased the firearm, he sent a message to H.B. which stated, " . . . I'm now off MD Av behind blue rocks stadium waiting for a dealer named Mookie." On October 14, 2018, the defendant sent messages to H.B. which stated, "I was sleeping on a car smoking crack on 4th street and Rodney" and "There's my truth."  In his book, he wrote about his return to Delaware in October 2018 and described staying at a Super 8 motel, admitting: "I hardly went anywhere now, except to buy. It was me and a crack pipe in a Super 8, not knowing which the fuck way was up. All my energy revolved around smoking drugs and making arrangements to buy drugs—feeding the beast." Ex. 1 at 208. The defendant illegally possessed the firearm from October 12, 2018 until October 23, 2018, when the gun was taken from him. Doc. No. 40 at ¶ 11.

## **ARGUMENT**

Faced with overwhelming evidence of his addiction before, during, and after the period when he possessed the gun, the government believes that the defendant will attempt to improperly argue to the jury, or suggest through questioning of witnesses, that the government must establish his use of a controlled substance on the day that he purchased the firearm. That is not the law.

For Counts 1 and 2, the government must establish that the defendant made a false statement. The indictment alleges that the defendant provided a false written statement on Form 4473 certifying he was not an unlawful user of, or addicted to, any controlled substance, when in fact, as he knew, that statement was false. Doc. No. 40 at ¶ 7, 9. For Count 3, the government must prove that the defendant was "an unlawful user or addicted to any controlled substance." *United*

*States v. Cheeseman*, 600 F.3d 270, 281 (3d Cir. 2010). Thus, for all counts, the government must establish that the defendant was an unlawful user of, or addicted to, a controlled substance. "Addiction" and "user" are defined in the implementing regulation for the Gun Control Act:

> *Unlawful user of or addicted to any controlled substance. . . .* **Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm.** An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year. . . .

27 C.F.R. § 478.11 (emphasis added). This regulation has been used in jury instructions and accepted by appellate courts, including the Third Circuit. *See United States v. Turnbull*, 349 F.3d 558 (8th Cir. 2003) (finding instruction utilizing this definition to be "entirely consistent with any standard for unlawful use to be gleaned from our prior decisions."); *United States v. Buchard*, 580 F.3d 341 (6th Cir. 2009) (using Eight Circuit's model jury instruction modeled on 27 C.F.R. § 478.11 and *Turnbull*); *Cheeseman*, 600 F.3d at 280 (Third Circuit decision referencing § 478.11 in defining an unlawful user).[3]

It does not appear that any court has held that the government must prove the defendant was under the influence of a controlled substance on the day he purchased the firearm. Such a holding would clearly contradict the law and courts have routinely held the opposite. *See United*

---

[3] At least one court in the Third Circuit has also utilized the definition provided in § 478.11 in jury instructions. *United States v. Zareck*, 2021 WL 4391393 (W.D.Pa. 2021) (citing *Cheeseman* and stating "The Third Circuit Court of Appeals has relied upon 27 C.F.R. § 478.11 to define 'unlawful user of controlled substances' for the purpose of § 922(g)(3)).

*States v. Roberge*, 565 F.3d 1005, 1008–09 (6th Cir. 2009) ("Roberge cites no authority supporting his position that the government must prove he used drugs on the day authorities seized the firearms, and courts addressing this question concluded the contrary") (citing cases); *United States v. Moran,* 452 F.3d 1167, 1172 (10th Cir. 2006) ("It is clear that the ... conviction does not require proof that he was using—and, presumably, possessing—marijuana at the exact time he possessed the ammunition."); *United States v. Mack,* 343 F.3d 929, 933 (8th Cir. 2003) ("[I]t was not necessary to prove that [defendant] was actually smoking marijuana at the time that the officers discovered him in possession of firearms"); *United States v. Johnson*, 572 F.3d 449, 453-54 (8th Cir. 2009) ("We have held that to establish that a defendant was an unlawful user of marijuana while possessing a firearm, 18 U.S.C. § 922(g)(3) does not require proof of contemporaneous use of a controlled substance and possession of a firearm"); *Corona*, 849 F.2d 562 (government need not show that the defendant was actually using drugs at the exact moment he purchased firearm); *United States v. McIntosh*, 23 F.3d 1454 (8th Cir. 1994) (citing *Corona* and stating "the government does not need to prove the defendant was actually using . . . drugs at the exact moment he purchased the firearms in question in order to be convicted as an 'unlawful user.'").

## **CONCLUSION**

For the foregoing reasons, any argument or questioning suggesting that the government must establish the defendant's use of a controlled substance on the day of his firearm purchase is contrary to law and therefore should be excluded.

        Respectfully submitted,

        DAVID C. WEISS
        Special Counsel
        United States Department of Justice

By: /s/ Derek E. Hines

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated: May 13, 2024