IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO ADMIT PORTIONS OF DEFENDANT'S BOOK AND AUDIOBOOK
AND MOTION IN LIMINE TO EXCLUDE USE OF SELF-SERVING STATEMENTS**

The government moves to admit portions of the defendant's book and audiobook, *Beautiful Things*, which contain his statements and are admissible under Fed. R. Evid. 801(d)(2).[1] The government further moves in limine to exclude the use of self-serving and irrelevant statements from other portions of the book and audiobook that the government does not seek to introduce.[2]

**BACKGROUND**

The defendant is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3) and two false statement counts under §§ 922(a)(6) and 924(a)(1)(A). Doc. No. 40. Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. The defendant began writing his book, *Beautiful Things*, in November 2019 and it was published in 2021. Ex. 1 at p. 1 (Book Excerpts). Moreover, he is the "narrator" of the audiobook.[3] In Chapter 11 of his book, the defendant admitted that he was actively addicted to crack cocaine between 2015 and 2019. Ex. 1. at 219,

---

[1] Government counsel have discussed this matter with defense counsel who agrees that the book and audiobook excerpts are authentic under Fed. R. Evid. 901 but has not yet provided a position on relevancy.

[2] Government counsel have discussed this matter with defense counsel who agrees that non-excerpted portions of the book are inadmissible hearsay, but he reserved his position on the non-excerpted portions while he reviews the excerpts for completeness.

[3] *See e.g.,* https://www.audiobooks.com/audiobook/beautiful-things-a-memoir/418242

220.[4] He stated, "[b]y the time my plane touched down in Los Angeles in March 2019, I had no plan beyond the moment-to-moment demands of the crack pipe." Ex. 1 at 219. He described, in part, that "four years of active addiction … preceded this trip to California . . ." Ex. 1 at 220. He admitted, "I was a crack addict and that was that." Ex. 1 at 222. The government has identified excerpts from the book in which the defendant makes statements that evidence his addiction. These excerpts include his admissions during a 2.5-year period between the fall of 2016 and spring of 2019 (which is within the four-year period he identified as being an active addict). The excerpts include his return to Delaware in October 2018 (when he purchased the firearm as alleged in the indictment) and his admission that: "I hardly went anywhere now, except to buy. It was me and a crack pipe in a Super 8, not knowing which the fuck way was up. All my energy revolved around smoking drugs and making arrangements to buy drugs—feeding the beast." Ex. 1 at 208. The defendant illegally possessed a firearm October 12-23, 2018. Doc. No. 40 at ¶ 11.

## ARGUMENT

**I.      The Defendant's Book and Audiobook are Authentic under Fed. R. Evid. 901.**

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a); *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 285 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). The Third Circuit has interpreted the rule to mean that "[t]he burden of proof for authentication is slight." *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir. 1985).  Authentication issues are determined under Fed. R. Evid. 104(b), as the Advisory Committee Notes to Rule 901 make clear. Under Rule 104, "once the court finds that evidence has been introduced sufficient to permit a reasonable juror

---

[4] Exhibit 1 was provided to the defendant on April 24, 2024. The audiobook excerpts are the same portions.

to find that the matter in question is what its proponent claims, a sufficient foundation for introduction in evidence has been laid . . . ." *United States v. Reilly*, 33 F.3d 1396, 1405 (3d Cir. 1994) (internal quotations and citation omitted).

At trial, the government can establish authenticity of the audio recording several different ways, including by calling an FBI agent who is familiar with the defendant's voice who would identify the defendant's voice on the audiobook. Fed. R. Evid. 901(b)(5). There are also additional witnesses who participated in the creation of the audiobook and publishing of the book that could be called to testify, if necessary. Accordingly, to streamline issues for trial, and since the defendant agrees that his book and audiobook are authentic, the government asks the Court to find that the government has satisfied the "slight" burden for authentication. Fed. R. Evid. 901.

## II. Pursuant to Fed. R. Evid. 801(d)(2), the Excerpts of the Defendant's Book and Audiobook are Admissible.

The excerpts identified in Exhibit 1 are not hearsay because the defendant made the statements and those statements are being offered against him. Fed. R. Evid. 801(d)(2). The excerpts are relevant to the charges in this case because his admissions show his addiction and drug use and have a tendency to make the fact that he was an addict and user more probable than it would be without the evidence. Fed. R. Evid. 401(a), 402. Moreover, the fact that he was addicted to crack between the fall of 2016 and the spring of 2019 is a fact of consequence relevant to all three charges in the indictment. Fed. R. Evid. 401(b); *see United States v. Corona*, 849 F.2d 562 (11th Cir. 1988) (abrogated on other grounds) (evidence of social use of cocaine and admissions during treatment over 2.5 year period is sufficient to sustain conviction; government need not show that the defendant was actually using drugs at the exact moment he purchased firearm); *see also* 27 C.F.R. § 478.11 (defining the meaning of "unlawful user of or addicted to any controlled substance" and including examples, such as someone who has multiple arrests "within the past 5 years if the most recent arrest occurred within the past year"). The defendant's admissions are not

3

excludable because the probative value of these admissions is not substantially outweighed by a danger of unfair prejudice or other issues under Fed. R. Evid. 403.

### III.     Self-Serving Hearsay in Other Portions of the Book is Not Admissible.

The government intends to admit into evidence only the excerpts of the book and audiobook that are in Exhibit 1. Federal Rule of Evidence 801(d)(2) provides the statement must be "a statement . . . offered *against* an opposing party." Thus, a defendant cannot elicit his own self-serving statements without taking the stand and submitting to cross-examination. *United States v. Willis,* 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996).

A defendant cannot sidestep the prohibition against hearsay by invoking the so-called "rule of completeness," contained in Federal Rule of Evidence 106. This rule is designed to prevent "misunderstanding or distortion" caused by the introduction of only part of a statement that could only be cured by admission of the full record. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). It does not allow adverse parties to introduce any unedited statement merely because the proponent party has offered an edited version. Indeed, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). The defendant has not identified for the government any portions of the excerpts that are misleading without additional surrounding context. The other portions of the book are therefore inadmissible hearsay.

### CONCLUSION

For the reasons stated above, the government requests that the Court grant the motion.

Respectfully submitted,

DAVID C. WEISS

Special Counsel
United States Department of Justice

By: /s/ Derek Hines
_____
Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated: May 13, 2024