IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO ADMIT RULE 1006 SUMMARY CHART AND FIND ELECTRONIC EVIDENCE SELF-AUTHENTICATING PURSUANT TO RULE 902(14)**

The government moves for a preliminary determination, as authorized by Federal Rule of Evidence 104, that a 1006 summary chart that summarizes the electronic evidence is admissible in evidence during trial, and the underlying evidence it summarizes is authentic pursuant to Federal Rule of Evidence 902(14). The summary chart satisfies the requirements of Rule 1006. The chart accurately summarizes electronic evidence derived from search warrants of the defendant's Apple iCloud account and the defendant's laptop and hard drive. The underlying records consist of more than 18,000 pages and are voluminous. Organizing these underlying records, considering potential redactions of irrelevant content, and presenting them would be time-consuming, difficult to navigate during trial, and would waste a significant amount of trial time. Accordingly, for reasons stated below, the government requests that this Court issue a pre-trial ruling admitting a summary chart. Counsel for the government discussed this matter with counsel for the defendant, who agrees that the government can use a summary chart at trial for the electronic evidence discussed in this motion and he does not dispute that the chart summarizes certified data copied from an electronic device that is self-authenticating pursuant to 902(14).[1]

---

[1] The government provided the defendant with a summary chart yesterday and will provide a copy to the court in advance of the pretrial conference. The summary chart summarizes information produced to the defendant in discovery in October 2023. With respect to the

1

## BACKGROUND

The defendant is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3)[2] and two false statement counts under §§ 922(a)(6) and 924(a)(1)(A). Doc. No. 40. In his book, *Beautiful Things*, the defendant admitted that he was actively addicted to crack cocaine between 2015 and 2019. In August 2019, IRS and FBI investigators obtained a search warrant authorizing law enforcement to seize evidence of tax violations located in the defendant's Apple iCloud account.[3] In response to that warrant, in September 2019, Apple produced backups of data from various of the defendant's electronic devices that he had backed up to his iCloud account. Investigators also later came into possession of the defendant's Apple Macbook Pro and a hard drive, which he had left at a computer store, and a search warrant was also obtained for his laptop and hard drive.[4] The evidence obtained pursuant to these warrants and referenced in the summary chart was produced to the defendant on October 12, 2023. On April 24, 2024, the government provided disclosures to the defense which specifically identified electronic evidence included in the summary chart that the government intended to use at trial.

---

summary chart and the authenticity of the backup files referenced in this motion, defense counsel's position provided to undersigned counsel in an email was as follows: "I DO NOT SEE THIS AN ISSUE AS TO AUTHENTICITY AND ADMISSIBILITY AS TO WHAT WAS OBTAINED FROM THE MAC SHOP OR A CLOUD STORAGE DEVICE WITHOUT CONCEDING THAT BY THE TIME LAW ENFORCEMENT GOT THAT DATA IT MAY NOT HAVE BEEN AN ACCURATE VERSION OF WHAT MR. BIDEN HAD PUT ON ANY OF HIS DEVICES.  THEREFORE, WE RESERVE THE RIGHT TO CHALLENGE HOW CERTAIN OF THE FILES OBTAINED FROM THE LATOP/HARD DRIVE WERE INITIALLY ACCESSED, SEIZED, OR FIRST SUBPOENAED AND THIS TOO WOULD BE SUBJECT TO RELEVANCE, 403 AND THE RULE OF COMPLETENESS."
[2] Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm.
[3] District of Delaware Case No. 19-234M, issued on August 29, 2019, and a follow up search warrant, District of Delaware Case Number 20-165M, issued on July 10, 2020.
[4] District of Delaware Case No. 19-309M, issued on December 13, 2019.

## ARGUMENT

Courts routinely allow the introduction of summary charts based on the evidence. *See United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980); *United States v. Scales*, 594 F.2d 558, 563 (6th Cir. 1979); see also Fed. R. Evid. 1006 (specifically permitting the use of charts and summaries to prove contents of documents, even when the underlying records are not produced in court). These documents are properly admissible as evidence without a limiting instruction. *United States v. Bray,* 139 F.3d 1104, 1112 (6th Cir. 1998). Unlike a demonstrative chart, a summary chart is evidence and may be used by the jury during deliberations. *See United States v. Silverman*, 449 F.2d 1341, 1346 (2d Cir. 1971); *United States v. Winn*, 948 F.2d 145, 159 (5th Cir. 1991).

In the government's summary chart, the underlying source materials are self-authenticating and admissible. The summary chart summarizes electronic evidence obtained from Apple, Inc., including four backup files, and electronic evidence obtained from the defendant's laptop and hard drive, including two backup files. All six backup files were certified as authentic by certified forensic examiners and are self-authenticating pursuant to Fed. R. Evid. 902(14). The government provided certificates of authenticity for these files to the defendant and attaches them to this motion as Exhibit 1 (IRS SA/CIS Gearhart Certification for four backup files from Apple, Inc.) and Exhibit 2 (FBI SDFE Waski Certification for two backup files from laptop and hard drive).[5] These six files are admissible under (1) Federal Rule of Evidence 801(d)(2)(A), which describes that statements of an opposing party are not hearsay, or (2) or are non-hearsay out-of-court statements that are not

---

[5] On April 24, 2014, the government provided notice to the defendant that the six backup files are self-authenticating under Federal Rule of Evidence 902(14) and provided the certifications attached as Exhibit 1 and Exhibit 2 to this motion. The government also noticed Gearhart and Waski as potential expert witnesses in this same letter to defense counsel. The certifications of Gearhart and Waski reference their expert disclosures, which reference the backup files and other documents. Because those documents are voluminous and because the defendant agrees these files are self-authenticating, the government does not attach the expert disclosures to this motion. The certificates themselves satisfy Federal Rule of Evidence 902(14). *See* Ex. 1, 2.

offered to prove the truth of the matter asserted under Federal Rule of Evidence 801(c)(2), but are instead offered as non-hearsay for their effect on the listener or to give context to other statements, and not for the truth. Accordingly, the underlying source material is admissible.

The underlying materials summarized by the summary chart are voluminous. The four backup files from the production from Apple, Inc. consist of 686 pages, 953 pages, 4,337 pages, and 1,155 pages. The two backup files derived from the defendant's laptop and hard drive consist of 4,198 pages and 6,801 pages. Thus, in total, there are 18,130 pages of materials that are summarized in the chart. The summary chart includes less than 300 rows of messages, photographs, and videos that are summarized from the six backup files and presented in chronological order for convenient examination in court.

The summary chart accurately summarizes the underlying materials, which the defendant received in October 2023—well in advance of trial scheduled for June 3, 2024. At trial, the government will lay a proper foundation for admission. The government will call an FBI Special Agent who will testify that she assisted in the preparation of the chart, reviewed the underlying source materials, compared them to the corresponding entries in the summary chart, and verified the summary chart is accurate. The agent's testimony is proper foundation for the summary chart's admission at trial. Under Federal Rule of Evidence 104(b), "when the relevance of evidence depends on whether a fact exists, a court may admit proposed evidence on the condition that the proof [of that fact] be introduced later." Because the source materials are authentic and meet the requirements for 1006 admissibility, the Court should admit the summary chart into evidence subject to the appropriate foundational testimony described above.

## **CONCLUSION**

For the reasons stated above, the government requests that the Court grant the motion.

        Respectfully submitted,

        DAVID C. WEISS
        Special Counsel
        United States Department of Justice

By: /s/ Derek E. Hines

        Derek E. Hines
        Senior Assistant Special Counsel
        Leo J. Wise
        Principal Senior Assistant Special Counsel
        United States Department of Justice
        950 Pennsylvania Avenue NW
        Washington, D.C. 20530
        771-217-6091

Dated:  May 13, 2024