**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| Defendant. | ) | |

**Government's Motion in Limine to Exclude Evidence of
<u>Absence of Criminal Charges by Delaware State Authorities</u>**

The government moves to exclude evidence or argument that Delaware state authorities did not charge the defendant because that fact (1) is not relevant, (2) is unduly prejudicial in that it would confuse issues before the jury and usurp the jury's function, and (3) would cause a trial within the trial about the reasons why state actors did not charge the defendant, namely, because they did not possess the evidence federal authorities later obtained, and even if they had, the conduct was likely not prosecutable under Delaware state law.[1]

**BACKGROUND**

The defendant is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(3) and two false statement counts under §§ 922(a)(6) and 924(a)(1)(A). On October 23, 2018, the Delaware State Police ("DSP") received a report that H.B. had discarded a handgun in an outside trash can at the Janssen's Market in Wilmington, Delaware. Ex. 1 at p. 5. DSP officers responded to the incident and learned that the gun belonged to the defendant. Ex. 1 at p. 2. The defendant advised that he checked his vehicle's center console and discovered his handgun was missing, at which time he called H.B. who said she disposed of the handgun in a trash can. Ex. 1 at p. 2. A man searching for recyclables retrieved the gun and when police subsequently asked him about it, he gave it to them. Ex. 1 at p. 11. DSP initially considered the defendant to be the victim of a

---

[1] Counsel for the government has specifically discussed the subject matter of this motion with counsel for the defendant who opposes the motion.

1

possible theft, but after the gun was recovered, he told police it was his desire that there be no prosecution. Ex. 1 at 12. Two state prosecutors agreed the investigation should be closed "due to a lack of victim cooperation." *Id*. During a subsequent tax investigation by federal authorities, federal investigators received information showing the defendant was actually a drug user and addict when he purchased the firearm. *See e.g.*, ECF 68, pp. 5-12.

## ARGUMENT

The fact that state officials investigating a possible theft did not charge the defendant was not a decision based upon the evidence relevant to the offenses here. Even if it was, state investigators' opinion is not a relevant fact probative of either the defendant's guilt or innocence here. The defendant should therefore not be permitted to present this irrelevant, confusing and unduly prejudicial fact to the jury. *See* F.R.E. 401, 402. Prosecuting authorities may decide not to charge a suspect "for a variety of reasons that have nothing to do with his guilt or innocence, taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011).[2] The fact that no charges were filed by state authorities is irrelevant as to the federal offenses. The state investigation did not even involve the question of whether the defendant lied about his drug use when buying his gun. Moreover, while Delaware law criminalizes purchase and possession of a gun by those previously "***convicted for*** the unlawful use, possession or sale of [drugs]" 11 Del. Code. Ann. §1448(a)(3), state law does not appear to prohibit – as §922(g)(3) does – possession by users who have not been convicted of such an offense.

Even if the absence of state charges was relevant – and it is not – such evidence is unduly prejudicial to the government and would usurp the jury's function as trier of facts. Courts have

---

[2] *See also United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("[E]vidence [of nonprosecution] ordinarily does not prove innocence...cases are dismissed for a variety of reasons, many of which are unrelated to culpability.").

excluded evidence at trial of other factfinders' conclusions under F.R.E. 403 where admission may cause the jury to place undue weight on it, jeopardizing their duty to evaluate the trial evidence for themselves.[3] Evidence of prior charging decisions "risks misleading the jury and confusing the issues." *United States v. Reed*, 641 F.3d 992, 993–94 (8th Cir. 2011). In *United States v. Benson*, 957 F.3d 218, 236-37 (4th Cir. 2020), the Fourth Circuit explained that "non-prosecution decisions are irrelevant because they often take into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." Moreover, "a state's decision to drop charges may have nothing at all to do with guilt or innocence, particularly in relation to a federal crime with distinct elements." *Id.* at 236. Testimony regarding criminal charging decisions have no part in this trial, as it would not make any fact of consequence more or less probable. *Id.* (citing F.R.E. 401).[4]

      Nor is Delaware's charging decision so inextricably intertwined with the evidence that the jury will be misled or confused without it. While the government's presentation necessarily will require the jury to hear that Delaware authorities were involved, their charging decision is not

---

[3] Even guilty pleas and acquittals in state court proceedings, particularly where the elements are not identical to those of federal prosecutions, are usually inadmissible. *United States v. Gricco*, 277 F.3d 339 (3d Cir. 2002) (overruled on other grounds) (holding that even judgments of acquittal are generally inadmissible because they may not present determination of innocence, but rather only decision that prosecution has not met its burden of proof beyond reasonable doubt and often also excludable because danger of jury confusion would greatly outweigh evidence's limited probative value under Rule 403). *See also*, *Marrero–Ortiz*, *supra*; *United States v. Jones*, 808 F.2d 561 (7th Cir. 1986); *Prince v. Lockhart*, 971 F.2d 118 (8th Cir. 1992); *United States v. Irvin*, 787 F.2d 1506 (11th Cir. 1986); *United States v. Thomas*, 114 F.3d 228 (D.C. Cir. 1997). The risk of jury confusion with respect to a non-prosecution "decision" on different potential crime with distinct elements is even greater.

[4] *See also*, *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming exclusion of evidence that another person arrested with defendant was not charged); *United States v. Mosby*, 626 F. Supp. 3d 847, 859 & n.2 (D. Md. 2022) (excluding evidence about investigation and prosecution because "the Government's charging decision related to potential tax charges involving Defendant is also not relevant to the issues in this case"); *Bingham*, 653 F.3d at 999 (non-prosecution decisions take "into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons" and therefore are irrelevant).

necessary to understand the evidence gathered. Rather, evidence of nonprosecution would mislead the jury because "we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty." *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990).[5] Moreover, were the defendant to present evidence of the state's charging decision, the government would need to elicit testimony to provide context, i.e., that state authorities were never presented with the facts of this case. The result would be confusion of the issues, undue delay, and a mini-trial on why the defendant was not charged in Delaware.[6] Even if Delaware's nonprosecution could be viewed as relevant, which it is not, these considerations would substantially outweigh its minimal probative value. *See* F.R.E. 403.[7] Because it lacks any probative value and even if it did not, the prejudicial impact to the government substantial, exclusion is required.

## CONCLUSION

The government thus requests that the Court exclude the defense from making statements, arguments or engaging in questioning that alludes to state agencies' nonprosecution.

Respectfully submitted,

DAVID C. WEISS

---

[5] *See also J.W. v. City of Oxnard*, 2008 WL 4810298, at \*22 (C.D. Ca. 2008) ("All that the decision not to prosecute can accurately show is that the District Attorney was of the opinion that the case should not be prosecuted. This minimal probative value is outweighed by the possibility that jurors unfamiliar with the judicial process might be misled.")

[6] S*ee, e.g., Berman v. Sink*, 2016 WL 8730672, at \*2 (E.D. Cal. 2016) ("[A]dmitting evidence that no charges were filed ... would shift the jury's focus from the events that occurred during this incident to the hindsight of the prosecutor's potential decision not to prosecute."); *United States v. Morel*, 751 F. Supp. 2d 423, 431-32 (E.D.N.Y. 2010) (evidence of no charges would confuse and mislead the jury, result in unnecessary testimony and undue delay, and require an elaborate jury instruction on why it could not be considered as relevant to defendant's guilt).

[7] *See also, Am. Home Assur. Co. v. Sunshine Supermarket, Inc*., 753 F.2d 321, 325 (3d Cir. 1985) (finding reversible error where evidence of non-prosecution, admitted only as rebuttal, was highly prejudicial and went to principle issue in the case); *Spruill v. Winner Ford of Dover, Ltd*., 175 F.R.D. 194, 197 (D.Del. 1997) (denying admission of Delaware DOL report on discrimination because of "potential prejudicial effect" under F.R.E. 403 balancing test because admission may result in jury concluding that the issue was already decided).

Special Counsel
United States Department of Justice

By:

_____

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091


Dated:  May 13, 2024