## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ALLEGED DEFECTS IN THE INSTITUTION OF THE PROSECUTION OF THIS MATTER

The United States, by and through undersigned counsel, respectfully moves this Court to exclude argument and questioning related to the topics outlined below. The government has conferred with defense counsel and they do not oppose this motion, as explained below.

First, the government moves to exclude argument to the jury and the questioning of any witness related to claims alleging defects in the institution of the prosecution of this matter, specifically: (1) claims made in the defendant's motion for vindictive and selective prosecution (ECF 63);[1] (2) the frequency of the firearms charges being brought in the indictment or that defendant was singled out for prosecution;[2] and (3) the prosecution of the defendant is somehow due to or part of a Russian malign election influence campaign.[3]  Notwithstanding the fact that there is no evidence to support any of these claims, argument regarding such claims is impermissible at trial.

---

[1] Defense counsel's position, in writing was, "AS STATED, WE WILL NOT BE SEEKING TO ARGUE OR QUESTIONS ON THOSE LEGAL ARGUMENTS.  UNDERYLING ASPECTS (E.G., IF A WITNESS MADE AN EXTRAJUDICIAL STATEMENT MIGHT GO TO CREDIBILITY OR BIAS)."

[2] Defense counsel's position, in writing was, "AS STATED, WE WILL NOT ARGUE THAT LEGAL ISSUE.  AS I ALSO TRIED TO EXPLAIN, I COULD SEE A QUESTION ABOUT A WITNESS SAYING OR DOING SOMETHING AS A QUESTION BUT NOT AS "BEING SINGLED OUT FOR PROSECUTION."

[3] Defense counsel's position, in writing was, "AGREED."

Federal Rule of Criminal Procedure 12(b)(3) provides that a "motion alleging a defect in instituting the prosecution" or a motion "alleging a defect in the indictment or information" must be raised before trial. With respect to claims of vindictive and selective prosecution, the Third Circuit has held that such claims may not be presented to a jury because they do not address guilt or innocence. *United States v. Dufresne*, 58 Fed.Appx. 890, at *4 (3d Cir. 2023); *United States v. Gerrigan*, 482 F.2d 171, 175 (3d Cir. 1973); *see also United States v. Whitfield*, 29 F. Supp. 3d 503, 510–11 (E.D. Pa. 2014).

The same logic applies to any argument about the frequency of the firearms offenses in the indictment and that he was "singled out," and that the prosecution was somehow part of a Russian malign election interference campaign because both arguments go to the motivation or potential motivation behind the prosecution and not to whether the defendant is guilty or not guilty.

Relatedly, it a basic rule that evidence of charging decisions made in the course of an investigation should be excluded.  *See United States v. Benson*, 957 F.3d 218 (4th Cir. 2020) ("As other courts have observed, non-prosecution decisions are irrelevant because they often take 'into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons.'"); *see also United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases and noting that "several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilty may influence those decisions and their admission therefore risks misleading the jury and confusing the issues").

For these reasons, the government requests that the Court enter the attached proposed order.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By:

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated:  May 13, 2024

3