IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN,   ) | |
| ) | |
| Defendant.  ) | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO HIS SOBRIETY AFTER SPRING OF 2019 AND LAW-ABIDING CLAIMS**

The United States, by and through undersigned counsel, respectfully moves this Court to exclude argument and questioning related to the fact that the defendant has been law-abiding and sober since the summer of 2019 because those facts are improper "reverse" character evidence under Federal Rule of Evidence 404, are not relevant and would only invite nullification.[1]

At trial, the government must prove that at the time the defendant purchased the gun in the fall of 2018 he was an unlawful user of a controlled substance. Evidence of the defendant's sobriety or law-abidingness post-2018 does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Testimony or evidence that the defendant has been sober and law-abiding since 2019 is not relevant to the period of addiction during which he purchased the gun. *Id.* Fed. R. Evid. 403. *United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (finding trial court did not abuse its discretion in limiting cross examination of a victim lender witness about an investigation of "another totally unrelated matter.") *See also United*

---

[1] Counsel for the government has specifically discussed the subject matter of this motion with counsel for the defendant whose position is: "AGREE THAT MR. BIDEN'S SOBRIETY IN 2019 AND AFTER WOULD NOT BE A LINE OF QUESTIONS, AGAIN UNLESS MR BIDEN TESTIFIED HIMSELF."

2

*States v. Langford*, 647 F.3d 1309, 1329 (11th Cir. 2011) (evidence of defendant's "generous and philanthropic character" irrelevant to charges of bribery, money laundering, and fraud); *United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008) ("[e]vidence of good conduct is not admissible to negate criminal intent") (quoting *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991)).

      For these reasons, the government requests that the Court enter the attached proposed order.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By: */s/ Derek Hines*

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated: May 13, 2024

3