IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>ROBERT HUNTER BIDEN,  )<br>)<br>Defendant.  ) | Criminal Action No. 1:23-cr-61-MN |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO POTENTIAL PUNISHMENT, PLEA NEGOTIATIONS, THE DIVERSION AGREEMENT, OR THE JULY 26, 2023 HEARING

The United States, by and through undersigned counsel, respectfully moves this Court to exclude argument and questioning related to the defendant's potential punishment, plea negotiations, the diversion agreement, or the July 26, 2023 hearing because a defendant is not entitled to have the jury informed of sentencing consequences and Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure11(f) prohibit the admission of plea negotiations at trial. Counsel for the government has discussed the subject matter of this motion with counsel for the defendant, and the defendant has does not oppose this motion.

In the Third Circuit:

> In the federal courts, the role of the jury in a non-capital case is to determine whether the defendant is guilty or not guilty based on the evidence and the applicable rules of law. The jury is supposed to perform this role without being influenced in any way by what the consequences of its verdict might be.

*United States v. Fisher*, 10 F.3d 115, 121 (3d Cir. 1993) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975); *see also United States v. Nguyen*, 344 F. App'x 821, 824 (3d Cir. 2009) (non-precedential) ("The jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed.") (cleaned up). "It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence

2

might be imposed…. providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal citations and quotations omitted). Moreover, punishment "should never be considered by the jury in any way" *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991); *United States v. Austin,* 533 F.2d 879, 884-85 (3d Cir. 1976), cert. denied, 429 U.S. 1043 (1977); *Third Circuit Model Jury Instructions* 3.16 (2021).

Any statements made in plea negotiations were "statements made in the course of plea discussions," and the diversion agreement or at the July 26, 2023 hearing fall within the ambit of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and therefore are inadmissible.

For these reasons, the government requests that the Court enter the attached proposed order.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By: /s/ Derek Hines

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated:  May 13, 2024

3