IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )  Criminal Action No. 1:23-cr-00061-MN
                                    )
ROBERT HUNTER BIDEN,                )
                                    )
     Defendant.                     )
                                    )
_____)

# MR. BIDEN'S MOTION TO ENJOIN THE SPECIAL COUNSEL'S INVESTIGATION AND PROSECUTION FOR CONTINUING VIOLATIONS OF THE APPROPRIATIONS CLAUSE

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

## INTRODUCTION

Mr. Biden moves to enjoin the Special Counsel's investigation and prosecution of him from now into the *future* because the Special Counsel lacks a valid appropriation from Congress. Previously, Mr. Biden moved to dismiss the indictment as the tainted fruit of *past* Appropriations Clause violations (D.E.62). Had that motion been granted, no future violation would have occurred. That said, the Special Counsel insisted dismissal was not the proper remedy and that alleged Appropriations Clause violations "are 'best seen as requests for injunctions.'" (D.E.72 at 24 (*quoting United States v. Bilodeau*, 24 F.4th 705, 711 n.6 (1st Cir. 2022)).) Although Mr. Biden preferred dismissal as a remedy (i.e., how could one enjoin past violations?), he did not object to injunctive relief, explaining: "Under either view, this case could not proceed, so it is unclear how the Special Counsel's preferred remedy would benefit him." (D.E.80 at 16.) This Court, however, found no Appropriations Clause violation, so it did not reach the question of the appropriate remedy. (D.E.101.)[1]

---

[1] At this morning's hearing, the Court questioned the timeliness of this Motion. As explained above, the Motion is timely because the prior motion to dismiss the indictment was for *past* Appropriations Clause violations and Mr. Biden now seeks to enjoin *future* constitutional violations. While the time has passed for Mr. Biden to bring pre-trial motions to dismiss based on the Special Counsel's *past* decision to indict, nothing prevents Mr. Biden from seeking to enjoin *future* constitutional violations. The Special Counsel cannot be given a blank check to indefinitely spend unappropriated federal funds in violation of the Appropriations Clause. The need to explicitly seek injunctive relief did not arise until the Third Circuit Motion Panel's May 9, 2024 decision dismissed the appeal under 28 U.S.C. § 1292(a) because injunctive relief was not explicitly requested, and the Court declined to hear Biden's claim for relief at law (dismissal) on an interlocutory basis. Parties frequently seek to cure defects identified by opinions, for example, plaintiffs often file amended complaints and prosecutors file superseding indictments following motions to dismiss all the time, and the situation is no different here. Additionally, the prior scheduling order for pre-trial motions were for motions to dismiss. (D.E.57.) The parties clearly understood there were other "pre-trial motions" that would be filed addressing future issues and this Court set a new schedule for addressing some of those issues (D.E.117 (e.g., motions in *limine*, expert disclosure motion)), and the Special Counsel filing several such motions *in limine* this morning. The Court has not limited the Special Counsel or Mr. Biden's from objecting to any kind of future conduct.

Mr. Biden explained at length in his prior motion (D.E.62) why the Appropriations Clause has been violated and, while he hopes this Court will revisit its conclusion to the contrary, he files this motion principally to obviate a concern raised by the Third Circuit motions panel as to whether Mr. Biden ever asserted a claim for injunctive relief.  *United States v. Biden*, No. 24-1703, D.E.17-1 at 3–4 (3d Cir. May 9, 2024).  If this Court denies Mr. Biden's Appropriations Clause motion, finding no violation of the Clause now as it did previously, Mr. Biden will have the basis to take an immediate appeal to address future violations, which is entirely appropriate under 28 U.S.C. § 1292(a)(1), so the Third Circuit may have an opportunity to address this issue when considering Mr. Biden's forthcoming petition for rehearing and rehearing *en banc*.  To fully address Mr. Biden's right not to be improperly tried, pursuing this Motion is both serious and necessary.

## ARGUMENT

### I. AN INJUNCTION AGAINST FUTURE VIOLATIONS OF THE APPROPRIATIONS CLAUSE IS APPROPRIATE

Mr. Biden has squarely alleged an Appropriations Clause violation (D.E.62), so he will not belabor that point here, and "[i]t is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress."  *Marbury v. Madison*, 5 U.S. 137 (1 Cranch) 137, 147 (1803).  That is true even where a court provides a prevailing party a different remedy than the one sought, as often happens.  *See, e.g.*, *Thorstenn v. Barnard*, 883 F.2d 217, 218 (3d Cir. 1989) (stating a claim allows the court to provide a remedy, even a remedy that was not requested).  The remedy Mr. Biden favored of dismissal sought to remedy the Special Counsel's *past* constitutional violation of improperly funding his investigation and initiating its prosecution, but the injunctive relief he seeks here is different, as "an injunction looks only to the future."  *Goltra v. Weeks*, 271 U.S. 536, 549 (1926); *see Douglas v. City of Jeannette*, 319 U.S. 157, 165 (1943) ("an injunction looks to the future").

2

As Mr. Biden previously explained, there is a role for both the remedies of injunctions and dismissals in Appropriations Clause cases:

> Where government funding for a prosecution simply runs out, an injunction against prosecution may be appropriate to permit the prosecution to seek an appropriation of funds from Congress so that the prosecution may resume. Such a remedy would be inadequate here, however, because the Special Counsel already has violated the Appropriations Clause by spending funds that were not appropriated to him to conduct his investigation and bring this case. Thus, constitutional damage has been done, and a remedy must prevent the prosecution from benefitting from the fruits of its unconstitutional action.

(D.E.80 at 17–18.)

Mr. Biden continues to believe that dismissal is the preferred remedy for *past* violations, but—regardless of whether there is agreement about that remedy—even the Special Counsel agreed in its filings that an injunction is an appropriate remedy to guard against *future* Appropriations Clause violations. (D.E.72 at 24.) For Mr. Biden, pursuing dismissal as a remedy first made sense because, under "the basic doctrine of equity jurisprudence that courts of equity should not act . . . to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparably injury if denied equitable relief." *Sprint Comm's., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)) (alterations in *Sprint*). Mr. Biden would hope that, if told by this Court that his actions violated the Appropriations Clause through the legal remedy of dismissal of the indictment, the Special Counsel would stop doing it, such that an injunction would be unnecessary. But this Court gave the Special Counsel no such instruction, and the case continues. And when criminal enforcement actions are threatened or imminent, injunctive relief is appropriate. *Morales v. TWA, Inc.*, 504 U.S. 374, 381 (1992); *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) (court can "enjoin acts that are already illegal" when government agent's promises to stop doing so are not adequate to ensure compliance). That is the situation here with the prosecution pressing this case forward.

3

## II. A SECTION 1292(a)(1) APPEAL IS APPROPRIATE IF THIS INJUNCTION REQUEST IS DENIED

The Third Circuit motions panel found: "The District Court did not explicitly refuse to enjoin the continued appointment of the special counsel, nor the continued use of appropriation of funds, nor did the defendant explicitly ask for such an injunction." Panel.3. Accordingly, the Panel looked to whether this Court's denial of the prior motion had the practical effect of denying an injunction under *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), and concluded "the defendant has not shown the order has a 'serious, perhaps irreparable, consequence' and can be 'effect[ually] challenged only by immediate appeal.'" Panel.3 (*quoting Office of the Comm'r of Baseball v. Markell*, 579 F.3d 293, 297–98 (3d Cir. 2009) (citing *Carson*, 450 U.S. at 84)).[2]

The Third Circuit's decision in *Markell*, cited by the panel, demonstrates that the result will be different if this Court *expressly* denies injunctive relief. *Markell* rejected the argument that this irreparable harm element is applicable where there is an express denial of an injunction, explaining:

> But none of the cases upon which [Appellee] relies involved express *denials* of injunctive relief; rather, they dealt with orders that were alleged to have the *practical effect* of denying injunctive relief. Accordingly, the [Appellants] need not demonstrate that the order will have a "serious, perhaps irreparable, consequence" and can be "effectively

---

[2] This aspect of the panel's decision conflicts with First and Ninth Circuit decisions, which found an injunction is necessary to prevent an irreparable harm to a criminal defendant from an Appropriations Clause violation. *United States v. Bilodeau*, 24 F.4th 705, 712 (1st Cir. 2022); *United States v. McIntosh*, 833 F.3d 1163, 1174 (9th Cir. 2016). The harm caused by the Special Counsel's unauthorized investigation and prosecution of Mr. Biden cannot be remedied on appeal, and there is no one who would repay the U.S. Treasury for spending federal funds without an appropriation by Congress. Indeed, if Mr. Biden prevails at trial, he will have no vehicle to even appeal the Appropriations Clause issue and it will go entirely unremedied, despite his having been harmed by the constitutional violation. That is precisely why the Supreme Court held such separation of powers issues to be collateral orders. *Axon Enterp., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (explaining Petitioner "would have the same claim had it *won*" because "[t]he claim, again, is about subjection to an illegitimate proceeding. . . . And as to that grievance, the court of appeals can do nothing: A proceeding that has already happened cannot be undone. Judicial review of [Petitioner's] structural constitutional claims would come too late to be meaningful").

4

challenged" only by immediate appeal. The language of § 1292(a)(1) is clear and the [Appellants] need not satisfy any jurisdictional hurdle beyond the fact that they have appealed from an order refusing to enter an injunction.

*Markell*, 579 F.3d at 298 (*quoting Cohen v. Bd. of Trs. of Univ. of Med.*, 867 F.2d 1455, 1464 (3d Cir. 1989). That rule makes sense because it would otherwise conflate Section 1292(a) with the finality requirement of Section 1291, making the statutes redundant, and Congress created Section 1292 as an "exception[]" to the finality rule "[b]ecause rigid application of this principle was found to create undue hardship" in this context. *Carson*, 450 U.S. at 83; *see Zurn Indus., LLC v. Allstate Ins. Co.*, 75 F.4th 321, 326 (3d Cir. 2023) (describing Section 1292 as one of "several limited exceptions developed to the final-decision rule" of Section 1291).

## CONCLUSION

The Court should enjoin the Special Counsel from continuing to fund his investigation and prosecution of Mr. Biden without an appropriation from Congress or promptly deny the motion so it can be appealed.

Dated: May 14, 2024                                     Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, D.C. 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2024, I filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*