# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 23-cr-61-MN
)
ROBERT HUNTER BIDEN, )
)
Defendant. )

## PROPOSED JURY INSTRUCTIONS

The government, through undersigned counsel, hereby move the Court to consider the following Proposed Jury Instructions.[1]  Instructions that are contingent on future events are italicized. The government reserves the right to request modifications to the instructions or request additional instructions necessitated by the evidence.

Respectfully submitted,

DAVID C. WEISS
Special Counsel

By:   *s/ Derek E. Hines*
Derek H. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

Dated:  May 17, 2024

---

[1] The government provided a draft of these jury instructions to defense counsel on May 16, 2024, as a proposed joint submission. Counsel for the defendant responded and indicated that the defense was working on their own set of jury instructions. As of the time of this filing, government counsel has not received a response with proposed changes to these jury instructions or received other jury instructions from the defendant.

## TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS** ........................................................ **3**
    Role of the Jury ........................................................................... 3
    Conduct of the Jury ..................................................................... 5
    Bench (Side-Bar) Conferences ..................................................... 11
    Note Taking by Jurors ................................................................ 12
    Questions by Jurors .................................................................... 15
    Description of Trial Proceedings.................................................. 16
    Evidence.................................................................................... 19
    Direct and Circumstantial Evidence ............................................ 23
    Credibility of Witnesses ............................................................. 25
    Nature of the Indictment ............................................................ 28
    Presumption of Innocence; Burden of Proof;
    Reasonable Doubt...................................................................... 30
**FINAL INSTRUCTIONS**........................................................................**32**
    Presumption of Innocence; Burden of Proof;
    Reasonable Doubt...................................................................... 32
    Credibility of Witnesses - Law Enforcement Officer ..................... 34
    Credibility of Witnesses - Immunized Witnesses .......................... 35
    Opinion Evidence (Expert Witnesses)........................................... 36
    Summaries – Underlying Evidence Not Admitted
    (F.R.E. 1006).............................................................................. 38
    Stipulations of Fact .................................................................... 39
    *Specific Investigative Techniques Not Required* ............................ 41
    *Credibility of Witnesses – Testimony of Addict or*
    *Substance Abuser* ...................................................................... 42
    *Defendant's Choice not to Testify or Present Evidence*................... 43
    *Defendant's Testimony* ............................................................... 44
    *Impeachment of Defendant – Prior Inconsistent Statement* .......... 45
    Count I –False Statement in Purchase of a Firearm
    (18 U.S.C. 922(a)(6)) .................................................................. 46
    "Firearm" Defined ...................................................................... 47
    "Dealer" Defined ........................................................................ 48
    "Material" Defined...................................................................... 49
    Count II – Make a False Statement During a Firearm Purchase
    (18 U.S.C. 922(a)(6)) .................................................................. 50
    "Knowingly" Defined .................................................................. 51

Count III – Drug User or Drug Addict in Possession
of a Firearm ......................................................................52
"Knowing Possession" Defined .....................................................55
Unanimity Required.......................................................................57
"In or Affecting Interstatemetn Commerce" Defined ....................58
Election of Foreperson; Unanimous Verdict; Do Not Consider
Punishment; Duty to Deliberate; Communication with Court .....59
Verdict Form..................................................................................63

## <u>PRELIMINARY INSTRUCTIONS</u>

### Role of the Jury

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions.  That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence

or about what your verdict should be.  My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.[2]

---

[2]     Model Criminal Jury Instructions, 3d Circuit, § 1.02.

## Conduct of the Jury

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything

else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking

should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it. *[In highly publicized cases, the judge may want to add an additional instruction in this regard.]*

(7) During the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. You must not visit the scene or conduct experiments. Also, just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not search the internet or any other electronic resources for information about this case or the witnesses or parties involved in it. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

(8) You must not communicate about the case with anyone, including your family and friends, until deliberations, when you will

discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat).

Please note that these restrictions are about all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might be viewable by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

(9) You should also be aware of an even newer challenge for trials such as this one–persons, entities, and even foreign governments may seek to manipulate your opinions, or your impartiality during deliberations, using the communications I've already discussed or using fake social media accounts. But these misinformation efforts might also be undertaken through targeted advertising online or in social media. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. Please be aware of this possibility, ignore any pop-ups or ads that might be relevant to what we are doing here, and certainly do not click through to learn more if these notifications or ads appear. If this happens, you must let me know.

Because it is so important to the parties' rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom. (I like to let the jury know in advance that I may be doing that, so you are prepared for the question.)

(10)  Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

I hope that for all of you this case is interesting and noteworthy. [3]

---

[3]  Model Criminal Jury Instructions, 3d Circuit, § 1.03.

## Bench (Side-Bar) Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing.  That is called a bench or side-bar conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.[4]

---

[4]     Model Criminal Jury Instructions, 3d Circuit, § 1.04.

11

## Note Taking by Jurors

At the end of the trial you must make your decision based on what you remember of the evidence.  You will not have a written transcript of the testimony to review.  You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said.  My courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Here are some other specific points to keep in mind about note taking:

(1)  <u>Note-taking is permitted, but it is not required.</u>  You are not required to take notes.  How many notes you want to take, if any, is entirely up to you.

(2)  <u>Please make sure that note-taking does not distract you</u> from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down

everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3) Your notes are memory aids; they are not evidence.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

(4)  In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someones notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each jurors independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5) You should not take your notes away from court. *[Here the judge should describe the logistics of storing and securing jurors notes during recesses and at the end of the court day.  For example, jurors may be told*

*to put their notes in an envelope provided for that purpose at the beginning of each recess and at the end of the day.  The jurors could be told to leave the envelope containing the notes on their chairs. The judge's courtroom staff could collect the notes and place them in a locked drawer at the end of each day or the jurors might be told to leave their notes in the jury room at the end of the day.]*

My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.[5]

---

[5]     Model Criminal Jury Instructions, 3d Circuit, § 1.05 (Option 1).

## Questions by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.[6]

---

[6]     Model Criminal Jury Instructions, 3d Circuit, § 1.06 (Option 1).

## Description of Trial Proceedings

The trial will proceed in the following manner:

*First*:   The lawyers will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case.  The defendant's lawyer may make an opening statement after the prosecutor's opening statement or the defendant may postpone the making of an opening statement until after the government finishes presenting its evidence.  The defendant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

*Second*:  After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and the defendant's lawyer may cross-examine those witnesses. The government may also offer documents and other exhibits into evidence.

*Third*:   After the government has presented its evidence, the defendant may present evidence, but he is not required to do so.  As I will

tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

*Fourth*:  After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

*Fifth*:  After you have heard the closing arguments, I will give you orally *[and in writing]* the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

*Sixth*:  After my final instructions on the law, you will retire to consider your verdict.  Your deliberations are secret.  You will not be

required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence in other words, until you begin your deliberations.[7]

---

[7]    Model Criminal Jury Instructions, 3d Circuit, § 1.07.

## Evidence

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a

question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the

rules of evidence.  You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard

that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.[8]

---

[8]      Model Criminal Jury Instructions, 3d Circuit, § 1.08.

## Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence. You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses - something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet

23

umbrella, that testimony would be circumstantial evidence that it was raining, from which you could infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you are to decide how much weight to give any evidence.[9]

---

[9]    Model Criminal Jury Instructions, 3d Circuit, § 1.09.

## Credibility of Witnesses

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness knowledge, understanding, and memory;

(3) The witness appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness testimony in court;

(7) Whether the witness testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness testimony is when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should consider whether it is about a

26

matter of importance or an insignificant detail.  You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.  You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.[10]

---

[10]    Model Criminal Jury Instructions, 3d Circuit, § 1.10.

## Nature of the Indictment

The government has charged the defendant, Robert Hunter Biden with violating federal law, specifically:

Count One charges that the defendant made a false statement in the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).

Count Two charges that the defendant made a false statement related to information required to be kept by law by a federal firearms licensed dealer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

Count Three charges the defendant, knowing that he was an unlawful user of a controlled substance or addicted to a controlled substance, did knowingly possess a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

The charges against the defendant are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only. An indictment is not evidence of anything, and you should not give any

weight to the fact that the defendant has been indicted in making your

decision in this case.[11]

---

[11]    Model Criminal Jury Instructions, 3d Circuit, § 1.11 (additions underlined)

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Robert Hunter Biden, has pleaded not guilty to the offenses charged. He is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government presents evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt. The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on

evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, you should return a verdict of guilty.  However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.[12]

---

[12]     Model Criminal Jury Instructions, 3d Circuit, § 1.13.

## FINAL INSTRUCTIONS

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Robert Hunter Biden, pleaded not guilty to the offenses charged.  The defendant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proven guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt.  That means that the government must prove

each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.[13]

---

[13]     Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## Credibility of Witnesses - Law Enforcement Officer

You have heard the testimony of several law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.[14]

---

[14]    Model Criminal Jury Instructions, 3d Circuit, § 4.18.

**Credibility of Witnesses - Immunized Witnesses**

**You have heard evidence that [_____]**

*has received a promise from the government that she will not be prosecuted;*

**And you have heard evidence that [_____]**

*has received a promise from the government that her testimony will not be used against her in a criminal case; or*

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has received immunity in exchange for her testimony, but you should consider the testimony of *[_____ ]* with great care and caution. In evaluating *[_____]'s* testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by the government's promise is for you to determine. You may give her testimony such weight as you think it deserves.[15]

---

[15]    Model Criminal Jury Instructions, 3d Circuit, § 4.08.

## Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from FBI Forensic Chemist Jason Brewer, DEA Supervisory Special Agent Joshua Romig, and Special Agent Brian Blank. Because of their knowledge, skill, experience, training, or education in the field of forensic chemistry, narcotics and coded language interpretation, and firearms and interstate nexus determinations, these experts were permitted to offer opinions in that field and the reasons for those opinions.

The opinion these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that their opinions are not based on sufficient knowledge, skill,

experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.[16]

---

[16]    Model Criminal Jury Instructions, 3d Circuit, § 4.08.

**Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain charts and summaries offered by the government were admitted as evidence.  You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.[17]

---

[17]     Model Criminal Jury Instructions, 3d Circuit, § 4.11.

## Stipulations of Fact

The government and the defendant have agreed that the following facts are true:

1. On October 12, 2018, StarQuest Shooters and Survival Supply, located in Wilmington, Delaware, possessed a federal firearms license and was authorized to deal in firearms under federal laws.

2. A federal firearms license holder is licensed, among other things, to sell firearms and ammunition. Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which federal firearms license holders are permitted to sell firearms and ammunition. These rules and regulations include, but are not limited to, Title 27 CFR, Chapter II, Sections 478.21, 478.124, and 478.129.

3. The Colt Cobra 38SPL revolver with serial number RA551363 is a "firearm" as defined in Title 18, United States Code, Section 921(a)(3).

4. The frame of the Colt Cobra 38SPL revolver with serial number RA551363 was manufactured in the state of Massachusetts, and

Colt's Manufacturing Company assembled the frame and remaining components of the Colt Cobra 38SPL revolver with serial number RA551363 at their facilities in the state of Connecticut. By virtue of its presence in the state of Delaware, the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce.

Because of the parties' agreement, you should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.[18]

---

[18]   Model Criminal Jury Instructions, 3d Circuit, § 4.02

## *Specific Investigative Techniques Not Required*

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as (mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices).

You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to (mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence).

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.[19]

---

19    Model Criminal Jury Instructions, 3d Circuit, § 4.14

### *Credibility of Witnesses – Testimony of Addict or Substance Abuser*

*Evidence was introduced during the trial that [_____] was addicted to drugs and using drugs when the events took place. There is nothing improper about calling such a witness to testify about events within her personal knowledge.*

*On the other hand, her testimony must be considered with care and caution. The testimony of a witness who (describe circumstances) may be less believable because of the effect the drugs may have on her ability to perceive, remember, or relate the events in question.*

*After considering her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.*[20]

---

[20]      Model Criminal Jury Instructions, 3d Circuit, § 4.21

### *Defendant's Choice not to Testify or Present Evidence*

The defendant [did not testify / did not present evidence] in this case.
A defendant has an absolute constitutional right [not to testify / not to present evidence]. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.[21]

---

[21]     Model Criminal Jury Instructions, 3d Circuit, § 4.27.

43

### *Defendant's Testimony*

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.[22]

---

[22]   Model Criminal Jury Instructions, 3d Circuit, § 4.28.

### *Impeachment of Defendant – Prior Inconsistent Statement*

You will recall that the defendant testified during the trial on his own behalf.  You will also recall that there was evidence that the defendant made a statement to one of the law-enforcement witnesses before trial.  The defendant [admitted/denied] making this earlier statement. The defendant's earlier statement was brought to your attention only to help you decide if you believe what he testified to here in court.  If you find that the defendant once said something different, then you should consider that in deciding if what he said here in court was true.  You must not, however, consider the earlier statement as evidence of the defendant's guilt.  The government must use other evidence to prove, beyond a reasonable doubt, that the defendant committed the crime.[23]

---

[23]   Model Criminal Jury Instructions, 3d Circuit, § 4.37.

## Count I –False Statement in Purchase of a Firearm (18 U.S.C. 922(a)(6)

Count One charges that the defendant made a false statement in the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the seller was a licensed dealer;

Second: That the defendant made a false statement while acquiring a firearm from the seller;

Third: That the defendant knew that the statement was false; and

Fourth: That the false statement was intended or likely to deceive the seller with respect to any fact material to the lawfulness of the sale of the firearm.[24]

---

[24]    *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A.

## "Firearm" Defined

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.[25]

---

[25]    *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-2.

## "Dealer" Defined

A "dealer" is any person engaged in the business of selling firearms at wholesale or retail. The term "licensed dealer" means any dealer who is licensed under the provisions of the Gun Control Act of 1968.[26]

---

[26]     *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-1

## "Material" Defined

A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in connection with the sale of the firearm. In determining whether a fact was material to the lawfulness of the sale of the firearm, you may consider that the law prohibits any person who is an unlawful user or addicted to any controlled substance from purchasing or possessing any firearm.[27]

---

[27]    *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-3.

**Count II –Making A False Statement During A Firearm**

**Purchase (18 U.S.C. 924(A)(1)(A))**

Count Two charges that the defendant made a false statement related to information required to be kept by law by a federal firearms licensed dealer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*One*, the defendant knowingly made a statement or representation in an ATF Form 4473;

*Two*, the defendant made the statement or representation to a federally licensed firearms dealer;

*Three*, the statement or representation was false; and

*Four*, the defendant knew the statement or representation was untrue when he made the statement or representation.

A statement is "false" if it was untrue when it was made.[28]

---

28 The Third Circuit does not have a model instruction for this offense. This proposed instruction is based on the Eighth Circuit's model

### "Knowingly" Defined

A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.[29]

---

instructions.  *See* Model Criminal Jury Instructions, 8th Circuit, § 6.18.924

[29] *See* Model Criminal Jury Instructions, 3rd Circuit, § 5.02

# COUNT III – DRUG USER OR DRUG ADDICT IN POSSESSION OF A FIREARM

Count Three charges the defendant, knowing that he was an unlawful user of a controlled substance or addicted to a controlled substance, did knowingly possess a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*One*, the defendant was an unlawful user of a controlled substance, that is, crack cocaine, and was an unlawful user of a controlled substance or a drug addict;

*Two*, the defendant knowingly possessed a firearm, that is a Colt Cobra 38SPL revolver with serial number RA 551363, while he was an unlawful user of a controlled substance or a drug addict;

*Three*, at the time the defendant knowingly possessed the firearm, he knew he was an unlawful user of a controlled substance or a drug addict; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Delaware and that the defendant possessed that firearm in the State of Delaware then you may, but are not required to, find that it was transported across a state line. The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of a controlled substance or controlled substances during the time he possessed the firearm, but the law does not require that he used the controlled substance or controlled substances at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that

a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

The term "drug addict" means any individual who habitually uses any controlled substance so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of a controlled substance as to have lost the power of self-control with reference to his addiction.

You are instructed that crack cocaine, commonly referred to as crack, is a controlled substance.[30]

---

[30]   This proposed instruction is based on the Eighth Circuit's model instructions.   *See* Model Criminal Jury Instructions, 8th Circuit, § 6.18.922B.

## "KNOWING POSSESSION" DEFINED

To establish the second element of Count Three, the government must prove that the defendant possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that the defendant physically held the firearm, that is, had actual possession of it. As long as the firearm was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so - you may find that the government has proven possession.

Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.

If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

55

Proof of ownership of the firearm is not required.

The government must prove that the defendant knowingly possessed the firearm described in the indictment. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that the defendant knew the object was a firearm.[31]

---

[31] *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-4 Firearm Offenses - Knowing Possession Defined.

## Unanimity Required – Addiction Or User

The indictment charges the defendant with being an unlawful user of a controlled substance or addicted to a controlled substance. The government is not required to prove both that he was an unlawful user of a controlled substance and addicted to a controlled substance. It is sufficient for the government to prove, beyond a reasonable doubt, that he was either an unlawful user of a controlled substance or addicted to a controlled substance.

Each of you must agree with the other jurors as to whether the defendant was an unlawful user of a controlled substance, or was addicted to controlled substances, or both. If you unanimously agree that he was either an unlawful user of a controlled substance, or was addicted to a controlled substance, or was both, you may find the defendant guilty. Unless each of you agree that the government has proven that he was either an unlawful user of a controlled substance or addicted to a controlled substance, then you must find the defendant not guilty.[32]

---

[32] Adapted from Model Criminal Jury Instructions, 3rd Circuit, § 6.18.1956-6.

**"In or Affecting Interstate Commerce" Defined**

The fourth element that the government must prove beyond a reasonable doubt is that the firearm specified in the indictment had at some time traveled in interstate commerce. It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line. The government does not need to prove that the defendant himself carried it across a state line, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that the defendant knew that the firearm had traveled in interstate commerce. In this regard, there has been evidence that the firearm in question was manufactured in a different state than Delaware, the state where the Defendant is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.[33]

---

[33] *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-5 Firearm Offenses - In or Affecting Interstate or Foreign Commerce Defined

## Election of Foreperson; Unanimous Verdict; Do Not Consider

## Punishment; Duty to Deliberate; Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

*First*: <u>By custom of this Court, juror #1 is the jury foreperson.</u> This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

*Second*: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defnendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

*Third*: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate

punishment should be.   You should never consider the possible punishment in reaching your verdict.

*Fourth*: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

*Fifth*: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.   Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote. It is important for you to

reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

*Sixth*: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the

internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

*Seventh*: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.[34]

---

[34]     Model Criminal Jury Instructions, 3d Circuit, § 3.16.

## <u>VERDICT FORM</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant, Robert Hunter Biden, guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[35]

---

[35]   Model Criminal Jury Instructions, 3d Circuit, § 3.17.