# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN <br> ) |
| ROBERT HUNTER BIDEN, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**MR. BIDEN'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO THE PENDING TAX CHARGES AND PROCEEDINGS IN CALIFORNIA (MIL #1)**

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**INTRODUCTION**

Mr. Biden moves to exclude any argument, reference, or questioning at trial of the pending tax charges against him in California or the proceedings in that case (*United States v. Biden*, No. 23-cr-00599-MCS (C.D. Cal. 2024)). Mr. Biden was indicted in that case on December 7, 2023 by the same Special Counsel prosecutors as here. Because argument, reference to, or questioning about the California matter has no proper purpose under Federal Rule of Evidence 404(b), poses a risk of misleading the jury and danger of unfair prejudice beyond any probative value, and, frankly, is irrelevant to the current firearm charges in Delaware, Mr. Biden requests that the Court exclude the government from referencing or raising the issue at trial.

**ARGUMENT**

Mr. Biden moves to exclude any reference to the pending tax charges in California or the proceedings in that case. During the parties' May 10, 2024 discussion, prosecutors indicated that they were "not sure" if they would seek to raise the issue, depending on whether Mr. Biden testifies and/or that any such reference would not be to the charges themselves, but may come in through documentary evidence that references a law enforcement search warrant or some other event which references a "tax investigation."

Even were Mr. Biden to testify, questions about pending tax charges or the general tax issue would not be relevant and surely would be prejudicial beyond any probative value. *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988) (under Rule 403, "trial judge must appraise the genuine need for the challenged evidence and balance the necessity against the risk that the information will influence the jury to convict on improper grounds"); *see also United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (evidence of prior crimes or bad must have a proper purpose under Rule 404(b), be relevant under Rule 402, have a probative value outweighed by its

1

prejudicial effect under Rule 403 to be admissible). As to the government's claim that the "tax investigation" may be referenced in certain documents, that could surely be cured either by redacting such references, or sanitizing such references to a general "law enforcement request" or some other general description rather than the specifics of "tax" or any other issue. *Snyder v. Davidson*, 2023 WL 2573416, at *6 (W.D. Pa. Mar. 20, 2023) (motion *in limine* ruling requiring redaction in expert report to references to plaintiff's criminal convictions and toxicology report); *id.* (ruling that parties shall not offer evidence or elicit testimony regarding plaintiff's drug-related criminal conviction).

The solution Mr. Biden proposes to apply minor redactions or sanitize any descriptions in documentary evidence to the "tax investigation" or to potential tax violations in any warrants or affidavits would impose a minimal burden (if any) on the government, and any law enforcement witnesses could be instructed pre-trial not to reference the pending tax charges or tax investigation (unless Mr. Biden's counsel opens the door, which it does not intend to do).

Furthermore, permitting the Special Counsel to raise this issue would lead to tangential issues that would likely create a mini-trial within the trial, where Mr. Biden will need to effectively defend against the tax charges by explaining tax law, the roles of his accountants and lawyers, the fact that he paid his taxes with interest and penalties, and how certain payments were characterized, in order to counter the prejudicial impact. Courts have cautioned against admission of evidence that would create a mini-trial on the issue. *See, e.g.*, *Johnson v. City of Philadelphia*, 2018 WL 11053491, at *2 (E.D. Pa. July 20, 2018) (granting motion *in limine* precluding evidence concerning sufficiency of police department's investigation because its admission "will create a mini-trial on the collateral issue of [the police's investigation] . . . and distract the jury"). There is

2

no compelling reason here why the jury should be distracted from the actual issues in this case by a mini-trial regarding the tax charges or California matter.

## CONCLUSION

For the foregoing reasons, Mr. Biden respectfully requests that the Court exclude the government from raising any argument, reference, or questioning of the pending tax charges in California or the proceedings in that case.

Dated: May 20, 2024

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, D.C. 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Counsel for Robert Hunter Biden*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2024, I filed the foregoing Motion *in Limine* with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*

4