# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN ) |
| ROBERT HUNTER BIDEN, | ) ) |
| Defendant. | ) ) ) |

**MR. BIDEN'S OPPOSITION TO THE SPECIAL COUNSEL'S MOTION *IN LIMINE* TO EXCLUDE THE DEFENSE FROM ARGUING OR SUGGESTING THAT THE GOVERNMENT MUST SHOW DEFENDANT'S USE OF CONTROLLED SUBSTANCE ON THE DAY OF HIS FIREARM PURCHASE (MIL #1)**

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

The Special Counsel seeks to prevent Mr. Biden "from arguing or suggesting through questioning of witnesses that the government must establish the defendant's use of a controlled substance on the day of his firearm purchase." (DE 118.)  But the prosecution alleges Mr. Biden is guilty of (1) possessing a firearm while being an unlawful user of, and addicted to, a controlled substance under 18 U.S.C. § 922(g)(3), and the Fifth Circuit recently and definitively held "that historical intoxication statutes [like 922(g)] cannot stretch far enough to justify disarming a sober citizen 'based exclusively on his past drug usage.'" *United States v. Perry*, 2023 WL 7185622, at *2 (S.D. Tex. Nov. 1, 2023) (citing *United States v. Daniels*, 77 F.4th 337, 348 (5th Cir. 2023)). Instead, the prosecution must proffer "evidence that [Mr. Biden] was intoxicated *at the time he was found with a gun*." *Daniels*, 77 F.4th at 348 (emphasis added).

Moreover, the Special Counsel accuses Mr. Biden of lying about being an unlawful user of drugs on a gun purchase form when he purchased the firearm in violation of 18 U.S.C. § 922(a)(6) and § 924(a)(1)(A) & (2), which requires the prosecution to prove *both* that Mr. Biden was an unlawful user of drugs *and* that Mr. Biden *knew* he was an unlawful user of drugs *at the time he signed the form*.  Thus, the Special Counsel must prove Mr. Biden actually used, and knew he used, drugs at the time he purchased the gun.  Precluding Biden from challenging this element of the offense would violate his Fifth and Sixth Amendment right "to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 331 (2006).

**ARGUMENT**

The Special Counsel's motion *in limine* must be denied because it is at war with the elements of the offenses that the Special Counsel must prove to secure a conviction.  Despite what it refers to as "overwhelming evidence of his addiction before, during, and after the *period* when he possessed the gun," the Special Counsel fears Mr. Biden "will attempt to improperly argue to

1

the jury, or suggest through questioning of witnesses, that the government must establish his use of a controlled substance on the day that he purchased the firearm." (DE 118 at 2 (emphasis added).) Yet, that is exactly what the Special Counsel must prove and its attempt to run from its burden belies its hyperbolic claim that it can meet this burden through "overwhelming evidence."

The Special Counsel charged a Section 922(g)(3) offense knowing it violated DOJ policy that expressly reserve such prosecutions for cases impacting public safety and *after* the Fifth Circuit confirmed that Section 922(g) is unconstitutional as applied to a sober, nonviolent offender like Mr. Biden under the Second Amendment. *Daniels*, 77 F.4th at 355 (applying *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)). In *Daniels*, the Fifth Circuit examined the nation's "history and tradition of gun regulation," which was limited to disarming distrusted groups believed to be "dangerous," and rejected the argument that federal gun statutes can criminalize firearm possession by sober citizens based on drug use at other points in time. *Daniels*, 77 F.4th at 355. The court explained (*id*. at 347–48 (emphasis added))[1]:

> As applied to Daniels, § 922(g)(3) is a significantly greater restriction of his rights than were any of the 19th-century laws. Although the older laws' bans on 'carry' are likely analogous to § 922(g)(3)'s ban on 'possess[ion],' there is a considerable difference between someone who is actively intoxicated and someone who is an 'unlawful user' under § 922(g)(3). The statutory term 'unlawful user' captures regular users of marihuana, but its temporal nexus is vague—it does not specify how recently an individual must 'use' drugs to qualify for the prohibition. *Daniels himself admitted to smoking marihuana fourteen days a month, but we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated at the time he was found with a gun*. Indeed, under the government's reasoning, Congress

---

[1] Like "unlawful user," "addict" is also not defined in the statute, and it has both a clinical definition and a more colloquial definition. Colloquially, persons who have struggled with addiction will identify themselves as an "addict," even long after their drug use has ended and they no longer suffer any of the clinical signs of addiction. The statutory contemporaneousness required of a user applies to someone suffering clinically from addiction and, of course, to withstand the Second Amendment the Special Counsel must show Mr. Biden's was addicted and dangerous when he possessed the gun. Additionally, to state an offense, the Special Counsel must prove Mr. Biden believed he was clinically addicted. Many genuine addicts are in denial about that, thinking they can manage their use, quit any time, and that they are not addicted.

2

could ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the postbellum intoxicated carry laws. The analogical reasoning *Bruen* prescribed cannot stretch that far.

*Daniels* relied in part on *Range v. Attorney General*, in which the Third Circuit held that Section 922(g)(1), the statute that criminalizes possession of a firearm by a convicted felon, was unconstitutional as applied to a nonviolent offender for the same reasons. 69 F.4th 96 (3d Cir. 2023) (*en banc*). And these are just two of several recent rulings by federal courts applying *Bruen* and reaching similar conclusions. *See e.g., United States v. Duarte*, No. 22-50048 (9th Cir. May 9, 2024) (Section 922(g)(1) violates the Second Amendment as applied to a non-violent offender who has served his time in prison and reentered society); *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023) (Section 922(g)(8) prohibiting gun possession by those under a court-ordered restraining order violates the Second Amendment).[2] These cases, and others following *Bruen*, all hold that federal gun statutes prohibiting firearm possession are unconstitutional as applied to sober, nonviolent offenders, and *Daniels* specifies that, with respect to Section 922(g)(3), that includes those who have used or been addicted to drugs, but were sober "at the time" of the alleged possession. *Daniels*, 77 F.4th at 348.

This Court denied a facial constitutional challenge to the statute while noting that an as-applied challenge can be addressed later, when the facts are established at trial. (DE 114 at 9.) That requires proof of cotemporaneous use. In *Perry*, for example, the defendant "admitted that he had used marijuana the same morning he was found possessing the firearm," but the district court found a live trial issue as to whether the defendant was "actually intoxicated" when he later possessed the firearm. 2023 WL 7185622, at *2–3. Similarly, in *United States v. Connolly*, police

---

[2] *Rahimi* clarified that "non-violent" does not mean "law abiding," despite use of that term in cases like *Bruen,* as the term was just "short-hand" to "exclude from the. . . discussion" people who were historically "stripped of their Second Amendment rights." *Rahimi*, 61 F.4th at 452.

found the defendant in possession of a firearm in his home, which smelled of marijuana, was littered with drugs, and his wife disclosed he had smoked crack the night before. 2024 WL 1460762, at *3 (W.D. Tex. Apr.2, 2024). Still, the court explained the prosecution must prove the defendant "was intoxicated at the time of the incident, made dangerous by his drug use, or had 'a history of drug-related violence'" because "[t]hese are the very considerations on which Connelly's as applied challenge depends. *Id.* (citations omitted). The Special Counsel shoulders the same burden here.

Finally, the Special Counsel also charges Mr. Biden with violating Sections 922(a)(6) and 924(a)(1)(A) & (2) by lying about being an unlawful user of drugs on the gun purchase form when he purchased the firearm. With respect to those charges, it is even more clear that the prosecution must prove that Mr. Biden did drugs on the day he purchased the firearm because, in addition to proving Mr. Biden was *actually* a drug user or addict *on that day*, the prosecution must prove that Mr. Biden held the subjective belief that he was a drug user or addict within the meaning of the statute *on that day*. *See id*. Thus, the prosecution cannot prove the *actus reus* or *mens rea* necessary to convict Mr. Biden of making false statement unless it proves he did drugs on the day he purchased the firearm.

To conclude, the prosecution has brought unprecedented charges with more than a good chance they are unconstitutional. They want to now further avoid legal precedents as to what the charges they filed require and take from Mr. Biden a chance to fully defend himself within the existing law. As the Court recognized, Mr. Biden must be free to challenge the statute's applicability and constitutionality as applied to him—a nonviolent, sober citizen, adorned with a full and flourishing set of Second Amendment rights. And that of course means he must be able to argue to the jury what the Special Counsel must prove. The motion should be denied.

| | |
|---|---|
| Dated: May 20, 2024 | Respectfully submitted,<br><br>/s/ *Abbe David Lowell*<br>Abbe David Lowell<br>Christopher D. Man<br>WINSTON & STRAWN<br>1901 L Street NW<br>Washington, DC 20036<br>Tel.: (202) 282-5000<br>Fax: (202) 282-5100<br>AbbeLowellPublicOutreach@winston.com<br>CMan@winston.com<br><br>Bartholomew J. Dalton (#808)<br>DALTON & ASSOCIATES, P.A.<br>1106 West 10th Street<br>Wilmington, DE 19806<br>Tel.: (302) 652-2050<br>BDalton@dalton.law<br><br>*Counsel for Robert Hunter Biden* |

5

## CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of May, 2024, I filed the foregoing Opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

    /s/ *Abbe David Lowell*
    Abbe David Lowell

    *Counsel for Robert Hunter Biden*