# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

## MR. BIDEN'S OPPOSITION IN PART TO THE SPECIAL COUNSEL'S MOTION TO ADMIT PORTIONS OF DEFENDANT'S BOOK AND AUDIOBOOK AND MOTION IN LIMINE TO EXCLUDE USE OF SELF-SERVING STATEMENTS (MIL #2)

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

## INTRODUCTION

Out of Mr. Biden's 258-page memoir, the Special Counsel selected 55 pages of redacted excerpts from his memoir that it believes evidence his addiction and that Mr. Biden was, in the Special Counsel's view, "an unlawful user of or addicted to any controlled substance" at the time he purchased a firearm in October 2018. (D.E.119 ("Mot.") at 1.) Notably, these excerpts are not limited to the period in or around October 2018 (when the firearm was purchased), and instead are a panoply of select excerpts during a two-and-a-half year period between fall 2016 and spring 2018 (*id.* at 2), with many pages partially redacted.[1] Aside from these overbroad, but incomplete excerpts, the Special Counsel moves to exclude the use of "self-serving and irrelevant statements from other portions of the book and audiobook" for which it does not seek admission. (*Id.* at 1.)

As defense counsel previously indicated to the Special Counsel, we reserve the right, and must be able, to seek the admission of certain other excerpts from Mr. Biden's memoir or audiobook subject to a non-hearsay purpose, such as state of mind evidence (Fed. R. Evid. 803(3)), and pursuant to the Rule of Completeness contained in Rule 106.

## ARGUMENT

**I.   ADDITIONAL EXCERPTS FROM MR. BIDEN'S MEMOIR ARE ADMISSIBLE AS RELEVANT EVIDENCE OF HIS STATE OF MIND**

As noted in the Motion, the excerpts identified in Exhibit 1 are not hearsay because they are Mr. Biden's statements and those statements are being offered against him. Fed. R. Evid. 801(d)(2). Yet, the Special Counsel claims any additional excerpts from Mr. Biden's memoir,

---

[1] Defense counsel previously told the Special Counsel that it does not contest the authenticity of either the book or audiobook, *see* Fed. R. Evid. 901 (Mot. at Sec. I), nor does defense counsel intend to challenge the admissibility at trial of excerpted portions of Mr. Biden's book or audiobook where those statements are being offered against him, *see* Fed. R. Evid. 801(d)(2) (Mot. at Sec. II). Accordingly, the authenticity and admissibility of those portions identified in the Special Counsel's Exhibit 1 are not subject to challenge. Defense counsel reserves the right to challenge the relevancy of any proffered excerpt at trial pursuant to Fed. R. Evid. 401 and 403.

other than those redacted and selected portions it identified, constitute self-serving and irrelevant hearsay and should be excluded pre-trial because they would not be statements offered *against* a party opponent pursuant to Rule 801(d)(2). The Special Counsel is wrong and ignores the established exception to the rule against hearsay for "then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)." Fed. R. Evid. 803(3). A statement from the memoir or audiobook that describes Mr. Biden's own state of mind, and is offered to prove the declarant's (e.g., Mr. Biden's) existing state of mind rather than its truth, constitutes the very exception to hearsay contained in Rule 803(3), and likely would be admissible so long as it meets the other requirements for relevancy and 403 evidence. *United States v. Hernandez*, 176 F.3d 719, 726 (3d Cir. 1999); *United States v. Donley*, 878 F.2d 735, 737 (3d Cir. 1989).

Where Mr. Biden is charged with illegally possessing a firearm and making a false statement in October 2018 as a result of his marking "no" on ATF Form 4473 to the question, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" (Q.11(e)), his then-existing state of mind surrounding his use or addiction is relevant in this prosecution. *See Walker v. Studlack*, 2022 WL 304831, at *6 (M.D. Pa. Feb. 1, 2022) ("state of mind exception to the hearsay rule . . . exists to prove a declarant's state of mind when that state of mind is relevant."). How Mr. Biden perceived or understood his then-physical, emotional, and mental state is thus extremely relevant to the charges in this case.

Ignoring any possible exceptions to the hearsay rule, the Special Counsel cites two cases, *United States v. Willis* and *United States v. Wilkerson*, to argue Mr. Biden may not offer his own "self-serving statements" without taking the stand and submitting to cross-examination. (Mot. at 4). Yet, those cases are inapposite and ignore the contemplated hearsay exception for state of mind evidence. In *Willis*, on cross-examination of a government agent, where the defense tried to elicit

2

the defendant's allegedly exculpatory statement made at the time of his arrest that he believed only mail was aboard a cargo plane to prove defendant had no knowledge the plane was carrying illicit cargo, the statement was deemed inadmissible hearsay in defendant's prosecution on drug-related charges. 759 F.2d 1486, 1501 (11th Cir. 1985). There was no proffered hearsay exception in that case for defendant's statement, and the statement was being offered for its truth. *Id.* ("The appellants do not suggest any hearsay exception, and we know of none."). Similarly in *Wilkerson*, the defense was barred from eliciting, on cross-examination of a government agent, exculpatory statements defendant had made explaining how he had acquired certain bait money. 84 F.3d 692, 696 (4th Cir. 1996). Again, the trial court noted, "because the exculpatory statement in question here was pure hearsay and no exception enumerated in the rules permit its introduction, the trial judge did not abuse his discretion in prohibiting its admission." *Id.* The two cases offered by the Special Counsel bear no resemblance to what Mr. Biden is suggesting should he seek to admit a few additional relevant excerpts from his memoir, either on cross-examination or in his case-in-chief—pursuant to the state of mind exception to hearsay.

Lastly, setting aside the admissibility of additional statements from Mr. Biden's memoir, equally concerning is the Special Counsel's selective redaction to statements contained in the pages in Exhibit 1, without regard to the completeness of those proffered pages. For example, on page 219 (Chapter 11 title page, "Saved"), the Special Counsel included the opening sentence, "By the time my plane touched down in Los Angeles in March 2019, I had no plan beyond the moment-to-moment demands of the crack pipe." Ex. 1 at 219. However, the very next sentence on the page is redacted: "I was committed to one thing: vanishing for good." Such a statement—whether Mr. Biden was in such despair or depression that he wanted to disappear, or worse, relent to suicidal thoughts—again goes to Mr. Biden's then-existing state of mind, and should Mr. Biden seek its admission at trial, it ought to be admissible subject to its relevance and probative value.

Similarly, on the following page, the Special Counsel includes a statement about Mr. Biden's "nearly four years of active addiction . . . which included half a dozen rehab attempts" (Ex. 1 at 220), but then redacts other statements on the same page that offer much-needed context for the sake of completeness, including "I consciously stopped even pretending I would get better. I dove headfirst into the void." Again, such statements go to Mr. Biden's state of mind at the time.

Just as importantly, these redacted pages ignore the common-law doctrine of completeness codified in Rule 106—limited to writings or recorded statements. Fed. R. Evid. 106, Adv. n.1. The rule's purpose is to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received. *United States v. Ricks*, 882 F.2d 885, 893 (4th Cir. 1989). But that is exactly what the Special Counsel has asked to do here—determining what it deems relevant, without regard to the complete context and conditions as Mr. Biden described it in his memoir. To be clear, Mr. Biden is not asking the Court to include "everything" from his book (Mot. at 4, quoting *United States v. Collicott*), but where the Special Counsel seeks to admit a page from Mr. Biden's memoir as written by him, Mr. Biden should have the right to seek the admission of additional relevant sentences or passages from that same page, subject to the Rule of Completeness, so long as the statements meet the other requirements for relevance and prejudice.

## CONCLUSION

Accordingly, Mr. Biden opposes the Special Counsel's categorical motion to exclude other statements from his memoir as self-serving and inadmissible hearsay, and would move at trial to seek the admission of any additional excerpt subject to one of the pertinent exceptions to the rule against hearsay statements, the rule of completeness, and Rules 401 and 403.

|  |  |
|---|---|
| Dated: May 20, 2024 | Respectfully submitted, |
|  | /s/ *Abbe David Lowell* |
|  | Abbe David Lowell |
|  | Christopher D. Man |
|  | WINSTON & STRAWN |
|  | 1901 L Street NW |
|  | Washington, D.C. 20036 |
|  | Tel.: (202) 282-5000 |
|  | Fax: (202) 282-5100 |
|  | AbbeLowellPublicOutreach@winston.com |
|  | CMan@winston.com |
|  |  |
|  | Bartholomew J. Dalton (#808) |
|  | DALTON & ASSOCIATES, P.A. |
|  | 1106 West 10th Street |
|  | Wilmington, DE 19806 |
|  | Tel.: (302) 652-2050 |
|  | BDalton@dalton.law |
|  |  |
|  | *Counsel for Robert Hunter Biden* |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2024, I filed the foregoing Opposition in Part with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*