## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-00061-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MR. BIDEN'S PROPOSED JURY INSTRUCTIONS

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
    Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

Defendant Robert Hunter Biden, by and through counsel of record, submits his Proposed Jury Instructions.  Mr. Biden respectfully reserves the right to supplement these jury instructions as needed.

The government filed its jury instructions with the Court on May 17, 2024.  For the purposes of judicial economy and efficiency, Mr. Biden provides below (1) a list of the government instructions with which he agrees to as written, (2) a list of Special Counsel proposed instructions that should be omitted entirely, (3) a list of instructions that should be replaced entirely and proposed replacement instructions, (4) revised instructions proposed by the government and/or proposed replacement instructions, and (5) additional proposed instructions not suggested by the government.

Date: May 20, 2024

Respectfully submitted,

By:   */s/*Abbe David Lowell _____

Abbe David Lowell (*admitted pro hac vice*)
AbbeLowellPublicOutreach@winston.com
Christopher D. Man
CMan@winston.com
Kyllan J. Gilmore
KGilmore@winston.com
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

*Attorneys for Robert Hunter Biden*

## DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED JURY INSTRUCTIONS

### I.   AGREED UPON INSTRUCTIONS[1]

| Proposed Gov. Instruction No. | Title | Source |
|---|---|---|
| 1 | Role of Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury] |
| 2 | Conduct of Jury | Model Criminal Jury Instructions, 3d Circuit, § 1.03. |
| 3 | Bench (Side-Bar) Conferences | Model Criminal Jury Instructions, 3d Circuit, § 1.04. |
| 4 | Note Taking by Jurors | Model Criminal Jury Instructions, 3d Circuit, § 1.05 (Option 1). |
| 5 | Questions by Jurors | Model Criminal Jury Instructions, 3d Circuit, § 1.06 (Option 1). |
| 6 | Description of Trial Proceedings | Model Criminal Jury Instructions, 3d Circuit, § 1.07. |
| 7 | Evidence | Model Criminal Jury Instructions, 3d Circuit, § 1.08. |
| 8 | Direct and Circumstantial Evidence | Model Criminal Jury Instructions, 3d Circuit, § 1.09. |
| 9 | Credibility of Witnesses | Model Criminal Jury Instructions, 3d Circuit, § 1.10. |
| 10 | Nature of the Indictment | Model Criminal Jury Instructions, 3d Circuit, § 1.11 (additions underlined). |
| 13 | Credibility of Witnesses - Law Enforcement Officer | Model Criminal Jury Instructions, 3d Circuit, § 4.18. |

---

[1] For the purposes of efficiency, these instructions are not repeated in Mr. Biden's Proposed Instructions.

| 14 | Credibility of Witnesses - Immunized Witnesses | Model Criminal Jury Instructions, 3d Circuit, § 4.08. |
| 17 | Stipulations of Fact | Model Criminal Jury Instructions, 3d Circuit, § 4.02. |
| 18 | Specific Investigative Techniques Not Required | Model Criminal Jury Instructions, 3d Circuit, § 4.14. |
| 20 | Defendant's Choice not to Testify or Present Evidence | Model Criminal Jury Instructions, 3d Circuit, § 4.27. |
| 21 | Defendant's Testimony | Model Criminal Jury Instructions, 3d Circuit, § 4.28. |
| 24 | "Firearm" Defined | *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-2. |
| 25 | "Dealer" Defined | *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-1 |
| 32 | "In or Affecting Interstate Commerce" Defined | *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-5 Firearm Offenses - In or Affecting Interstate or Foreign Commerce Defined. |
| 33 | Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court | Model Criminal Jury Instructions, 3d Circuit, § 3.16. |
| 34 | Verdict Form | Model Criminal Jury Instructions, 3d Circuit, § 3.17. |

## II.   SPECIAL COUNSEL PROPOSED INSTRUCTIONS THAT SHOULD BE OMMITTED ENTIRELY

| Proposed Gov. Instruction No. | Title | Objections |
|---|---|---|
| **19** | Credibility of Witnesses – Testimony of Addict or Substance Abuser | This instruction should be omitted.  There are no witnesses who are currently addicts or substance abusers, and any witnesses with a history of the same can be cross examined to explore any possible memory or credibility issues.  Moreover, it would be unfair for the Court to give an instruction singling out the defendant's personal testimony for being reviewed with caution.  It would undermine his right to testify in his defense and violate his Fifth and Sixth Amendment rights to a fair trial. |

## III.   SPECIAL COUNSEL PROPOSED INSTRUCTIONS THAT SHOULD BE REPLACED

*\* Proposed replacement instructions follow this chart with supporting sources, arguments, and case law set forth in footnotes.*

| Proposed Gov. Instruction No. | Title | Objections |
|---|---|---|
| **11** | Presumption of Innocence; Burden of Proof; Reasonable Doubt | *See* footnotes to draft replacement instruction below. |
| **12** | Presumption of Innocence; Burden of Proof; Reasonable Doubt | *See* footnotes to draft replacement instruction below. |
| **26** | "Material" Defined | The Special Counsel's proposed instruction is overbroad and unconstitutionally vague and ambiguous.  The instruction says (emphasis added):<br><br>"A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person *in connection with* the sale of the firearm."<br><br>A fact is material if it would reasonably be expected to be of concern to a reasonable and prudent licensed firearm dealer *in determining the lawfulness of the sale of the firearm*. The proposed instructions use of the phrase "in connection with the sale of the firearm" reads as though it is broader than this and could encompass all manner of facts that are irrelevant to the alleged false representations and the materiality of those representations to the decision by the dealer to sell the firearm. |
| **30** | "Knowing Possession" Defined | This instruction is correct in defining possession in terms of "actual possession," but strays from the statute and any constitutionally adequate due process notice by claiming it is sufficient to be "within the defendant's control . . . or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession," and that it is sufficient if "the defendant had the ability to take actual |

|  |  | possession of the object when the defendant wanted to do so." Linguistically, "possession" means actual possession, not the ability to obtain possession in the future. Moreover, whatever danger is posed by dangerous people being in possession of a firearm does not occur until those people take possession. The Third Circuit notes "possession" is used in the "present tense." *United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004).<br><br>Nor is it clear what it would mean if not actual possession. A person who owns a firearm that is stored at a distant location or in the actual possession of a friend, could retrieve it or ask for it back, so the gun would be within his "ability to take actual possession" or "control" in this sense. The same is true of a defendant's ability to request or take a gun belonging to someone else. The instruction also notes: "Proof of ownership of the firearm is not required." Thus, "the ability to take actual possession" seems almost endless, as it could include the ability to ask or simply take a gun from a friend or neighbor, or perhaps even the ability to buy a gun. The Court should instruct the jury that possession means "actual possession." The instruction also should include the language the Special Counsel excluded from the model instruction: "Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession." Model 6.18.922G-4. |

## DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 11

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Because the defendant has the right to remain silent, the law prohibits you from arriving at your

verdict by considering that the defendant may decide not to submit evidence of his own or not to testify.

*Third*:[2] the government has the burden of proving each Defendant guilty beyond a reasonable doubt and if it fails to do so you must find the Defendant not guilty.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.[3]

---

[2] The Third Circuit's Model Criminal Jury Instructions, § 1.13 merely identifies that the government bears the burden of proof beyond a reasonable doubt and provides some explanation of reasonable doubt, but it does not explain that it is a different standard than that applied in civil cases or explain how it differs from the civil standard.  The defense submits that this additional guidance explaining the difference between the civil and criminal standard is fundamental to a fair trial, *see Taylor v. Kentucky*, 436 U.S. 478, 483-86, 490 (1978); *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *In re Winship*, 397 U.S. 358, 364 (1970), and should be fully explained to the jury.

[3] This instruction is a slight modification of Federal Judicial Center Pattern Criminal Jury Instruction No. 1, *see* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988).  The Fifth Circuit, for example, has upheld an instruction that it described as "nearly identical" to this instruction. *United States v. Williams*, 20 F.3d 125, 131 (5th Cir. 1994).  The last two sentences of the first paragraph are particularly important.  "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset [because]. . . contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury." *United States v. Walton*,

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 12**

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty.  The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Because the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may decide not to submit evidence of his own or not to testify.

*Third*:[4] the government has the burden of proving the Defendant guilty beyond a reasonable doubt and if it fails to do so you must find the Defendant not guilty.  Some of you may have served

---

207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *Williams*, 20 F.3d at 132 n.5).  The second paragraph is taken verbatim from *Ninth Circuit Pattern Jury Instructions (Criminal Cases)* § 3.5 (2019). *See also id.* cmt. ("The Ninth Circuit has repeatedly upheld this instruction.") (citing cases).  Several Supreme Court justices have opined that this sort of instruction is superior to the alternatives. *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part). In *Williams*, the Fifth Circuit specifically pointed to Justice Ginsburg's endorsement of the "firmly convinced" language.  *Williams*, 20 F.3d at 131.  *Williams* noted that the Fifth Circuit's Pattern Jury Instruction provides an "alternative" definition, but explained that the Fifth Circuit "do[es] not require the use of this instruction." *Id.* at 129 n.2.  The pattern instructions are intended to facilitate appellate review because they have been tested, but the defense's proposed instruction already has been found adequate by the Fifth Circuit in *Williams* and other cases.  *Id.*; *see also Price v. Cain*, 1995 WL 450218, at *3 (5th Cir. July 6, 1995) (noting FJC "firmly convinced" instruction meets constitutional muster); *United States v. Hunt*, 784 F.2d 1095, 1100 (5th Cir. 1986) (affirming use of the FJC "firmly convinced" instruction).

[4] The Third Circuit's Model Criminal Jury Instructions, § 1.13 merely identifies that the government bears the burden of proof beyond a reasonable doubt and provides some explanation

as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.[5]

---

of reasonable doubt, but it does not explain that it is a different standard than that applied in civil cases or explain how it differs from the civil standard. The defense submits that this additional guidance explaining the difference between the civil and criminal standard is fundamental to a fair trial, *see Taylor v. Kentucky*, 436 U.S. 478, 483-86, 490 (1978); *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *In re Winship*, 397 U.S. 358, 364 (1970), and should be fully explained to the jury.

[5] This instruction is a slight modification of Federal Judicial Center Pattern Criminal Jury Instruction No. 1, *see* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988). The Fifth Circuit, for example, has upheld an instruction that it described as "nearly identical" to this instruction. *United States v. Williams*, 20 F.3d 125, 131 (5th Cir. 1994). The last two sentences of the first paragraph are particularly important. "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset [because]. . . contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury." *United States v. Walton*, 207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *Williams*, 20 F.3d at 132 n.5). The second paragraph is taken verbatim from *Ninth Circuit Pattern Jury Instructions (Criminal Cases)* § 3.5 (2019). *See also id.* cmt. ("The Ninth Circuit has repeatedly upheld this instruction.") (citing cases). Several Supreme Court justices have opined that this sort of instruction is superior to the alternatives. *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part). In *Williams*, the Fifth Circuit specifically pointed to Justice Ginsburg's endorsement of the "firmly convinced" language. *Williams*, 20 F.3d at 131. *Williams* noted that the Fifth Circuit's Pattern Jury Instruction provides an "alternative" definition, but explained that the Fifth Circuit "do[es] not require the use of this instruction." *Id.* at 129 n.2. The pattern instructions are intended

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 26**

**"Material" Defined**

A fact is material if it would reasonably be expected to be of concern to a reasonable and prudent licensed firearm dealer in determining the lawfulness of the sale of the firearm.[6]

---

to facilitate appellate review because they have been tested, but the defense's proposed instruction already has been found adequate by the Fifth Circuit in *Williams* and other cases. *Id.*; *see also Price v. Cain*, 1995 WL 450218, at *3 (5th Cir. July 6, 1995) (noting FJC "firmly convinced" instruction meets constitutional muster); *United States v. Hunt*, 784 F.2d 1095, 1100 (5th Cir. 1986) (affirming use of the FJC "firmly convinced" instruction).

[6] *See* objections to this proposed instruction set forth in the chart above for an explanation of the chosen language, which is based on this Circuit's model rule.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 30**

**"Knowing Possession" Defined**

To establish the second element of Count Three, the government must prove that the defendant possessed the firearm in question.  To "possess" means to have something within a person's control.[7]  The government must prove that the defendant was in physical possession of the firearm, such that the defendant's possession and control over the firearm posed an unreasonable threat to public safety.[8]

Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint.  If one person alone possesses a firearm, that is sole possession.  However, more than one person may be able to possess a firearm pursuant to this definition.  This is called joint possession.  If you find that the defendant did not solely possess the firearm, but instead jointly possessed the firearm with another, you may find that the government has proven possession.

Proof of ownership of the firearm is not required.

The government must prove that the defendant knowingly and intentionally possessed the firearm described in the indictment.  This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that the defendant knew the object was a firearm.

---

[7] Underlined sentences are from the Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-4. Additional language is meant to address the objections to the Special Counsel's proposed instruction set forth in the chart above.

[8] *See infra* n.22 (discussing *Daniels* and similar cases)

Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.[9]

---

[9] The Special Counsel inexplicably omitted this language from its proposed instructions based on Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-4.

## IV.    SPECIAL   COUNSEL   PROPOSED   INSTRUCTIONS   WITH   MODIFIED   LANGUAGE

*\* Proposed revised instructions follow this chart with specific objections to the Special Counsel's proposed instructions set forth in footnotes.*

| Proposed Gov. Instruction No. | Title |
|:---:|:---:|
| 15 | Opinion Evidence (Expert Witnesses) |
| 22 | Impeachment of Defendant – Prior Inconsistent Statement |
| 23 | Count I –False Statement in Purchase of a Firearm (18 U.S.C. 922(a)(6) |
| 27 | Count II –Making a False Statement During a Firearm Purchase (18 U.S.C. 924(a)(1)(A)) |
| 29 | Count III – Drug User or Drug Addict in Possession of a Firearm |
| 31 | Unanimity Required – Addiction or User |
| 28 | "Knowingly" Defined |

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 15[10]**

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from experts.  Because of their knowledge, skill, experience, training, or education in their respective fields, these experts were permitted to offer opinions on matters within those fields and the reasons for those opinions.

The opinion these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the

---

[10] This instruction proposed by the Special Counsel was modified to make this a generic instruction that applies to Mr. Biden's experts as well.  Language retained from the Special Counsel's proposed instructions is underlined.

witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinion*(s)* entirely if you decide that their opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 16[11]**

**Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain charts and summaries offered by the government and Mr. Biden were admitted as evidence.  You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

---

[11] This instruction proposed by the Special Counsel was modified to refer to Mr. Biden's evidence in addition to the government's.  Language retained from the Special Counsel's proposed instructions is underlined.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 22[12]**

**Impeachment – Prior Inconsistent Statement**

You will recall that certain witnesses testified during the trial.  You may also recall evidence that one or more of the witnesses made a statement before trial and that witness then [admitted/denied] making the earlier statement.  If so, the witness(es)' earlier statement was brought to your attention only to help you decide if you believe what he or she testified to here in court. If you find that the witness once said something different, then you should consider that in deciding if what he or she said here in court was true.  If that witness was the defendant, however, you must not consider the earlier statement as evidence of the defendant's guilt. The government must use other evidence to prove, beyond a reasonable doubt, that the defendant committed the crime.

---

[12] This instruction proposed by the Special Counsel was modified to refer to the government's witnesses as well.  Language retained from the Special Counsel's proposed instructions is underlined.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 23[13]**

**Count I –False Statement in Purchase of a Firearm (18 U.S.C. 922(a)(6)**

Count One charges that the defendant made a false statement in the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).  In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the seller was a licensed dealer;

Second: That the defendant intentionally[14] made a false statement while acquiring a firearm from the seller;

Third: That the defendant knew that the statement was false; and

Fourth: That the false statement was intended[15] to deceive the seller with respect to any fact material to the lawfulness of the sale of the firearm.

---

[13] Language retained from the Special Counsel's proposed instructions is underlined.

[14] As the rest of the instruction explains, the government must prove Mr. Biden knowingly made a false statement that he knew would be material to the seller.  The fact that he must therefore have intended to deceive the seller is implicit, but this word should be added to clarify this for the jury. Failing to do so would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.

[15] Mr. Biden removed the following language from the instruction proposed by the Special Counsel: "or likely to deceive."  This language erroneously suggests that government need not prove that the Mr. Biden intended to deceive the dealer.  As the rest of the instruction explains, the government must prove Mr. Biden knowingly made a false statement that he knew would be material to the seller.  The fact that he must therefore have intended to deceive the seller is implicit, and thus the excluded language would only serve to confuse the jury in violation of Mr. Biden's Fifth and Sixth Amendment rights.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 27[16]**

**Addiction or User Count II –False Statement in Purchase of a Firearm (18 U.S.C. 922(a)(6)**

Count One charges that the defendant made a false statement in the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the seller was a licensed dealer;

Second: That the defendant intentionally[17] made a false statement while acquiring a firearm from the seller;

Third: That the defendant knew that the statement was false; and

Fourth: That the false statement was intended to deceive[18] the seller with respect to any fact that would be material, i.e., a fact that would reasonably be expected to be of concern to a reasonable and prudent licensed dealer in determining the lawfulness of the sale of the firearm.[19]

---

[16] Language retained from the Special Counsel's proposed instructions is underlined.

[17] As the rest of the instruction explains, the government must prove Mr. Biden knowingly made a false statement that he knew would be material to the seller. The fact that he must therefore have intended to deceive the seller is implicit, but this word should be added to clarify this for the jury. Failing to do so would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.

[18] Mr. Biden removed the following language from the instruction proposed by the Special Counsel: "or likely to deceive." This language erroneously suggests that government need not prove that the Mr. Biden intended to deceive the dealer. As the rest of the instruction explains, the government must prove Mr. Biden knowingly made a false statement that he knew would be material to the seller. The fact that he must therefore have intended to deceive the seller is implicit, and thus the excluded language would only serve to confuse the jury in violation of Mr. Biden's Fifth and Sixth Amendment rights.

[19] *See supra* proposed replacement materiality instruction and associated footnotes.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 29.[20]**

**Count III – Drug User or Drug Addict in Possession of a Firearm**

Count Three charges the defendant, knowing that he was an unlawful user of a controlled substance or addicted to a controlled substance, did knowingly and intentionally[21] possess a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond all reasonable doubt:

*One*, the defendant knowingly possessed a firearm, that is a Colt Cobra 38SPL revolver with serial number RA 551363;

*Two*, the defendant was an unlawful user of a controlled substance, that is, crack cocaine, at the time he was in possession of the firearm;[22]

---

[20] Language retained from the Special Counsel's proposed instructions is underlined.

[21] As the rest of the instruction explains, the government must prove Mr. Biden knowingly made a false statement that he knew would be material to the seller. The fact that he must therefore have intended to deceive the seller is implicit, but this word should be added to clarify this for the jury. Failing to do so would risk violating Mr. Biden's Fifth and Sixth Amendment rights by causing the jury confusion or to misapprehend the law.

[22] The Fifth Circuit recently and definitively held "that historical intoxication statutes [like 922(g)] cannot stretch far enough to justify disarming a sober citizen 'based exclusively on his past drug usage.'" *United States v. Perry*, 2023 WL 7185622, at *2 (S.D. Tex. Nov. 1, 2023) (citing *United States v. Daniels*, 77 F.4th 337, 348 (5th Cir. 2023)). Instead, the prosecution must proffer "evidence that [Mr. Biden] was intoxicated *at the time he was found with a gun*." *Daniels*, 77 F.4th at 348 (emphasis added). In *Daniels*, the Fifth Circuit examined the nation's "history and tradition of gun regulation," which was limited to disarming distrusted groups believed to be "dangerous," and rejected the argument that federal gun statutes can criminalize firearm possession by sober citizens based on drug use at other points in time. *Daniels*, 77 F.4th at 355. The court explained that the statutory term "'unlawful user' . . . does not specify how recently an individual must 'use' drugs to qualify for the prohibition[, and although] [the defendant] himself admitted to smoking marihuana fourteen days a month, [] we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated *at the time he was found with a gun*." *Id*. at 347–48 (emphasis added).

*Daniels* relied in part on *Range v. Attorney General*, where the Third Circuit held that Section 922(g)(1), the statute that criminalizes possession of a firearm by a convicted felon, was unconstitutional as applied to a nonviolent offender for the same reasons. 69 F.4th 96 (3d Cir.

_Three_, at the time the defendant knowingly possessed the firearm, he knew he was an unlawful user of a controlled substance within the specific meaning intended by the statute;[23] and

---

2023) (_en banc_).  And these are just two of several recent rulings by federal courts applying _Bruen_ and reaching similar conclusions.  _See e.g., United States v. Duarte_, No. 22-50048 (9th Cir. May 9, 2024) (Section 922(g)(1) violates the Second Amendment as applied to a non-violent offender who has served his time in prison and reentered society); _United States v. Rahimi_, 61 F.4th 443, 452 (5th Cir. 2023) (Section 922(g)(8) prohibiting gun possession by those under a court-ordered restraining order violates the Second Amendment).  These cases, and others following _Bruen_, all hold that federal gun statutes prohibiting firearm possession are unconstitutional as applied to sober, nonviolent offenders, and _Daniels_ specifies that, with respect to Section 922(g)(3), that includes those who have used or been addicted to drugs, but were sober "at the time" of the alleged possession.  _Daniels_, 77 F.4th at 348.

This Court denied a facial constitutional challenge to the statute while noting that an as-applied challenge can be addressed later, when the facts are established at trial.  (DE114 at 9.)  That requires proof of cotemporaneous use.  In _Perry_, for example, the defendant "admitted that he had used marijuana the same morning he was found possessing the firearm," but the district court found a live trial issue as to whether the defendant was "actually intoxicated" when he later possessed the firearm.  2023 WL 7185622, at *2-3.  Similarly, in _United States v. Connolly_, police found the defendant in possession of a firearm in his home, which smelled of marijuana, was littered with drugs, and his wife disclosed he had smoked crack the night before.  2024 WL 1460762, at *3 (W.D. Tex. Apr.2, 2024).  Still, the court explained the prosecution must prove the defendant "was intoxicated at the time of the incident, made dangerous by his drug use, or had 'a history of drug-related violence'" because "[t]hese are the very considerations on which Connelly's as applied challenge depends.  _Id._ (citations omitted).  The Special Counsel shoulders the same burden here.

Moreover, like "unlawful user," "addict" is also not defined in the statute, and it has both a clinical definition and a more colloquial definition.  Colloquially, persons who have struggled with addiction will identify themselves as an "addict," even long after their drug use has ended and they no longer suffer any of the clinical signs of addiction.  But, because the statutory contemporaneousness required of a user applies equally to someone suffering clinically from addiction and therefore, to overcome the Second Amendment, the Special Counsel must show Mr. Biden was addicted and dangerous _when he possessed the gun_.  Additionally, to state an offense, the Special Counsel must prove Mr. Biden _believed_ he was clinically addicted, which is practically impossible to prove given the multiple common meanings of the term and the tendency of addicts to be in self-denial, and impossible to prove as a matter of law given the ambiguous nature of the term and failure to provide due process notice of the conduct that is criminalized.

[23] The term "addict" is ambiguous, and any constitutional application of the term would be subsumed within the relevant definition of drug "user," so it is better omitted from this instruction entirely (and, indeed, must be to prevent unconstitutional jury confusion).  _See supra n._22.  In any event, addiction absent actual use posing a threat of violence violates the Second Amendment under _Bruen_.

_Four_, the firearm was transported across a state line at some time during or before the defendant's possession of it.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Delaware and that the defendant possessed that firearm in the State of Delaware then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The phrase "unlawful user of a controlled substance," within the meaning of the statute, means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician "regularly" during the time of alleged possession and who poses a threat to public safety.[24]  The defendant must have been actively and "regularly" engaged in use of a controlled substance or controlled substances on the specific days that he possessed the firearm.[25]

You are instructed that crack cocaine, commonly referred to as crack, is a controlled substance.

---

[24] _See supra_ n.22 (discussing Daniels and similar cases).

[25] Mr. Biden struck the following from this paragraph: "but the law does not require that he used the controlled substance or controlled substances at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed."  That (uncited) language is an inaccurate statement of the law.  _See supra_ n.22 (discussing _Daniels_ and similar cases).

Mr. Biden also struck the following language for the reasons discussed _supra_ : "The term "drug addict" means any individual who habitually uses any controlled substance so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of a controlled substance as to have lost the power of self-control with reference to his addiction."

Finally, you must remember that because the government must prove intent, the separate

Defense: Good Faith instruction must be applied.

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 31[26]**

**Unanimity Required – Addiction or User**

Your verdict, whether it is guilty or not guilty, must be unanimous.  The indictment charges that Mr. Biden was both a user and addict of controlled substances.  The government is not required to prove that Mr. Biden was both a user and an addict, but you must be unanimous as to which theory the government has proven beyond a reasonable doubt to convict.  Even if all of you find beyond a reasonable doubt that he was either a user or an addict, but you cannot unanimously agree as to whether he was a user or an addict, that is insufficient.  You must be unanimous that he was a user or unanimous that he was an addict, or both.[27]

---

[26] Language retained from the Special Counsel's proposed instructions is underlined.

[27] A unanimity instruction is necessary to ensure a unanimous verdict and avoid jury confusion. *See United States v. Hara*, 985 F.3d 196, 224-25 (3d Cir. 2021).

## V.    MR. BIDEN'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 35**

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.[28]

---

[28] Source: Ninth Circuit Model Criminal Jury Instructions, No 6.10 (2022 ed.) [Activities Not Charged].

**DEFENDANT ROBERT HUNTER BIDEN'S PROPOSED INSTRUCTION NO. 36**

**Defense: Good Faith**

Because an essential element of the crimes charged is that Mr. Biden acted with a corrupt intent, it follows that good faith on the part of Mr. Biden is a complete defense to the charges. The burden of proving good faith does not rest with Mr. Biden because he does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that Mr. Hamilton is guilty and did not act with good faith.[29]

---

[29] *United States v. Henry*, 136 F.3d 12, 17 n.3 (1st Cir. 1998) (affirming a good faith instruction that included in part: "The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that the defendant is guilty of conspiracy.").

Dated: May 20, 2024                    Respectfully submitted,

                                       /s/ *Abbe David Lowell*
                                       Abbe David Lowell
                                       Christopher D. Man
                                       WINSTON & STRAWN
                                       1901 L Street NW
                                       Washington, D.C. 20036
                                       Tel.: (202) 282-5000
                                       Fax: (202) 282-5100
                                       AbbeLowellPublicOutreach@winston.com
                                       CMan@winston.com


                                       Bartholomew J. Dalton (#808)
                                       DALTON & ASSOCIATES, P.A.
                                       1106 West 10th Street
                                       Wilmington, DE 19806
                                       Tel.: (302) 652-2050
                                       BDalton@dalton.law

                                       *Counsel for Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2024, I filed the foregoing Opposition in Part with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*