IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| Defendant. ) | |

## MOTION TO ADMIT CERTIFIED FORM 4473 AND TO
## EXCLUDE EVIDENCE OF ANNOTATED FORM 4473

The government moves to admit a certified Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473 ("Certified Form 4473"), which is attached as Exhibit 1 at StarQuest_000003, which is authentic and admissible pursuant to Fed. R. Evid. 902(11) and 803(6), and moves to exclude an annotated version of this form from 2021 (hereafter "Annotated Form 4473", which is attached as Exbibit 3, because it is irrelevant and inadmissible.[1]

## BACKGROUND

On October 12, 2018, the defendant entered StarQuest Shooters ("StarQuest") and purchased the firearm in the indictment. The defendant filled out Section A of the Certified Form 4473, falsely representing that he was not an unlawful user of or addicted to a controlled substance.

On October 26, 2018, the owner of StarQuest, Ronald Palimere, scanned the Certified Form 4473 and emailed it to ATF Special Agent James Reisch from StarQuest's business email account. Exh. 1 at StarQuest_000003. This email, a copy of the Certified Form 4473 and other trial exhibits, were certified by a records custodian of StarQuest. *Id.* at StarQuest_000001.[2] No changes were

---

[1] The defense did not raise this issue until a hearing on May 14 and the government respectfully requests leave to file its motion in limine after the May 13 deadline imposed by the Court.

[2] The government has applied a black redaction box over certain portions of Exhibit 1 to redact personal identifying information of the defendant for purposes of this filing.

made to the Certified Form 4473 between October 12, 2018, and October 26, 2018, when Palimere emailed it to the ATF. Palimere 302, Exh. 2 at p. 3.

Nearly three years later, ATF agents requested that Palimere turn over the physical form, which he did on September 23, 2021. *Id.* at p. 1. By that date the form had two annotations that were not on the Certified Form 4473 on October 12, 2018. *Id.* First, the Seller's Transaction Serial Number had been applied to the top right-hand corner of page one at some point after the sale. *Id.* at 2. It is a standard business practice at StarQuest that a docketing clerk adds a transaction number after the sale before filing the form in the company's files. *Id.* Second, in section B (a section completed only by the seller), the words "DE VEHICLE REGISTRATION" were added to line 18b. No annotations were made to Section A, which was completed by the defendant.

In an email exchange with defense counsel on May 15, 2024, the defendant indicated he did not object to the admissibility of the Certified Form 4473. Then, at the hearing on May 14, 2024, the defendant inaccurately stated, "There are three or four changes on that form." Hrg. Trans. at 39:13. That claim is incorrect. As described above, there were only two additions to the Certified Form 4473 after it was filled out on October 12, 2018.

Following the hearing on May 14, 2024, the government interviewed Palimere on May 16, 2024. Exh. 2. He confirmed that Certified Form 4473 was the accurate version of the form as it existed on the date the defendant purchased his firearm:

> For the sale to Biden, all the fields completed on the certified 4473 were done before Biden left the store. . . Palimere scanned and emailed the certified 4473 to Reisch . . . The form was then filed away. Palimere did not handle the form again for three years and until he was requested to turn it over to ATF SA Veronica Hnat on September 23, 2021.

*Id.* at p. 3. According to the report, before he produced the form to ATF SA Hnat:

> Palimere decided to write Delaware registration in the box labeled 18.b. Palimere does not know why that was chosen but he knew it had to be an official document and it was all they could think of. Turner was the one who wrote Delaware vehicle registration in the box.

Palimere thinks that if Biden presented a vehicle registration on the day of the sale, it would have been documented on the certified 4473.

*Id.* at p. 4. With respect to annotating box 18.b., the report of Palimere's interview states:

No one thought to get supplemental information because everyone in the area knows who lives at [the defendant's father's address]. The address is a celebrity address. At the time and to Palimere and the employees, the address was obvious. If a second form of identification with an address was presented by Biden, Palimere was not present when it happened.

*Id.* at p. 2.

## ARGUMENT

### I.   The Certified Form is Authentic and Admissible

In light of the defendant's statements at the hearing, the government seeks a preliminary determination, as authorized by Fed. R. Evid. 104, of the admissibility of Exhibit 1, which includes the Certified Form and other certified records, under Rule 803(6) (records exception to hearsay) and 902(11) (self-authentication of certified domestic records of a regularly conducted activity) and 902(13) (certified records generated by an electronic process or system). The prerequisites for admissibility must be established to the Court by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Records of regularly conducted activity are not excluded by the hearsay rule. F.R.E. 803(6). The Certification attached in Exhibit 1 meets the criteria to establish the records are admissible under both rules.  As stated above, the defendant previously indicated he did not intend to oppose the authenticity and admissibility of these documents.

### II.   The Annotated Form 4473 is Irrelevant and the Defendant Seeks to Admit It for An Impermissible Purpose, and Therefore it Should be Excluded.

At the motions hearing, the defendant indicated that he may attempt to use the Annotated Form for an impermissible purpose. Specifically, defense counsel stated:

And the idea that after the fact somebody put car registration, that's a significant event in terms of Your Honor and the jury's consideration because the form that they say is the critical aspect of one of the counts in this case that includes the identification being a passport is not an acceptable form of identification.  It doesn't

3

> include the person's address. It should never have been accepted as a piece of identification. And somebody figured that afterwards. And then tried to fix it. And that should be a subject of that piece of evidence in front of this Court and the jury.

Hrg. Trans. at 39:16-40:2. Counts 1 and 2 charge a false statement by the defendant, not the gun store owner. Actions taken by employees of StarQuest after the form was filled out by the defendant do not make any of the elements of the charged offenses more or less likely and are therefore not relevant, *see* F.R.E. 401, and should be excluded pursuant to F.R.E. 402. *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A (18 U.S.C. § 922(a)(6)); Model Criminal Jury Instructions, 8th Circuit, § 6.18.924 (18 U.S.C. § 924(a)(1)(A) and § 6.18.922B (18 U.S.C. § 922(g)(3). For Counts 1 and 2, the defendant's crimes were complete when he completed section A of the Certified Form 4473 on October 12, 2018. Had the gun seller failed to further fill out the form, or had the seller made false entries in the latter portions of the form, the defendant would still have committed the charged crimes. For Count 3, the crime was complete when the gun was taken from him on October 23, 2018—again prior to any annotations to the form.

Moreover, the defendant intends to use this fact to suggest that the gun seller never should have sold the defendant the gun. Hrg. Trans. at 39:23. Even if such evidence were somehow relevant, which it is not, whatever probative value it arguably has is substantially outweighed by a danger of confusing the jury. F.R.E. 403. Palimere is not on trial. Nor does his decision to annotate the Form 4473 years after the defendant bought his gun change anything the defendant did in 2018. Admitting such evidence would invite a mini-trial on the propriety or impropriety of Palimere's actions which, regardless of the outcome of that determination, have no bearing on deciding whether the government has satisfied its burden of proof as to the elements of the offenses.

## CONCLUSION

For the reasons stated above, the government requests that the Court grant the motion.

                    Respectfully submitted,

                    DAVID C. WEISS
                    Special Counsel
                    United States Department of Justice

By: *[signature]*

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated: May 20, 2024

5