IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO DEFENDANT'S RESPONSE TO MOTION IN LIMINE
TO EXCLUDE DEFENSE FROM ARGUING OR SUGGESTING THAT
GOVERNMENT MUST SHOW DEFENDANT'S USE OF CONTROLLED
SUBSTANCE ON THE DAY OF HIS FIREARM PURCHASE**

The United States, by and through undersigned counsel, respectfully submits this Reply in support of the government's motion (Doc. No. 118). In his Response, the defendant argues the government must prove that the defendant used a controlled substance on the day that he purchased a firearm. Doc. No. 149 at p. 3, 5. The problem with his argument is that it directly contradicts the law and jury instructions that have been adopted by courts. For example, the Eighth Circuit Model Jury Instruction states, "Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct." Govt's Proposed Jury Instructions, Doc. No. 131 at p. 53-54. This instruction has been utilized by multiple courts, including in the Third Circuit, and is expressly recognized in the governing regulations. *See* Trial Brief, Doc. No. 158 at p. 6, FN 5 (citing *United States v. Zareck*, 2021 WL 4391393 (W.D.Pa. 2021) and stating "The Third Circuit Court of Appeals has relied upon 27 C.F.R. § 478.11 to define 'unlawful user of controlled substances' for the purpose of § 922(g)(3) (citing *United States v. Cheeseman,* 600 F.3d 270, 281 (3d Cir. 2010)).

1

While evidence that the defendant had used drugs on the day of the gun purchase could be probative of unlawful use, the absence of that fact does not mean the jury cannot find the defendant was an unlawful user as a matter of law. The government has not located any case in which a court held that the government must prove that the defendant was using drugs on the day of a gun purchase, and the defendant apparently has not either. The defendant's response fails to refute, much less address, § 922(g)(3) precedent in the Third, Sixth, Eighth and Tenth Circuits that was cited by the government in its motion. Rather, the defendant cites only three cases involving § 922(g)(3) – the outlier Fifth Circuit case *Daniels*, and two Texas federal cases that cite it. But none of those cases stand for the proposition that the defendant wants them to, that is, that the government *must* prove the defendant used drugs on October 12, 2018.

The defendant argues "the prosecution must proffer 'evidence that [Mr. Biden] was intoxicated at the time he was found with a gun,'" citing to *United States v. Daniels*, 77 F.4th 337, 348 (5th Cir. 2023). Doc. No. 149 at p. 1. But nowhere in the court's opinion does it state the prosecution *must* proffer such evidence to prove § 922(g)(3). While the *Daniels* court explained that the government did not present evidence that he was intoxicated at the time he was found with a gun, that does not stand for the proposition that the government *must* do so. *Daniels* was an as-applied challenge case and involved evidence of a post-*Miranda* admission that the defendant smoked marijuana "approximately fourteen days out of a month." *Id*. at 340. A short, non-descript statement like the one in *Daniels* is incomparable to the extent and nature of the evidence against the defendant, which is outlined in the Government's Trial Brief, and includes his admissions about smoking crack every 15 minutes in 2018 and constant crack use during a nearly four year period of "active addiction," testimony from three witnesses with personal knowledge of his drug use, messages showing his drug use from the defendant's phones, photographs and videos of the

defendant smoking crack, and cocaine residue on the brown leather pouch that he used to hold his gun in October 2018. *See* Doc. No. 158 at pp. 7-14.

The defendant claims that § 922(g)(3) should not disarm a citizen "based exclusively on his past drug usage," and cites to *United States v. Perry*, 2023 WL 7185622, at *2 (S.D. Tex. Nov. 1, 2023). Doc. No. 149 at p. 1. As shown in the government's trial brief, the government is not relying "exclusively on [the defendant's] past drug usage" and is instead relying on evidence that spans before, during, and after his gun possession within the four-year period of active addiction described by the defendant in his book. Doc. No. 158 at pp. 7-14. Moreover, *Perry* does not stand for the proposition that the government *must* prove the defendant used drugs on the same day as his gun possession, rather, day-of-use evidence was found to be sufficient to deny a defendant's motion to dismiss an indictment.

Third, the defendant wrongly states that the court in *United States v. Connelly*, 2024 WL 1460762, *3 (W.D. Tex. Apr. 2, 2024) explained "the prosecution *must* prove the defendant 'was intoxicated at the time of the incident, made dangerous by his drug use, or had 'a history of drug related violence.'" Doc. No. 149 at 5. However, the court says nothing about what the prosecution *must* prove, rather, it says that such allegations in a complaint were sufficient for purposes of denying a defendant's pretrial motion to dismiss after *Daniels*. *Connelly* at *3.

While the government agrees with the defendant that the prosecution must prove the defendant was both an unlawful user of drugs and knew he was an unlawful user of drugs when he bought his gun, that does not mean the government must prove he was under the influence of drugs on the day he bought the gun. The government's motion in limine is not "at war" with the elements of the offenses, rather, the motion adheres to clearly established law and jury instructions and should be granted. *See United States v. Turnbull*, 349 F.3d 558 (8th Cir. 2003) (finding

3

instruction utilizing this definition to be "entirely consistent with any standard for unlawful use to be gleaned from our prior decisions."); *United States v. Buchard*, 580 F.3d 341, 346 (6th Cir. 2009) (using Eight Circuit's model jury instruction modeled on 27 C.F.R. § 478.11 and *Turnbull*); *Cheeseman*, 600 F.3d at 280 (Third Circuit decision referencing § 478.11 in defining an unlawful user).

Further evincing the defendant's dubious position on this issue are his own proposed jury instructions, which show he could not locate any case that used an instruction that the government must prove the defendant used drugs on the day of a gun purchase. Doc. No. 156 at p. 20.

The government respectfully requests that the Court grant the motion and exclude argument that is wrong as a matter of law.

                              Respectfully submitted,

                              DAVID C. WEISS
                              Special Counsel
                              United States Department of Justice

By: */s/ Derek Hines*

                              Derek E. Hines
                              Senior Assistant Special Counsel
                              Leo J. Wise
                              Principal Senior Assistant Special Counsel
                              United States Department of Justice
                              950 Pennsylvania Avenue NW
                              Washington, D.C. 20530
                              771-217-6091

Dated:  May 22, 2024