IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| Defendant.  ) | |

**REPLY TO RESPONSE TO MOTION TO ADMIT PORTIONS OF DEFENDANT'S BOOK AND AUDIOBOOK AND MOTION IN LIMINE TO EXCLUDE USE OF <u>SELF-SERVING STATEMENTS</u>**

The United States, by and through undersigned counsel, respectfully submits this Reply in support of the government's motion (Doc. No. 119). In his response, the defendant agreed the book excerpts and audio identified by the government are authentic and admissible. Doc. No. 150, p. 1 FN 1. The government therefore requests the Court enter the proposed order so that it need not make travel arrangements for certain witnesses to testify at trial about the authenticity and admissibility of the book and audiobook.

In his response, the defendant claims additional portions of the book are admissible under Fed. R. Evid. 803(3). He is incorrect. Rule 803(3) provides the following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> (3) **Then-Existing** Mental, Emotional, or Physical Condition. A statement of the declarant's **then-existing state of mind** (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), **but not including a statement of memory or belief to prove the fact remembered or believed** unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3) (emphasis added). By its plain terms, the rule applies to a statement about the declarant's existing state of mind at the time the statement was made. *See e.g., United States v. Hernandez*, 176 F.3d 719, 726–27 (3d Cir. 1999) ("'[t]here are times when a state of mind, if

relevant, may be proved by **_contemporaneous_** declarations of feeling or intent'") (quoting *Shepard v. United States*, 290 U.S. 96, 104 (1933)) (emphasis added). Also by its plain terms, the rule expressly excludes statements of memories or beliefs about a past state of mind to prove the past state of mind. Thus, the defendant's request to add unspecified portions of the book to permit "state of mind" evidence is expressly disallowed by the Rule.

The defendant began writing his book "in November 2019," Doc. No. 119-1 at p.1, more than a year after he possessed the firearm in October 2018. His statements in his book are not contemporaneous descriptions of his state of mind at the time of the events he describes, rather, they are historical accounts he wrote at a later date. The government is not using any statements in his book about his addiction beyond the spring of 2019. The defendant's after-the-fact descriptions about past events do not meet the Rule 803(3) hearsay exception. *See Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004) ("The premise for admitting hearsay statements evidencing state-of-mind is that such statements are reliable because of their spontaneity and [the] resulting probable sincerity"), *United States v. LeMaster*, 54 F.3d 1224 (6th Cir. 1995) (finding statement made 24 hours later was not probative of defendant's state of mind the previous day and holding "To be admissible under Rule 803(3) as an exception to the hearsay rule, the declarant must not have had an opportunity to reflect and possibly fabricate or misrepresent his thoughts").

The two statements that the defendant claims are not "complete," are simply repackaged "state of mind" arguments that are impermissible. Doc. No. 150 at p. 4, 5 ("such statements go to Mr. Biden's state of mind at the time."). The defendant acknowledges that the rule of completeness is designed to prevent a party from misleading the jury. Neither sentence that the defendant identifies is necessary to complete the statement that precedes them. The jury will not be misled without them. The defendant claims that his statement that he experienced "nearly four years of

active addiction" needs to be completed by "I dove headfirst into the void." *Id.* at 4. This is simply an attempt by the defendant to inject nullification. He acknowledges as much by trying to introduce the sentence "I was committed to one thing: vanishing for good" because he claims it potentially shows his "suicidal thoughts." *Id.* at 3. Whether the defendant was experiencing such thoughts is irrelevant under Fed. R. Evid. 401 and, even if it were somehow relevant, should be excluded under Fed. R. Evid. 403.

The government is preparing trial exhibits that are audio clips with corresponding book pages and filed this motion in an effort to resolve any issues in advance of trial so there will be no delays at trial. Since the defendant has not identified any legitimate basis to object to the excerpts identified by the government, the government respectfully requests the Court enter the order proposed with its motion.[1]

                                      Respectfully submitted,

                                      DAVID C. WEISS
                                      Special Counsel
                                      United States Department of Justice

By: */s/ Derek Hines*

                                      Derek E. Hines
                                      Senior Assistant Special Counsel
                                      Leo J. Wise
                                      Principal Senior Assistant Special Counsel
                                      United States Department of Justice
                                      950 Pennsylvania Avenue NW
                                      Washington, D.C. 20530
                                      771-217-6091

Dated: May 22, 2024

---

[1] The government identified one additional page (203) that was omitted from Exhibit 1 (119-1), and provided it in its Trial Brief at Exhibit 1 (158-1). For clarity, the government is asking that the pages in Exhibit 1 to its motion and the excerpt of page 203 be found authentic and admissible.