IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE TO GOVERNMENT'S MOTION
IN LIMINE TO EXCLUDE EVIDENCE OF ABSENCE OF CRIMINAL
CHARGES BY DELAWARE STATE AUTHORITIES**

The United States, by and through undersigned counsel, respectfully submits this Reply in support of the government's motion (Doc. No. 121). In his Response, the defendant indicates he does not oppose the government's motion. Doc. No. 152 at p. 1. The government respectfully requests the Court issue its proposed order and responds to two incorrect statements by the defendant:

First, the defendant states "both parties may still seek the admission of . . . the Delaware State Police incident report . . ." Response at 1. The report is inadmissible because it is hearsay and not covered by any exception. Fed. R. Evid. 801.

Second, the defendant states "defense counsel would not be precluded from arguing that all the relevant events took place in 2018 **and prosecutors did not bring any charges against Mr. Biden until five years later**." Response at 2 (emphasis added). The fact that prosecutors decided to bring charges against Mr. Biden five years later is not relevant because it is not a fact of consequence and is therefore not admissible. Fed. R. Evid. 401; *See United States v. Benson*, 957 F.3d 218, 236-37 (4th Cir. 2020) (evidence of when a charging decision is made and the decision itself is irrelevant); *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases). Because the timing of the charging decision is not relevant to the jury's determination, the only purpose for the defense to elicit

it is to imply that somehow the charges are politically motivated. Not only is that an inappropriate inference, but this Court also previously stated:

> To the extent that Defendant's claim that he is being selectively prosecuted rests solely on him being the son of the sitting President, that claim is belied by the facts. The Executive Branch that charged Defendant is headed by that sitting President – Defendant's father. The Attorney General heading the DOJ was appointed by and reports to Defendant's father. And that Attorney General appointed the Special Counsel who made the challenged charging decision in this case – while Defendant's father was still the sitting President. Defendant's claim is effectively that his own father targeted him for being his son, a claim that is nonsensical under the facts here. Regardless of whether Congressional Republicans attempted to influence the Executive Branch, there is no evidence that they were successful in doing so and, in any event, the Executive Branch prosecuting Defendant was at all relevant times (and still is) headed by Defendant's father.

Memorandum Opinion Denying Motion to Dismiss for Selective and Vindictive Prosecution, Doc. No. 99, p. 9, FN 2. The Court should prohibit the defendant from arguing that "prosecutors did not bring any charges against Mr. Biden until five years later" because that fact is irrelevant and is being elicited for an improper purpose to suggest improper motive, when the evidence shows there is none. Such improper argument would lead the government to have to try to cure any misperception by introducing evidence consistent with the Court's Opinion cited above.

          Respectfully submitted,

          DAVID C. WEISS
          Special Counsel
          United States Department of Justice

By: _/s/ Derek Hines_

          Derek E. Hines
          Senior Assistant Special Counsel
          Leo J. Wise
          Principal Senior Assistant Special Counsel
          United States Department of Justice
          950 Pennsylvania Avenue NW
          Washington, D.C. 20530
          771-217-6091

Dated: May 22, 2024