IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ALLEGED DEFECTS IN THE INSTITUTION OF THE PROSECUTION OF THIS MATTER**

The United States, by and through undersigned counsel, respectfully submits this Reply in support of the government's motion (Doc. No. 122). In his Response, the defendant indicates "he has no intention of arguing or questioning on those enumerated topics" in the government's motion and proposed order. Doc. No. 153 at p.1. The government therefore respectfully requests the Court enter the proposed order in advance of opening statements.

Citing himself as the authority, defense counsel further suggests, "Mr. Biden's counsel did, however, explain that a question about a witness's experience, competence, or bias could include whether that witness has ever investigated, worked on, or testified in a case such as the one being tried, or whether a witness has previously made or written an extrajudicial statement that would include a reference to bringing these charges or other gun charges." *Id.* However, questions about whether a witness has investigated, worked on, or testified in a case such as the one being tried are irrelevant under Federal Rule of Evidence 401. A trial is about what happened at the time of the events in question. A trial is not about whether there are other cases like this one. *See e.g.*, *United States v. Bocra*, 623 F.2d 281, 288 (3d Cir. 1980) (holding that the district court did not abuse its discretion in refusing to allow defendant to cross examine agent about other bribery cases in which he was involved despite the defendant's entrapment defense).

Moreover, the defendant's claim that he can elicit a "statement that would include a reference to bringing these charges or other gun charges" is also illogical and irrelevant. None of the witnesses at trial brought these charges or other gun charges, prosecutors did. Prosecutors are responsible for making charging decisions and deciding whether to file, not witnesses. Not only are such questions irrelevant, but there is no basis to question these witnesses about bringing these charges, or other ones brought by other prosecutors.

        Respectfully submitted,

        DAVID C. WEISS
        Special Counsel
        United States Department of Justice

By: *[signature]*

        Derek E. Hines
        Senior Assistant Special Counsel
        Leo J. Wise
        Principal Senior Assistant Special Counsel
        United States Department of Justice
        950 Pennsylvania Avenue NW
        Washington, D.C. 20530
        771-217-6091

Dated: May 22, 2024