IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO MOTION IN LIMINE TO EXCLUDE REFERENCE
TO THE PENDING TAX CHARGES AND PROCEEDINGS IN CALIFORNIA (MIL #1)**

The United States, by and through undersigned counsel, respectfully submits this Response to the defendant's motion in limine (Doc. No. 135), in which the defendant moves to "exclude any argument, reference, or questioning at trial of the pending tax charges against him in California or the proceedings in that case" Doc. No. 135, p. 1. The government disagrees that there is a risk of prejudice, *id*. p. 1, should the phrase "tax investigation" be used when it is necessary for the government to reference documents obtained as part of its investigation in the tax case, but in view of the defendant's suggestion that a more general description would satisfy his concern, counsel for the government is willing to refer to use the general description "criminal investigation" (as opposed to "law enforcement request") "rather than the specifics of tax." *Id*., p. 2.

The defendant is wrong, however, with respect to his argument that questions about his failure to report or pay taxes would be irrelevant if he testifies. *Id*. p. 1-2. The law is clear that truthfulness on tax returns is an "archetype" of credibility evidence admissible under Rules 608, 611(b) and 403 in cross examination of witnesses. The government should be allowed to cross-examine the defendant regarding his truthfulness on his tax returns and to argue at closing from the evidence in the record that the defendant lied on his taxes and is not credible.

1

The Federal Rule of Evidence permit cross examination regarding "*matters affecting the witness's credibility.*" Fed. R. Evid. 611(b) Similarly, Rule 608(b) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. *But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of… the witness*

*Id.* (emphasis added)

"[W]hen a criminal defendant takes the stand, he … becomes subject to cross-examination impeaching his credibility just like any other witness" *Grunewald v. United States*, 353 U.S. 391, 420 (1957). The defendant's fraudulent responses on his tax forms are probative of his truthfulness and such evidence, questioning and argument are therefore admissible. *United States v. Sullivan*, 803 F.2d 87, 90–91 (3d Cir. 1986) (citing *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir.1985) (district court did not abuse its discretion in permitting the government to impeach defendant who testified in his own defense regarding his failure to disclose income on income tax and financial forms because it was probative of truthfulness and admissible)). If the defendant takes the stand, the defendant's direct testimony will place the issue of his credibility before the jury. Under these circumstances, the balancing test set forth in Fed. R. Evid. 403 certainly weighs in the government's favor. Therefore, if the defendant testifies, the prosecution must be permitted to attack his credibility.

**CONCLUSION**

For the reasons stated above, the government requests that the Court enter the proposed order denying the defendant's first motion in limine.

                              Respectfully submitted,

                              DAVID C. WEISS
                              Special Counsel
                              United States Department of Justice

By: *[signature: Derek Hines]*

                              Derek E. Hines
                              Senior Assistant Special Counsel
                              Leo J. Wise
                              Principal Senior Assistant Special Counsel
                              United States Department of Justice
                              950 Pennsylvania Avenue NW
                              Washington, D.C. 20530
                              771-217-6091

Dated: May 22, 2024