IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN,    ) | |
| ) | |
| Defendant.  ) | |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO HIS EXTRAVAGANT LIFESTYLE**

The United States, by and through undersigned counsel, respectfully submits this Response to defendant's motion in limine (Doc. No. 138) and opposes the motion. In this case, the government agrees that the focus of its case in chief will not be whether the defendant was living an extravagant lifestyle. Using the example the defendant states in his motion: The government does not intend to ask a witness who met Mr. Biden in a hotel room how much the hotel room cost. While the government disagrees with the notion that the words "extravagant lifestyle" are prejudicial, the government agrees that example is not relevant in this case. Fed. R. Evid. 401.

At trial the government's proof will include some evidence that the defendant was spending money, including, but not limited to: the defendant spent large sums of cash on drugs and drug paraphernalia; the defendant was staying at hotels while traveling with a witness who observed his drug use; the defendant withdrew sums of cash from ATMs in locations that are consistent with his described whereabouts in his book, including in Delaware around the time of the gun purchase; the defendant withdrew cash prior to his purchase of the firearm at issue in this case; the defendant tendered $900 in cash when he bought the gun; and the defendant was living a life as he described it in excerpts of the book identified in the government's motion to admit. Doc. No. 119-1. All of this evidence is relevant because it is evidence that has a tendency to make a fact more or less

probable than it would be without the evidence, that is, whether he was a user of controlled substances or an addict, and whether he purchased the gun—both of which the government must prove at trial.

Again, while the government does not concede that the phrase "extravagant lifestyle" is prejudicial, the government writes to advise that relevant evidence of certain of the defendant's spending will be introduced during trial.

>Respectfully submitted,
>
>DAVID C. WEISS
>Special Counsel
>United States Department of Justice

By: */s/ Derek Hines*

>Derek E. Hines
>Senior Assistant Special Counsel
>Leo J. Wise
>Principal Senior Assistant Special Counsel
>United States Department of Justice
>950 Pennsylvania Avenue NW
>Washington, D.C. 20530
>771-217-6091

Dated:  May 22, 2024