# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN ) |
| ROBERT HUNTER BIDEN, | ) ) |
| Defendant. | ) ) ) |

## MR. BIDEN'S OPPOSITION TO THE SPECIAL COUNSEL'S MOTION TO ADMIT CERTIFIED FORM 4473 AND TO EXCLUDE EVIDENCE OF ANNOTATED FORM 4473 (MIL #9)

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

The Special Counsel seeks to prevent Biden from offering at trial a doctored version of Form 4473 because he claims the altered form is "irrelevant and inadmissible." (D.E.157 ("Mot.") at 1.) Neither is true, and the Special Counsel's statements at the May 14 conference, and actions after (uncovering the gun seller's activities and trying years later to conceal it), confirm the document's relevance and admissibility. What Biden knew and was told on October 12, 2018 is at the center of this prosecution and any after-the-fact doctoring of Form 4473 raises questions about the accuracy of the initial form and who completed it, as well as the credibility and now bias of the gun shop employees. The Special Counsel claims Biden checked the box concerning being a drug user because the gun shop would require him to do so, but wants to hide from the jury that the gun shop broke other rules to complete an unauthorized sale concerning this very form, and then falsified Biden's Form 4473 to make the sale appear proper. By relying upon the form submitted by StarQuest, the Special Counsel put the credibility of the gun shop's employees at issue. There is no reason to think that a gun shop willing to look past one legal requirement to make a sale would not look past another legal requirement to make the same sale. The doctored Form 4473 is relevant and probative of this fact. Additionally, the store's keeping of this form is specifically relevant to the charge in Count Two (knowingly making a false statement that was caused to be *kept* in the gun shop's records). 18 U.S.C. § 924(a)(1)(A).

In a footnote, the Special Counsel oddly points a finger at *Biden* for not "rais[ing] this issue until" May 14 (*id.* at 1, n.1), as if Biden was obligated to identify, pre-trial, material defects in the *government's* case-in-chief. He does not, and the Special Counsel is also wrong in claiming Biden's counsel did not raise this issue with the Special Counsel before the May 14 conference. First, the Special Counsel raised the issue of two Form 4473s (original and doctored) in its April 24, 2024 expert disclosure letter (Ex. 1 at 3), seemingly aware of the two inconsistent forms with

1

its then strategy to seek admission only of the "original" Form 4473, and to avoid dealing with or explaining the doctored version.

Then, during the parties' May 10, 2024 call, Biden's counsel asked why there were two copies of the form and to explain the differences between them.[1]  The Special Counsel then stated "someone" added information to the original Form 4473, before ATF obtained a copy on September 23, 2021, but he did not know who.  While the parties knew something at the very least suspect had occurred, only the government—not Biden—could figure that out pre-trial.  The government had the two inconsistent forms for over two years.  The truth is coming to light now that the Special Counsel, after the May 14 conference, took steps to uncover the facts, and now wants to preclude Biden from probing the issue or offering evidence questioning how an altered form affects Count Two and the credibility and bias of the gun shop employees who altered the form.  The Court should deny this motion in its entirety.

The Special Counsel alleges Biden wants to use doctored Form 4473 "for an impermissible purpose," yet cites no concern beyond a "mini-trial." (Mot. at 3–4.)  The Special Counsel intends to call "an employee of Starquest Shooters who sold the gun to [Biden] and witnessed [Biden] fill out the ATF Form 4473." (D.E.158 at 19.)  That salesclerk (Gordon Cleveland) witnessed what was filled out, handled the form and ID provided, and signed the original form. (Gov. Ex. 1 at 6.)  Cleveland told the FBI, "Biden presented his passport as identification" on October 12, and

---

[1] The Special Counsel chides Biden's counsel for stating at the May 14 conference, "[t]here are *three or four changes* on that form," (Mot. at 2) (emphasis added), claiming there are only two changes.  The Special Counsel, not Biden, is "incorrect."  *Id.*  In addition to the two changes noted—the addition of (1) the seller's Transaction Serial Number and (2) the words "DE VEHICLE REGISTRATION" at line 18.b (added in September 2021)—the original form includes color ink in certain boxes completed by StarQuest employees (*lines 19.a, 19.b, 19.c and 37 are in red ink, and Gordon Cleveland's signature at lines 34 – 36 is in blue ink*).  When the doctored form was reproduced to Biden in discovery, it was a black-and-white photocopy with none of the colors from the original, obscuring who filled out portions of the doctored form.  Biden attaches a color copy for the benefit of the Court, because the Special Counsel did not. (Ex. 2 at 3.)

2

Cleveland discussed with Ron Palimere (owner) and Jason Turner (employee) whether the passport was sufficient. (Gov. mis-filed Ex. 2 at 1.) Despite knowing such a sale violated the law, "Palimere wanted to get the sale completed . . . so Palimere said yes to using the passport as identification." (Rev. Ex. 2 at 2.)

The original Form 4473 then sat untouched for *three* years until Palimere, with Turner's help, "decided to write Delaware [vehicle] registration in the box labeled 18.b." (Rev. Ex. 2 at 4.) Palimere dubiously claims he received "significant media attention" in 2021 as justification to doctor the form (*id.* at 3), but that is false. The government's discovery reveals, Palimere drew media attention in October 2020, during the election campaign, and conspired with others shortly before the 2020 election to publicize aspects of Biden's gun purchase. Palimere's conduct and motive for doing so and altering the form is relevant and goes to the heart of his credibility, bias, and character for untruthfulness.

There is no dispute that questioning Cleveland or Turner about events that day, their recollections of the ID used, discussions about the sale with other employees, and knowledge of an after-the-fact bogus form is relevant and goes to their credibility and truthfulness. Fed. R. Evid. 607, 608; *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010) ("Proof of bias is almost always relevant, because a showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony"); *see also Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999) ("bias is always relevant in assessing" credibility).

The Special Counsel seeks to trivialize the relevance of this evidence and bar Biden from seeking its admission. But just last week, in this Court, the Special Counsel proclaimed:

> So, frankly, that latter [altered] form is, from an evidentiary perspective, *more valuable* to the Government because it's one more indicia of identity that Mr. Hunter Biden had given to the Starquest owners and salespersons when he bought that gun.

3

(5/14/24 Tr. at 36) (emphasis added).  The Special Counsel told the Court this form was a "nonissue, nonevent." (*Id.*)  The doctored form is "valuable" evidence but not for the reason he said.  Biden did *not* give the required form of ID, but the store lied to make it look as though he had.  After making those statements, the Special Counsel circled back to now find out what really happened with this "nonissue, nonevent."[2]  Both the Special Counsel and Palimere euphemistically now want to call the form simply "annotated."  It is obviously more than that; it was doctored by Palimere before handing it to the ATF.  (Rev. Ex. 2 at 4).  Biden was right to point out to the Court "[t]he 4473 form is much more complicated than [the Special Counsel] would indicate," evidenced by the events since May 14.  (5/14/24 Tr. at 39.)

Lastly, the Special Counsel suggests, incorrectly, "defendant's crimes were complete" and Biden still broke the law regardless of the seller's missteps. (Mot. at 4.)  This claim defies reality.  The Special Counsel wants the jury to accept that the gun shop followed the law and required Biden to check the boxes that would green-light a sale, while hiding that the gun shop ignored other legal requirements that would have cost it that valuable sale.  But there is no reason to now accept at face value what the gun seller said happened that day—a gun shop willing to break one law to make a sale might break another to make the same sale.  That is what trials explore.  When the Special Counsel's witness testifies Biden completed the form because the gun shop followed the law, the Sixth Amendment gives Biden the right to confront the witness's claim.  The motion should be denied.

---

[2] Palimere was interviewed on May 16, 2024 subject to a proffer agreement with the government. (Rev. Ex. 2 at 1.)  It is mystifying to think an issue is a "nonevent" and non-nefarious and yet a witness requires a proffer agreement to cloak himself in immunity before meeting with the government to discuss, among other things, falsifying a federal firearms form.  Making changes as Palimere did and submitting those to law enforcement would subject the gun shop to fines, revocation of its license, and possibly criminal penalties for falsifying a federal form.

4

Dated: May 23, 2024            Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, D.C. 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com


Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2024, I filed the foregoing Opposition with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*