# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**MR. BIDEN'S REPLY IN SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO MR. BIDEN'S ALLEGED "EXTRAVAGANT LIFESTYLE"**

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

Mr. Biden, by and through undersigned counsel, respectfully submits this Reply in support of his Motion *in limine* to exclude any reference to an alleged "extravagant lifestyle," including characterizing items, for instance, as "upscale," "lavish," or "fancy." The Special Counsel opposes the motion, but notes "that the focus of [the Special Counsel's] case in chief will not be whether the defendant was living an extravagant lifestyle." (DE 171 at 1.) While Mr. Biden recognizes that some of the evidence cited in the government's response may be relevant (e.g., purported drug purchases, ATM withdrawals, and purchase of a revolver), any reference to money allegedly spent on, for example, adult entertainment, online chat rooms, or escort services is not relevant to the charges and the marginal (if any) probative value is outweighed by significant risk of unfair prejudice. Fed. R. Evid. 403; *United States v. Lattanzio*, 2018 WL 1837856, at *14 (D.N.J. Apr. 16, 2018) ("Admission of lifestyle evidence carries a danger of appealing to class resentments, and so requires the weighing of probativeness against prejudice."). Characterizing or referencing unnecessary salacious details—such as how much things cost, whether they are upscale, or citing expenses concerning collateral alleged sexual conduct unrelated to the charges here—are the exact type of prejudicial, inflammatory evidence that has a tendency to make a conviction more likely because it provokes an emotional response in the jury. *See United States v. Guerrero*, 803 F.2d 783, 785–86 (3d Cir. 1986).

Accordingly, Mr. Biden respectfully requests that this Court grant his Motion *in limine* to exclude any reference to an "extravagant" or "lavish" lifestyle during periods of his addiction.

Dated: May 24, 2024                                    Respectfully submitted,

/s/ *Abbe David Lowell*

Bartholomew J. Dalton (#808)                Abbe David Lowell
DALTON & ASSOCIATES, P.A.              Christopher D. Man
1106 West 10th Street                              WINSTON & STRAWN
Wilmington, DE 19806                              1901 L Street NW

1

2

Tel.: (302) 652-2050  
BDalton@dalton.law

Washington, D.C. 20036  
Tel.: (202) 282-5000  
Fax: (202) 282-5100  
AbbeLowellPublicOutreach@winston.com  
CMan@winston.com

*Counsel for Robert Hunter Biden*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of May, 2024, I filed the foregoing Reply in support of Mr. Biden's Motion *in Limine* with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

              /s/ *Abbe David Lowell*
              Abbe David Lowell

              *Counsel for Robert Hunter Biden*