IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 23-61 (MN) |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFTER PRETRIAL CONFERENCE**

At Wilmington, this 29th day of May 2024, after a Pretrial Conference and upon consideration of the government's trial brief (D.I. 158) and motions *in limine* (D.I. 118, 119, 120, 121, 122, 123, 124, 125 & 157), Defendant's response to the government's trial brief (D.I. 174), responses to the government's motions *in limine* (D.I. 149, 150, 151, 152, 153, 154, 155 & 177) and Defendant's own motions *in limine* (D.I. 135, 136, 137 & 138) and the government's responses thereto (D.I. 168, 169, 170 & 171),[1] as well as the discussion at the May 24, 2024 Pretrial Conference (D.I. 188), IT IS HEREBY ORDERED that:

1. A jury trial will begin on June 3, 2024 at 8:30 a.m. with jury selection.[2] After a jury (of twelve and four alternates) is seated, subsequent trial days will begin at 9:00 a.m. Each side should be prepared to present its case to the jury until 4:30 p.m. each trial day, although the end of the jury trial day may, at the discretion of the Court, be earlier or later than 4:30 p.m.

---

[1] The Court also considered any reply briefs filed in support of the motions *in limine*. (*See* D.I. 160, 161, 162, 163, 164 & 165 (government replies); D.I. 178, 179, 180 & 181 (Defendant's replies))

[2] The government is responsible for providing enough copies of the *voir dire* and a writing utensil for each member of the jury pool, which is estimated to be 250 people. Those must be delivered to the Clerk's Office by NOON on May 31, 2024.

1

2. There will be a forty-five to sixty minute break for lunch and a fifteen-minute break in the morning and in the afternoon each day.

3. To ensure that the jury's time is used efficiently, whenever possible, evidentiary issues – *e.g.*, objections to anticipated exhibits, demonstratives or testimony – should be brought to the attention of the Court's Judicial Administrator and Courtroom Deputy by 7:00 a.m. on the day on which the objected-to evidence will be adduced. Any such issues that need to be addressed will be taken up at the beginning or end of the trial day or at some other time that the Court deems appropriate.

4. For the reasons stated at the Pretrial Conference, the government's motion (D.I. 118) to exclude Defendant from arguing or suggesting that the government must show he used controlled substances on the day of firearm purchase is GRANTED (D.I. 188 at 3:10-5:4),[3] the government's motion (D.I. 119) to admit portions of Defendant's memoir and exclude other portions of the memoir is GRANTED-IN-PART and DENIED-IN-PART (D.I. 188 at 5:5-6:12), the government's motion (D.I. 120) to admit a summary chart under Federal Rule of Evidence 1006 and for a determination that the underlying evidence is authentic is GRANTED (but Defendant may challenge the authenticity of certain messages on case-by-case basis at trial if

---

[3] After the Court ruled on this motion *in limine*, Defendant requested clarification that the Court use "the full CFR" and "the entire reg." (*See* D.I. 188 at 51:5-11). From the discussion following that request for clarification, it appeared as though Defendant was asking to include the regulation's language defining a person who is "an unlawful user of or addicted to any controlled substance" as "[a] person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance." 27 C.F.R. § 478.11. But the government represented that it is not relying on this loss-of-control theory here (D.I. 188 at 51:13-22) and is instead proceeding under the regulation's alternative definition of "any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician," 27 C.F.R. § 478.11. Both parties seem to recognize this as the loss-of-control definition is not in either party's proposed jury instructions. Therefore, there shall be no reference to a loss of self-control as being required for a person to be an "unlawful user of or addicted to" controlled substances.

appropriate) (D.I. 188 at 25:5-32:2), the government's motion (D.I. 121) to exclude evidence and argument that Delaware state authorities did not charge him is GRANTED (D.I. 188 at 6:16-10:16), the government's motion (D.I. 122) to exclude argument and evidence regarding purported defects in the institution of prosecution in this case is GRANTED as unopposed (D.I. 188 at 10:17-11:7), the government's motion (D.I. 123) to exclude argument and questioning related to Defendant being law-abiding and sober since 2019 is GRANTED as unopposed (D.I. 188 at 11:13-12:10), the government's motion (D.I. 124) to exclude argument, evidence and questioning relating to the constitutionality of the firearm statute under which Defendant is charged is GRANTED as unopposed (D.I. 188 at 12:11-13:8), the government's motion (D.I. 125) to exclude argument and questioning regarding Defendant's potential punishment, plea negotiations, diversion agreement and the July 26, 2023 hearing is GRANTED as unopposed (D.I. 188 at 13:9-17), and the government's motion (D.I. 157) to admit an original version of an ATF Form 4473 and exclude a second version of the ATF Form 4473 is GRANTED-IN-PART as unopposed as to the original version of ATF Form 4473 (D.I. 188 at 34:3-5) and RESERVED as to the remainder of the motion (D.I. 188 at 50:1-21).

5.   Also for the reasons stated at the Pretrial Conference, Defendant's motion (D.I. 135) to exclude argument, questioning and reference to the pending tax charges or proceedings in California is GRANTED (D.I. 188 at 13:20-16:6), Defendant's motion (D.I. 136) to exclude argument, questions and references relating to child-support proceedings in Arkansas or Defendant's discharge from the Navy in 2014 is GRANTED as unopposed (D.I. 188 at 16:7-20), Defendant's motion (D.I. 137) to exclude argument, questions and references relating to any statements made by Defendant at the July 26, 2023 hearing in this matter is GRANTED (D.I. 188 at 19:15-19), and Defendant's motion (D.I. 138) to exclude argument, questions and references to

spending on an extravagant lifestyle is GRANTED-IN-PART and DENIED-IN-PART (D.I. 188 at 19:20-21:18).

6.  As explained at the Pretrial Conference, the parties may not provide physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court, but the parties may provide witness binders to the witnesses.  To the extent possible, the parties shall provide electronic copies of ALL trial exhibits to the Courtroom Deputy and Judicial Administrator by NOON on May 31, 2024.  The trial exhibits must be labeled with JTX, DTX or PTX (or some other consistent) prefixes with exhibit numbers, and the trial exhibits must be organized in a single folder.

7.  Any trial logistics should be coordinated through the Courtroom Deputy.

_____  
The Honorable Maryellen Noreika  
United States District Judge