IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Criminal Action No. 23-61 (MN) |
| ROBERT HUNTER BIDEN, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM ORDER

At Wilmington this 29th day of May 2024:

On May 14, 2024, Defendant Robert Hunter Biden ("Defendant") filed a Motion to Enjoin the Special Counsel's Investigation and Prosecution for Continuing Violations of the Appropriations Clause. (D.I. 127). The government responded on May 22, 2024. (D.I. 172). Defendant did not file a reply. After careful review of all materials submitted, and for the reasons set forth below, IT IS HEREBY ORDERED that Defendant's motion (D.I. 127) is DENIED.

## I.   BACKGROUND

On June 20, 2023, David Weiss, United States Attorney for the District of Delaware, charged Defendant via Information with unlawful possession of a firearm by a person prohibited under 18 U.S.C. § 922(g)(3). The parties attempted to resolve the charge with pretrial diversion but were unsuccessful. On August 11, 2023, the United States Attorney General, Merrick Garland, appointed Mr. Weiss as Special Counsel to conduct the ongoing investigations relating to this criminal matter and another matter relating to tax offenses, as well as to conduct investigations into other matters that may arise. *See* OFF. OF THE ATT'Y GEN., ORDER NO. 5730-2023, APPOINTMENT OF DAVID C. WEISS AS SPECIAL COUNSEL (2023).

On September 14, 2023, the grand jury returned an indictment, charging Defendant with three felony firearm offenses: the original unlawful possession charge and two false-statement charges. (*See generally* D.I. 40). On December 11, 2023, Defendant filed a Motion to Dismiss the Indictment Because Special Counsel Weiss Was Unlawfully Appointed and This Prosecution Violates the Appropriations Clause. (D.I. 62). On April 12, 2024, the Court denied the motion, finding that Defendant cannot invoke Department of Justice ("DOJ") regulations to assert a substantive (or procedural) right and also that no violation of the Appropriations Clause had occurred. *See United States v. Biden*, No. 23-cr-61 (MN), 2024 WL 1603775 (D. Del. Apr. 12, 2024). As to the second point, in a footnote, the Court observed that Defendant had "also failed to show that the appropriate remedy for a violation of the Appropriations Clause is dismissal rather than an injunction to allow for a funding transition." *Id.* at *4 n.6.

On April 17, 2024, Defendant appealed several of this Court's interlocutory orders, including the one regarding the appointment of Special Counsel Weiss. On May 9, 2024, the Third Circuit dismissed the appeal for lack of jurisdiction and denied Defendant's alternative request for a writ of mandamus. As to the Appropriations Clause, the Third Circuit stated:

> The District Court did not explicitly refuse to enjoin the continued appointment of the special counsel, nor the continued use of appropriation of funds, nor did the defendant explicitly ask for such an injunction. Furthermore, the defendant has not shown the order has a "serious, perhaps irreparable, consequence" and can be "effect[ually] challenged only by immediate appeal."
>
> The District Court's denial of the defendant's third motion is also not appealable as a collateral order. For collateral-order purposes, the rejection of the defendant's claim that the Special Counsel's appointment violated a regulation is analogous to other challenges to a prosecutor's appointment or authority. Rejection of these challenges do not constitute collateral orders. . . . Moreover, categorically similar issues have been reviewed on appeal after a final or otherwise appealable decision. . . . Similarly, there is no collateral-order jurisdiction over the District Court's rejection of the

> defendant's appropriation argument and this order can be effectively reviewed after final judgment.

*United States v. Biden*, No. 24-1703, Order at 3-4 (3rd Cir. May 9, 2024) (per curiam) (citations omitted).[1]

On May 14, 2024, this Court denied Defendant's request to delay the trial. (D.I. 128). That same day, Defendant filed the instant motion to enjoin. (D.I. 126). Almost a week later, he petitioned the Third Circuit for rehearing before the original panel and en banc, and he moved in the Third Circuit for stay of the district court proceedings pending the Third Circuit's consideration of the petition for rehearing. One of the asserted bases for a stay was "to allow time for the district court to rule on Biden's Appropriation Clause injunction motion and for Biden to appeal." Emergency Motion of Appellant at 4, *United States v. Hunter Biden*, No. 24-1703 (3d Cir. May 20, 2024), Doc. No. 19. The day after the completion of the briefing on the motion to stay, the Third Circuit denied the motion to stay. *See United States v. Biden*, No. 24-1703, Order at 3-4 (3rd Cir. May 21, 2024) (per curiam). The petition for rehearing remains pending.

## II.   LEGAL STANDARD

Defendant asks this Court to preliminarily enjoin the investigation and prosecution of this case from moving forward "because the Special Counsel lacks a valid appropriation from Congress." (D.I. 127 at 1). Preliminary injunctive relief is an "extraordinary" remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). A preliminary injunction may be granted only if the moving party shows (1) a likelihood

---

[1]   The Special Counsel is also prosecuting Defendant for tax code violations in the Central District of California. That court denied Defendant's motion to dismiss the tax indictment based on the same Appropriations Clause arguments made here. *See United States v. Biden*, No. 2:23-cr-599-MCS-1, 2024 WL 1432468, at *13-16 (C.D. Cal. Apr. 1, 2024). After Defendant appealed that ruling, the Ninth Circuit, like the Third Circuit, dismissed the appeal for lack of jurisdiction. *See United States v. Biden*, No. 24-2333 (9th Cir. May 14, 2024).

3

of success on the merits, (2) irreparable harm if an injunction is not granted, (3) the balance of equities tips in favor of the moving party and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Osorio-Martinez v. Attorney Gen. United States of Am.*, 893 F.3d 153, 178 (3d Cir. 2018). "The first two factors must be established first, as they are the 'most critical.'" *Doe v. Haverford Coll.*, 656 F. Supp. 3d 540, 545 (E.D. Pa. 2023) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). "'If both [of those] factors are established, . . . the district court considers the two remaining factors' and assesses 'whether the balance of all four factors warrants granting preliminary relief.'" *Doe*, 656 F. Supp. 3d at 545 (quoting *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021)).

### III.     DISCUSSION

#### A.     Likelihood of Success on the Merits

In his current motion, Defendant relies on the arguments in his original motion to dismiss, saying "Mr. Biden has squarely alleged an Appropriations Clause violation (D.E.62), so he will not belabor that point here." (D.I. 127 at 2). The essence of Defendant's argument is that use of the appropriation to fund Special Counsel Weiss is unconstitutional because Special Counsel Weiss is not an "independent counsel." (*See, e.g.*, D.I. 62 at 7 ("Special Counsel Weiss is not an independent counsel and that is by design.")). For the reasons previously stated and as summarized below, this Court disagrees. *See generally Biden*, 2024 WL 1603775 (prior court order setting forth and ultimately rejecting Defendant's Appropriations Clause arguments).

The use of the permanent appropriation to fund special counsel appointed after the independent counsel statutes lapsed is well established and has been used to fund at least six other special counsel appointed since 1999. *See Biden*, 2024 WL 1603775, at *2. Nevertheless, Defendant argues that this case is different because Special Counsel Weiss is less independent than other special counsel because Mr. Weiss was not selected from outside the government and has

not been "delegated the full authority of the Attorney General." (*See* D.I. 62 at 8; *see also* D.I. 80 at 13-14).

As to being selected from within the government, Defendant ignores the plain language of the appropriation, which imposes no mandate that the special counsel be selected from outside the government to receive funds. *See* Pub. L. No. 100-202, 101 Stat. 1329 (Dec. 22, 1987). Defendant also discounts the fact that the permanent appropriation has been used to fund at least two other special counsel who were sitting U.S. Attorneys at the time of appointment: Patrick Fitzgerald, U.S. Attorney for the Northern District of Illinois, and John Durham, U.S. Attorney for the District of Connecticut. *See Biden*, 2024 WL 1603775, at *2 n.3. Indeed, it was in auditing the expenditures of Special Counsel Fitzgerald that the Government Accountability Office ("GAO") agreed that a sitting U.S. Attorney appointed as special counsel can qualify as "independent counsel" within the meaning of the language of the appropriation. *Id.* at *3.

Defendant claims that the GAO's findings are inapplicable here because Special Counsel Weiss, unlike Mr. Fitzgerald, has not been "delegated the full authority of the Attorney General" and is not "independent."[2] (D.I. 80 at 13-14). More specifically, Mr. Fitzgerald was not subject to the reporting and supervision requirements of 28 C.F.R. §§ 600.4-600.10 whereas Mr. Weiss is. *See* ORDER NO. 5730-2023 at 2. In Defendant's view, that Mr. Weiss is subject to the requirements of 28 C.F.R. § 600.7 destroys any claim that he is independent and able to receive appropriated funding. (D.I. 80 at 13-14). Not so.

---

[2] Somewhat incongruously, Defendant has asserted in this case both that he is being selectively prosecuted by a Special Counsel "making prosecutorial decisions for political reasons" (D.I. 63 at 3), and that the Special Counsel making those decisions is not actually independent from the Attorney General appointed by his father or the Executive Branch headed by his father (D.I. 80 at 13-14).

Although the Attorney General has made Mr. Weiss subject to requirements that Special Counsel Fitgerald was not, that is not the end of the inquiry. Mr. Weiss retains a substantial degree of independence. He remains free from the day-to-day supervision of the DOJ. His decisions may be overturned only when the Attorney General finds the action "so inappropriate or unwarranted under established [DOJ] practices." 28 C.F.R. § 600.7(b). His decisions are to receive "great weight," and if the Attorney General rejects a decision of the Special Counsel, he must ultimately disclose that to Congress. *Id.* This level of independence is also consistent with the representations of the Attorney General about the appointment of Special Counsel Weiss. *See* Attorney General Merrick B. Garland, Statement on the Appointment of David Weiss as Special Counsel (Aug. 11, 2023) ("Mr. Weiss has the authority he needs to conduct a thorough investigation and to continue to take the steps he deems appropriate independently, based only on the facts and the law.").

Moreover, neither the GAO nor any court has concluded that special counsel subject to the special counsel regulations cannot be "independent" within the meaning of the appropriation. One court has suggested the opposite. *See United States v. Stone*, 394 F. Supp. 3d 1, 21 (D.D.C 2019). ("[T]hat the regulation calls for a certain level of oversight and compliance with the policies and procedures of the Department of Justice does not mean a special counsel is not 'independent' as that term is generally understood and as it was used in the permanent appropriation."). Thus, as this Court previously concluded, Mr. Weiss was lawfully appointed under §§ 509, 510 and 515 to serve as Special Counsel to conduct investigations and prosecutions relating to this criminal matter, and he is an "independent counsel" appointed pursuant to "other law" within the meaning of the permanent appropriation. As such, the funds of such appropriation may lawfully be used for his expenditures.

Defendant has failed to convince the Court that funding of the Special Counsel's prosecution in this case violates the Appropriations Clause. Thus, Defendant has not shown a likelihood of success on the merits.

### B. Irreparable Harm

To succeed in obtaining preliminary relief, a defendant "must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). Here, Defendant has offered no record evidence (or even attorney argument) to support a showing of irreparable harm. Other than attempting to explain away the Third Circuit panel's reference to *Office of the Commissioner of Baseball v. Markell*, 579 F.3d 293, 297-98 (3d Cir. 2009), he does not even mention irreparable harm in the text of his motion.[3] Thus, Defendant has not shown that he will be irreparably harmed absent an injunction.

### C. The Remaining Factors

Defendant does not directly address the balancing of the equities or public interest in his motion. Under the controlling Third Circuit standard, these factors are of little relevance given that Defendant has failed to establish the first two factors of the *Winter* analysis. Even so, neither

---

[3] In a passing footnote, Defendant generally states that "[t]he harm caused by the Special Counsel's unauthorized investigation and prosecution of Mr. Biden cannot be remedied on appeal, and there is no one who would repay the U.S. Treasury for spending federal funds without an appropriation by Congress. Indeed, if Mr. Biden prevails at trial, he will have no vehicle to even appeal the Appropriations Clause issue and it will go entirely unremedied, despite his having been harmed by the constitutional violation." (D.I. 127 at 4, n.2). "[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered [forfeited]." *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)). Even if that were not the case, however, to the extent that Defendant suggests that irreparable harm is the risk of an adverse ruling after being required to stand trial, the Supreme Court has held that criminal prosecution alone is not irreparable injury. *See Cobbledick v. United States*, 309 U.S. 323, 325 (1940).

favors the relief requested.  As discussed above, Defendant has not shown that it is likely that he is suffering a deprivation of his constitutionally protected rights.  And, the injunction Defendant seeks – *i.e.*, halting his prosecution – will affect no one other than him.  The personal nature of this relief weighs against a finding that an injunction would serve the public.

### D. Government's Request for Certification of the Appeal as Frivolous

Defendant's motion for an injunction is presented not as a serious request, but rather as a *pro forma* step he must take before he can appeal.  He simply refers back to prior rejected arguments to suggest a likelihood of success, relegates irreparable harm to a footnote and fails to address the third and fourth *Winters* factors at all.  To make his intentions even clearer, the second half of his four-and-a-half-page motion is dedicated to explaining why the Third Circuit would have jurisdiction over an appeal should this Court deny the requested injunction.  (D.I. 127 at 4 ("A Section 1292(a)(1) Appeal Is Appropriate If This Injunction Request Is Denied"); D.I. 127 at 5 ("The Court should enjoin the Special Counsel . . . or promptly deny the motion so it can be appealed."); *see also* Emergency Motion of Appellant (Doc. No. 19) at 4, *United States v. Hunter Biden*, No. 24-1703 (3d Cir. May 20, 2024) ("Biden expects the district court to deny his motion for an Appropriations Clause injunction soon which he will appeal under Section 1292(a)(1).")).

Defendant has twice filed appeals of this Court's interlocutory rulings without success, and he has similarly failed in his bid to stay the proceedings in this Court pending the Third Circuit's decision on his petition for rehearing.  In denying the motion to stay pending the petition for rehearing, the Third Circuit effectively rejected Defendant's plea to stay the trial pending the outcome of his appeal of this very motion.  The Court has no reason to believe that Defendant's inevitable appeal of this denial of his motion for an injunction is any more meritorious than his prior efforts.  The Court will thus make the finding that the government requested and find Defendant's motion to enjoin to be frivolous for the reasons stated above.  Absent further direction

8

from the Third Circuit, the Court understands that should Defendant opt to appeal, his appeal will not independently divest this Court of jurisdiction, such that both this Court and the Court of Appeals for the Third Circuit shall have jurisdiction to proceed.

                                                              */s/ Maryellen Noreika*
                                                              The Honorable Maryellen Noreika
                                                              United States District Judge