# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 23-61-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| *Defendant.* ) | |

## INTERVENOR PRESS COALITION'S MOTION FOR CONTEMPORANEOUS ACCESS TO TRIAL EXHIBITS

BALLARD SPAHR LLP

Beth Moskow-Schnoll (# 2900)
Lauren P. Russell (# 6576)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Intervenor Press Coalition*

**PRELIMINARY STATEMENT**

Defendant Robert Hunter Biden, son of the sitting President, is scheduled to stand trial in this Court starting next week on federal charges of making false statements and illegal possession of a firearm. Such a closely watched criminal proceeding requires <u>maximum</u> transparency to assure "the appearance of fairness so essential to public confidence in the system." *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*"). And as the Third Circuit has observed, the right of access to public trials "can be fully vindicated only if the opportunity for personal observation is extended to persons other than those few who can manage to attend the trial in person." *United States v. Criden*, 648 F.2d 814, 822 (3d Cir. 1981).

As such, the Press Coalition,[1] which was recently granted leave to intervene in this matter for the limited purpose of asserting the public right of access to the judicial proceedings,[2] respectfully requests that the Court direct the Government to provide to the Press Coalition – and thereby to the public – copies of trial exhibits submitted and shown in open court for inspection and publication. Moreover, because the right of access to court records and proceedings is a right of contemporaneous access, the Press Coalition requests that the Court direct these exhibits be released via the USAfx dropbox the same day they are presented to the jury, or alternatively, as soon as practicably possible.

---

[1] The coalition includes American Broadcasting Companies, Inc. d/b/a ABC News, the Associated Press, Cable News Network, Inc., CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, Gannett Co., Inc., the ultimate parent company of The News Journal and DelawareOnline.com, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBCUniversal News Group, The New York Times Company, POLITICO LLC, and WP Company LLC d/b/a The Washington Post.

[2] The Court granted the Press Coalition intervenor status in its May 31, 2024 Order on the Coalition's motion to intervene and for access to jury selection, stating "[i]ntervention is an appropriate procedural vehicle for the 'Press Coalition' to vindicate the right of access of the public and press to judicial proceedings." D.I. 198 at 2 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994)).

**BACKGROUND**

Hunter Biden was originally charged in June 2023 with "two misdemeanor tax offenses" and one felony count of "possession of a firearm by a person who is an unlawful user of or addicted to a controlled substance." *See* Apr. 12, 2024 Mem. Op. at 1 (D.I. 97). That same day, the government also notified the Court that Defendant "had agreed to plead guilty to both misdemeanor tax offenses and also agreed to enter a pretrial diversion program as to the felony firearm charge." *Id.* A hearing on that proposed plea agreement was set for July 2023. *Id.*

At that hearing, "the Court pressed the parties on their respective understandings as to the government's promises in exchange for Defendant's guilty plea on the tax charges," and the Court observed that "the parties had different views as to the scope of the immunity provision in the Diversity Agreement." *Id.* at 5. The Court ultimately concluded that "it could not accept or reject the Plea Agreement as offered" and "Defendant then entered a plea of not guilty." *Id.* at 7.

The following month, "United States Attorney David Weiss was appointed as special counsel to conduct the ongoing investigations relating to these two criminal matters, as well as to conduct investigations into matters arising from the ongoing ones." *Id.* One month after that, in September 2023, "a federal grand jury returned an indictment against Defendant charging him with three firearm offenses," consisting of "the same unlawful possession charge that was present in the original Information along with two additional charges for making a false statement in connection with acquiring a firearm." *Id.* at 8 (citation omitted).

Defendant subsequently moved to dismiss the charges against him on multiple grounds, including selective prosecution, unconstitutional appointment of the Special Counsel, immunity arising from the unaccepted plea agreement, and violation of the Second Amendment. *See* D.I. 60-63. The Court denied each of those motions. *See* D.I. 97-101, 114. Defendant noticed an

2

appeal as to his Second Amendment motion, and the Third Circuit dismissed that appeal for lack of jurisdiction.  *See* D.I. 183.  Defendant is therefore set to stand trial starting next week.

On May 24, 2024, the Court directed that "[m]embers of the media may order copies of trial transcripts directly from the court reporter," but offered no mechanism for obtaining copies of trial exhibits.  *See Public Notice: Courthouse Logistics for Media and Members of the Public Attending the Pretrial Conference (May 24, 2024) and the Jury Trial (beginning June 3, 2024) in the matter of The United States of America v. Robert Hunter Biden* at 1 (May 4, 2024), *available at* https://www.ded.uscourts.gov/sites/ded/files/news/PUBLIC%20NOTICE.pdf ("Public Notice").  Counsel for the Press Coalition contacted the Clerk's Office, which stated it was not planning to make trial exhibits available to members of the Press Coalition.  Representatives of the Government have directed the Press Coalition to file the instant Motion, and if granted, will facilitate provision of trial exhibits via the USAfx dropbox.

**ARGUMENT**

The Supreme Court has observed that holding criminal trials in open court ensures that "the public is aware that the law is being enforced and the criminal justice system is functioning."  *Press-Enterprise I*, 464 U.S. at 509.  As the Third Circuit has noted, the right of access to public trials "can be fully vindicated only if the opportunity for personal observation is extended to persons other than those few who can manage to attend the trial in person."  *Criden*, 648 F.2d at 822.  The public's right of access extends to exhibits shown at trial, which should be provided to members of the Press Coalition.

The right to inspect and copy public records, which "antedates the Constitution," "has particular applicability to judicial records."  *Id.* at 819; *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984) ("the existence of a common law right of access to . . .

inspect judicial records is beyond dispute"); *see also, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."). This right applies to any "document [that] has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). This right "is not absolute; but it is strongly presumed, and it can be overcome only if a party demonstrates that public disclosure of a filing will result in 'a clearly defined and serious injury.'" *In re Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, 2020 WL 2949742, at *4 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part sub nom. In re Storag Etzel GmbH*, 2020 WL 2915781 (D. Del. June 3, 2020) (quoting *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019)).

Any exhibits shown to the jury in open court during the *U.S. v. Biden* trial are undoubtedly judicial records subject to a presumption of access. *Criden*, 648 F.2d at 822 (reversing district court's denial of media's request for copies of videos admitted into evidence during jury trial); *see also United States v. Martin*, 746 F.2d 964, 968-69 (3d Cir. 1984) (explaining common right of access extends to "transcripts, evidence, pleadings, and other materials submitted by litigants"). Moreover, to the extent that exhibits the parties intend to show at trial have previously been submitted to the Court, they are already judicial records. *United States v. Kemp*, 2005 WL 352700, at *6 (E.D. Pa. Feb. 10, 2005) (recognizing "the right of the public to have access to the evidence to be used at the trial" and directing release of exhibits "once . . . submitted").

4

As the U.S. Supreme Court has acknowledged, and courts have echoed, "[e]very criminal trial is subject to contemporaneous review in the forum of public opinion." *In re Oliver*, 333 U.S. 257, 270 (1948); *see also Nault's Auto. Sales, Inc. v. American Honda Motor Co., Acura Auto. Div.,* 148 F.R.D. 25, 44 (7th Cir. 1984) (noting "the presumption of access normally involves a right of *contemporaneous* access" and that the right to access litigation reports existed even when motion to terminate related claims was pending) (emphasis in original). As such, the trial exhibits should be made available to the public the same day they are shown in open court.

This same-day right of access to trial exhibits is well-settled. For example, in *In re Associated Press*, the Fourth Circuit granted the press's petition for writ of mandamus and determined the district court's denial of the media's request for contemporaneous access to trial exhibits was an abuse of discretion, declaring that "[o]nce evidence has become known to the members of the public through their attendance at a public session of court, it would take *the most extraordinary circumstance*s to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction." 172 Fed. Appx. 1, 3, 5 (4th Cir. 2006). The U.S. District Court for the District of Columbia has also repeatedly directed the government to release trial exhibits, at the end of each day that trial is ongoing, to members of this Press Coalition in the prosecutions of participants in the January 6, 2021 U.S. Capitol riot. *E.g.*, Apr. 26, 2022 Minute Order, *United States v. Webster*, No. 21-cr-208-APM (D.D.C.); Feb. 24, 2022 Minute Order, *United States v. Reffitt*, No. 21-cr-32-DLF (D.D.C.); Order, *United States v. Robertson*, No. 21-cr-34-CRC (D.D.C.), D.I. 77; Order, *United States v. Rhodes et al.*, No. 22-cr-15-APM (D.D.C.), D.I. 327.

The Press Coalition respectfully requests that the Motion be granted so the exhibits in this trial may likewise be published to the public the same day they are shown to the jury. In the event this Motion is granted, undersigned counsel will coordinate the logistics of distributing trial exhibits to members of the Press Coalition with the Government via the USAfx dropbox in the same manner exhibits are shared in the Capitol riot prosecutions.

### REQUEST FOR EXPEDITED TREATMENT

The Press Coalition respectfully requests that the Court address this Motion on an expedited basis before opening statements at trial.

### CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court enter an Order directing the Government to provide the Press Coalition same-day access to the exhibits admitted into evidence, or alternatively, direct release of the trial exhibits to the Coalition as soon as practicably possible.

Dated:  May 31, 2024

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Beth Moskow-Schnoll*
Beth Moskow-Schnoll (# 2900)
Lauren P. Russell (# 6576)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1.1, undersigned counsel conferred with counsel for the government and Defendant on May 31, 2024. The government takes no position on this Motion. At the time of filing, counsel for Defendant had not responded regarding Defendant's position.

*/s/ Lauren P. Russell*