**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT SUBMISSION ON COURT'S PROPOSED
PRELIMINARY JURY INSTRUCTIONS**

The parties, through undersigned counsel, write in response to the Court's Oral Order (D.E. 201) requesting any corrections or objections to the Court's Proposed Preliminary Jury Instructions. (D.E. 200.)

The government agrees with the Court's Proposed Preliminary Jury Instructions and opposes Mr. Biden's requests. Mr. Biden objects as follows, and the government's response follows each objection:

**Section X, Page 18**

On May 17, 2024, the government submitted its Proposed Jury Instructions, including several titled "Preliminary." Among those was "Nature of the Charges" (p. 28-29). Mr. Biden agreed with that formulation. The Court's draft deletes the "required to be kept by law" language in Count Two and the "knowing that he was an unlawful user" language in Count Three of the proposal made by the government. Mr. Biden requests that any time the Court instructs the jury on the charges in the case, those should be what the indictment charges and what the statute's subsections require. Taking the "kept by law" requirement out of Count Two deletes a key aspect to what occurred with the 4473 form, is in the statute, Title 18, United States Code, Section 924(a)(1)(A), and makes it virtually the same (multiplicitous) with Count One. Omitting the

1

"knowing" requirements out of any instruction for Count Three changes what was presented to the grand jury, what was put in the indictment, and which the government will have to prove beyond reasonable doubt.  A change to the "knowingly" requirement would make the offense one of strict liability which is not what it is or charged.  Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

Mr. Biden requests that "knowingly" be used in all counts, as that is what is charged in the indictment for each count.  Count One and Three identify that the indictment alleges a violation of Section 922(a)(6) and 922(g)(3), respectively, but omits that they both violate Section 924(a)(2) as well.  The instructions should address both statutes, particularly where violations of Section 922 are not crimes.  They do not become crimes unless the violation is made "knowingly" under Section 924(a)(2), the same statute that provides criminal sentencing options.  Count Two charges a violation of Section 924(a)(1)(A), which also requires a violation be committed "knowingly."

**Government's Response:** The government opposes the defendant's request because the Court's final jury instructions will include all of the requisite elements for each offense. The preliminary jury instructions include a general description of the charges and need not include all elements.

**Section XI, Page 19**

Mr. Biden proposed a reasonable doubt instruction based on the Federal Judicial Center's Model Instruction No. 21 and asks that version be used:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  If after a careful and impartial consideration

2

of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The numerous federal judges serving on the Federal Judicial Center heavily criticized the "hesitate to act" language in the proposed instruction,[1] and the instruction Mr. Biden proposes helpfully distinguishes between the standard juries apply in civil and criminal cases.[2]

**Government Response**:  The defendant proposes replacing the accepted Third Circuit Model Jury Instruction with something called "Federal Judicial Center Model Instruction No. 21." The defendant does not give a compelling reason to deviate from the accepted instruction in this Circuit.  There is no reason to think that a jury will be confused or informed by prior civil experience, and to the contrary, the government believes that injecting explanations of other irrelevant burdens of proof in a criminal case may confuse the jury and lead to reversable error.

Respectfully submitted,

DAVID C. WEISS
Special Counsel

Dated: June 2, 2024

By: /s/ Derek E. Hines
Derek H. Hines
Senior Assistant Special Counsel

---

[1] *Victor v. Nebraska*, 511 U.S. 1, 24 (1994) (Ginsburg, J., concurring) (criticizing "because the analogy it uses seems misplaced.  In the decisions people make in the most important of their own affairs, resolution of conflicts about past events does not usually play a major role. Indeed, decisions we make in the most important affairs of our lives—choosing a spouse, a job, a place to live, and the like—generally involve a very heavy element of uncertainty and risk-taking.  They are wholly unlike the decisions jurors ought to make in criminal cases.") (quoting Federal Judicial Center, Pattern Criminal Jury Instructions 18–19 (1987) (commentary on instruction 21)).

[2] "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset [because]. . . contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury."  *United States v. Walton*, 207 F.3d 694, 704–06 (4th Cir. 2000) (*en banc*) (equally divided court) (King, J., dissenting) (quoting *United States v. Williams*, 20 F.3d 125, 132 n.5 (5th Cir. 1994)).

Leo J. Wise
Principal Senior Assistant Sp. Counsel

U.S. Department of Justice


_/s/ Abbe David Lowell_
Abbe David Lowell
Counsel for Defendant