IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23-61 (MN) |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY JURY INSTRUCTIONS

**TABLE OF CONTENTS**

I.      ROLE OF THE JURY ................................................................................................ 1

II.     CONDUCT OF THE JURY ...................................................................................... 2

III.    EVIDENCE.................................................................................................................. 6

IV.     DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................. 9

V.      CREDIBILITY OF WITNESSES ...................................................................... 10

VI.     BENCH (SIDE-BAR) CONFERENCES .......................................................... 12

VII.    QUESTIONS BY JURORS.................................................................................. 13

VIII.   NOTE TAKING BY JURORS ............................................................................ 14

IX.     DESCRIPTION OF TRIAL PROCEEDINGS ................................................ 16

X.      NATURE OF THE INDICTMENT.................................................................... 18

XI.     PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT... 19

## I.      <u>**ROLE OF THE JURY**</u>

Now that you have been sworn, let me tell you what your role is as jurors in this case. Under our system of justice, your role as the jury is to find the facts of the case based on the evidence you will see and hear during the trial.  From that evidence, you will decide what the facts are.  You will then apply to those facts the law that I will give to you in my final instructions.  That is how you will reach your verdict.

I've just mentioned facts and law.  Your job is to find the facts.  Mine is to deal with the law.  I play no part in finding the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be.  My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.  This includes these that I am giving you now, and those that I will give at the end of trial.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, political or other beliefs or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

II.     **CONDUCT OF THE JURY**

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury.  This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom.  Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors.  You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end.

So now let me give you some guidance for conducting yourselves as jurors.

1.      Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

2.      As I just told you, do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest but not this case.

3.      During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day or exchange pleasantries.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator, or the like, they are not trying to be rude.  Remember it is because they are not supposed to talk or visit with you, either.

4.      Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.  It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone should try to talk to you about the

2

case during the trial, please report that to me.  You should not discuss that with any other jurors.

You should instead tell my courtroom deputy immediately.

5.      When I say do not talk with anyone else or listen to others talk about the case, I

really mean ***anyone***.  And that includes family and friends when you go home.  You may tell your

family or friends that you have been selected as a juror in a case and you may tell them how long

the trial is expected to last.  However, you should also tell them that the judge instructed you not

to talk any more about the case and that they should not talk to you about it.  The reason for this is

that sometimes someone else's thoughts can influence you.  Your thinking should be influenced

only by what you learn in the courtroom.

6.      When I say do not talk with anyone else or listen to the case, again that means

***anyone***, including the press or members of the public who are interested in viewing this trial.

7.      Until the trial is over and your verdict is announced, do not watch or listen to any

television, radio, podcast or any other type of media (including social media) programs or reports

about the case or read any news or internet sources addressing the case in any way.   There may

be press here.  It may be tempting to click on an article or look at pictures or search the internet to

see what is being said about the case or the jury or the evidence.  DO NOT DO IT.  This is very

important.  Your role is to decide this case based on the evidence presented in this courtroom.

8.      During the trial, you must not conduct any independent research about this case, or

the matters, legal issues, individuals, or other entities involved in this case.  You must not visit the

scene or conduct experiments.  Also, just as you must not search or review any traditional sources

of information about this case (such as dictionaries, reference materials, or television news or

entertainment programs), you also must not search the internet or any other electronic resources

for information about this case or the witnesses or parties involved in it.  The bottom line for the

important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

9.      One of my first points was do not discuss the case among yourselves.  The exception to that is at the end of the case when you begin your deliberations.  At that point, you may, in fact you must, discuss the case with each other but only each other.  During deliberations, you must continue not to communicate about the case with anyone else.  Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat).

10.     Please note that these restrictions are about all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might be viewable by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

11.     You should also be aware of an even newer challenge for trials such as this one–persons, entities, and even foreign governments may seek to manipulate your opinions, or your impartiality during deliberations, using the communications I've already discussed or using fake social media accounts.  But these misinformation efforts might also be undertaken through targeted

advertising online or in social media. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. Please be aware of this possibility, ignore any pop-ups or ads that might be relevant to what we are doing here, and certainly do not click through to learn more if these notifications or ads appear. If this happens, you must let me know. Because it is so important to the parties' rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom. (I like to let the jury know in advance that I may be doing that, so you are prepared for the question.)

12.     Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

## III.   **EVIDENCE**

I have told you a number of times that you must make your decision in this case based only on the evidence that you see and hear in the courtroom and not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

So let me tell you what is the evidence from which you are to find the facts.  The evidence consists of:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits; and

3.      Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following things are not evidence:

1.      Statements and arguments of the lawyers for the parties in this case;

2.      Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

3.      Objections by lawyers, including objections in which the lawyers state facts;

4.      Any testimony I strike or tell you to disregard; and

5.      Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules.  Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence.  You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

IV.     <u>**DIRECT AND CIRCUMSTANTIAL EVIDENCE**</u>

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence.  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses - something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.  An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence that it was raining, from which you could infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you are to decide how much weight to give any evidence.

## V.     __CREDIBILITY OF WITNESSES__

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful?  Is the witness testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

1.     The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

2.     The quality of the witness knowledge, understanding, and memory;

3.     The witness appearance, behavior, and manner while testifying;

4.     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5.     Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

6.     Whether the witness said or wrote anything before trial that is different from the witness testimony in court;

7.     Whether the witness testimony is consistent or inconsistent with other evidence that you believe; and

8.      Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.  You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

## VI.   <u>**BENCH (SIDE-BAR) CONFERENCES**</u>

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

## VII.    <u>QUESTIONS BY JURORS</u>

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer or see something that is being displayed on the screen or elsewhere in the courtroom, please raise your hand and I will correct the situation.

## VIII.   **NOTE TAKING BY JURORS**

At the end of the trial, you must make your decision based on what you remember of the evidence.  You will not have a written transcript of the testimony to review.  You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said.  My courtroom deputy will arrange for pens, pencils and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, but it is not required.  You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

2.      Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

3.      Your notes are memory aids; they are not evidence.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

4.      In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater

14

weight than each jurors independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

5.      When we take breaks during the day and when we take our recess each night, please take your notes to the jury room and leave your notes there.   Do not take your notes away from the jury room.  No one will read your notes but you.  My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

IX.     **DESCRIPTION OF TRIAL PROCEEDINGS**

The trial will begin shortly.  It will proceed in the following manner:

*First*:  The lawyers will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case.  The defendant's lawyer may make an opening statement after the prosecutor's opening statement or the defendant may postpone the making of an opening statement until after the government finishes presenting its evidence.  The defendant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

*Second*:  After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment.  The government will present witnesses and the defendant's lawyer may cross-examine those witnesses. The government may also offer documents and other exhibits into evidence.

*Third*:  After the government has presented its evidence, the defendant may present evidence, but he is not required to do so.  As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

*Fourth*:  After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

*Fifth*:  After you have heard the closing arguments, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

*Sixth*:  After my final instructions on the law, you will retire to consider your verdict.  Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it or there will be no verdict.   At the end of all of the evidence, you will discuss the case among yourselves in the jury room, and ultimately each of you will have to make up his or her own mind.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence in other words, until you begin your deliberations.

X.    **NATURE OF THE INDICTMENT**

The government has charged the defendant, Robert Hunter Biden with violating federal law, specifically:

Count One charges defendant with making a false statement material to a firearms sale, in violation of Title 18, United States Code, Section 922(a)(6);

Count Two charges defendant with making a false statement in a firearms transaction record in violation of Title 18, United States Code, Section 924(a)(1)(A); and

Count Three charges defendant with possession of a firearm by a drug user or drug addict, in violation of Title 18, United States Code, Section 922(g)(3).

The charges against the defendant are contained in the indictment.  An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.   An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

**XI.**      **PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

The defendant, Robert Hunter Biden, has pleaded not guilty to the offenses charged.  He is presumed to be innocent.  He starts the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the government presents evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt. The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, you should return a verdict of guilty.  However, if

you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.