# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Action No. 1:23-cr-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S OBJECTIONS TO REVISED TRIAL EXHIBIT LIST**

The government offers the following responses to the defendant's objections to trial exhibits (ECF 204). For the following **reasons**, the defendant's objections should be overruled.

| **Gov't. Ex.** | Defense Objection / **Government Response** |
|---|---|
| 18 [*Lines 214 – 292*] | The defendant objects to the messages in Rows 214-292 in the government's 1006 Summary Chart as cumulative and occurring subsequent to the defendant's gun purchase and therefore prejudicial under Rule 403.<br><br>**The redacted message in Row 215 - "that's a line brighter than throwing my gun in a full trash can in a busy grocery store and then some kid blows his sisters head off and you go to prison for the rest of your life" – is an admission regarding the gun which was made by the defendant to Witness 3 and therefore admissible under F.R.E. 801(d)(2).**<br><br>**With respect to Row 214 and Rows 216-292, these are admissible under Rules 401 and 402 as probative of his active addiction. In Chapter 11 of his book, the defendant admitted that he was actively addicted to crack cocaine between 2015 and 2019.** *See* **Government's Motion to Admit Portions of Defendant's Book and Audiobook and Motion in Limine to Exclude use of Self-Serving Statements (ECF 119) and Ex. 1 attached thereto. The messages in Row 214 and 216-292 are are relevant because they show that the defendant's statement in his book was accurate and indeed his addiction continued into 2019, without disruption. The messages have a tendency to make the fact that he was an addict and user more probable than it would be without the messages. Fed. R. Evid. 401(a), 402. Moreover, the fact that he was addicted to crack between the fall of 2016 and the spring of 2019 is a fact of consequence relevant to all three charges in the indictment. Fed. R. Evid. 401(b);** *see United States v. Corona*, **849 F.2d 562 (11th Cir. 1988) (abrogated on other grounds) (evidence of social use of cocaine and admissions during treatment over 2.5 year period is sufficient to sustain** |

|     | |
| --- | --- |
|     | conviction). His admissions in his messages have probative value which is not substantially outweighed by a danger of unfair prejudice or other issues under Fed. R. Evid. 403. |
| 18C | The defendant objected to this video from December 2018 under Rules 401 and 403 and says that it features the defendant naked.<br><br>**However, this redacted clip only shows the defendant from his chest up. The government took a sampling of a few images from his devices as evidence in this case, and therefore the images are not cumulative evidence. As with the text messages, this video is evidence of the ongoing and long-running addiction the defendant admits to during the time period in question. As above, it is admissible under F.R.E. 401 and 402 as it makes the fact that his statement that he was in active addiction between 2015-2019 more probable than it would be without the video.** |
| 18D | The defendant objects to the use of this December 2018 video because it is subsequent to his gun purchase in October under Rule 403 and argues that it is cumulative. He also objects that the voice is not his.<br><br>**As with the prior two responses, the government responds that this video of the defendant weighing white powder on a scale shows that the defendant's period of addiction, which lasted for four years, included the time period during which he purchased the gun and continued into 2019.  With respect to whether the sound on the video is the defendant's voice, it clearly is, and the jurors will be able to identify the defendant's voice for themselves as they will hear other exhibits in which the defendant reads portions of his book.** *E.g.,* **Gov't Ex. 19.** |
| 18E | The defendant objects to the use of this January 2019 photo depicting the defendant's crackpipe under Rules 401 and 403 and states that it is cumulative.<br><br>**As with the prior three responses, the government responds that this photograph evidences the accuracy of his statement that his active addiction lasted for four years, included the time period during which he purchased the gun, and continued into 2019.** |
| 18F | The defendant objects to this redacted photo from January 2019 depicting the defendant and a crackpipe because it was subsequent to the defendant's gun purchase, and fails to show the location or crackpipe's owner and is prejudicial under Rule 403 and cumulative.<br><br>**As with the prior four responses, the government responds that this photograph shows the defendant's device for smoking crack and shows the accuracy of his statement that his active addiction lasted for four years, including the time period during which he purchased the gun and continued into 2019. As set forth in the government's disclosure on April 24, 2024, expert witness SSA Joshua Romig will** |

| | |
|---|---|
| | opine that the pipe in the background of the photograph is consistent with the appearance of a device that can be used to smoke crack cocaine. |
| 19, 20A-20Q | The defendant seeks to admit additional portions of his book citing the rule of completeness.<br><br>**These additional statements from the defendant's book are inadmissible for three reasons:**<br><br>**(1) the rule of completeness does not apply because there is no possibility of misunderstanding or distortion within the portions the government has identified**<br><br>**(2) they constitute inadmissible hearsay; and,**<br><br>**(3) they are not relevant.**<br><br>**As set forth in the government's Motion to Admit Portions of Defendant's Book and Audiobook and Motion in Limine to Exclude use of Self-Serving Statements (ECF 119), the "rule of completeness" in Rule 106 does not apply unless it operates to prevent "misunderstanding or distortion" caused by the introduction of only part of a statement that could only be cured by admission of the full record.** *Beech Aircraft Corp. v. Rainey*, **488 U.S. 153, 172 (1988). There is no such risk here. The ten additional portions that the defendant seeks to include do not alter the meaning of the portions the government will play for the jury. Those portions already identified for the court and ruled admissible are not vulnerable to any misunderstanding without the additional sections the defendant has now identified. In fact, the defendant does not even attempt an explanation for how these new hearsay portions clarify, let alone correct, a misunderstanding or distortion. There is none. Therefore, the defendant cannot elicit his own self-serving statements without taking the stand and submitting to cross-examination.** *United States v. Willis*, **759 F.2d 1486, 1501 (11th Cir. 1985);** *United States v. Wilkerson*, **84 F.3d 692, 696 (4th Cir. 1996). Adverse parties may not simply introduce unedited statements simply because the proponent offers an edited version. Indeed, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them."** *United States v. Collicott*, **92 F.3d 973, 983 (9th Cir. 1996). Because none of the portions the defendant has identified are misleading without the separate sentences and paragraphs he has now proposed, those portions of the book that he has now identified are inadmissible hearsay. They are out-of-court statements that he is offering for their truth which is prohibited by Rule 802. They do not fall under any of the Rule 803 exceptions.**<br><br>**Finally, the portions of the book which defendant proposes are not relevant. For instance, his grief about the loss of his brother, the fact that he had periods in** |

3

| | |
|---|---|
| | which he claims he was healthy, combative discussions, his daughter's discomfort, his drinking, the fact that he did not consider himself to be "sloppy," "mean," "addled," or "dangerous" as an addict, relapse rates, his relationship with his uncle, the fact that his "debauchery" was "awful," his goal of "vanishing" and that he "dove headfirst into the void," and was done with "law," "politics," and "excuses" - none of these are relevant to any element of any of any of the crimes with which the defendant is charged. *See* **Def. Ex. 204-1. None of these facts are of any possible consequence to the jury's determination of this matter. F.R.E. 401.** |
| 28/28A<br>29/29A<br>30/30A<br>31/31A<br>32/32A<br>33/33A<br>34/34A<br>35/35A<br>36/36A<br>37/37A | The defendant objects to the introduction of entire bank statements, but states that "If the government does not intend to publish GTX28, GTX29, GTX30, GTX31, GTX32, GTX33, GTX34, GTX35, GTX36, and GTX37 to the jury, Biden has no objection."<br><br>**The government responds that the defendant requested that the government create a 1006 summary chart, which the government created at 27A which shows relevant transactions. The government may introduce some bank statements, but the government anticipates introducing redacted bank statements (denoted with the subletter A), not the unredacted statements. Therefore, this can be denied as moot.** |
| 38 | The defendant objects to three photographs from Witness 2 under Rules 401 and 403. With respect to the first, <u>page 7</u>, he states "no drug paraphernalia is displayed or otherwise evidence, are not probative of drug use, drug purchasing, or drug-related activity …." **In fact, however, the photograph at page 7 shows drug paraphernalia behind the defendant in the top right of the photograph. The government does not intend to use <u>page 10</u>. With respect to <u>page 11</u>, this photograph is relevant as to location; Witness 2 will testify that it was taken at a house in Malibu where she was with the defendant.** |

## CONCLUSION

The government thus requests that the Court overrule the defendant's objections to the government's revised exhibit list.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By: _____
Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated:  June 4, 2024