IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 23-cr-61-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

# RESPONSE TO DEFENDANT'S REVISED SUBSTANTIVE JURY INSTRUCTION ON GOOD FAITH

The government respectfully submits this response in opposition to the defendant's proposed good faith instruction. The defendant has requested the Court issue a "good faith" instruction on each of the Counts, suggesting that "good faith" is a defense to the requirement that the defendant acted "knowingly." Doc. No. 190 at 24. For the reasons explained, the "good faith" instruction is not appropriate in this case.

A "good faith" instruction would be duplicative of any instruction that the defendant acted "knowingly," which is an element of each of the offenses charged. Both parties' proposed jury instructions contain an instruction defining "knowingly." Doc. No. 131 at 51; Doc. No. 190 at 17; *cf*. Third Circuit Model Criminal Jury Instructions, 3rd Circuit, § 5.02. The proposed "knowingly" instruction reads:

> A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.
>
> In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Doc. No. 131 at 51; Doc. 190 at 17.

A majority of circuits—including the Third Circuit—have held that when a court is already instructing the jury on the requirements to prove knowledge, the court need not give a good faith instruction. *United States v. Gross*, 961 F.2d 1097, 1102-03 (3d Cir. 1992); *see also United States v. Li*, 819 F. App'x 111, 118 (3d Cir. 2020) (quoting *United States v. Leahy*, 445 F.3d 634, 651 (3d Cir. 2006)); *United States v. McElroy*, 910 F.2d 1016, 1025-26 (2d Cir. 1990); *United States v. Rochester*, 898 F.2d 971, 978-79 24 (5th Cir. 1990); *United States v. Nivica*, 887 F.2d 1110, 1125 (1st Cir. 1989); *United States v. Green*, 745 F.2d 1205, 1209 (9th Cir. 1984); *United States v. McGuire*, 744 F.2d 1197, 1201-02 (6th Cir. 1984); *United States v. Gambler*, 662 F.2d 834, 837 (D.C. Cir. 1981). This is because the good faith instruction is "simply a reiteration that the government must carry its burden in demonstrating that the accused acted knowingly and willfully, because a jury finding that the defendant has acted knowingly and willfully is inconsistent with a finding that the defendant acted in good faith." *Gross*, 961 F.2d at 1103. Accordingly, "if an instruction already contains a specific statement of the government's burden to prove these elements of the crime, the good faith instruction is simply a redundant version of the instruction on those elements." *Id*.

In this case, the defendant plans to argue that the government has failed to prove that the defendant knew he was an addict or unlawful user of controlled substances. If the defendant shows that he has an "honestly held belief, opinion, or understanding that he or she is not an addict or user of controlled substances," Doc. No. 190 at 24—as the defendant's proposed "good faith" instruction states—then the knowledge requirement simply has not been met. The defendant's good faith instruction would be "merely surplusage." *Gross*, 961 F.2d at 1103; *see also United States v. Cocchiola*, 358 F. App'x 376, 380 (3d Cir. 2009) (holding trial court properly denied good

2

faith instruction where other instructions adequately covered requisite intent); *United States v. Evans*, 356 Fed. Appx. 580, 585 (3d Cir. 2009) (finding no error in refusing to give defendant's good faith instruction where "the Court's explanation of willfulness in the jury charge substantially covered the relevant points and allowed [defendant] to argue his theory of the case").

For all of these reasons, the Court should decline to give the jury a good faith instruction on any of the counts in this case.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: *(signature)*

_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice