# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) ) ) | |
| Defendant. | ) ) ) | |

## MR. BIDEN'S MOTION FOR A RULE 29 ACQUITTAL ON COUNT THREE FOR CHARGING A NON-CRIME

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

## INTRODUCTION

Pursuant to Rule 29, Mr. Biden moves for a judgment of acquittal because Count Three charges a non-crime based on amended statutory language.

## ARGUMENT

### I. COUNT THREE IS BASED ON REPEALED STATUTORY LANGUAGE THAT NO LONGER EXISTS

Count Three charges a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (D.E.40 ¶11), but that charge is no longer viable. The interplay between Sections 922 and 924(a)(2) is unusual because there is no self-contained crime within either statute independently. Rather, Section 922 identifies actions that are "unlawful"—but not crimes—and Section 924(a)(2) makes it a crime to "knowingly" violate certain subsections of Section 922. Section 922(g), for example, "lists nine categories of individuals subject to the prohibition" against possessing a firearm, and—until a 2022 amendment—"[a] separate provision, § 924(a)(2), adds that anyone who '*knowingly* violates' the first provision shall be fined or imprisoned for up to 10 years." *Rehaif v. United States*, 588 U.S. 225, 227 (2019). The Supreme Court addressed the interplay between these provisions by quoting the Section 924(a)(2) language that was then in existence: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." *Id.* at 237.

But Section 922(g) is no longer criminally enforceable under Section 924(a)(2), as charged by the Special Counsel. A June 25, 2022 amendment to the statute struck the reference to Section 922(g) in Section 924(a)(2). Pub. L. No. 117-159, § 12004(a)(1), 136 Stat. 1313, 1329; *see* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."). To be sure, Section 924(a)(2) has not been repealed and it remains applicable to five of the seven

subsections of Section 922 that it previously covered, but it no longer covers Section 922(g).[1] The Special Counsel's September 14, 2023 indictment (D.E.40) was not filed until *after* this amendment took effect, when Count Three's purported crime of knowingly violating Sections 922(g)(3) and 924(a)(2) no longer exists.

## II. THE COURT MUST APPLY THE LAW AS IT EXISTS TODAY

Since the earliest days of the republic, it has been clear that federal courts "must apply the law in effect at the time it renders its decision." *Thorpe v. Hous. Auth. of City of Durham*, 393 U.S. 268, 281 (1969) (citing *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 (1801)); *accord Henderson v. United States*, 568 U.S. 266, 271 (2013); *Kaiser Aluminum and Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836–37 (1990); *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 712–14 (1974). Although this rule may not apply in "mere private cases between individuals," in cases brought by the government courts "must decide [cases] according to existing laws." *Schooner Peggy*, 5 U.S. at 110; *see The General Pickney*, 9 U.S. (5 Cranch) 281, 283 (1809) ("[I]t has been long settled, on general principles, that after the expiration or repeal of a law, no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute."); *United States v. Passmore*, 4 U.S. (4 Dall.) 372, 374 (1804) (C.C.D. Pa. 1804) (Washington, J.) (finding a statutory repeal of a federal perjury statute "an absolute bar to the prosecution," requiring acquittal).

---

[1] Section 924(a)(2) was not repealed, only amended. *See In re Black*, 225 B.R. 610, 618-19 (E.D. La. 1998) (noting that "Black's [Law Dictionary] expressly differentiates 'amendment' from 'repeal' through its definition of 'repeal'") (citations omitted). In striking this reference in Section 924(a)(2), Congress simultaneously created a new Section 924(a)(8) to address Section 922(g). 18 U.S.C. § 924(a)(8) ("Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both."). The Special Counsel has not charged (nor has a grand jury) a violation of Section 924(a)(8), the current law, as it surely recognizes that would be prohibited by the *Ex Post Facto* Clause. U.S. Const., art. I, § 9.

When a change in law renders a criminal statute inoperative, a prosecution under that statute cannot be made even as to conduct that violated the statute when it was in effect. For example, there were numerous pending prosecutions against civil rights protesters for engaging in sit-ins and other protests in violation of then-existing state laws against crimes, including trespass, but those crimes could not be prosecuted after a change in law through the Civil Rights Act of 1964 superseded the application of those laws in this context. *Hamm v. City of Rock Hill*, 379 U.S. 306, 312–13 (1964). Similarly, numerous liquor related prosecutions for violation of the National Prohibition Act had to be terminated upon the passage of the Twenty First Amendment. *United States v. Chambers*, 291 U.S. 217, 223 (1934). As the Supreme Court explained:

> This consequence is not altered by the fact that the crimes in question were alleged to have been committed while the National Prohibition Act was in effect. The continued prosecution necessarily depended upon the continued life of the statute which the prosecution seeks to apply. In case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept the statute alive for that purpose.

*Id.* This rule is applicable whenever a statute is rendered inoperative in some or all applications by an amendment, even when Congress enacts a similar prohibition that would cover the same conduct and even if the new laws are more punitive. *See, e.g.*, *United States v. Yuginovich*, 256 U.S. 450, 463 (1921); *Murphy v. Utter*, 186 U.S. 95, 105 (1902) ("where there are two acts on the same subject, and the latter act embraces all the provisions of the first, and also new provisions, and imposes different or additional penalties, the latter act operates, without any repealing clause, as a repeal of the first"); *Norris v. Crocker*, 54 U.S. 429, 440 (1851) (repeal of prior statute "deprived the court of jurisdiction over the subject-matter," even though a new statute was enacted for the same conduct with greater penalties).

When Congress seeks to avoid this result, it has long known how to draft its amendments to preserve the government's ability to prosecute violations under the old law. *See, e.g.*, *The*

3

*Irresistible*, 20 U.S. 551 (1822) (Marshall, C.J.) (upholding a forfeiture claim under an amended statute, which included a provision that read: "Provided, nevertheless, that persons having offended against any of the acts aforesaid may be prosecuted, convicted, and punished, as if the same were not repealed, and no forfeiture heretofore incurred by a violation of any of the acts aforesaid shall be affected by such repeal."). Such language remains fairly commonplace.[2] For example, Congress significantly revamped the federal government's then-existing laws regulating the unlawful use of drugs with the Controlled Substances Act of 1970 by replacing an older statutory scheme with a new one. To avoid creating a temporal gap where some drug offenses would go unpunished, Congress provided: "Prosecutions for any violation of law occurring prior to the effective date of section 1101 [repealing listed statutes] shall not be affected by the repeals or amendments made by such section or section 1102 [amending listed statutes], or abated by reason thereof." Pub. L. No. 91-513, § 1103, 84 Stat. 1236, 1294 (1970). It has done the same when revamping the embezzlement criminal offenses applicable to the postal service,[3] and when amending the bases for criminal or civil liability under a host of other statutes.[4]

---

[2] Even when such provisions are added, they typically apply only to already pending cases and not those that have yet to be filed. *See, e.g.*, *Wash. Home for Incurables v. Am. Sec. & Trust Co.*, 224 U.S. 486, 490-91 (1912) (Holmes, J.).

[3] Pub. L. No. 90-384, § 2, 82 Stat. 292, 292 (1968) (providing: "Nothing in this Act shall be construed to affect in any way any prosecution for any offense occurring prior to the date of enactment of such Act.").

[4] *See, e.g.*, Pub. L. No. 117-58, § 22404(b)(2), 135 Stat. 429, 683 (2021) (amending railroad statutes, but leaving penalties incurred and proceedings already commenced unaffected by amendments); Pub. L. No. 103-130, § 5 107 Stat. 1368, 1369 (1993) (amending National Wool Act: "A provision of this Act may not affect the liability of any person under any provision of law as in effect before the effective date of the provision."); Pub. L. No. 94-283, § 114, 90 Stat. 475, 495 (1976) (amending Federal Election Campaign Act to provide that any struck "section or penalty shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of any penalty, forfeiture, or liability"); Pub. L. No. 91-513, § 702, 84 Stat. 1236, 1283 (1970) (amending Federal Food, Drug and Cosmetic Act, but deeming that "[p]rosecutions," "[c]ivil seizures or forfeitures and injunctive proceedings . . . shall not be

4

Congress often embeds such language into statutes themselves. For example, Congress imposes significant criminal penalties for aiding a designated foreign terrorist organization (FTO), but an organization's status as an FTO may be revoked for a variety of reasons (e.g., abandoning terrorism). Nevertheless, to make clear that such revocations do not prevent those who aided an FTO while such designations are in force, Congress provides: "The revocation of a designation . . . shall not affect any action or proceeding based on conduct committed prior to the effective date of such revocation." 8 U.S.C. § 1189(a)(7); *see also* 50 U.S.C. §§ 1601(a)(1) (termination of existing emergencies under National Emergencies Act does not terminate pending proceedings concerning violations); 1622(a)(2) (providing for enforcement of violations of the National Emergency Act during a declared emergency declared by the President after the emergency has ended); 1706(a) (allowing President to continue blocking transactions in property under the International Emergency Economic Powers Act after an emergency is terminated). Congress did the same with the World War II Era Emergency Price Control Act, which broadly established wartime price controls, and explicitly provided that as to "offenses committed" before those price controls expired, those price controls "shall be treated as still remaining in force for the purpose of maintaining any proper suit, action or prosecution." 56 stat. 24, § 1(b) (Jan. 30, 1942).

In amending Section 924(a)(2) in June 2022, Congress did not attach any provision allowing the prior language in Section 924(a)(2) to continue being enforced after the cross-reference to Section 922(g) was deleted. If Congress had intended to maintain the enforceability of Section 924(a)(2) as to pre-amendment violations of Section 922(g), it would have followed its past practice of making that clear in its amendments to the statute. In any event, the Court's task

---

affected by the repeals or amendments"); Pub. L. No. 89-551, § 17, 80 Stat. 372, 375 (1966) (amending Oil Pollution Act to leave existing "rights and liabilities" unaffected by amendments).

is to evaluate the existing law as it is written and not to speculate about whether the absence of language allowing a case like this one to proceed was inadvertent or intentional. It dos not matter because the statutory omission exists in either case. Federal courts cannot fabricate a criminal offense where Congress did not create one. *See, e.g., United States v. Hudson*, 11 U.S. 32, 34 (1812) (federal courts cannot create federal crimes, only Congress can); *see also Jones v. State*, 1 Iowa 395, 397 (Iowa 1855) (vacating a murder conviction because an apparent legislative error in repealing one murder statute and enacting another temporarily repealed the crime of murder); *Commonwealth v. Kimball*, 38 Mass. 373, 376-77 (Mass. 1838) (Shaw, C.J.) (reversing a conviction under a repealed statute when the defendant's conduct would also violate the uncharged statute that replaced it, explaining: "The result may or may not be conformable to the actual intent of those who passed the latter statute. We can only ascertain the legal intent of the legislature, by the language which they have used, applied and expounded conformably to the settled and well known rules of construction."). The language the Special Counsel invokes under Section 924(a)(2) is plainly no longer there and applying the statute, as it now exists, leaves the Special Counsel without a valid charge in Count Three.

## CONCLUSION

Mr. Biden should be acquitted on Count Three because the offense charged no longer exists.

Dated: June 7, 2024                                                Respectfully submitted,

/s/ *Abbe David Lowell*

Bartholomew J. Dalton (#808)         Abbe David Lowell
DALTON & ASSOCIATES, P.A.            Christopher D. Man
1106 West 10th Street                WINSTON & STRAWN
Wilmington, DE 19806                 1901 L Street NW
Tel.: (302) 652-2050                 Washington, D.C. 20036
BDalton@dalton.law                   Tel.: (202) 282-5000

6

                Fax: (202) 282-5100
                AbbeLowellPublicOutreach@winston.com
                CMan@winston.com

*Counsel for Robert Hunter Biden*

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*

8