**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| *Defendant*. | ) | |

**THE UNITED STATES' FINAL PROPOSED JURY INSTRUCTIONS AND RESPONSE TO DEFENDANT'S OBJECTIONS (ECF 223)**

The government hereby proposes the following changes to the Court's Proposed Final Jury Instructions, ECF 218, and responds to Defendant Robert Hunter Biden's proposed theory of the case instruction and objections to final jury instructions, ECF 223.

## I. PROPOSED CHANGES TO THE COURT'S FINAL JURY INSTRUCTIONS

IV. STIPULATIONS OF FACT: The parties have modified the language in their stipulation since they submitted proposed jury instructions to the Court. The below reflects the updated language. Additionally, the government proposes amending the instruction about how the jury should consider the stipulations to follow the Third Circuit Model Jury Instructions. *See* Model Criminal Jury Instructions, 3rd Circuit, § 4.02.

**Government's proposed instruction**:

The government and the defendant have stipulated or agreed that the following facts are true:

1. On October 12, 2018, StarQuest Shooters and Survival Supply, located in Wilmington, Delaware, possessed a federal firearms license and was authorized to deal in firearms under federal laws. Therefore, StarQuest Shooters and Survival Supply was a "licensed dealer" as defined in Title 18, United States Code, Section 921(a)(11).

2. The Colt Cobra 38SPL revolver with serial number RA551363 is a "firearm" as defined in Title 18, United States Code, Section 921(a)(3).

3. The frame of the Colt Cobra 38SPL revolver with serial number RA551363 was manufactured in the state of Massachusetts, and Colt's Manufacturing Company assembled the frame and remaining components of the Colt Cobra 38SPL revolver with serial number RA551363 at their facilities in the state of Connecticut. By virtue of its presence in the state of Delaware, the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce.

You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

<u>VII. CREDIBILITY OF WITNESSES – IMMUNIZED WITNESSES</u>: The government proposes the following language to fill in the blanks specified by the Court.

**Government's proposed instruction**:

You have heard evidence that Hallie Biden and Zoe Kestan have received a promise from the government that her testimony will not be used against her in a criminal case.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has received immunity in exchange for her testimony, but you should consider the testimony with great care and caution. In evaluating that testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by the government's promise is for you to determine. You may give her testimony such weight as you think it deserves.

<u>VIII. CREDIBILITY OF WITNESSES – TESTIMONY OF ADDICT OR SUBSTANCE ABUSER</u>: Because no witnesses was addicted to drugs or using drugs when the events took place, the government proposes that the Court omit this instruction.

XIV. "DEALER" DEFINED: The government proposes amending this instruction to add the stipulation that StarQuest shooters and Survival Supply was a "licensed dealer."

**Government's proposed instruction**:

A "dealer" is any person engaged in the business of selling firearms at wholesale or retail. The term "licensed dealer" means any dealer who is licensed under the provisions of the Gun Control Act of 1968.

The parties have stipulated and agreed that StarQuest Shooters and Survival Supply was a "licensed dealer." You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

XVIII. COUNT III – DRUG USER OR DRUG ADDICT IN POSSESSION OF A FIREARM: The government proposes that this instruction be amended to reflect the modified stipulation language.

**Government's proposed instruction**:

Count Three charges the defendant, knowing that he was an unlawful user of a controlled substance or addicted to a controlled substance, did knowingly possess a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

To find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant was an unlawful user of a controlled substance or addicted to a controlled substance;

Second, the defendant knowingly possessed a firearm, that is a Colt Cobra 38SPL revolver with serial number RA 551363, from October 12, 2018 through on or about October 23, 2018, while he was an unlawful user of a controlled substance or addicted to a controlled substance;

Third, at the time the defendant knowingly possessed the firearm, he knew he was an unlawful user of a controlled substance or addicted to a controlled substance; and

Fourth, the firearm was transported across a state line at some time during or before the defendant's possession of it.

The term "firearm" has the same definition provided in Instruction number XIII.

You are instructed that crack cocaine, commonly referred to as crack, is a controlled substance.

You are also instructed that as to the fourth element, that the "firearm was transported across a state line at some time during or before the defendant's possession of it," the parties have stipulated and agreed that the Colt Cobra 38SPL revolver with serial number RA551363 is a "firearm." You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

XXIII. "IN OR AFFECTING INTERSTATE COMMERCE" DEFINED: The government proposes amending this instruction to reflect the modified stipulation language.

**Government's proposed instruction**:

A "dealer" is any person engaged in the business of selling firearms at wholesale or retail. The term "licensed dealer" means any dealer who is licensed under the provisions of the Gun Control Act of 1968.

The parties have stipulated and agreed that the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce. You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

XIV. ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT: The government proposes the following language to replace the Court's highlighted paragraph.

**Government's proposed instruction**:

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and, if I can legally do so, I will have those exhibits provided to you or permit the jury to return to the courtroom to view the exhibit if it is one that cannot be provided.

## II. RESPONSE TO THE DEFENDANT'S OBJECTIONS TO FINAL JURY INSTRUCTIONS.

### A. Theory of the Defense Instruction

The defendant is not entitled to his theory of defense instruction because (1) it is merely a statement of his factual arguments and (2) the correct statements of the law regarding "knowingly" and "knowing possession" are already included in the Court's final proposed instructions. *See United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008); *United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999).

The defendant's proposed language merely restates his factual arguments that the defendant "did not 'knowingly' think of himself as addicted." ECF 223 at 2. But "a defendant is not entitled to a judicial narrative of his version of the facts, even though such a narrative is, in one sense of the phrase, a 'theory of the defense.'" *Hoffecker*, 530 F.3d at 176 (internal quotation marks omitted) (citing *United States v. Barham*, 595 F.2d 231, 244 (5th Cir. 1979)). Moreover, a defendant is only entitled to a theory of the defense instruction where there is *evidence* supporting the jury's consideration of it. *Davis*, 183 F.3d at 250 ("A defendant is entitled to an instruction on his theory of the case where the record contains evidentiary support for it."). While counsel has argued that the defendant did not think of himself as addicted, the record contains no *evidence* to

support that defense. The defendant has not testified about his state of mind at the time he purchased the gun, and he has not identified any other record evidence to support this assertion.

To the extent that any of the defendant's proposed language correctly states the law regarding "knowing possession" or "knowingly," the Court is already instructing the jury as to those. *See* Court's Proposed Final Jury Instructions, ECF 218 at 19 (Instruction XVIII: "Knowingly" Defined); *id*. at 23 (Instruction XVII: "Knowing Possession"). To the extent the defendant proposes language that does not correctly state the law, he is not entitled to such an instruction. *Hoffecker*, 530 F.3d at 176-77. Therefore, the defendant is not entitled to a theory of defense instruction where it merely duplicates other instructions the Court will give on the issue of his intent. *Id*. (citing *United States v. Sussman*, 709 F.3d 155, 178-80 (3d Cir. 2013) and *United States v. Friedman*, 658 F. 3d 342, 352-53 (3d Cir. 2011)). *See also United States v. Shulick*, 994 F.3d 123 (3d Cir. 2021); *United States v. Kaszuba*, 823 Fed. App'x. 77 (3d Cir. 2020); *United States v. Hartline*, 746 Fed. App'x. 124 (3d Cir. 2018); *United States v. Stallings*, 701 Fed. App'x. 164 (3d Cir. 2017); *United States v. Beam*, 528 Fed. App'x. 233 (3d Cir. 2013).

**B. Instruction I: Reasonable Doubt**

The defendant proposes replacing the Court's proposed Instruction I: Presumption of Innocence; Burden of Proof; Reasonable Doubt, *see* ECF 218 at 1—which tracks Third Circuit Model Jury Instructions §§ 1.13 & 3.06—with a cobbled-together instruction that (1) omits the "hesitate to act" language in the model instruction and (2) includes superfluous language about the fact that criminal and civil cases are different, in the event that a juror "may be familiar with civil cases or watched enough civil trial coverage on the news or dramatized in movies or television to understand the civil jury standard." ECF 223 at 4. The defendant does not give a compelling reason to deviate from the accepted instruction in this Circuit. There is no reason to think that a jury will

be confused or informed by prior civil experience—to the contrary, injecting explanations of other irrelevant burdens of proof in a criminal case may confuse the jury and lead to reversible error.[1]

**C. Instruction XV: "Material" Defined**

The Court's proposed instruction regarding the definition of "material" mirrors the Third Circuit's model § 6.18.922A-3 "Firearm Offenses - Material Defined." ECF 218 at 17. The defendant provides no support for his assertion that this model instruction is "flat-out wrong" and violates the Due Process Clause. ECF 223 at 5. It is unclear if the defendant is proposing alternative language for this instruction, and the defendant's proposed instruction from its prior filing is incomplete and would confuse the jury. *See* ECF 156 at 11. The Court should reject the defendant's baseless constitutional challenge to this Circuit's accepted model instruction.

**D. Instruction XIX: "Unlawful User of a Controlled Substance" Defined**

The Court's proposed instruction defining "unlawful user of a controlled substance" is based on the Eighth Circuit's Model Criminal Jury Instructions § 6.18.922B, as there is no Third Circuit model instruction for §922(g)(3). The Eighth Circuit's model instructions, which incorporate the definition utilized by the Treasury Department in its firearms regulations, 27 C.F.R. § 478.11, reflects the majority of caselaw holding that the government need not prove that the defendant possessed the gun while contemporaneously using a controlled substance. *See, e.g.*, *United States v. Turnbull*, 349 F.3d 558 (8th Cir. 2003) (finding instruction utilizing this definition

[1]In *United States v. Williams*, even though the district court used the Federal Judicial Center instruction that the defendant proposes here, the Fifth Circuit stated that it has "encouraged the district courts in this Circuit to adopt" the model jury instructions instead of the Federal Judicial Center one. 20 F.3d 125, 129 (5th Cir. 1994) (quoting *United States v. Hunt*, 794 F.2d 1095, 1101 (5th Cir. 1986)). *Williams* was hardly a ringing endorsement of that instruction, and the Fifth Circuit's mere tolerance decades ago of an alternative instruction should by no means guide the Court here.

to be "entirely consistent with any standard for unlawful use to be gleaned from our prior decisions."); *United States v. Buchard*, 580 F.3d 341 (6th Cir. 2009) (using Eight Circuit's model jury instruction modeled on 27 C.F.R. § 478.11 and Turnbull); *United States v. Moran*, 452 F.3d 1167, 1172 (10th Cir. 2006) ("It is clear that the . . . conviction does not require proof that he was using—and, presumably, possessing—marijuana at the exact time he possessed the ammunition."); *United States v. Cheeseman*, 600 F.3d 270, 280 (3d Cir. 2010) (Third Circuit decision referencing § 478.11 in defining an unlawful user).[2] Indeed, this Court has already rejected the same arguments defendant presses here when it granted the government's motion in limine to exclude the defense from arguing that the government must show he used controlled substances on the day he purchased the firearm. *See* ECF 188 at 3-4; *see also* ECF 118.

The defendant also mischaracterizes *United States v. Augustin*, 376 F.3d 135 (3d Cir. 2004). In *Augustin*, the Third Circuit addressed whether a "single use" of marijuana sufficed to establish the defendant was an "unlawful user of or addicted to" a controlled substance, not whether the use was connected closely enough in time to the possession of the firearm. *Id*. at 138 39. Just as other circuits have held, *Augustin* acknowledged that "[i]t was not necessary for the government to prove that [the defendant] was smoking marijuana at the very same time that he possessed the firearm." *Id*. at 138 n.5. And as the government has previously explained, the defendant's citation to cases concerning the Second Amendment, *see United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023); *United States v. Veasley*, 98 F.4th 906 (8th Cir. 2024), are inapposite. *See* ECF 160 at 2-3.

---

[2] At least one court in the Third Circuit has also adopted the definition provided in § 478.11 in jury instructions. *United States v. Zareck*, 2021 WL 4391393 (W.D.Pa. 2021) (citing *Cheeseman* and noting that the "Third Circuit Court of Appeals has relied upon 27 C.F.R. § 478.11 to define 'unlawful user of controlled substances' for the purpose of § 922(g)(3)).

### E. Instruction XXI: "Knowing Possession" Defined

The Court's proposed instruction on "knowing possession" reflects the Third Circuit's Model Criminal Jury Instructions, and the defendant does not offer any compelling reason to deviate from them. *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922G-4 Firearm Offenses - Knowing Possession Defined. The defendant baldly asserts that this instruction is unconstitutional, but cites to no authority holding as much. Neither of the two cases cited by the defendant—*Daniels* and *Veasley*—addressed the definition of "knowing possession." The defendant appears to reiterate his prior objections to the instruction on "Unlawful User of a Controlled Substance," but as explained above, the vast majority of caselaw holds that the defendant need not be using or addicted to drugs at the precise time that he possessed a firearm.

The defendant also takes issue with the Third Circuit's Model Criminal Jury Instruction stating that, "[i]f you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession – that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so – you may find that the government has proven possession." But it is well established that § 922(g) allows for constructive possession, which involves an individual who "though lacking such physical custody, still has the power and intent to exercise control over the object." *Henderson v. United States*, 575 U.S. 622, 626 (2015); *United States v. Iafelice,* 978 F.2d 92, 96 (3d Cir. 1992).

### F. Other Objections

The defendant's remaining objections are similarly meritless. The defendant's proposed instruction for Knowledge of "User" or "Addict" Status has no basis in any caselaw or model jury instruction in any circuit. It is also unnecessary, as Instruction XVIII: Count III – Drug User or Drug Addict in Possession of a Firearm already includes an instruction stating that the jury must

find "at the time the defendant knowingly possessed the firearm, he knew he was an unlawful user of a controlled substance or addicted to a controlled substance." ECF 218 at 20. And the defendant renews his request for a "good faith" instruction, but for the reasons described in the government's response to the defendant's revised substantive jury instructions on good faith, that instruction is not appropriate in this case. *See* ECF 216.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: [signature]
______________________________

Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice