IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 23-61 (MN) |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>FINAL JURY INSTRUCTIONS</u>**

## **TABLE OF CONTENTS**

I.     Presumption of Innocence; Burden of Proof; Reasonable Doubt ............................... 1
II.    Evidence ................................................................................................................ 3
III.   Summaries – Underlying Evidence Not Admitted (F.R.E. 1006) ...................... 5
IV.    Stipulations of Fact ............................................................................................ 6
V.     Specific Investigative Techniques Not Required ............................................. 7
VI.    Opinion Evidence (Expert Witnesses) ............................................................. 8
VII.   Credibility of Witnesses – Immunized Witnesses ........................................... 9
VIII.  Defendant's Choice not to Testify or Present Evidence ................................. 10
IX.    Count I – False Statement in Purchase of a Firearm (18 U.S.C. 922(a)(6)) ............ 11
X.     "Firearm" Defined ........................................................................................... 12
XI.    "Dealer" Defined ............................................................................................. 13
XII.   "Material" Defined ........................................................................................... 14
XIII.  Count II – Making A False Statement During A Firearm Purchase
       (18 U.S.C. 924(a)(1)(A)) ................................................................................ 15
XIV.   "Knowingly" Defined ...................................................................................... 16
XV.    Count III – Drug User or Drug Addict in Possession of a Firearm ................ 17
XVI.   "Unlawful user of a controLled substance" defined ...................................... 18
XVII.  "Addict" Defined ............................................................................................ 19
XVIII. "Knowing Possession" Defined ...................................................................... 20
XIX.   Unanimity Required – Addiction Or User ...................................................... 21
XX.    "In or Affecting Interstate Commerce" Defined ............................................ 22
XXI.   Activities Not Charged ................................................................................... 23
XXII.  Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
       Deliberate; Communication with Court ......................................................... 24
XXIII. Verdict Form ................................................................................................... 27
XXIV.  Court has no opinion ....................................................................................... 28

## I.    <u>PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT</u>

The defendant, Robert Hunter Biden, pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proven guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## II.   <u>EVIDENCE</u>

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

Let me remind you what the evidence from which you are to find the facts consists of:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits; and

3.      Anything to which the parties have stipulated or agreed, which we will address in a moment.

What is not evidence?

1.      Statements and arguments of the lawyers are not evidence.  That includes opening statements and closing arguments;

2.      Questions by the lawyers are not evidence.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying;

3.      Objections by lawyers, including objections in which the lawyers state facts are not evidence;

4.      Any testimony I struck or told you to disregard is not evidence; and

5.      Anything you may have seen or heard about this case outside the courtroom is certainly not evidence.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.

If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

Recall that I told you that the rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat the testimony or exhibit like any other.

If I sustained an objection, the question should not be answered or the exhibit should not be received as evidence. Whenever I sustained an objection, you were to disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If I sustained the objection, you should disregard the answer that was given.

Also, at certain points throughout trial, I may have ordered that some testimony or other evidence be stricken or removed from the record. I instruct you to disregard any testimony or evidence that was stricken from the record. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

### III.     <u>SUMMARIES – UNDERLYING EVIDENCE NOT ADMITTED (F.R.E. 1006)</u>

Certain charts and summaries were admitted as evidence.  You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

IV.     **STIPULATIONS OF FACT**

The government and the Defendant have stipulated or agreed that the following facts are true:

1.      On October 12, 2018, StarQuest Shooters and Survival Supply, located in Wilmington, Delaware, possessed a federal firearms license and was authorized to deal in firearms under federal laws. Therefore, StarQuest Shooters and Survival Supply was a "licensed dealer" as defined in Title 18, United States Code, Section 921(a)(11).

2.      The Colt Cobra 38SPL revolver with serial number RA551363 is a "firearm" as defined in Title 18, United States Code, Section 921(a)(3).

3.      The frame of the Colt Cobra 38SPL revolver with serial number RA551363 was manufactured in the state of Massachusetts, and Colt's Manufacturing Company assembled the frame and remaining components of the Colt Cobra 38SPL revolver with serial number RA551363 at their facilities in the state of Connecticut. By virtue of its presence in the state of Delaware, the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce.

You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## V.   <u>SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED</u>

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as (mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices).

You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look at all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to (mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence).

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

VI.    **<u>OPINION EVIDENCE (EXPERT WITNESSES)</u>**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from experts. Because of their knowledge, skill, experience, training, or education in their respective fields, these experts were permitted to offer opinions in that field and the reasons for those opinions.

The opinion these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that their opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

## VII.   <u>CREDIBILITY OF WITNESSES – IMMUNIZED WITNESSES</u>

You have heard evidence that Hallie Biden and Zoe Kestan have received a promise from the government that her testimony will not be used against her in a criminal case.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has received immunity in exchange for her testimony, but you should consider the testimony with great care and caution. In evaluating that testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by the government's promise is for you to determine. You may give her testimony such weight as you think it deserves.

## VIII.   <u>DEFENDANT'S CHOICE NOT TO TESTIFY</u>

The defendant did not testify in this case.  A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

IX.     **COUNT I – FALSE STATEMENT IN PURCHASE OF A FIREARM (18 U.S.C. 922(a)(6))**

Count One charges that the defendant knowingly made a false statement in the purchase of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).

To find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the seller was a licensed dealer;

Second: That the defendant made a false statement while acquiring a firearm from the seller;

Third: That the defendant knew that the statement was false; and

Fourth: That the false statement was intended or likely to deceive the seller with respect to any fact material to the lawfulness of the sale of the firearm.

A statement is "false" if it was untrue when it was made.

X.    **<u>"FIREARM" DEFINED</u>**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive.

## XI.    **<u>"DEALER" DEFINED</u>**

A "dealer" is any person engaged in the business of selling firearms at wholesale or retail. The term "licensed dealer" means any dealer who is licensed under the provisions of the Gun Control Act of 1968.

The parties have stipulated and agreed that StarQuest Shooters and Survival Supply was a "licensed dealer." You should therefore treat this fact as having been proved. You are not required to do so, however, because you are the sole judge of the facts.

## XII.  <u>**"MATERIAL" DEFINED**</u>

A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in connection with the sale of the firearm. In determining whether a fact was material to the lawfulness of the sale of the firearm, you may consider that the law prohibits any person who is an unlawful user or addicted to any controlled substance from purchasing or possessing any firearm.

## XIII.   COUNT II – MAKING A FALSE STATEMENT DURING A FIREARM PURCHASE (18 U.S.C. 924(a)(1)(A))

Count Two charges that the defendant made a false statement related to information required to be kept by law by a federal firearms licensed dealer, in violation of Title 18, United States Code, Section 924(a)(1)(A).

To find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant knowingly made a statement or representation in an ATF Form 4473;

Second, the defendant made the statement or representation to a federally licensed firearms dealer;

Third, the statement or representation was false; and

Fourth, the defendant knew the statement or representation was untrue when he made the statement or representation.

As I told you for Count I, a statement is "false" if it was untrue when it was made.

15

## XIV.   <u>**"KNOWINGLY" DEFINED**</u>

A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

## XV.    COUNT III – DRUG USER OR DRUG ADDICT IN POSSESSION OF A FIREARM

Count Three charges the defendant, knowing that he was an unlawful user of a controlled substance or addicted to a controlled substance, did knowingly possess a firearm, in violation of Title 18, United States Code, Section 922(g)(3).

To find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant was an unlawful user of a controlled substance or addicted to a controlled substance;

Second, the defendant knowingly possessed a firearm, that is a Colt Cobra 38SPL revolver with serial number RA 551363, while he was an unlawful user of a controlled substance or addicted to a controlled substance;

Third, at the time the defendant knowingly possessed the firearm, he knew he was an unlawful user of a controlled substance or addicted to a controlled substance; and

Fourth, the firearm was transported across a state line at some time during or before the defendant's possession of it.

The term "firearm" has the same definition as previously provided in these instructions.

You are instructed that crack cocaine, commonly referred to as crack, is a controlled substance.

You are also instructed that as to the fourth element, that the "firearm was transported across a state line at some time during or before the defendant's possession of it," the parties have agreed that the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce, and that this element is met.  You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

17

## XVI.  <u>**"UNLAWFUL USER OF A CONTROLLED SUBSTANCE" DEFINED**</u>

The phrase "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician.  The defendant must have been actively engaged in use of a controlled substance or controlled substances during the time he possessed the firearm, but the law does not require that he used the controlled substance or controlled substances at the precise time he possessed the firearm. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person was a user of a controlled substance may be drawn from evidence of a pattern of use or possession of a controlled substance that reasonably covers the time the firearm was possessed.

## XVII.  <u>"ADDICT" DEFINED</u>

The term "addict" means any individual who habitually uses any controlled substance so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of a controlled substance as to have lost the power of self-control with reference to his addiction.

## XVIII. "KNOWING POSSESSION" DEFINED

To establish the second element of Count Three, the government must prove that the defendant possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that the defendant physically held the firearm, that is, had actual possession of it. As long as the firearm was within the defendant's control, he possessed it.  If you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession – that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so – you may find that the government has proven possession.

Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm.  This is called joint possession.

If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Proof of ownership of the firearm is not required.

The government must prove that the defendant knowingly possessed the firearm described in the indictment. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that the defendant knew the object was a firearm.

## XIX. <u>UNANIMITY REQUIRED – ADDICTION OR USER</u>

The indictment charges the defendant with being an unlawful user of a controlled substance or addicted to a controlled substance. The government is not required to prove both that he was an unlawful user of a controlled substance and addicted to a controlled substance. It is sufficient for the government to prove, beyond a reasonable doubt, that he was either an unlawful user of a controlled substance or addicted to a controlled substance.

Each of you must agree with the other jurors as to whether the defendant was an unlawful user of a controlled substance, or was addicted to controlled substances, or both. If you unanimously agree that he was either an unlawful user of a controlled substance, or was addicted to a controlled substance, or was both, and met the other elements as to the offense, you may find the defendant guilty. Unless each of you agree that the government has proven that he was either an unlawful user of a controlled substance or addicted to a controlled substance, then you must find the defendant not guilty.

21

**XX.** **"IN OR AFFECTING INTERSTATE COMMERCE" DEFINED**

The fourth element listed in Instruction number XVIII that the government must prove beyond a reasonable doubt is that the firearm specified in the indictment had at some time traveled in interstate commerce.  In this case, the parties have agreed that the Colt Cobra 38SPL revolver with serial number RA551363 traveled in interstate commerce.  You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## XXI.   <u>ACTIVITIES NOT CHARGED</u>

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## XXII.  ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  By custom of this Court, juror #1 is the jury foreperson.  This person will speak for the jury here in court.  She will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's

views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:   Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence that you do not have, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

## XXIII. <u>VERDICT FORM</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant, Robert Hunter Biden, guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

## XXIV. <u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you at the beginning of the case.

Nothing that I have said or done during this trial was meant to influence your decision in any way.

You must decide the case yourselves based on the evidence presented.