## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| *Defendant*. | ) | |

### THE UNITED STATES' OPPOSITION TO DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL ON COUNT THREE FOR CHARGING A NON-CRIME

The United States, by and through undersigned counsel, respectfully submits this response in opposition to defendant's Rule 29 Motion for Acquittal on Count three for Charging a Non-Crime (ECF 221).  The defendant waited until the end of trial to allege that the statute under which he was charged in Count Three of the indictment "no longer exists," and moved for a judgment of acquittal based on a 2022 change in the *penalty* provision for 18 U.S.C. § 922(g) offenses contained in 18 U.S.C. § 924. *See* ECF 221 ("Def.'s Mot."). The defendant's motion is untimely because it claims the indictment failed to state an offense, a motion that must be brought pretrial pursuant to Federal Rule of Criminal Procedure 12, and should be dismissed for that reason alone. It is also meritless because under the federal saving statute, penalty provisions like those in Section 924, even if amended or repealed, apply to conduct that predates their amendment or repeal unless the statute expressly provides otherwise, which is not the case here.  For that reason, even if it were not untimely, it should be dismissed.

### A.  The defendant's motion is untimely and should be dismissed on that basis alone.

While the defendant calls his motion a "Motion for a Rule 29 Acquittal," it is not.  Federal Rule of Criminal Procedure 29 provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the

court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

The defendant does not claim that the evidence the United States presented at trial is insufficient to sustain a conviction. Instead, the defendant statess that "Count Three charges a non-crime based on amended statutory language." Def.'s Mot. at 1. In other words, the defendant claims that the indictment fails to state an offense, regardless of the evidence produced at trial.  Federal Rule of Criminal Procedure 12(b) provides that a motion claiming a failure to state an offense "must" be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *United States v. Desu*, 23 F.4th 224, 232 (3d Cir. 2022); Fed. R. Crim. Proc. 12(b)(3)(B)(v). The defendant's argument that because the reference to 922(g) was "struck" from Section 924(a)(2) in the 2022 amendments, Section 922(g)(3) "is no longer criminally enforceable," Def.'s Mot. at 1, ridiculous as it is, was "reasonably available" to the defendant before trial.  Further, such a claim could be determined without trial on the merits since it is a purely legal argument.

Rule 12 also provides that a district court may set a deadline for the parties to make pretrial motions and if the court does not set one, the deadline is the start of the trial.  Fed. R. Crim. Proc. 12(c)(1).  On October 19, 2023, the court issued an order setting December 11, 2023, as the deadline for pretrial motions.  ECF 57.  The defendant's claim that Count Three of the indictment charged a "non-crime" because Section 922(g) had been "struck" from Section 924(a)(2) in the 2022 amendments, Def.'s Mot. at 1, should have been filed by that deadline.

Rule 12 provides that if a party does not raise such a claim in a pretrial motion, the claim is untimely although a court may consider such untimely claims "if the party shows good cause." *Desu*, 23 F.4th at 232; Fed. R. Crim. Proc. 12(c)(3).  Nowhere in their motion does the defendant

even attempt to show good cause for why he raised this argument at the close of the evidence rather than pretrial when he filed a number of other pretrial motions and even appealed the denial of some of those motions to the Third Circuit. Because the defendant failed to make the claim contained in the instant motion pretrial, it is untimely. Because he has not established good cause for his failure to do so, the motion should be denied. *See e.g. United States v. Elcock*, 851 Fed.Appx. 299 (3d Cir. 2021).

**B. Even if the defendant's motion were not untimely, it is meritless and should be denied.**

The defendant asserts that when Congress passed the Bipartisan Safer Communities Act[1] in 2022, amending the penalty provision in Section 924(a), it rendered Section 922(g) "no longer criminally enforceable," because the amendment "struck the reference to Section 922(g) in Section (24(a)(2). Def.'s Mot. at 1. This claim is based on two faulty premises.

The first is that "[t]he interplay between Sections 922 and 924(a)(2) is unusual because there is no self-contained crime within either statute independently." Def.'s Mot. at 2. That is not true. Section 922 created a variety of federal firearms offenses. In fact, the title of Section 922 is "Unlawful Acts." Section 922(g)(3), specifically, makes it a crime for any person who is an unlawful user of or addicted to any controlled substance to possess a firearm. This was the same prohibition in effect in 2018 when the defendant unlawfully possessed a gun, and it remains in effect today.

Section 924, by contrast, provides penalties for violations of Section 922, including Section 922(g)(3). That is the interplay between the two sections—Section 922 contains the crimes and 924 sets the penalties for those crimes. That statutory structure is not "unusual" as the defendant

---

[1] Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329.

claims. Def.'s Mot. at 1. It is mirrored in other parts of federal criminal law. *See, e.g. United States v. Birt*, 966 F.3d 257, 261 (3d Cir. 2020) ("Section 841 [of Title 21, United States Code] is framed as a general prohibition on certain kinds of conduct, followed by a list of penalties corresponding to the particular manner in which the prohibition is violated.").

At the time the defendant committed his crimes in 2018, the applicable penalties were contained in subsection 924(a)(2). Specifically, Section 924(a)(2) provided, "Whoever knowingly violates subsection…(g)…of section 922 shall be fined as provided in this title imprisoned not more than 10 years, or both." In 2022, between the time the defendant purchased and possessed the gun in 2018 and was indicted for doing so in 2023, Congress increased the penalty for a violation of Section 922(g)(3) in Section 924 from a maximum of ten years to a maximum of fifteen years and moved the penalty provision to a different subsection of Section 924. The relevant penalty provision for Section 922(g) offenses is now in Section 924(a)(8). That subsection now provides "Whoever knowingly violates subsection (d) or (g) of Section 922 shall be fined under this title, imprisoned for not more than 15 years, or both." The enhancement of the penalty in Section 924(a) did not in any way amend Section 922(g) which governs the substantive offense. The elements of the crime of unlawful possession by a user or addict remained unchanged.

The second faulty premise underlying the defendant's argument is that because the 2022 amendment "struck the reference to Section 922(g) in Section 924(a)(2)," Def.'s Mot. at 1, the latter no longer establishes the penalty for the former. That is not the case.

In the indictment, the government included a reference to the penalty applicable to the defendant's Section 922(g)(3) violation at the time he committed the offense: 18 U.S.C. § 924(a)(2)

(2018). ECF 40.[2]  Notably, the government's citation clearly referenced the 2018 version of the statute, rather than the 2022 version that included an increased penalty.  The citation to the prior penalty provision from the 2018 statute was correct and citing to the 2022 penalty provision would have been incorrect.  As the Third Circuit explained in *United States v. Brown*:

> The federal saving statute, Act of Feb. 25, 1871, ch. 71, § 4, 16 Stat. 431, 432, provides that the "repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide." 1 U.S.C. § 109. . . .  It "mandates that a court apply the penalties in place at the time the crime was committed unless [a] new law expressly provides otherwise." *United States v. Reevey,* 631 F.3d 110, 114 (3d Cir. 2010).

47 F.4th 147, 151 (3d Cir. 2022).  The Third Circuit further explained in *Brown* that "penalties are 'incurred' under the older statute when an offender becomes subject to them, i.e., commits the underlying conduct that makes the offender liable." *Id.* at 151-52 (*quoting Dorsey v. United States*, 567 U.S. 260, 272 (2012)). *See also Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974); *Reevey*, 631 F.3d at 114.  The 2022 amendments to Section 924 did not contain language that they applied retroactively, nor could they without raising ex post facto problems, as the defendant acknowledged in his motion.  Def.'s Mot. at 2, n. 1.

The defendant does not address the federal saving statute in his motion.  In any event, it disposes of his arguments that "[s]ince the earliest days of the republic, it has been clear that federal courts 'must apply the law in effect at the time it renders its decision,'" Def.'s Mot. at 2, and that "[w]hen a change in law renders a criminal statute inoperative, a prosecution under that statute cannot be made even as to conduct that violated the statute when it was in effect," Def. Mot.'s at 3, and that "[w]hen Congress seeks to avoid this result, it has long known how to draft its

---

[2] The government was not required to include this citation; its omission would have been harmless. *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

amendments to preserve the government's ability to prosecute violations under the old law," *id*. None of these arguments address the amendment or repeal of *penalty* provisions, which is what is at issue here. The defendant's argument that Congress must include express language preserving a penalty provision's application to conduct that occurred before amendments to that penalty provision has it exactly backward. Def.'s Mot. at 5. As the Third Circuit held in *Brown*, quoted above, changes to penalties only apply retroactively if the statute changing those penalties expressly says so. And here it does not.

None of the cases cited by the defendant are at odds with the blackletter law described by the Third Circuit in *Brown* or, by extension, with the indictment in this case which cites the penalty provision applicable to the defendant's conduct at the time it occurred. The principle defendant invokes from the 1809 decision *The General Pickney*, 9 U.S. (5 Cranch) 281, 283 (1809), "that after the expiration or repeal of a law no penalty can be enforced," predates the federal savings statute described in *Brown*, which was enacted in 1871. It is therefore inapposite.

Similarly, *Thorpe v. Hos. Auth. of City of Durham*, 393 U.S. 268 (1969) addressed a situation where a law, that is not one that sets criminal penalties, changed after the originating court considered it and before the appellate court ruled. In such situations, the appellate court is required to apply the changed law. *Id* at 281, n. 38. Similarly, in *United States v. Schooner Peggy*, the Supreme Court set forth the principle that "if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." 5 U.S. (1 Cranch) 103, 110 (1801). This decision also predates the federal savings statute. Cases after *Schooner Peggy* discussed the principle that an amendment to a law while a case is pending should be applied by the appellate court only if, "by its terms," the law was to be applied to pending cases. *Kaiser Aluminum & Chem. Corp. v.*

*Bonjorno*, 494 U.S. 827, 836–37 (1990). *See also Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 697 (1974) ("An appellate court must apply the law in effect at the time it renders its decision, unless such application would work a manifest injustice or there is statutory direction or legislative history to the contrary") (internal citation omitted). All of these cases reflect the federal savings statute. Here, as stated previously, the 2022 amendments do not contain language that they apply retroactively, nor could they.

The only recent criminal case the defendant cites, *Henderson v. United States*, 568 U.S. 266 (2013), considered a sentencing issue which is not at issue here. At the time of sentencing in that case, the law was unsettled with respect to whether a trial court could impose or lengthen a prison sentence to enable a defendant to complete a treatment or rehabilitation program. The Supreme Court found that in light of its precedent issued subsequent to Henderson's sentencing, the sentence was unlawful. *Id*. at 270. Those facts are different than those in the defendant's case because the defendant has not raised any issue related to the lawfulness of his sentence, which has not yet been rendered.

While the 2022 amendment in Section 924(a) increased the maximum from ten years to fifteen years and relocated Section 922(g) penalties within § 924 from subsection (a)(2) to (a)(8), there has been no repeal or amendment to Section 922(g)(3) since the defendant violated it. Despite his suggestion to the contrary, this case is unlike trespass prosecutions obviated by the Civil Rights Act or prosecutions under the Prohibition Act that the 21st Amendment precluded. *See* Def.'s Mot. at 3. These cases do not support the defendant's position that the amendment to the penalty provision in Section 924 rendered his unlawful gun possession not criminal. The vintage state court decisions he cites also are unavailing. For instance, in the 1838 Massachusetts prosecution for

unlicensed liquor sales, dicta specifically conceived of a case like this one in which the amendment of a penalty provision would <u>not</u> operate to repeal the substantive prohibition:

> a case may be supposed, where, for the purpose of reducing several statutes into one, upon the same subject, the precise provisions of an existing statute, may be embodied into a new one. In such case, it might well be maintained, that a later act would not repeal a former one, so as to prevent a judgment from being passed upon an offence committed before the date of the latter, but upon which no judgment had passed, at the time of its enactment.

*Com. v. Kimball*, 38 Mass. 373, 377 (1838)

Section 922(g) is not the only federal criminal statute to have its penalties increased by an amendment to another statute. For instance, the Securities Exchange Act's penalty provisions have been enhanced by later Congressional acts without causing the underlying criminal statute to be invalidated. Section 929P of the Dodd-Frank Act amended the Securities Act, the Securities Exchange Act, the Investment Company Act, and the Investment Advisers Act to permit the imposition of civil money penalties in addition to cease-and-desist orders. Similarly, the Insider Trading and Securities Fraud Enforcement Act of 1988, codified at 15 U.S.C. § 78u–1, extended insider trading penalties, increased the maximum individual fines and jail terms and gave parties who traded in a security contemporaneously with the inside trader, a private cause of action. These enhancements did not operate to decriminalize the underlying or substantive prohibitions.

Finally, even if the defendant's arguments did not rely on faulty premises, his contention would mean that any Section 922(g) crime that was not fully prosecuted prior to the 2022 amendment would be incapable of prosecution after the Congressional amendment. To read legislative relocation of the (enhanced) penalty provision to subsection (a)(8) from (a)(2) as somehow decriminalizing Section 922(g) offenses would work an absurd result and is unsupported by any authoritative caselaw. The defendant is simply wrong that when Congress increased the penalty, it "did not attach any provision allowing the prior language in Section 924(a)(2) to

continue being enforced," Def.'s Mot. at 5. The relevant subsection was merely moved down a few lines; it was not deleted or repealed. There is nothing within the statute itself or the caselaw to suggest that Congress did not intend to maintain the enforceability of Section 922(g) or provide penalties therefor. This Court has not been asked "fabricate a criminal offense," Def.'s Mot. at 6, as Section 922(g)(3) is the substantive offense with which the defendant was charged and remained unchanged when Congress increased the relevant penalty. The defendant's argument that Congress actually decriminalized § 922(g) prosecutions when it increased penalties finds no support in the law and the defendant's motion should be denied.

## CONCLUSION

For all of these reasons, the Court should deny the defendant's motion for judgment of acquittal under Rule 29 for charging a non-crime (ECF 221).

Respectfully submitted,
DAVID C. WEISS
SPECIAL COUNSEL

By:

_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice