# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

**MR. BIDEN'S NOTICE OF SUPPLEMENTAL AUTHORITY:**
*SNYDER V. UNITED STATES*, NO. 23-108 (U.S. JUNE 26, 2024)

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

Yesterday, the Supreme Court decided *Snyder v. United States*, No. 23-108 (U.S. June 26, 2024), which is pertinent to the questions of vagueness and fair notice that Mr. Biden has raised in the case before this Court. *Snyder* rejected the government's argument that 18 U.S.C. § 666 extended beyond bribery to criminalize mere gratuities, in part because of the lack of "fair notice" concerning this offense and a concern it "would create traps for [the] unwary." Slip op. at 7, 11.

In resisting the claim that the suggested gratuities offense was overbroad, the government sought a limiting construction where the prohibition "would not cover 'innocuous' or 'obviously benign' gratuities" but the Supreme Court rejected that approach because it would raise "a very serious real-world problem." Slip op. at 12. The government's proposed definition of the offense offered "no guidance at all." *Id.* This "so-called guidance" would leave people "entirely at sea to guess about what gifts they are allowed to accept under federal law, with the threat of up to 10 years in federal prison if they happen to guess wrong. That is not how federal criminal law works." *Id.* at 13. Justice Gorsuch concurred to emphasize the lack of fair notice point, explaining "any fair reader of this statute would be left with a reasonable doubt about whether it covers the defendant's charged conduct." Slip op. at 1 (Gorsuch, J., concurring).

Mr. Biden's case has even more significant lack of fair notice issues. In the first place, unlike *Snyder* where nobody has a right to give or accept a gratuity, Mr. Biden's conduct implicates his constitutional Second Amendment rights. Nevertheless, Mr. Biden was not given fair notice of the crimes the jury was permitted to convict him upon. When ATF Form 4473 asked in the present tense if he was a "user of controlled substances" in the present tense, he was not told as the jury was instructed that means if he last used drugs "days or weeks before." 6/10/24 Tr. at 1305. Even under that definition, neither Mr. Biden nor anyone else would have clarity about how many days or weeks would need to pass after quitting the use of drugs before that box could be

1

checked "no." Foregoing his Second Amendment rights altogether by never buying a gun is no answer either, just as not giving or accepting any sort of gratuity was no answer in *Snyder*, which did not even involve the exercise of a constitutional right.

Those same fair notice problems persist with Section 822(g)(3)'s definition of gun possession. While that term is clear when restricted to actual physical possession, it defies fair notice when construed as to the constructive possession concepts permitted by the Court's instructions and the Special Counsel's arguments that mere ownership is sufficient. *See* 6/4/24 Tr. at 342. Someone who owns a gun in Delaware but is not in physical possession of the gun (perhaps miles away) poses no dangers of misusing a firearm. Such a construction of the terms is beyond the Second Amendment or any valid purpose for Section 922(g)(3), and it too poses fair notice problems. There was no evidence that Mr. Biden was in actual physical possession of a gun at any point that he was actually using drugs.

The constructive possession concept becomes a "trap for the unwary," as 44% of American adults live in a home with a firearm.[1] Thus, a person could run afoul of this prohibition by being able to possess a gun simply because their spouse or roommate owns a gun, or simply by visiting nearly half of the homes in America where such a gun could be obtained. This potential outcome is substantially broader than the criminal statute that caused concern in *Snyder* because it implicates far more citizens than merely those who exchange gratuities with public officials.

In his previous filings, Mr. Biden referred to the Fifth and Seventh Circuits' findings that 18 U.S.C. § 922(g)(3) must be severely restricted to comport with the Second Amendment, for example by limiting the prohibition to being actually intoxicated while physically armed and terrorizing people with a gun. No such limiting construction was announced by this Court or was

---

[1] https://news.gallup.com/poll/264932/percentage-americans-own-guns.aspx.

2

given to the jury.  *See, e.g.*, D.E.61, D.E.235.  Thus, Mr. Biden had no advance notice of the line where his Second Amendment right stopped and where, if crossed, it would become a felony.  And the jury, not being told of any Second Amendment limitation, may have convicted Mr. Biden for a valid exercise of his Second Amendment rights.  As in *Snyder*, that should not be "how federal criminal law works."  Slip op. at 13.

The Court should consider *Snyder*'s consideration of fair notice when examining these issues.

Dated: June 27, 2024

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, D.C. 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Counsel for Robert Hunter Biden*

3

## CERTIFICATE OF SERVICE

     I hereby certify that on June 27, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                        /s/ *Abbe David Lowell*
                                        Abbe David Lowell

                                        *Counsel for Robert Hunter Biden*