IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 23-00061-MN |
| ) | |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| *Defendant*. ) | |

### THE UNITED STATES' RESPONSE TO THE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

On June 26, 2024, the Supreme Court decided *Snyder v. United States*, No. 23-108, 2024 WL 3165518 (U.S. June 26, 2024). It held that 18 U.S.C. § 666(a)(1)(B) does not make it a federal crime for state and local officials to accept gratuities. The Supreme Court's decision in *Snyder* has no connection to the factual or legal issues before this Court. Nonetheless, the defendant filed a notice of supplemental authority suggesting without basis that the case is "pertinent to the questions of vagueness and fair notice" raised by the defendant. Def.'s Notice of Supp. Auth., ECF 238 ("Def.'s Notice") at 1. However, *Snyder* plainly has no relevance to this case.

In *Snyder*, the Court gave six reasons for concluding that § 666 did not criminalize gratuities: the text, statutory history, statutory structure, statutory punishments, federalism, and fair notice. 2024 WL 3165518, at *6. Unlike the defendant in this case, the defendant in *Snyder* did not bring a vagueness challenge under the Fifth Amendment—rather, the Court relied on principles of fair notice as one of several tools of statutory interpretation to help it discern the meaning of § 666. Moreover, the Court's analysis on fair notice has no application to this case. Section 666 prohibits state and local officials from soliciting, accepting, or agreeing to accept "anything of value" "intending to be influenced or rewarded in connection with" any official business. 18 U.S.C. § 666(a)(1)(B), (b). The government acknowledged that some gratuities were legal under the

1

statute, but it did not identify "any remotely clear lines separating an innocuous or obviously benign gratuity from a criminal gratuity." *Snyder*, 2024 WL 3165518, at *9. Section 922(g)(3) does not contain any line drawing problem: it prohibits a person "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. 18 U.S.C. § 922(g)(3). And unlike in *Snyder*, it is abundantly clear that § 922(g)(3) prohibits a crack cocaine user and addict like the defendant—who admitted to smoking crack "every fifteen minutes, seven days a week," Ex. 19 at 190—from possessing a firearm.

The defendant evidently attempts to use this supplemental notice as a means to raise vagueness arguments that he omitted from his motion for judgment of acquittal under Rule 29, ECF 220. In particular, he appears to contend that the false statements charges were unconstitutionally vague because he was not told that the ATF Form 4473 question asking whether he was a "user of controlled substances" specified the "days or weeks before," and that the "possession" element of § 922(g)(3) is unconstitutionally vague because it can include constructive possession. Def.'s Notice at 1-2. But he has not made either of these arguments in his Rule 29 motion, which contained just three cursory paragraphs on his Fifth Amendment claim. Indeed, the notice only references two filings—his motion to dismiss the indictment, ECF 61, which the Court denied, ECF 114, and his reply in support of his motion for judgment of acquittal under Rule 29, ECF 235. He has therefore waived the arguments and cannot now raise them in this improper format. *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig (No. II)*, 751 F.3d 150, 157 (3d Cir. 2014) ("We have consistently held that [a]n issue is waived unless a party raises it in its opening brief.").

In any event, *Snyder* has no bearing on these arguments. And both arguments, particularly as applied to the defendant, fail. *See* Gov't Opp'n to Def.'s R. 29 Mot. for Acquittal at 28-29, ECF 234 (citing cases rejecting vagueness challenges to § 922(g)(3)); *United States v. Augustin*, 376 F.3d

135, 138-39 & n.6 (3d Cir. 2004) (explaining that "user" only requires the government to prove that the defendant uses drugs "with some regularity"—that is, "to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm.").

July 1, 2024

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: /s/ Derek Hines
_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

3