IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| *Defendant*. ) | |

**THE UNITED STATES' OPPOSITION TO DEFENDANT'S RULE 33 MOTION FOR A NEW TRIAL ON ALL COUNTS FOR LACK OF JURISDICTION (ECF 237)**

Defendant Robert Hunter Biden moves pursuant to Federal Rule of Criminal Procedure 33 for a new trial, arguing that this Court lacked jurisdiction when the trial was conducted. Def.'s R. 33 Mot. for New Trial on All Counts for Lack of Jurisdiction. ("Def.'s Mot."), ECF 237. His motion is based on his belief that prior to his trial, the Third Circuit was required to issue a formal mandate and therefore this Court somehow lacked jurisdiction even though the Third Circuit had held that it did not have jurisdiction. The defendant's motion is meritless and is based on his apparent misunderstanding of appellate practice and his failure to read the Third Circuit's Orders, issued before trial, which clearly stated "in Lieu of Mandate." His motion should be denied.

**BACKGROUND**

**I.    The Third Circuit Dismissed the Defendant's First Appeal & Denied Rehearing Before Trial**

On April 17, 2024, the defendant appealed three of this Court's pretrial orders: (1) the denial of his motion to dismiss the indictment for violating the immunity conferred by the Diversion Agreement, (2) the denial of his motion to dismiss the indictment for the improper appointment of the Special Counsel and violation of the Appropriations Clause, and (3) the denial of his motion to dismiss the indictment for violation of separation of powers. *See* Defendant's

1

Notice of Interlocutory Appeal, ECF 103. On May 9, 2024, the Third Circuit dismissed this appeal for lack of jurisdiction and denied the defendant's alternative request for a writ of mandamus, explaining that the defendant had not shown (1) that he was entitled to an immediate appeal or (2) that this Court's rejection of his challenges to his prosecution constituted appealable collateral orders. *United States v. Biden*, No. 24-1703, Order at 3-4 (3d Cir. May 9, 2024, Dkt. 17-1) (per curiam) (citations omitted), attached as Ex. 1. Consistent with the practice in the Third Circuit, the Third Circuit's Order dismissing his first appeal was stamped "Certified Order Issued in Lieu of Mandate." *Id*. at 4 (also highlighted in screenshot below):



The defendant petitioned the Third Circuit for rehearing before the original panel and for rehearing en banc, and he moved in the Third Circuit for a stay of this Court's proceedings pending the Third Circuit's consideration of the petition for rehearing. Emergency Motion of Appellant at 4, *United States v. Hunter Biden*, No. 24-1703 (3d Cir. May 20, 2024), Dkt. 19. The Third Circuit denied the motion to stay on May 21, 2024. *See United States v. Biden*, No. 24-1703, Order at 3-4 (3d Cir. May 21, 2024) (per curiam). The petition for rehearing was denied on May 31, 2024, Dkt. 21. *See* Denial Order attached as Ex. 2.

## II. The Third Circuit Dismissed the Defendant's Second Appeal Before Trial

On May 20, 2024, the defendant appealed a second time, challenging the district court's denial of his motion to dismiss the indictment on Second Amendment grounds. *See* May 9, 2024 Order, ECF 114; Notice of Appeal, ECF 134. Because this Court's order was neither final nor otherwise appealable, the Third Circuit dismissed his appeal for lack of jurisdiction on May 28, 2024. *See United States v. Biden*, No. 24-1938 (3d. Cir. May 28, 2024), Dkt.16-1, 16-2, attached as Ex. 3. Like the dismissal order disposing of his first jurisdictionless appeal, the Third Circuit's order dismissing his second appeal was stamped "Certified Order Issued in Lieu of Mandate." *Id*. at 4. The defendant did not petition for rehearing by the panel or rehearing en banc by the full Third Circuit.

## III. Before Trial Commenced This Court Explicitly Found that It Was Not Divested of Jurisdiction

On May 29, this Court denied the defendant's second motion to dismiss alleging an Appropriations Clause violation. The Court held that any appeal from its denial would, like the defendant's first two attempted interlocutory appeals, be procedurally and substantively frivolous. In that context, this Court affirmed its ongoing exercise of jurisdiction despite the defendant's repeated divestiture efforts:

> Absent further direction from the Third Circuit, the Court understands that should Defendant opt to appeal, his appeal will not independently divest this Court of jurisdiction, such that both this Court and the Court of Appeals for the Third Circuit shall have jurisdiction to proceed.

Memorandum Order, May 29, 2024, ECF 191 at 8-9.[1] The defendant did not appeal this order.

---

[1] In its Order, this Court also referenced the fact that the same issue has been raised and rejected in the defendant's tax prosecution in the Central District of California. *See United States v. Biden*, No. 2:23-cr-599-MCS-1, 2024 WL 1432468 (C.D. Cal. Apr. 1, 2024). Like the Third Circuit, the Ninth Circuit also found that it lacked jurisdiction and dismissed the defendant's appeal. *See United States v. Biden*, No. 24-2333 (9th Cir. May 14, 2024).

### IV. When Trial Began on June 3, This Court Had Jurisdiction

Accordingly, when trial began on June 3, the Third Circuit had already dismissed both of the defendant's appeals with orders stamped "in Lieu of Mandate" and denied his petition for rehearing. Moreover, while the appeal was pending, the Third Circuit issued an order stating, "[t]he Court is mindful of the current trial schedule and will resolve the matter before this Court in a timely manner." *See United States v. Biden*, No. 24-1703 (3d. Cir. May 28, 2024), Dkt. 13. The Third Circuit also denied the defendant's emergency motion for an administrative stay of the trial. *See id.* at Dkt. 20 (Third Circuit order issued one day after appellant filed his motion). In addition, this Court had explicitly ruled that it was continuing to exercise its jurisdiction and that any additional, threatened interlocutory appeals were anticipated to be as frivolous as the first two and would *not* divest this Court of jurisdiction. Mem. Order, May 29, 2024, ECF 191 at 8-9.

On June 24, 2024, two weeks after the jury convicted the defendant of the crimes with which he was charged, the defense filed this motion for a new trial under Rule 33, arguing that the Court had lacked jurisdiction to hold the trial because the Third Circuit has not issued mandates in either of his two appeals. Def.'s Mot. at 3. While the defendant repeatedly insisted before trial that his appeals divested this Court of jurisdiction, this is the first time he has spun this laughable tale of the mystery of the missing mandates. But both dismissal orders are plainly stamped "Issued in Lieu of Mandate" and provide no basis for this Court to reconsider its earlier rulings with respect to jurisdiction when non-appealable orders are appealed. For the reasons stated below, the Court should deny this motion.

## DISCUSSION

**I.  This Court Had Jurisdiction to Conduct the Trial Because the Defendant's Appeals Had Been Dismissed & Fully Disposed of Before Trial**

Despite the defendant's unsupported assertion to the contrary, the Third Circuit did follow its "mandate rule and certification process," Def.'s Mot. at 6. Consistent with Federal Rule of Appellate Procedure 41, the certified dismissal orders in this case were issued in lieu of formal mandates and clearly bear certification stamps saying that. *United States v. Biden*, No. 24-1703, Order at 4 (3d Cir. May 9, 2024, Dkt. 17-1) (per curiam), Ex. 1; *United States v. Biden*, No. 24-1938, Order at 2 (3d Cir. May 28, 2024, Dkt. 16-1, 16-2), Ex. 3. The trial in this case began after both of the defendant's interlocutory appeals were dismissed and after the rehearing he sought was denied. In neither appeal did the Third Circuit ever reach the merits; both appeals were dismissed quickly because the orders were not appealable and there was no other basis for appellate jurisdiction. Thus, when trial started, there was no uncertainty regarding this Court's jurisdiction and there were no additional matters pending in the Third Circuit.

Federal Rule of Appellate Procedure 41(a) explains that other devices besides a formal mandate document may be used to return jurisdiction to the lower court: "Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." The Third Circuit's Internal Operating Procedures confirm that its normal practice is not to issue a formal mandate in a separate document. *See* "Post-Decision Practice Information Sheet," *available at* https://www.ca3.uscourts.gov/sites/ca3/files/noj-amd.pdf ("the Court's normal practice is to issue a certified copy of its judgment, with any opinion attached, in lieu of issuing a formal mandate in

a separate document"). Therefore, the mandate in the defendant's first appeal issued on May 9, 2024[2] and the second mandate on May 20, 2024. *See* Exs. 1, 3.

Contrary to the defendant's claim, the Third Circuit will not "ultimately issue a mandate" because its certified orders were issued "in Lieu of Mandate." It is unclear why the defendant believes he is waiting for the issuance of some additional, superfluous document, when the orders he received clearly indicate no further mandate will issue. *See* Def.'s Mot. at 2 ("The Third Circuit…did not then and has not yet issued its mandate as to the orders dismissing either appeal"); *id*. at 3 ("…the Third Circuit May Ultimately Issue a Mandate" "…the Third Circuit may later issue a mandate"). His argument reveals a misunderstanding of the mechanics of the mandate process or the possibility that he failed to fully read the Third Circuit's dismissal orders.

The caselaw the defendant cites confirms that this practice is customary. He points to *Shahin v. PNC Bank NA*, 678 F. App'x 62, 63 (3d Cir. 2017) as supporting his argument that "jurisdiction follows the mandate" and suggests that because no formal mandate issued here, this Court is awaiting jurisdiction. Def.'s Mot. at 2. But the mandate in *Shahin* consisted only of a "certified judgment" that the Third Circuit had specified "was to be treated in all respects as the

---

[2] Because the defendant filed a petition for rehearing in his first appeal, *United States v. Biden*, No. 24-1703, any staying effect of that petition would have terminated with the Third Circuit's denial on May 31, 2024, if the Third Circuit had jurisdiction. *See* Ex. 2; *Bell v. Thompson*, 545 U.S. 794, 802 (2005) ("The timely filing of a petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion, unless the court orders otherwise") (quoting Fed.R.App.P. 41). Prior versions of Fed.R.App.P. 41 included additional detail regarding the petition having the effect of a stay, but that language was removed in 2018 only because it was considered redundant. *See* Comment to 2018 Amendment ("it seems redundant to state (as subdivision (d)(1) did) that timely filing of such a petition or motion stays the mandate until disposition of the petition or motion. The deletion of subdivision (d)(1) is intended to streamline the rule; no substantive change is intended"). Therefore, both mandates were in full effect before trial began on June 3, 2024.

mandate." 678 F. App'x at 62. In other words, the device used by the Third Circuit in *Shahin* was not a formal mandate in a separate document, but a certified judgment. Similarly, in *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97-98 (3d Cir. 1988), a case embedded in the *Shahin* decision, the appeal became final when the Third Circuit's Clerk of Courts issued a certification in lieu of a mandate. That is exactly what the Third Circuit did in this case. There was nothing insufficient or irregular about the process used here; the Third Circuit used the same process in cases the defendant cited. The certified-order-as-mandate process in this case provides no basis for the court to reconsider its earlier rulings regarding its jurisdiction.

The defendant's failure even to place on the record his uncertainty regarding the issuance or format of the mandate at any point before the start of trial reveals the weakness of his argument. If he had a genuine belief that the court lacked jurisdiction before trial began, it would have been inexcusable to proceed to trial without so much as asking this Court to consider the mandate issue further, let alone wait to raise the issue until two weeks after the jury convicted him. Because his "missing mandate" claim is an invented fiction, his Rule 33 motion is effectively a motion for reconsideration without any justification for such relief. There is no legitimate reason to revisit this Court's prior rulings regarding this Court's continuing jurisdiction or the procedural and substantive frivolousness of his appeals.

## II. This Court Had Jurisdiction to Conduct the Trial Because the Defendant Appealed Non-Appealable Orders

His apparent misunderstanding about the mandate process aside, the defendant's interlocutory appeals from this Court's non-appealable orders never divested this Court of jurisdiction. Thus, even if a mandate was required (which as discussed in Section I, it was clearly not), his argument should be rejected. As has been set forth extensively in prior filings, appeals

from denials of motions to dismiss are not immediately appealable.[3] Nor does a notice of appeal automatically divest the district court of jurisdiction. *See, e.g., United States v. Jackson*, No. CR 13-290 (SDW), 2023 WL 5994640, at *2-3 (D.N.J. Sept. 15, 2023). To mitigate the risk of a defendant filing a notice of appeal to delay trial, courts have held that an appeal from a clearly non-appealable order fails to divest the district court of jurisdiction. *See e.g., Venen v. Sweet*, 758 F.2d 117, 120–21 & n.3 (3d Cir. 1985) ("the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable") (quoting *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962), and citing numerous cases)); *Tucker v. Reading Co.*, 53 F.R.D. 453 (E.D.Pa. 1971) (holding that a premature appeal does not divest district court of jurisdiction). The Third Circuit lacked jurisdiction over the defendant's two interlocutory appeals because this Court's denials of the defendant's motions were neither a final judgment nor orders within the scope of the collateral order doctrine.[4]

---

[3] The non-appealability of the pretrial rulings has been the subject of many filings both in this Court and in the Third Circuit. *See* the Government's Opposition to Defendant's Motion to Stay Proceedings, Apr. 19, 2024, ECF 108; the Government's Opposition to Defendant's Motion to Enjoin the Special Counsel's Investigation and Prosecution for Continuing Violations of the Appropriations Clause, May 22, 2024, ECF 172; *United States v. Biden*, Case 24-1703, Dkts. 10, 14, 16; *United States v. Biden*, Case 24-1938, Dkts. 11, 15.

[4] The defendant's improper notices of appeal did not automatically stay the proceedings and the defendant did not seek a stay in this Court. In fact, the defendant criticized the government for construing his status update as a request for a stay, adhering to his unfounded position that a stay was automatic upon the filing of the notices of appeal and therefore unnecessary here. *See* Mr. Biden's Response to the Special Counsel's Opposition to a Motion for Stay That Was Never Filed, Apr. 22, 2024, ECF 109 at 1. Even if he had sought a stay, as explained in the government's Opposition to Defendant's Motion to Stay Proceedings, Apr. 19, 2024, ECF 108, because there was no appellate jurisdiction over either of his appeals, a stay would have been unwarranted. *Id.* at 1-2 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Moreover, the defendant tried to then argue to the Third Circuit that his appeal required an order to the district court staying the trial, which the Third Circuit immediately denied. *See United States v. Biden*, No. 24-1703 (3d. Cir. May 28, 2024), Dkt. 20.

8

The defendant confuses a district court's finding that an appeal is frivolous with an improper interlocutory appeal of a non-final order. Both provide independent grounds for a district court to retain jurisdiction during an appeal. *See Venen*, 758 F.2d at 120–21 (improper interlocutory appeal); *United States v. Leppo*, 634 F.2d 101, 102 (3d Cir. 1980) (frivolousness). As to the defendant's first two appeals, because he improperly appealed from two non-final, interlocutory orders, there was no need for the government to request (or for the Court to make) a finding of frivolousness in order to enable this Court to "reassert jurisdiction," as the defendant claims. Def.'s Mot. at 4-6. Simply put, this Court never lost jurisdiction because district courts retain jurisdiction over a case when a defendant files an appeal of a non-appealable order just like district courts retain jurisdiction over a case when a defendant files a frivolous appeal.

As to the defendant's motion to enjoin the prosecution based on alleged violations of the Appropriations Clause, the Court took the additional step of clearly asserting its ongoing jurisdiction, explaining there was "no reason to believe that Defendant's inevitable appeal of this denial of his motion for an injunction" would be "any more meritorious than his prior efforts." May 29, 2024 Order at 8-9, ECF 191. The Court explicitly held that "[a]bsent further direction from the Third Circuit" it would continue to exercise jurisdiction. *Id*. In fact, an appeal from a non-appealable judgment or order is "sometimes characterized as a nullity." *Venen*, 758 F.2d at 121. The "great potential for disruption" underlies the Third Circuit's conclusion that district courts retain jurisdiction over appeals that are not subject to interlocutory review. *Id.* (quoting *Leppo*, 634 F.2d at 105).

The defendant cites a seventy-year-old case, *District 65, Distributive, Processing and Office Workers Union of N.Y. and N.J., Formerly Local 65 v. McKague*, 216 F.2d 153 (3d Cir. 1954) to support his argument in favor of automatic divestiture, but the *District 65* approach has

9

been rejected in more recent cases. *See* Wright & Miller's Filing the Notice of Appeal, 16A Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.) (collecting more recent cases and explaining that *District 65* is an example of the "Prior (rejected) approach"). *See also United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) ("Notice of appeal from a non-appealable order, however, does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal").

The defendant's reliance on *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) is also misplaced because *Defries* involved an appealable order for purposes of 28 U.S.C. § 1291's final judgment rule. *See* Def.'s Mot. at 2-3. The district court in *Defries* had dismissed one count of an indictment before trial, a ruling that the D.C. Circuit reversed shortly before trial was scheduled to begin. The district court nevertheless commenced trial before any mandate issued and while the rehearing petition was pending. Because the D.C. Circuit exercised its jurisdiction—ordered briefing, ruled on the merits of the government's appeal and reversed the district court—those proceedings do not "closely track" the facts of this case and it is flat-out wrong that "[t]his case is no different from *Defries*." *See* Def.'s Mot. at 3. Unlike in *DeFries*, the defendant appealed non-final orders and Third Circuit held it had no jurisdiction because they were *not* appealable. The Third Circuit never ordered briefing, reached the merits, or reversed any decision of this Court. In this case, the defendant's rehearing request had already been denied when trial began. In fact, a careful reading of *Defries* underscores the distinction; the decision itself acknowledges the exception to the divestiture rule which applies here: "Courts have carved out a few narrow exceptions to this [divestiture] rule, such as where the defendant frivolously appeals … ***or takes an interlocutory appeal from a non-appealable order***." 129 F.3d at 1302–03 (internal citations omitted) (emphasis added).

## CONCLUSION

For all of these reasons, the Court should deny the defendant's motion for a new trial under Rule 33.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: */s/ Derek Hines*

Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice