# EXHIBIT 3

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

May 28, 2024

Bartholomew J. Dalton
Connor C. Dalton
Dalton & Associates
1106 W 10th Street
Cool Spring Meeting House
Wilmington, DE 19806

Derek E. Hines
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Abbe D. Lowell
Christopher D. Man
Winston & Strawn
1901 L Street NW
Washington, DC 20036

Leo Wise
Office of United States Attorney
36 S Charles Street
4th Floor
Baltimore, MD 21201

RE: USA v. Robert Biden
Case Number: 24-1938
District Court Case Number: 1-23-cr-00061-001

<u>ENTRY OF JUDGMENT</u>

Today, **May 28, 2024** the Court issued a case dispositive order in the above-captioned matter which serves as this Court's judgment. Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App. P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. Pursuant to Fed. R. App. P. 35(b)(3), if separate petitions for panel rehearing and rehearing en banc are submitted, they will be treated as a single document and will be subject to the form limits as set forth in Fed. R. App. P. 35(b)(2). If only panel rehearing is sought, the Court's rules do not provide for the subsequent filing of a petition for rehearing en banc in the event that the petition seeking only panel rehearing is denied.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,
Patricia S. Dodszuweit, Clerk


By: s/Laurie
Case Manager
267-299-4936
cc: Randall C. Lohan

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

ECO-027-E

No. 24-1938

UNITED STATES OF AMERICA

v.

ROBERT HUNTER BIDEN,
Appellant

(D. Del. No. 1-23-cr-00061-001)

Present:   HARDIMAN, KRAUSE, and FREEMAN, Circuit Judges

1. Clerk's Submission for Possible Dismissal Due to Jurisdictional Defect;

2. Appellee's Motion to Dismiss Appeal and Response to Clerk's Order Regarding Jurisdiction;

3. Appellant's Response to Clerk's Order Regarding Jurisdiction and to Appellee's Motion.

4. Appellee's Reply to Appellant's Response

                                                                                                            Respectfully,
                                                                                                            Clerk/lmr

_____ORDER_____
PER CURIAM

     The defendant appealed a pretrial order entered on May 9, 2024, denying his motion to dismiss the indictment, which had argued the charges violated the Second Amendment.

     This appeal is DISMISSED. Criminal defendants ordinarily cannot appeal until after final judgment. See Flanagan v. United States, 465 U.S. 259, 263 (1984). The District Court's order does not qualify as an immediately appealable collateral order. The collateral-order doctrine is a "narrow exception" to the final-judgment rule and "interpreted [. . .] with the utmost strictness in criminal cases." See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798–99 (1989).

Orders that decline to dismiss charges are generally not collateral orders, see, e.g., United States v. Soriano Nunez, 928 F.3d 240, 243 (3d Cir. 2019), unless the defendant asserts a "right not to be tried," see, e.g., Midland Asphalt Corp., 489 U.S. at 800–02. Rights not to be tried must stem from a "statutory or constitutional guarantee that trial will not occur," such as the Double Jeopardy Clause, and very few rights have been recognized as such. See id. at 801–02; Flanagan, 465 U.S. at 266–67 ("[V]irtually all rights of criminal defendants [. . . are] merely a right not to be convicted in certain circumstances.").

The defendant's Second Amendment defense does not implicate a right not to be tried that can be collaterally appealed. See United States v. Hollywood Motor Car Co., 458 U.S. 263, 268 n.2, 270 (1982) (suggesting "questions as to the constitutionality of the statutes authorizing the prosecution" do not create collateral orders); United States v. Tucker, 745 F.3d 1054, 1062–66 (10th Cir. 2014) ("[V]ery few motions to dismiss an indictment—even if founded on a valid constitutional right—will give rise to interlocutory appellate jurisdiction."). Constitutional defenses, like the defendant's Second Amendment defense, can be effectively reviewed on appeal after final judgment. See, e.g., United States v. Joseph, 26 F.4th 528, 534–35 (1st Cir. 2022); United States v. Quaintance, 523 F.3d 1144, 1145–47 (10th Cir. 2008); United States v. Wampler, 624 F.3d 1330, 1335–40 (10th Cir. 2010); United States v. Hsia, 176 F.3d 517, 526 (D.C. Cir. 1999); cf. McCarthy v. Hawkins, 381 F.3d 407, 416 (5th Cir. 2004) ("[T]he constitutionality of [statutes conferring civil claims] can be reviewed effectively on appeal from a final judgment."); e.g., United States v. Veasley, 98 F.4th 906 (8th Cir. 2024); United States v. Daniels, 77 F.4th 337 (5th Cir. 2023); United States v. Seay, 620 F.3d 919 (8th Cir. 2010); United States v. Yancey, 621 F.3d 681 (7th Cir. 2010).

The defendant's interlocutory appeal is therefore DISMISSED for lack of appellate jurisdiction.

Dated: May 28, 2024

A True Copy:

*Patricia A. Dodszuweit*

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate