

emptywheel, LLC
1321 Upland Dr. #7594
Houston, TX 77043

emptywheel.net

July 9, 2024

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

**Re: Request for unsealing of two documents made part of judicial record in Hunter Biden case**

Dear Judge Noreika:

As explained in the letter I sent on January 22, 2024 (DE 73), I am an independent journalist with 17 years experience covering federal trials. I have covered the proceedings in US v. Biden 1:23-cr-00061.

I respectfully submit this letter to seek an order releasing two items made part of the judicial record in this case:

- The motion for miscellaneous relief at DE 167
- The expert Disclosure of Michael Waski described as "attached hereto" in DE 120-2

I make this request pursuant to the public's right of access to judicial records, grounded in both the federal common law and the First Amendment.

The Third Circuit has held that, "the existence of a common law right of access to . . . inspect judicial records is beyond dispute." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). This right, "attaches to any document that is considered a 'judicial record,' which 'depends on whether [the] document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)).

Wheeler 2

The motion for miscellaneous relief was submitted to the docket, sealed, with the stated expectation that it would be unsealed after trial, as its exhibits were. Michael Waski's Disclosure was described as "attached hereto" his certification submitted at DE 120-2 and the device(s) the extraction of which he certified are only identified in his Disclosure. Both, then, were incorporated into this Court's adjudicatory proceedings in this case, making them judicial records.

As laid out below, there is significant public interest in the unsealing and release of these judicial records.

**Motion for Miscellaneous Relief at DE 167**

On May 17, Special Counsel ("SCO") filed a motion to seal a filing (DE 129). After Your Honor granted the motion to seal, SCO submitted a sealed motion for miscellaneous relief on May 22, with two exhibits (DE 167). Subsequent unsealing of the exhibits reveals the sealed motion pertains to Hallie Biden's testimony.

The SCO motion to seal described that, "The government will move to unseal this filing after the conclusion of the witness's testimony at trial." Your Honor instructed (DE 130) that the government "shall" do so. Yet SCO's motion to unseal submitted on June 6 (DE 215) did not include the motion itself in the proposed order. As a result, Your Honor's order unsealing the filings (DE 217) only unsealed the exhibits, not the motion for miscellaneous relief itself.

The filing is of particular interest given SCO's inconsistent protection of Ms. Biden's identity in advance of her testimony. SCO requested the seal from Your Honor, "to protect her identity from public disclosure so that her security is not compromised and so that there will be no witness intimidation issues that could undermine these proceedings." Yet days after that request and one day before submitting the motion itself, on May 21, SCO submitted an analogous motion to compel Ms. Biden's testimony in the Defendant's California case with no request to seal. (CDCA 2:23-cr-00599 DE 102) By the time the sealed motion was filed in Delaware, SCO had already exposed Ms. Biden's identity, the very thing the motion to seal aimed to prevent. I respectfully request that Your Honor issue an order unsealing the motion itself.

**The expert Disclosure of Michael Waski described as "attached hereto" in DE 120-2**

As authorized by Your Honor in the May 24 status conference, SCO admitted digital content derived from a laptop attributed to the Defendant via summary report (GTX18) rather than expert witness. Although SCO claimed, in February, that Defendant's iCloud was the "primary source of electronic evidence in this case" (DE 86 at 4), communications from the laptop constitute close to half the communications in GTX18 and all the communications in GTX125A.

In the motion *in limine* in support ("MIL") of introducing those communications via summary report (DE 120), SCO relied on the expert certification of Michael Waski, a Senior Digital Forensic Examiner who, as a Forensic Analyst, was involved in exploiting the laptop in 2019. Accompanying the MIL, SCO provided Mr. Waski's certification, which in turn incorporates by reference his expert Disclosure. (DE 120-2) The only reasons given why SCO did not docket expert Disclosures themselves were, "because those documents are voluminous and because the defendant agrees these files are self-authenticating." Nevertheless, Mr. Waski's certification describes his Disclosure as, "attached hereto."

Wheeler 3

Mr. Waski's certification, as docketed, does not by itself certify that the laptop was among the devices extracted. While the MIL describes that Mr. Waski's certification pertains to, "two backup files from laptop and hard drive" (DE 120 at 3), Mr. Waski's certification itself mentions neither. Instead, it references a "Digital Forensics Report and [an] Extraction Report," singular. Compare Robert Gearhart's certification at DE 120-1, which lists the four iCloud backups described in the MIL, "Apple Backup 1, Apple Backup 2, Apple Backup 3, Apple Backup 4," which in turn match the warrant. (20-mj-165 DE 3 at 2) To confirm that Mr. Waski's certification pertains to the laptop and hard drive incorporated into the summary and described in the warrant (19-mj-309 DE 3) requires inspecting the Disclosure.

Beyond that issue of completeness, Mr. Waski's Disclosure holds additional significant public interest: (1) it would reaffirm the integrity of these proceedings, (2) it might address concerns raised in two separate Congressional investigations incorporating Mr. Biden's devices (3) it would provide insight into derivative hard drives that have been the subject of controversy for years.

Some background explains why. The FBI obtained the two devices referenced in the MIL from computer repairman John Paul Mac Isaac. (19-mj-309 DE 3) One device, introduced into evidence as GTX16, is a MacBook Pro. The other device, a Western Digital hard drive, purports to be a copy that Mr. Mac Isaac made of the laptop; that copy is, in turn, the source of a number of other hard drives disseminated publicly, including to Congress, since 2020.[1]

Because the hard drive purports to be a copy of the laptop, the content on those devices should substantially match. Yet the MIL suggests it may not. According to SCO, the "backup file" of the laptop (the original source) consists of 4,198 pages (DE 120 at 5). The "backup file" of the hard drive derived from the laptop (the purported copy) consists of 6,801 pages (*Id.*). In other words, the extracted *copy* made of the laptop is 62% larger, measured in pages, than the extracted original source. SCO's office provided no response to an inquiry regarding the significant size difference in these backup files.

An email referenced in notes from IRS Supervisory Special Agent Gary Shapley, submitted in Congressional testimony last year, raises yet more questions about the Western Digital hard drive. Mr. Shapley's notes refer to an email, dated March 31, 2020, "about quality and completeness of imaged/recovered information from the hard drive" that, "for a variety of reasons [USAO] thought they needed to keep [] from the agents."[2] I asked SCO's office why, under US Attorney David Weiss, prosecutors had withheld that email. I received no response.

As Your Honor no doubt recalls, there was also a question raised at trial about the match between the extraction and the devices. On June 6, during a discussion about exhibits, Defense Attorney David Kolansky explained that certain texts between Hallie Biden and the Defendant were not included in the extraction report provided by the government. "When I searched these messages last night, Your Honor, for each of the 42 rows, I did not find these messages in the extraction report that they're referring to." (Transcript at 762) Defense Attorney Abbe Lowell noted that everything the Defense possessed came from the government. "I don't know how things we put here could be missing because we didn't invent this, we got it from them." (Tr. at 776) While Senior Assistant Special Counsel Leo Wise suggested the

---

[1] *See* John Paul Mac Isaac, *American Injustice: My Battle to Expose the Truth* at 60, 77, 98-101.
[2] *See* Transcript, Gary Shapley, House Ways and Means Committee, May 26, 2023, Exhibit 6; available at https://waysandmeans.house.gov/wp-content/uploads/2023/06/Whistleblower-1-Transcript_Redacted.pdf.

Wheeler 4

missing texts may have been withheld from prosecutors by a filter team (Tr. at 778). Your Honor noted, "this is [a] conversation between Mr. Biden and Ms. Biden, there is no arguable privilege here." (*Id.*)

Because prosecutors introduced this evidence via summary, any such discrepancies were not addressed. Special Agent Erika Jensen's testimony (Tr. at 399) regarding the association of the laptop with Defendant's iCloud generated considerable public interest.[3] But she testified she had neither looked for, nor seen, any signs of tampering with the laptop. (Tr. at 549, 550)

Particularly given that the FBI never indexed the laptop (DE 86 at 19), questions about tampering, especially with derivative, publicly-released hard drive content, remain unaddressed. Experts have long expected that a forensic report from the FBI might resolve these questions. "[I]f the Department of Justice or the FBI [...] had done a credible forensic analysis -- certainly I would accept that," former Director of National Intelligence James Clapper described in a House deposition last year.[4] Congressman Dan Bishop even suggested that the FBI's failure to publicly release a forensic report might undermine the Bureau's credibility: "If, in fact, the FBI has not conducted a forensic investigation, or has conducted a forensic investigation and has suppressed the results, should the American people continue to defer to the FBI?"[5]

Mr. Waski's Disclosure should go some way to providing the forensic reassurances that experts expect. I respectfully request that you order Mr. Waski's Disclosure to be released to the public docket.

At this time I am not requesting the release of Mr. Waski's CV or of the content of extraction reports themselves, which SCO describes as voluminous. I am requesting only the expert Disclosure described as "attached hereto" in Mr. Waski's certification, including the Digital Forensics Reports for both the laptop and hard drive.

As noted, I have asked SCO's office several questions about these discrepancies, but received no response. I have had no contact with Defendant or his attorneys about this request.

I appreciate the Court's consideration of this matter. Please do not hesitate to contact me at +1-734-332-1652 or emptywheel@gmail.com.

Respectfully submitted,

Marcy Wheeler
emptywheel.net


cc via email: Counsel of Record

---

[3] *See* Mandy Taheri, "MAGA Celebrates FBI Agent's Testimony About Hunter Biden's Laptop," *Newsweek*, June 4, 2024; available at https://www.newsweek.com/hunter-biden-laptop-testimony-maga-fbi-1908795.
[4] *See* Transcript, James Clapper, House Judiciary Committee, May 17, 2023 at 36. Transcripts available at https://judiciary.house.gov/media/press-releases/judiciary-committee-releases-transcripts-intelligence-officials-who.
[5] *See* Transcript, Kristin Woods, House Judiciary Committee, May 23, 2023 at 93.

768072X1X1XPRI



PRIORITY MAIL EXPRESS
U.S. POSTAGE PAID
C2M
eVS

## PRIORITY MAIL EXPRESS®

Marcy Wheeler
emptywheel LLC
1321 UPLAND DR
HOUSTON, TX 77043-4718

**WAIVER OF SIGNATURE REQUESTED**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N King St Unit 19
Wilmington, DE 19801-3519

USPS TRACKING # eVS



9270 1901 5266 1900 2050 7056 32