

emptywheel, LLC
1321 Upland Dr. #7594
Houston, TX 77043

emptywheel.net


July 18, 2024


The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

**Re: Request to reply to Special Counsel response for request for release of judicial records**

Dear Judge Noreika:

I respectfully submit this letter for consideration as a reply to the letter from Senior Assistant Special Counsel Derek Hines regarding my request for the release of two judicial records. Mr. Hines' letter asserted that the expert Disclosure that Senior Digital Forensic Examiner Michael Waski "attached hereto" his certification "is not a judicial record and is not a record before this Court" (DE 250).

Mr. Hines suggests that a document would only become a judicial record by docketing in the case. He argues that because Mr. Waski's "disclosure was never filed with the Court" and he was not called as an expert witness, his Disclosure never became a judicial record (DE 250).

Yet under *United States v. Wecht*, a document may also become a judicial record if it is, "otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); ("While filing clearly establishes such status, a document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document."))

Mr. Waski's Disclosure was incorporated into the adjudicatory proceedings regarding Special Counsel's (SCO) Motion to Find Electronic Evidence Self-Authenticating (MIL) because his certification is

Wheeler 2

incomplete without the Disclosure. Mr. Waski did not merely "reference" his Disclosure in his certification, as SCO claimed in the MIL (DE 120 fn 5). Rather, he "attached [it] hereto" (DE 120-2).

For three reasons, absent inspecting the Disclosure attached "hereto" that certification, the public cannot be certain that Mr. Waski's certification pertains to the two devices that SCO states it does.

First, Mr. Waski's description of *what* he certified, "the Digital Forensics Report and Extraction Report" (DE 120-2), in no way matches the warrant or SCO's own description of what Mr. Waski certified, "two backup files from laptop and hard drive" (DE 120 at 3).

Mr. Waski's description of a Digital Forensics Report and an Extraction Report, both in the singular, raises questions about whether his certification covers both the laptop and the hard drive. Notes from IRS Supervisory Special Agent Gary Shapley, for example, describe two separate images of the devices, with "forensic computer people at FBI start[ing] analysis" of the hard drive on January 6, 2020, and FBI receiving the forensic image of the laptop on March 6, 2020.[1]

Nor can the public be sure that this certification is the same that SCO provided to Defendant. In the MIL, SCO described that, "On April 24, 2014, the government provided notice to the defendant that the six backup files are self-authenticating under Federal Rule of Evidence 902(14) and provided the certifications attached as Exhibit 1 and Exhibit 2 to this motion," (DE 120 fn 5). Yet the certification docketed with the motion reflects a PDF creation date of May 13, 2024, weeks after SCO provided Defendant a certification.

Document properties

| | |
|---|---|
| File name: | gov.uscourts.ded.82797.120.2_2.pdf |
| File size: | 692 KB |
| Title: | – |
| Author: | – |
| Subject: | – |
| Keywords: | – |
| Created: | 13/05/2024, 21:01:19 |

Robert Gearhart's certification (DE 120-1), by contrast, bears a PDF creation time of April 23, 2024 at 14:30:17, the day before SCO provided expert notification to the Defendant and therefore reliably the same certification Defendant received.

Finally, there is a more important reason to dispute Mr. Hines' contention that the Disclosure is not a judicial record. Mr. Hines makes a significant misstatement as to *why* SCO did not docket Mr. Waski's Disclosure. SCO's MIL provided two reasons why it did not docket the Disclosure on May 14: "Because those documents are voluminous and because the defendant agrees these files are self-authenticating" (DE 120 fn 5). In his letter, Mr. Hines adopts a third reason, not presented in the MIL, for withholding the

---

[1] *See* Transcript, Gary Shapley, House Ways and Means Committee, May 26, 2023, Exhibit 6; available at https://waysandmeans.house.gov/wp-content/uploads/2023/06/Whistleblower-1-Transcript_Redacted.pdf.

Wheeler 3

Disclosure: "[H]is disclosure was never filed with the Court because the defendant agreed that the information derived from his laptop was authentic" (DE 250).

That misstates the record. While Defendant agreed, "not to challenge the authenticity of the electronic data the Special Counsel intends to use with respect to it being what law enforcement received on December 9, 2019 from John Paul Mac Isaac," he very pointedly did not agree that, "this electronic data is 'authentic' as to being *his data* as he used and stored it prior to Mac Issac [sic] obtaining it" (DE 151 at 1). Defense Attorney Abbe Lowell went further in the May 24 status hearing, asserting, "that there were changes to the data prior to it getting in the hands of the government," (May 24 Hearing Transcript at 28).

While there is no dispute the files as extracted by the FBI are self-authenticating as to the devices obtained by the FBI, there is a dispute whether those files are authentically Mr. Biden's data. Given the significant (62%) size discrepancy between the laptop and the hard drive – a purported copy of the laptop – that SCO disclosed (DE 120 at 4), the two forensic reports, together, might be consistent with Defendant's contention that the data had been altered before coming into FBI possession.

"The process by which the government investigates and prosecutes its citizens is an important matter of public concern." *United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007) See *Criden*, 675 F.2d at 557 (noting that the public has a "vital interest in evaluating the public officials who work in the criminal justice system"). That is especially so with regards to devices that have been the subject of controversy both within and outside the courtroom. Here, SCO introduced disputed material into evidence at trial, without first showing that the certification of the data used to introduce that evidence even pertains to the source devices, the laptop and hard drive, in question. Because Mr. Waski only incorporated a description of the devices *by attachment* to his certification, it would require inspecting Mr. Waski's Disclosure to verify that the certification pertains to the laptop and hard drive.

I respectfully request an order to publicly docket Mr. Waski's Disclosure.

I appreciate the Court's consideration of this matter. Please do not hesitate to contact me at +1-734-332-1652 or emptywheel@gmail.com.

Respectfully submitted,

Marcy Wheeler
emptywheel.net