**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| *Defendant.* | ) | |

## THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

DISCUSSION ....................................................................................................................... 2

I.   The Defendant's Motion Contains Numerous Misstatements and Misrepresentations and Should Be Stricken. .......................................................................................................... 2

II.  The Defendant's Motion Is Untimely. ............................................................................. 4

III. The Defendant Fails to Even Address, Let Alone Meet, the Requirements for Reconsideration. ................................................................................................................ 7

IV.  Special Counsel Weiss Was Lawfully Appointed.......................................................... 7

    A.  The Appointments Clause Is Not Implicated Because Special Counsel Weiss Was Nominated by the President and Confirmed by the Senate. ........................................ 9

    B.  The Attorney General Has Statutory Authority to Appoint Special Counsel Weiss. . 12

V.   This Prosecution Does Not Violate the Appropriations Clause. ........................................... 17

CONCLUSION...................................................................................................................... 17

TABLE OF AUTHORITIES

**Cases**

*Edmond v. United States*,
520 U.S. 651 (1997) ........................................................................................................8, 14

*Fed. Hous. Fin. Agency v. UBS Americas Inc.*,
712 F.3d 136 (2d Cir. 2013) ....................................................................................................11

*Franklin v. Massachusetts*,
505 U.S. 788 (1992) ....................................................................................................15

*Freytag v. Commissioner*,
501 U.S. 868 (1991) ....................................................................................................5, 15

*Gov't of Virgin Islands v. Pemberton*,
813 F.2d 626 (3d Cir. 1987) ....................................................................................................6

*Gregory v. Ashcroft*,
501 U.S. 452 (1991) ....................................................................................................15

*In re Grand Jury Investigation*,
315 F. Supp. 3d 602 (D.D.C. 2018) ....................................................................................13, 15

*In re Grand Jury Investigation*,
916 F.3d 1047 (D.C. Cir. 2019) ....................................................................................6, 12, 13

*In re Persico*,
522 F.2d 41 (2d Cir. 1975) ....................................................................................................13

*In re Sealed Case*,
829 F.2d 50 (D.C. Cir. 1987) ....................................................................................................12, 13

*Kucana v. Holder*,
558 U.S. 233 (2010) ....................................................................................................15

*Lo Duca v. United States*,
93 F.3d 1100 (2d Cir. 1996) ....................................................................................................11

*Lucia v. SEC*,
138 S. Ct. 2044 (2018) ....................................................................................................7

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) ....................................................................................................7

*N.L.R.B. v. RELCO Locomotives, Inc.*,
   734 F.3d 764 (8th Cir. 2013) ................................................................................................5

*NLRB v. Noel Canning*,
   573 U.S. 513 (2014) .............................................................................................................13

*Pennsylvania Dep't of Corr. v. Yeskey*,
   524 U.S. 206 (1998) .............................................................................................................16

*Pocket Veto Case*,
   279 U.S. 655 (1929) .............................................................................................................14

*Private Attorneys*,
   4B Op. O.L.C. 434 (1980) ...................................................................................................14

*Quiroga v. Hasbro, Inc.*,
   934 F.2d 497 (3d Cir. 1991) ..................................................................................................2

*Route 22 W. Operating Co*,
   825 F.3d ................................................................................................................................5

*Ryder v. United States*,
   515 U.S. 177 (1995) .............................................................................................................17

*Sea Vill. Marina, LLC v. A 1980 Carlcraft Houseboat*, No. 09-3292 (JBS AMD),
   2010 WL 338060 (D.N.J. Jan. 26, 2010) .............................................................................2

*Shoemaker v. United States*,
   147 U.S. 282 (1893) .............................................................................................................11

*Thomas v. Keystone Real Est. Grp. LP*,
   No. 4:14-CV-00543, 2015 WL 1471273 (M.D. Pa. Mar. 31, 2015) .....................................2

*Trump v. United States*,
   144 S. Ct. 2312 (2024) ...................................................................................................6, 10

*United States v. Biden*, No. 2:23-CR-00599-MCS-1,
   2024 WL 1432468 (C.D. Cal. Apr. 1, 2024) .......................................................................9

*United States v. Cefaratti*,
   221 F.3d 502 (3d Cir. 2000) ..................................................................................................6

*United States v. Concord Mgmt. & Consulting LLC*,
   317 F. Supp. 3d 598 (D.D.C. 2018) ..............................................................................12, 13

*United States v. Cotton*,
   535 U.S. 625 (2002) .....................................................................................................4, 5, 6

*United States v. Donziger*,
  No. 11-CV-691 (LAK), 2021 WL 3141893 (S.D.N.Y. July 26, 2021) ...................................4, 5

*United States v. Durham*,
  941 F.2d 886 (9th Cir. 1991)...........................................................................................6

*United States v. Fitzhugh*,
  78 F.3d 1326 (8th Cir. 1996).............................................................................................5

*United States v. Jackson*,
  No. CR 18-216, 2020 WL 2557339 (W.D. Pa. May 19, 2020) ......................................7

*United States v. Libby*,
  429 F. Supp. 2d 27 (D.D.C. 2006) ...........................................................................12, 14

*United States v. Manafort*,
  321 F. Supp. 3d 640 (E.D. Va. 2018)..............................................................................12

*United States v. Nixon*,
  418 U.S. 683 (1974) ................................................................................................12, 13

*United States v. Panarella*,
  277 F.3d 678 (3d Cir. 2002).............................................................................................5

*United States v. Spinner*,
  180 F.3d 514 (3d Cir. 1999).............................................................................................6

*United States v. Suescun*,
  237 F.3d 1284 (11th Cir. 2001).........................................................................................5

*United States v. Trump*,
  No. 23-80101-CR, 2024 WL 3404555 (S.D. Fla. July 15, 2024) ...........................6, 10

*United States v. Vitillo*,
  490 F.3d 314 (3d Cir. 2007).............................................................................................5

*United States v. Wander*,
  601 F.2d 1251 (3d Cir. 1979).............................................................................................5

*Weiss v. United States*,
  510 U.S. 163 (1994) ......................................................................................................11

**Statutes**

28 U.S.C. § 515(a) ........................................................................................................10, 16

28 U.S.C. § 533(1) ................................................................................................................ 16

28 U.S.C. § 541(a) ................................................................................................................. 9

28 U.S.C. § 510 .................................................................................................................... 14

28 U.S.C. §§ 509 ..................................................................................................... 9, 10, 11

Act of August 30, 1890, ch. 837, 26 Stat. 371 ................................................................... 14

Act of Mar. 3, 2891, ch. 542, 26 Stat. 948 ........................................................................ 14

Act of Mar. 3 1901, ch. 853, 31 Stat. 948 ......................................................................... 14

Act of June 3, 1948 Pub. L. 80-597 .................................................................................... 14

Act of Feb. 25, 1903, Pub. L. No. 57-115 .......................................................................... 14

Act of Mar. 4, 1921, Pub. L. No. 66-389 ............................................................................ 14

Pub. L. No. 89-554, § 7(e), 80 Stat. 378 (1966) ............................................................... 16

**Other Authorities**

*Assignment of Army Lawyers to the Department of Justice*
    10 Op. O.L.C. 115 (1986)) ........................................................................................ 14

*Application of Conflict of Interest Rules to the Conduct of Government Litigation by Private Attorneys*,
    4B Op. O.L.C. 434 (1980) (Appendix) ..................................................................... 14

*Naval Court Martial*,
    18 Op. Att'y Gen. 135 (1885) ................................................................................... 14

*The President and the Independent Counsel*,
    86 Geo. L.J. 2133 (1998) ........................................................................................... 13

## INTRODUCTION

Even though a jury has already found the defendant guilty of all three counts charged in the indictment, the defendant has belatedly filed a motion to dismiss the indictment, arguing that Special Counsel Weiss's appointment violates the Appointments and Appropriations Clauses. *See* Def.'s Mot. to Dismiss for Lack of Jurisdiction, ECF 252 ("Def.'s Mot."). As a threshold matter, the Court should strike the defendant's motion because it contains multiple misrepresentations of the record. The defendant has failed to correct even the blatant false statements that prompted the district court in the Central District of California to issue a Show Cause Order as to why defense counsel should not be sanctioned for making misrepresentations to the Court. The motion is also untimely. The defendant incorrectly claims that his arguments implicate this Court's jurisdiction to avoid the time constraints of Federal Rule of Criminal Procedure 12, but his motion is one that "alleg[es] a defect in instituting the prosecution," which must be filed before trial. *See* Fed. R. Crim. Pro. 12(b)(3)(A).

The defendant's arguments also fail on the merits. This Court has already held that Special Counsel Weiss was lawfully appointed and funded and the defendant does not even attempt to meet the requirements for a motion for reconsideration—which is all this is. *See* Court's April 12, 2024 Memorandum Order ("Order Denying Motion to Dismiss"), ECF 101. In any event, Special Counsel Weiss lawfully initiated this case as the duly appointed United States Attorney in this district—something the defendant does not even dispute—and he plainly had the authority to continue to prosecute the case, even after the Attorney General conferred additional authority upon him as special counsel. The Court should therefore strike or deny the defendant's motion.

## DISCUSSION

I.     **The Defendant's Motion Contains Numerous Misstatements and Misrepresentations and Should Be Stricken.**

District courts have inherent power to control their own dockets, including by striking filings. *See, e.g.*, *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 505 (3d Cir. 1991); *Thomas v. Keystone Real Est. Grp. LP*, No. 4:14-CV-00543, 2015 WL 1471273, at *8 (M.D. Pa. Mar. 31, 2015); *Sea Vill. Marina, LLC v. A 1980 Carlcraft Houseboat*, No. 09-3292 (JBS AMD), 2010 WL 338060, at *6 (D.N.J. Jan. 26, 2010). The defendant's motion contains several misstatements and misrepresentations and accordingly, should be stricken.

First, the defendant has not corrected his numerous false statements that Special Counsel Weiss brought no charges against the defendant until he became special counsel, despite the fact that these same false statements were the subject of a Show Cause Order in his case in the Central District of California. Indeed, the motion in this case is nearly identical to the one that the defendant filed in that district. *See* Motion to Dismiss for Lack of Jurisdiction, *United States v. Biden*, No. 23-cr-599 (MCS) (C.D. Cal. July 18, 2024), ECF 133. On July 24, 2024, the court issued an order directing defense counsel to "show cause why sanctions should not be imposed for making false statements" in that motion. *See* Order, *United States v. Biden*, No. 23-cr-599 (MCS) (C.D. Cal. July 24, 2024), ECF 138 at 2. Specifically, the Court explained that the defendant's assertion that Special Counsel Weiss "brought no charges" against the defendant "until after he received the Special Counsel title" were "not true, and Mr. Biden's counsel knows they are not true." *Id.* The court then correctly stated that "in his role as U.S. Attorney for the District of Delaware, Mr. Weiss brought charges by Information, including two of the misdemeanor offenses subsequently charged by indictment in this Court." *Id.* (citing Information, *United States v. Biden*, No. 1:23-cr-00061-MN (D. Del. June 20, 2023), ECF No. 2; Information, *United States v. Biden*, No. 1:23-mj-00274-MN

(D. Del. June 20, 2023), ECF No. 2). The defendant subsequently filed an amended motion, replacing the word "charges" to "indictments" throughout his brief. *See* Amended Motion to Dismiss for Lack of Jurisdiction, *United States v. Biden*, No. 23-cr-599 (MCS) (C.D. Cal. July 28, 2024), ECF 140.

In this case, the defendant has not amended his motion, and it still contains this false assertion in several places. *See* Def.'s Mot. at 5 (Special Counsel Weiss "brought no charges until after he received the Special Counsel title"); *id*. at 6 ("Special Counsel Weiss . . . brought no charges in this investigation with his U.S. Attorney position but, as Special Counsel, initiated legal proceedings on both sides of the country against Mr. Biden in Delaware and California . . . ."); *id*. ("Mr. Weiss . . . sought Special Counsel status before bringing any charges."). That statement is obviously not true, as defense counsel himself acknowledged in his response to the California district court's order to show cause. *See* Defendant's Response to Order to Show Cause, *United States v. Biden*, No. 23-cr-599 (MCS) (C.D. Cal. July 28, 2024), ECF 139. And making the minor change he made in the California case by substituting the word "charges" to "indictments" would not solve the issue, as the statements would still misleadingly suggest that United States Attorney Weiss failed to take action against the defendant until after he became special counsel. That is patently incorrect.

Second, in the very first sentence of his motion, defense counsel writes, "[t]his prosecution (and another in California) did not occur until after unprecedented political pressure was brought to forego an agreed-upon resolution of a four-year investigation." Def.'s Mot. at 1. Defense counsel clearly wants the reader to draw the misleading inference that this "unprecedented political pressure" somehow led to the charges in this case. But as this Court has recognized, defense counsel has unsurprisingly never been able to offer any proof establishing a causal connection between

3

statements by political actors and the charges that were brought in this district—there simply is none. *See, e.g.*, Court's April 12, 2024 Memorandum Opinion at 8 n.2, ECF 99 ("Regardless of whether Congressional Republicans attempted to influence the Executive Branch, there is no evidence that they were successful in doing so."); *id*. at 13 ("[T]he pressure campaign from Congressional Republicans may have occurred around the time that the Special Counsel decided to move forward with indictment instead of pretrial diversion, but the Court has been given nothing credible to suggest that the conduct of those lawmakers (or anyone else) had any impact whatsoever on the Special Counsel. It is all speculation."). The defendant's statement to the contrary is thus knowingly false.

## II.     The Defendant's Motion Is Untimely.

Federal Rule of Criminal Procedure 12(b)(3) requires certain "defenses, objections, and requests" to be raised "by pretrial motion," otherwise, the motion is untimely. *See* Fed. R. Crim. Pro. 12(b)(3), (c)(3). The Appointments Clause challenge the defendant raises here is a "defect in instituting the prosecution," and under Rule 12(b)(3)(A), such a claim must be raised before trial. *United States v. Donziger*, No. 11-CV-691 (LAK), 2021 WL 3141893, at *53 (S.D.N.Y. July 26, 2021), *aff'd*, 38 F.4th 290 (2d Cir. 2022). Trial in this case concluded on June 11, 2024—nearly two months ago—so the defendant's motion is untimely. *Id*.

The defendant tries to avoid Rule 12's requirements by styling his motion as a "motion to dismiss for lack of jurisdiction." It is not. "[T]he term 'jurisdiction'" means the "courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Indeed, the court in *Donziger* rejected an identical argument to defendant's here, explaining that an "Appointments Clause challenge has absolutely nothing to do with subject-matter jurisdiction, which relates to this Court's power to adjudicate this case." 2021 WL 3141893, at *53. Rather, "[d]istrict courts have 'have original jurisdiction . . . of all offenses against the laws of the United

4

States," *id.*, including those that the defendant was found guilty of in this case. Other courts have likewise held that Appointments Clause challenges are non-jurisdictional. *See United States v. Suescun*, 237 F.3d 1284, 1287-88 (11th Cir. 2001) (holding an Appointments Clause challenge to a temporary United States Attorney on the basis that he was not Senate-confirmed was not jurisdictional); *United States v. Fitzhugh*, 78 F.3d 1326, 1330 (8th Cir. 1996) (holding challenge to the appointment of independent counsel raised a "non-jurisdictional defect").[1]

The defendant appears to confuse Rule 12(b)(3)(A), which governs motions raising "a defect in instituting the prosecution"—as is the case here—with Rule 12(b)(3)(B), which governs motions raising a "defect in the indictment or information," including "failure to state an offense." Prior to 2014, Rule 12 permitted courts to hear claims that the "indictment or information fails . . . to state an offense" any time before trial. Committee Notes on Rules – 2014 Amendment  to Fed. R. Crim. Pro. 12. After the Supreme Court's decision in *Cotton*, Rule 12 was amended to remove this exception to the "general requirement that charging deficiencies be raised prior to trial." *Id*. The defendant's Third Circuit cases all involve alleged failures to state an offense—which, again, is not the type of defect the defendant alleges here—and they all cite to the former, inoperative version of Rule 12. *See United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979); *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002); *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir.

---

[1] The Supreme Court has also described Appointments Clause challenges as "nonjurisdictional structural constitutional" claims. *See Freytag v. Commissioner*, 501 U.S. 868, 878-79 (1991). Other courts have reaffirmed "*Freytag*'s general rule that appointments clause challenges are nonjurisdictional." *N.L.R.B. v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795 (8th Cir. 2013); *accord 1621 Route 22 W. Operating Co*, 825 F.3d at 142 (describing *Freytag* as "expressly characteriz[ing] constitutional Appointments Clause objections as 'nonjurisdictional'"). In *Freytag*, after acknowledging that such a claim was nonjurisdictional, the Court did exercise its discretion to hear the Appointments Clause challenge, but only because it was a "rare case." 501 U.S. at 879. As explained, the defendant has not established good cause that would justify excusing his belatedness from Rule 12's bar on raising nonjurisdictional claims after trial.

2007); *United States v. Spinner*, 180 F.3d 514, 516 (3d Cir. 1999); *Gov't of Virgin Islands v. Pemberton*, 813 F.2d 626, 631 (3d Cir. 1987).[2] Further, the defendants in these cases did not even purport to bring jurisdictional challenges or Appointments Clause challenges, so they are irrelevant.

The defendant also cites to *United States v. Durham*, 941 F.2d 886 (9th Cir. 1991), but that case is also distinguishable. There, the defendant argued that the prosecutor in the case, a district attorney, was not properly *authorized* to litigate the case as a Special United States Attorney. *Id*. at 891. That is distinct from the defendant's Appointments Clause challenge, in which he contends that the sitting United States Attorney—who lawfully initiated the prosecution in this case—was not properly appointed to another federal prosecutorial position. Further, *Durham* predated the Supreme Court's decision in *Cotton*, in which the Supreme Court explained that prior understandings of "jurisdiction" in criminal cases reflected an "expansive notion of 'jurisdiction' which is not what the term means today, *i.e.*, the *courts*' statutory or constitutional power to adjudicate the case." *Cotton*, 535 U.S. at 629 (citation omitted) (emphasis added).

The defendant also offers no good cause that would excuse his belated filing under Rule 12(c)(3). The defendant misleadingly suggests that these arguments were "only recently addressed" by Justice Thomas's solo concurrence in *Trump v. United States*, 144 S. Ct. 2312, 2347-52 (2024) and a Florida district court in *United States v. Trump*, No. 23-80101-CR, 2024 WL 3404555 (S.D. Fla. July 15, 2024). Def.'s Mot. at 10. To the contrary, others have been making these same arguments for years. *See, e.g.*, *In re Grand Jury Investigation*, 916 F.3d 1047 (D.C. Cir. 2019). The defendant had the opportunity to timely raise these arguments in his first motion to dismiss

---

[2] *United States v. Cefaratti*, 221 F.3d 502, 507 (3d Cir. 2000) does not even cite to Rule 12, but it does allege that an information is deficient "because it failed to charge an essential element of a § 1957 offense"—the same irrelevant claim as in the defendant's other cases.

challenging Special Counsel Weiss's appointment and funding, but chose not to. *See* ECF 62. The Court should not permit him to do so here.

### III.     The Defendant Fails to Even Address, Let Alone Meet, the Requirements for Reconsideration.

The instant motion is plainly one for reconsideration, regardless of how the defendant styles it. But the defendant has not even attempted to meet any of the requisite factors for a motion for reconsideration. "Courts apply the same standards to motions for reconsideration filed in a criminal case as those used in the civil context." *United States v. Jackson*, No. CR 18-216, 2020 WL 2557339, at *1 (W.D. Pa. May 19, 2020). A party seeking reconsideration must show "at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999).

None of these factors apply here. There has been no intervening change in controlling law— the defendant relies solely on an out-of-circuit district court decision and a single-Justice concurrence. Neither of these opinions has any precedential effect on this Court (or otherwise). Nor does the defendant contend that there is new evidence or a need to correct a clear error of law or fact. Accordingly, the Court should deny the defendant's mislabeled motion, which is in fact asking for reconsideration, particularly when the defendant failed to present arguments that were readily available to him when he filed his first motion to dismiss before trial.

### IV.     Special Counsel Weiss Was Lawfully Appointed.

"The Appointments Clause of the Constitution lays out the permissible methods of appointing 'Officers of the United States.'" *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018). The Appointments Clause provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Department.

Art. II, § 2, cl. 2. The Appointments Clause differentiates between two distinct classes of officers: principal officers and inferior officers. *See Edmond v. United States*, 520 U.S. 651, 659-60 (1997). Principal officers must be nominated by the President and confirmed by the Senate. *Id*. at 559. As to inferior officers, Presidential nomination and Senate confirmation is the "default manner of appointment," *id*., but Congress may also "by law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." Art. II, § 2, cl. 2.

The defendant does not dispute that Special Counsel Weiss was appointed to his position as United States Attorney for the District of Delaware in a manner consistent with the Appointments Clause.[3] The defendant also does not dispute that in his capacity as United States Attorney—a role that he still occupies—Special Counsel Weiss could lawfully prosecute this case. *See* ECF 2 (June 20, 2023 Information). Rather, the defendant argues only that Special Counsel Weiss could not continue to prosecute the remainder of this case once he became special counsel because the "office of a Special Counsel" was not "established by law." *Id*. at 2. This overly formalistic argument defies common sense, the plain text of the statutory provisions cited in the Special Counsel's appointment order, and longstanding precedent. The defendant provides no basis for this Court to deviate from its prior ruling upholding Special Counsel Weiss's appointment and funding, and it should reaffirm

---

[3] The defendant also does not dispute that Special Counsel Weiss is an inferior officer. Def.'s Mot. at 2 n.1.

the validity of Special Counsel Weiss's appointment. *See* Order Denying Motion to Dismiss; *see also United States v. Biden*, No. 2:23-CR-00599-MCS-1, 2024 WL 1432468, at *10-16 (C.D. Cal. Apr. 1, 2024), *appeal dismissed*, No. 24-2333, 2024 WL 2745125 (9th Cir. May 14, 2024) (rejecting challenge to Special Counsel Weiss's appointment and funding).

### A.   The Appointments Clause Is Not Implicated Because Special Counsel Weiss Was Nominated by the President and Confirmed by the Senate.

Because Special Counsel Weiss has already been appointed in a manner consistent with the Appointments Clause, this case does not raise any Appointments Clause issue. In his role as United States Attorney for the District of Delaware, Special Counsel Weiss was nominated by the President and confirmed by the Senate. *See* 28 U.S.C. § 541(a). Since 2019, he has been lawfully investigating the defendant's criminal conduct—indeed, he brought the charges in this case before he became special counsel. *See* ECF 2 (June 20, 2023). Pursuant to his authority under 28 U.S.C. §§ 509, 510, 515, 533, Attorney General Garland has merely delegated to Special Counsel Weiss the ability to continue to investigate and prosecute "allegations of certain criminal conduct by, among others, Robert Hunter Biden" and to do so in "any federal judicial district arising from the investigation of these matters." Appointment Order.

The statutory provisions cited in the Appointment Order—28 U.S.C. §§ 509, 510, 515, and 533—plainly permit the Attorney General to delegate this authority. Section 509 vests in the Attorney General "[a]ll functions" of "other officers of the Department of Justice" and "of agencies and employees of the Department of Justice." 28 U.S.C. § 509. Section 510, entitled "Delegation of authority," reads as follows:

> The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

*Id*. § 510. Section 515(a) states that any "officer of the Department of Justice . . . may, when specifically directed by the Attorney General, conduct any kind of legal proceeding . . . which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought." *Id*. § 515(a). Finally, § 533(1) permits the Attorney General to "appoint officials . . . to detect and prosecute crimes against the United States." *Id*. 533(1). [4]

 Accordingly, drawing on his authority over "all functions" of the Department of Justice, *id*. § 509, Attorney General Garland delegated to Special Counsel Weiss—an existing "officer" of the Department of Justice—the authority to "perform[]" the function of continuing to investigate and prosecute the defendant, *id*. § 510. As special counsel, Special Counsel Weiss is therefore completing the prosecution of a case that that lawfully began before he was named special counsel.

 The defendant's argument to the contrary relies exclusively on the recent Florida district court opinion in *United States v. Trump*, No. 23-80101-CR, 2024 WL 3404555 (S.D. Fla. July 15, 2024) and Justice Thomas's solo concurrence in *Trump v. United States*, 144 S. Ct. 2312, 2347-52 (2024). The government respectfully disagrees with the reasoning in those opinions. In any event, those cases involved different facts than those here. Special Counsel Weiss was a duly appointed United States Attorney when he was named special counsel, not a private citizen. He was already investigating the defendant and, contrary to the defendant's misrepresentations, had already filed charges against him in this very case. *See* ECF 2. This case presents a far different scenario, in

---

[4] While the Attorney General lawfully delegated Special Counsel Weiss the authority to pursue cases in other jurisdictions pursuant to § 515(a), because this prosecution is in the District of Delaware—where he is a "resident" and serves as United States Attorney—this provision is not relevant to his ability to prosecute this case. Further, the Court need not rely on § 533 to conclude that the Attorney General lawfully delegated his authority to a Senate-confirmed United States Attorney prosecuting in his home district, but this provision lends further support to the argument that he had a basis on which to do so.

which the sitting United States Attorney is prosecuting the defendant in his home jurisdiction. It is clearly within Weiss's authority to do so, whether or not he possesses the additional authority conferred upon him as special counsel.

The defendant also argues that Special Counsel Weiss's lawful appointment as United States Attorney does not mean that he can occupy the role of special counsel. *See* Def.'s Mot. at 6. But as applied to the facts of this case, this is a distinction without a difference—he prosecuted this case lawfully as United States Attorney, and could continue to do so whether or not he is serving as special counsel. In any event, it is well-established that Congress may confer on validly appointed officers "additional duties, germane to the offices already held by them . . . without thereby rendering it necessary that the incumbent should be again nominated and appointed." *Shoemaker v. United States*, 147 U.S. 282, 301 (1893); *accord Weiss v. United States*, 510 U.S. 163, 170-75 (1994) (commissioned officers who were already Senate-confirmed did not need a second appointment pursuant to the Appointments Clause when they were named to the position of military judges); *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013) (an officer who had already been Senate-confirmed to serve as Director of the Office of Federal Housing Enterprise Oversight did not need re-appointment to serve as the Director of the Federal Housing Finance Agency). Congress authorized the Attorney General to delegate his functions to another "officer[]" within the Department of Justice, including the ability to litigate in other jurisdictions. *See* 28 U.S.C. §§ 509, 510, 515, 533. As special counsel, United States Attorney Weiss was merely delegated the additional authority to continue his ongoing prosecution. This additional authority is plainly "germane" to his existing duties as the official already prosecuting the defendant. *See Lo Duca v. United States*, 93 F.3d 1100, 1110-11 (2d Cir. 1996) (holding that *Shoemaker*'s "germaneness" standard is "fully met" because the "performed by an extradition officer are virtually identical to

those performed every day by judges and magistrate judges"). Accordingly, United States Attorney Weiss did not need any re-appointment when he assumed the role of special counsel.

The defendant also repeatedly criticizes Special Counsel Weiss for wielding the power of a United States Attorney without having gone through the appointments process for that position. *See* Def.'s Mot. at 6 ("Given that Congress requires a U.S. Attorney to be nominated by the President and confirmed by the Senate, it makes no sense to assume that Congress would allow the Attorney General to unilaterally appoint someone as Special Counsel with equal or greater power than a U.S. Attorney."). But this argument borders on the absurd in this context, where Special Counsel Weiss was *already* serving as the Senate-confirmed United States Attorney in this jurisdiction when prosecuting this case. Accordingly, the Appointments Clause is not implicated here.

**B.     The Attorney General Has Statutory Authority to Appoint Special Counsel Weiss.**

Even if the Court were to find that the Appointments Clause is implicated, the statutory provisions referenced in the appointment order also establish "by law" the authority in the Attorney General to appoint Special Counsel Weiss. *See* Art. II, § 2, cl. 2. The overwhelming majority of courts—including the Supreme Court—have held as much. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 694 (1974); *In re Sealed Case*, 829 F.2d 50, 55-59 (D.C. Cir. 1987); *In re Grand Jury Investigation*, 916 F.3d at 1051-54; *United States v. Concord Mgmt. & Consulting LLC*, 317 F. Supp. 3d 598, 607-26 (D.D.C. 2018); *United States v. Manafort*, 321 F. Supp. 3d 640, 655-59 (E.D. Va. 2018); *United States v. Libby*, 429 F. Supp. 2d 27, 34-45 (D.D.C. 2006).

In *Nixon*, the Supreme Court recognized that, taken together, these statutory provisions give the Attorney General the power to "appoint subordinate officers to assist him in the discharge of his duties," including an independent counsel. 418 U.S. at 694 (citing 28 U.S.C. §§ 509, 510, 515, 533). The defendant mentions *Nixon* only in a parenthetical suggesting that the issue was not raised in

that case. *See* Def.'s Mot. at 10. But *Nixon* expressly addressed §§ 509, 510, 515, 533 and held that these provisions give the Attorney General the power to appoint an independent counsel. Nor was that statement dicta. In *Nixon*, the Attorney General's statutory authority to promulgate the regulations appointing the independent counsel "was a necessary antecedent to determining whether the regulations were valid, and, therefore, was necessary to the decision that a justiciable controversy existed." *In re Grand Jury Investigation*, 916 F.3d at 1053. "The Supreme Court's quoted statement regarding the Attorney General's power to appoint subordinate officers is, therefore, not dictum." *Id.*; *see also, e.g.*, *Concord Mgmt. & Consulting*, 317 F. Supp. 3d at 623; *In re Grand Jury Investigation*, 315 F. Supp. 3d 602, 652 (D.D.C. 2018). Accordingly, "these provisions vest in the Attorney General the investigative and prosecutorial functions and powers" and "authorize him to delegate such functions and powers to others within the Department of Justice." *In re Sealed Case*, 829 F.2d at 55 n.29 (citation omitted). This plainly encompasses the Attorney General's authority to delegate to Special Counsel Weiss the ability to continue to prosecute the defendant in the same district where he serves as United States Attorney.

Historical practice also supports this conclusion. *See NLRB v. Noel Canning*, 573 U.S. 513, 524 (2014) (courts "put significant weight upon historical practice" when interpreting constitutional provisions that concern "the allocation of power" between Congress and the Executive Branch). Drawing on the authority to retain counsel originally conferred in 1870, past Attorneys General have "made extensive use of special attorneys." *In re Persico*, 522 F.2d 41, 54 (2d Cir. 1975). These instances span nearly 140 years and include some of the most notorious scandals in the Nation's history, including Watergate. *See, e.g.*, Brett M. Kavanaugh, The President and the Independent Counsel, 86 Geo. L.J. 2133, 2142-44 (1998). Congress has also long demonstrated its understanding of the Attorney General's authority to appoint special counsels by repeatedly appropriating funds

to compensate them. *See, e.g.*, Act of Aug. 30, 1890, ch. 837, 26 Stat. 371, 409-410; Act of Mar. 3, 1891, ch. 542, 26 Stat. 948, 986; Act of Mar. 3, 1901, ch. 853, 31 Stat. 1133, 1181-1182; Act of Feb. 25, 1903, Pub. L. No. 57-115, 32 Stat. 854, 903-904; Act of Mar. 4, 1921, Pub. L. No. 66-389, 41 Stat. 1367, 1412; Act of June 3, 1948, Pub. L. 80-597, 62 Stat. 305, 317. And published opinions of the Attorney General, for more than a century, have recognized that authority. *See, e.g.*, *Assignment of Army Lawyers to the Department of Justice*, 10 Op. O.L.C. 115, 117 n.3 (1986); *Application of Conflict of Interest Rules to the Conduct of Government Litigation by Private Attorneys*, 4B Op. O.L.C. 434, 442-43 & n.5 (1980) (Appendix); *Naval Court-Martial*, 18 Op. Att'y Gen. 135, 136 (1885).

The defendant's arguments to the contrary are unavailing. The defendant claims that §§ 509, 510, and 515 cannot support the appointment of a special counsel because they do not reference a "Special Counsel." *See* Def.'s Mot. at 5, 7. But § 509 vests nearly "all functions . . . [of] The Department of Justice . . . in the Attorney General," and "[t]here can be no question that the plain language of 28 U.S.C. § 510 supplies the Attorney General with the authority to delegate to 'any other officer, employee, or agency of the Department of Justice . . . *any function* of the Attorney General,'" *Libby*, 429 F. Supp. 2d at 32, including a special counsel. The defendant's argument would require an explicit statutory directive before the Attorney General can fill a given position. But the Supreme Court has held that a statute does not need to "specifically mention" a position to confer the "power to appoint" someone to that position. *Edmond*, 520 U.S. at 656. And the Attorney General has for decades relied on these same statutory provisions to appoint individuals to numerous other positions within the Department of Justice, including the Principal Deputy Solicitor General and Deputy Assistant Attorneys General. *See The Pocket Veto Case*, 279 U.S. 655, 689

(1929) ("Long settled and established practice is a consideration of great weight in a proper interpretation of constitutional provisions.").

The defendant similarly advocates for a "clear statement rule," Def.'s Mot. at 4, but any clear statement rule would be inappropriate here, let alone one that demands such granular specificity. Courts generally require clear statement rules when Congress enacts a statute that purports to encroach on a well-established sphere of authority. For example, the Supreme Court has imposed a clear statement rule when a statute gives "to one branch authority that otherwise would belong to another," *In re Grand Jury Investigation*, 315 F. Supp. 3d at 658 (citing *Kucana v. Holder*, 558 U.S. 233, 237 (2010); *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992)), or when a federal law alters "the usual constitutional balance of federal and state powers," *Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991). The position of special counsel—an inferior officer within the executive branch—raises no "danger of one branch's aggrandizing its power at the expense of another branch." *Freytag*, 501 U.S. at 878. And in any case, for the reasons described, the statutory provisions would "plainly satisfy" any clear statement test. *In re Grand Jury Investigation*, 315 F. Supp. 3d at 660.

The defendant also implausibly claims that § 515(a) does not apply because Special Counsel Weiss was not "specifically directed by the Attorney General" to initiate this prosecution and because the underlying investigation was not a "legal proceeding." Def.'s Mot. at 7. As a preliminary matter, Special Counsel Weiss need not rely on delegated authority under § 515(a) to bring this case, because he is prosecuting this case in the District of Delaware, where he is a resident (and the sitting United States Attorney). But even so, the Appointment Order could hardly give a more specific direction—it states that the "Special Counsel is authorized to conduct the ongoing investigation" into "allegations of certain criminal conduct by, among others, Robert Hunter

Biden." *See* Appointment Order. And the Appointment Order specifically references the two matters initiated in this Court by United States Attorney Weiss prior to his appointment as special counsel. *See id*. ("The Special Counsel is authorized to conduct the on-going investigation in *United States v. Robert Hunter Biden*, Criminal Action Nos. 23-mj-274 (MN) and 23-61 (MN) (D. Del.)"). Section § 515(a) also broadly permits attorneys to conduct "any kind of legal proceeding . . . which United States attorneys are authorized by law to conduct." 28 U.S.C. § 515(a). That clearly encompasses this prosecution, which Special Counsel Weiss began as United States Attorney and has continued in the same jurisdiction where he resides.

Finally, the defendant argues that § 533 governs only "the hiring of FBI law enforcement personnel," Def.'s Mot. at 8, but that is inconsistent with a plain reading of the text. Special Counsel Weiss is an "official" who was "appointed" to "prosecute" any crime that arises from the investigation into the defendant. 28 U.S.C. § 533(1). Moreover, the "title of a statute cannot limit the plain meaning of the text" and matters "only when it sheds light on some ambiguous word or phrase." *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998) (citations omitted). And the placement of § 533(1) in the Section of Title 28 entitled "Federal Bureau of Investigation" occurred in 1966 as part of a reorganization of Title 28. In that reorganization, Congress expressly stated that "[a]n inference of legislative construction is not to be drawn by reason of the location in the United States Code of a provision enacted by this Act or by reason or catchline thereof." Pub. L. No. 89-554, § 7(e), 80 Stat. 378, 631 (1966), https://www.govinfo.gov/content/pkg/STATUTE-80/pdf/STATUTE-80-Pg378.pdf. Accordingly, § 533(1)'s title and location are of minimal probative value.

In sum, this case does not implicate the Appointments Clause, but even if it did, the Court should conclude that Special Counsel Weiss was validly appointed.[5]

## V.      This Prosecution Does Not Violate the Appropriations Clause.

As noted, this Court has already rejected the defendant's previous attempts at challenging the appropriations underlying Special Counsel Weiss's prosecution of this case. *See* Order Denying Motion to Dismiss at 3-9. As the Court explained, "[b]ecause Mr. Weiss was lawfully appointed under §§ 509, 510 and 515 to serve as Special Counsel to conduct investigations and prosecutions relating to this criminal matter, he is an 'independent counsel' appointed pursuant to 'other law' within the meaning of the permanent appropriation and, as such, the funds of such appropriation may lawfully be used for his expenditures." *Id*. at 8; *see also Special Counsel and Permanent Indefinite Appropriation*, GAO B-302582, 2004 WL 2213560 (Sept. 30, 2004) ("[T]he same statutory authorities that authorize the Attorney General . . . to delegate authority to a U.S. Attorney to investigate and prosecute high ranking government officials are 'other law' for the purposes of authorizing the Department to finance the investigation and prosecution from the permanent indefinite appropriation."). The defendant's conclusory argument to the contrary offers no reason for the Court to vary from its prior ruling.

## CONCLUSION

For all of these reasons, the Court should deny or strike the defendant's motion to dismiss for lack of jurisdiction.

---

[5] Even if this Court were to decide otherwise, the Court should apply the de facto officer doctrine, which "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *See Ryder v. United States*, 515 U.S. 177, 180 (1995). As the sitting United States Attorney in this district, Weiss would have the authority to prosecute this case irrespective of his appointment as special counsel.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By:

_____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice