# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
|  | ) |
| ROBERT HUNTER BIDEN, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

_____)

**MR. BIDEN'S NOTICE OF SUPPLEMENTAL AUTHORITY:**
*United States v. Connelly*, No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024)

| | |
|---|---|
| Abbe David Lowell | Bartholomew J. Dalton (#808) |
| Christopher D. Man | DALTON & ASSOCIATES, P.A. |
| WINSTON & STRAWN | 1106 West 10th Street |
| 1901 L Street NW | Wilmington, DE 19806 |
| Washington, DC 20036 | Tel.: (302) 652-2050 |
| Tel.: (202) 282-5000 | BDalton@dalton.law |
| Fax: (202) 282-5100 | |
| AbbeLowellPublicOutreach@winston.com | |

*Counsel for Robert Hunter Biden*

On August 28, 2024, in *United States v. Connelly*, No. 23-50312, 2024 WL 3963874 (Engelhardt, J., joined by Smith and Ramirez, JJ.), the Fifth Circuit found 18 U.S.C. § 922(g)(3) unconstitutional as applied to a habitual marijuana user where the government failed to show that the defendant was carrying a firearm while actively intoxicated. As we previously briefed this Court, a different and earlier Fifth Circuit panel reached the same conclusion in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023) (Smith, J., joined by Higginson and Willett, JJ.), *vacated*, 2024 WL 3259662 (U.S. July 2, 2024), but the Supreme Court vacated and remanded that case for reconsideration under its recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Thus, *Connelly* reaffirmed *Daniels'* reasoning after the Supreme Court's most recent Second Amendment decision in *Rahimi*.

*Connelly* rejected the defendant's facial challenge because "history and tradition may support some limits on a *presently* intoxicated person's right to carry a weapon . . ., but they do not support disarming a sober person based solely on past substance usage." *Connelly*, 2024 WL 3963874, at *1. The Fifth Circuit found that the historical record contemporaneous with the adoption of the Second Amendment "provide[s] support for banning the *carry* of firearms *while actively intoxicated*. Section 922(g)(3) goes much further: it bans *all* possession, and it does so for an undefined set of 'user[s],' even while they are not intoxicated." *Id.* at *9. As the Fifth Circuit explained:

> The statutory term "unlawful user" captures regular marijuana users, but the temporal nexus is most generously described as vague—it does not specify how recently an individual must "use" drugs to qualify for the prohibition. *See* 27 C.F.R. § 478.11 (defining terms in § 922(g)(3)) ("A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person . . . possesses a firearm."). Stunningly, an inference of "current use" can be drawn even from "a conviction for use or possession of a controlled substance *within the past year*." *Id.* (emphasis added).

*Id.* at *9.

1

Section 922(g)(3) was found unconstitutional as applied to the defendant who purchased a gun, which she kept in her bedroom, and who acknowledged that she at times smoked marijuana as a sleep aid and to address her anxiety. Nevertheless, the Fifth Circuit explained, "we do not know how much she used at those times or when she last used, and there is no evidence that she was intoxicated at the time she was arrested." *Id.* at *10. In explaining why it rejected the government's analogy between Section 922(g)(3) and Founding Era prohibitions on carrying firearms while intoxicated, the Fifth Circuit noted that, "under the government's reasoning, Congress could (if it wanted to) ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the intoxicated carry laws." *Id.*

Mr. Biden's convictions fail for the same reason as *Connelly*. His jury was given the same "vague" and elastic definition of "unlawful user" under 27 C.F.R. § 478.11 that the Fifth Circuit criticized for deeming someone a drug user when the prosecution presented evidence of use over months prior to possession of a gun and that wrongfully equated drug use with intoxication. *Id.* at *9. That error was compounded by his jury being told that possession of a firearm included constructive possession, something far afield from the Founding Era precedents that prohibited "a *presently* intoxicated person's right to carry a weapon." *Id.* at *1. While the Founding Era's prohibition against an actively intoxicated person carrying a firearm is a carefully tailored limitation on the right to bear arms, all meaningful limits are lost when having used intoxicating substances weeks or months earlier, without necessarily becoming intoxicated, substitutes for active intoxication and the mere fact that someone owns a firearm or has access to a firearm, no matter how far away, substitutes for carrying a firearm.

Mr. Biden's jury was not asked to find that he was actively intoxicated while carrying a firearm. To the contrary, the jury was told it could convict him even if it found that he had last

2

used drugs "days or weeks before" coming into possession of a firearm, and that possession included the constructive possession of mere ownership or access without physical possession. (*See* D.E. 225 (Biden Final Jury Instructions) at 18 (defining "Unlawful User of a Controlled Substance").) Having persuaded the Court to instruct the jury to convict under such a broad theory, there is no basis for the Special Counsel to contend that *Connelly*'s more carefully tailored Second Amendment requirements were satisfied by the jury's verdict. Mr. Biden's convictions must be vacated.

Dated: September 3, 2024               Respectfully submitted,

                                                               /s/ *Abbe David Lowell*

Bartholomew J. Dalton (#808)               Abbe David Lowell
DALTON & ASSOCIATES, P.A.                 Christopher D. Man
1106 West 10th Street                           WINSTON & STRAWN
Wilmington, DE 19806                          1901 L Street NW
Tel.: (302) 652-2050                              Washington, D.C. 20036
BDalton@dalton.law                              Tel.: (202) 282-5000
                                                             Fax: (202) 282-5100
                                                             AbbeLowellPublicOutreach@winston.com
                                                             CMan@winston.com

                *Counsel for Robert Hunter Biden*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*

4