IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, ) | |
| ) | |
| *Defendant*. ) | |

**THE UNITED STATES' RESPONSE TO THE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States hereby respectfully submits this response to the defendant's Notice of Supplemental Authority ("Def.'s Notice"), ECF 263, regarding the Fifth Circuit's recent decision in *United States v. Connelly*, No. 23-50312, 2024 WL 3963874, at *1 (5th Cir. Aug. 28, 2024). In that case, a panel of the Fifth Circuit upheld 18 U.S.C. § 922(g)(3) as facially constitutional, but held that the statute was unconstitutional as applied to a defendant who would "at times smoke marijuana as a sleep aid and for anxiety." *Id*. at *1. Those facts bear no resemblance to the facts in this case, in which the defendant was a heavy crack cocaine user and addict who admitted to smoking crack cocaine "every fifteen minutes, seven days a week." Tr. Ex. 19 at 190.

At trial, the government proved that the defendant extensively used crack cocaine from 2015 to 2019, including during the time period in which he possessed a firearm. *See* Gov't Opp'n to Def.'s R. 29 Mot. for Acquittal Under the 2nd Amend. as Applied & the 5th Amend. ("Gov't Opp'n") at 2-4, 23-24, ECF 234. As the government has explained, historical analogues support the constitutionality of § 922(g)(3) as applied to a crack cocaine user and addict like the defendant. *See id*. at 15-21. The government also explained why the defendant's crack use specifically predisposed him to violence, including through his many high-dollar drug deals and, by his own admission, his participation in a "criminal subculture . . . with the highest probability of violence and depravity,"

1

Ex. 19 at 160. *See* Gov't Opp'n at 19-21. And as noted, the effects of casual marijuana use are wholly unlike those caused by the frequent use of crack cocaine, which can cause severe cognitive impairment and a loss of control that can lead to dangerous outcomes. *See id*. at 24-25. These fundamental differences distinguish this case from both *Connelly* and the Fifth Circuit's now-vacated decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023)—which also involved an infrequent marijuana user—and underscore why prohibiting a crack cocaine user like the defendant from possessing a gun falls within the nation's historical tradition of firearm regulation. *See* Gov't Opp'n at 21-25 (discussing why *Daniels* has no application to this case).[1]

The defendant also once again incorrectly suggests that the government did not present evidence that the defendant was using crack cocaine when he possessed the firearm. Def.'s Notice at 2-3. Unlike in *Connelly*, where there was "no evidence" that Connelly was intoxicated when she possessed the firearm or about the extent of her marijuana use, 2024 WL 3963874, at *10, the record here contains ample evidence that the defendant was using and addicted to crack cocaine during the time period when he possessed the firearm. *See* Gov't Opp'n at 25-27. Accordingly, *Connelly* has no bearing on this case.

---

[1] This is further supported by the fact that the same district court judge that held § 922(g)(3) unconstitutional as applied to Paola Connelly declined to hold the statute unconstitutional as applied to her husband, a crack user. *See United States v. Connelly*, No. EP-22-CR-229(1)-KC, 2024 WL 1460762, at *3 (W.D. Tex. Apr. 2, 2024).

        Respectfully submitted,

        DAVID C. WEISS
        SPECIAL COUNSEL

By: */s/ Derek Hines*
        _____
        Derek E. Hines
        Senior Assistant Special Counsel

        Leo J. Wise
        Principal Senior Assistant Special Counsel

        U.S. Department of Justice

Dated: September 6, 2024