# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| Defendant. | ) |

## MR. BIDEN'S REPLY IN SUPPORT OF HIS NOTICE OF SUPPLEMENTAL AUTHORITY: *United States v. Connelly*, No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024)

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

The Special Counsel strains hard to distinguish *United States v. Connelly*, No. 23-50312, 2024 WL 3963874, (5th Cir. Aug. 28, 2024) in two ways, but neither can succeed in light of an accurate description of what happened in this case. The Special Counsel does not quarrel with the fact that *Connelly* held that 18 U.S.C. § 922(g)(3) is constitutional, but only where the statute is violated by someone who *carries* a firearm while *actively intoxicated*. *Id.* at *9. The Special Counsel did not seek to or prove to the *jury* that this test was met here.

First, the Special Counsel seeks to distinguish *Connelly* based on the nature of the intoxicating drug at issue because *Connelly* was charged with marijuana use and Mr. Biden was charged with cocaine use, but the *Connelly* inquiry is whether someone is carrying a firearm while actively intoxicated, regardless of which drug allegedly causes the intoxication. While cocaine may be a more powerful intoxicant than marijuana, the Second Amendment turns upon whether a defendant is intoxicated and not what drug is used to cause intoxication.[1]

Second, the Special Counsel ignores the role of the jury in discussing the evidence that it did offer, rather than the facts found by the jury. Mr. Biden's jury was told that it must convict him if he used drugs within weeks of even *owning*, as opposed to even *carrying*, a firearm. Thus, Mr. Biden's convictions mean that the jury did not find anything more than an affirmative answer to the elements of the offense as stated in the flawed jury instructions that the Special Counsel sought over Mr. Biden's objections on the specific grounds that the Fifth Circuit found flawed.

---

[1] The Special Counsel even claims that it "explained why the defendant's crack use specifically predisposed him to violence" (D.E.264 at 1), but the Special Counsel's own evidence at trial demonstrates that is false. Even now, the Special Counsel insists that it has shown that Mr. Biden regularly used cocaine over the course of four years, but—despite its claim that such cocaine use would predispose Mr. Biden to commit violence—the Special Counsel has not identified a single incidence of Mr. Biden engaging in violence. In addition, the 4473 gun form central to two of the charges in this case makes clear in bold print that marijuana is as disqualifying for gun possession as any other drug.

1

The Special Counsel's citation to the District Court's decision in *United States v. Connelly*, No. EP-22-CR-229(1)-KC, 2024 WL 1460762 (W.D. Tex. Apr. 2, 2024), proves the point. (D.E.264 at 2 n.1.) The Fifth Circuit's *Connelly* decision concerned Paola Connelly, and this District Court decision concerned the same charge against her husband, John. The Special Counsel notes that the District Court accepted Paola's Second Amendment defense while she was accused of using marijuana, but rejected John's Second Amendment defense because he used cocaine. (D.E.264 at 2 n.1.) That difference does not explain the divergent outcomes.

Paola's Second Amendment defense succeeded because the government could not show that she used marijuana while carrying a firearm, and the District Court held that the Second Amendment defense for John must go to the jury. In contrast to Paola, the charges against John were that he was intoxicated *while possessing* a firearm; the police were called because he attacked a neighbor with a manchette, and officers witnessed him firing a shotgun into a neighbor's door. 2024 WL 1460762, at *3. John's house smelled of marijuana smoke, drug paraphernalia was present, and his wife said he was a regular crack user who she witnessed using it the night before. *Id*. In rejecting John's motion, in which John contested using drugs at the time, the District Court explained: "These are the very considerations on which Connelly's as-applied challenge depends. And because the Court cannot invade the province of the jury to resolve such disputes of fact, the Court cannot determine, at this stage, whether § 922(g)(3) is unconstitutional as applied to Connelly." *Id*.

By contrast, Mr. Biden's jury was *not* asked to find that Mr. Biden was actively intoxicated while he carried the firearm. There was no evidence at trial of where the firearm was at any point of time until it was discovered and taken by Hallie Biden and thrown in a public garbage can. Accordingly, whatever the Special Counsel may think its evidence may prove, it did not even

2

bother trying to prove that Mr. Biden was actively intoxicated when he ever carried a firearm. In fact, the Special Counsel emphatically opposed Mr. Biden's requested jury instructions that the Special Counsel should be required to prove those very facts. Mr. Biden's conviction violates the Second Amendment.

Dated: September 9, 2024                                                     Respectfully submitted,

                                                                                               /s/ *Abbe David Lowell*
Bartholomew J. Dalton (#808)                                      Abbe David Lowell
DALTON & ASSOCIATES, P.A.                                     Christopher D. Man
1106 West 10th Street                                                      WINSTON & STRAWN
Wilmington, DE 19806                                                     1901 L Street NW
Tel.: (302) 652-2050                                                           Washington, D.C. 20036
BDalton@dalton.law                                                         Tel.: (202) 282-5000
                                                                                               Fax: (202) 282-5100
                                                                                               AbbeLowellPublicOutreach@winston.com
                                                                                               CMan@winston.com

               *Counsel for Robert Hunter Biden*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*