**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN |
| | ) |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MR. BIDEN'S MOTION TO CONTINUE HIS SENTENCING HEARING FROM NOVEMBER 13, 2024 TO A DATE IN LATE NOVEMBER OR EARLY DECEMBER 2024**

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

**INTRODUCTION**

On August 2, 2024, this Court set Mr. Biden's sentencing hearing for November 13, 2024 at 10:00 AM, and Mr. Biden now seeks to postpone that hearing by a couple of weeks to late November or early December.  (Order at D.E.253.)  Since the Court set the sentencing hearing date, Mr. Biden and his counsel have been diligently preparing for sentencing, including working with Delaware's Chief Probation Officer to assemble the necessary financial paperwork, arrange pre-sentencing interviews, and prepare appropriate pre-sentencing submissions.  However, given all the pre-sentencing tasks necessary to adequately prepare for Mr. Biden's Delaware sentencing, much of which overlap with his sentencing in the California case scheduled for December 16, 2024 (*see United States v. Biden*, No. 23-cr-00599-MCS (C.D. Cal.), ECF 231 (Minute Ent. dated 9/5/24)), and other litigation deadlines (described below), it will be very difficult for Mr. Biden's counsel to be ready for sentencing on November 13, 2024.  In addition, it will be even harder for Mr. Biden's lead trial counsel to be in person in court on November 13 because he must attend a pre-trial conference in Los Angeles in one of Mr. Biden's civil matters on November 12, 2024.  Thus, based upon the good cause justifications set forth below, Mr. Biden respectfully moves for a brief continuance of his sentencing date of not more than a few weeks to a date in late November or early December, or another time convenient for the Court and counsel.  Such a postponement will accommodate both counsel and those working with counsel to prepare the necessary pre-sentencing materials and memoranda, and to allow lead counsel to participate at the hearing.

Mr. Biden provided notice of this request to both Probation and the Special Counsel.  On September 13, 2024, Mr. Biden's counsel informed the Special Counsel that he seeks a brief postponement of the Delaware sentencing date until "either the end of November or in December (depending on your Smirnov case and the Court's calendar)" due to "a variety of pre-sentencing

tasks that now need time to be completed for both Delaware and California that overlap" and for the other reasons outlined below.  (Exhibit A.)  Mr. Biden's counsel also advised the District's Chief Probation Officer (on September 15) that defense counsel had written to the Special Counsel to seek its view about rescheduling Mr. Biden's sentencing date in the near term. (Exhibit B.)  The same day, the Chief Probation Officer advised that a brief delay of sentencing "would be very helpful." *Id.*  Mr. Biden's counsel informed the Special Counsel of Probation's response as well. But, on September 16, 2024, without stating any justification, Senior Assistant Special Counsel Derek Hines informed defense counsel that the Special Counsel opposes any continuance of the sentencing date in this case.  (Exhibit C.)  This is Mr. Biden's first request to continue his sentencing date, and the brief postponement sought would not be a long one, subject to the Court and counsel's availability.

### ARGUMENT

Mr. Biden respectfully requests relief to continue his sentencing from November 13, 2024 until late November or early December, or another date in that period that is convenient for the Court and counsel.  His request is based on good cause and the already diligent preparation with the District's Probation Office.  The indictment in this case was filed almost exactly a year ago on September 14, 2023, and Mr. Biden's convictions would be only five months old at the time of the scheduled sentencing.  Mr. Biden needs a limited reprieve to adequately prepare for the upcoming sentencing and seeks for the first time a brief continuance.

Courts have the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (noting that every court has the inherent power to manage the cases on its docket and to ensure a

fair and efficient adjudication of the matter at hand).    In determining whether to grant a continuance, a district court should consider: "'the efficient administration of criminal justice; the accused's rights, including an adequate opportunity to prepare a defense; and the rights of other defendants awaiting trial who may be prejudiced by a continuance.'" *United States v. Baskerville*, 339 F. App'x 176, 177 (3d Cir. 2009) (quoting *United States v. Kikumura*, 947 F.2d 72, 78 (3d Cir. 1991)).   As the Supreme Court has noted, while courts exercise discretion in deciding whether to grant a request for a continuance, "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel" under the Sixth Amendment.   *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (internal citation omitted).

Each factor enumerated in *Kikumura* for guiding criminal continuance decisions weighs in favor of Mr. Biden's requested relief.   The continuance should be granted because the defense has not been dilatory in its efforts, the continuance is needed to properly prepare for sentencing given the unique circumstances of this case, and the continuance would not prejudice the rights of the Special Counsel or any other defendant (there is none).   The requested continuance is Mr. Biden's first and comes for a case that is just one year old and in which Mr. Biden already stood trial.   By contrast, proceeding with the current sentencing date on November 13 would impair Mr. Biden's rights to adequately and fully prepare for sentencing, and threatens the efficient administration of justice and his rights to effective assistance of counsel and a fair hearing.

As indicated in defense counsel's September 13 email to the Special Counsel, Mr. Biden's counsel has a variety of overlapping pre-sentencing tasks that need additional time to be completed for both the Delaware and California cases. Defense counsel is trying to coordinate the information gathering to avoid duplication (e.g., updating Mr. Biden's financial reports and arranging

interviews between Probation and Mr. Biden's family members). Several people who plan to submit letters to both Courts as part of sentencing memoranda for Mr. Biden are short of time because they are presently involved in government work and travel with the current Administration, or are involved in the 2024 presidential campaign. Once Mr. Biden's counsel receives those letters, which may not be feasible well in advance, counsel needs time to incorporate them into pre-sentencing memoranda. And should there be any live testimony at the sentencing hearing, it would be efficient and helpful to coordinate that testimony to overlap closely in California and December so that witnesses can prepare once for both events in close proximity. Some of the possible in-person witnesses may not be available until after November 5 and the events that could occur right after that date.

In addition, there are numerous pre-trial deadlines and court appearances in various of Mr. Biden's civil cases, and in other of lead counsel's cases with deadlines, between now and November 13. These include discovery requests and responses, initial disclosures, four or more depositions in the remainder of September, a deposition which may have to be taken abroad in October, and preparation for and attendance at two court conferences, including a pre-trial conference in California in one of Mr. Biden's civil cases on November 12—making it nearly impossible for Mr. Biden's lead trial counsel to travel across the country and appear in this Court for sentencing the following day. Lead counsel will also be observing various religious holidays in the month of October, further limiting his ability to prepare for an early November sentencing. The brief postponement Mr. Biden seeks here would not be a long one, and would allow for both flexibility for his counsel as well as an opportunity to prepare without duplication the various pre-sentencing submissions and other arrangements for those working with counsel that overlap in Delaware and California.

Finally, as the Chief Probation Officer indicated (*see* Exhibit B), a brief continuance of the sentencing (and the pre-sentencing deadlines) would be helpful in this case for both the Probation Office (whose initial presentence report is due on September 24, 2024) and Mr. Biden's counsel who will then need to respond to the draft report). The brief delay sought would benefit, rather than prejudice, the Court by allowing Probation and Mr. Biden to gather all the information the Court needs to make an informed sentencing decision. Nor would the Special Counsel be prejudiced by a delay of a few weeks. The denial of the continuance request, at this point, would likely constitute "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" that would jeopardize Mr. Biden's right to a fair sentencing hearing, the effective assistance of counsel, and the Court's ability to render a decision based on a complete record. *Morris*, 461 U.S. at 11.

The Special Counsel did not explain its opposition and perhaps will complain that Mr. Biden should have brought this motion sooner. There has been no lack of work to move all of Mr. Biden's legal needs along expeditiously, and some items, like preparing and revising financial documents for the Probation Office, depended on other people providing documents and their input which was done as soon as practicable. Until recently, Mr. Biden also had to focus intently on his trial in California, which was not averted until he entered his guilty plea on the day trial was to begin in that case, September 5, 2024. That decision has accelerated the work now needed to prepare for sentencing in that case in mid-December. Since the time this Court set the November 13, 2024 hearing date, Mr. Biden has been diligently working with friends, family, and Delaware's Chief U.S. Probation Officer to arrange interviews, submit financial reports, and seek letters in advance of sentencing, but gathering the requested information and coordinating the involvement of numerous people is challenging. Coupled with lead counsel's work in other cases, including a

5

pre-trial conference in California on the day before the currently scheduled hearing, the relief requested here is warranted and not meaningfully prejudicial in any way to the Special Counsel. A few additional weeks to complete these tasks would be much appreciated.

## CONCLUSION

The Court should grant Mr. Biden's request to continue his sentencing to a date in late November or in December that is convenient for the Court, counsel and Mr. Biden.


Dated: September 17, 2024                    Respectfully submitted,

                                             /s/ *Abbe David Lowell*
Bartholomew J. Dalton (#808)                 Abbe David Lowell
DALTON & ASSOCIATES, P.A.                    Christopher D. Man
1106 West 10th Street                        WINSTON & STRAWN
Wilmington, DE 19806                         1901 L Street NW
Tel.: (302) 652-2050                         Washington, D.C. 20036
BDalton@dalton.law                           Tel.: (202) 282-5000
                                             Fax: (202) 282-5100
                                             AbbeLowellPublicOutreach@winston.com
                                             CMan@winston.com

*Counsel for Robert Hunter Biden*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2024, I filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send a notification of such filing to all counsel of record.


/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*