## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | Criminal Action No. 1:23-cr-61-MN |
| ) | |
| ROBERT HUNTER BIDEN,   ) | |
| ) | |
| Defendant. ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
### TO DISMISS THE INDICTMENT

The United States, by and through undersigned counsel, respectfully submits this Response in opposition to defendant's motion to dismiss the indictment (D.I. 272), which he titled "Mr. Biden's Notice of Pardon," and in response to the Court's Oral Order (D.I. 273) ordering the government to "inform the Court whether it objects to termination by dismissal of the indictment as the Defendant proposes." The defendant's motion should be denied because there is no binding authority which requires dismissal of an indictment after a defendant receives a pardon. The indictment was returned by a lawfully constituted grand jury that is an independent agency of the court. This Court, as well as ten (10) other Article III judges appointed by six (6) presidents, rejected the defendant's arguments, including that this was a selective prosecution. Because there was no defect in the grand jury's indictment, there is no reason to dismiss it here.

### ARGUMENT

On December 1, 2024, media outlets reported that the President had issued a pardon for the defendant. Shortly thereafter, defense counsel filed "Mr. Biden's Notice of Pardon." (D.I. 277). The defendant did not attach the pardon to its filing. Just prior to this filing, at approximately 1:50 PM, the Special Counsel received the attached correspondence from the Office of the Pardon Attorney, which states, in relevant part:

1

| | |
|---|---|
| **TO:** | David C. Weiss<br>United States Attorney |
| **FROM:** | Pardon Attorney<br>Office of the Pardon Attorney |
| **SUBJECT:** | Robert Hunter Biden<br>Docket Nos. 1:23-cr-00061-MN (Delaware) & 2:23-CR-00599-MCS-1<br>(Central California)<br>Recipient of Presidential Pardon |

On December 1, 2024, the President granted Robert Hunter Biden a full and unconditional pardon after completion of sentence. Please make an appropriate notation in your records and with the court. Please also note that this action was not processed via application through our Office.

| | |
|---|---|
| **Offense:** | For those offenses against the United States which he has committed or may have committed or taken part in during the period from January 1, 2014 through December 1, 2024, including but not limited to all offenses charged or prosecuted (including any that have resulted in convictions) by Special Counsel David C. Weiss in Docket No. 1:23-cr-00061-MN in the United States District Court for the District of Delaware and Docket No. 2:23-CR-00599-MCS-1 in the United States District Court for the Central District of California. |
| **Date:** | N/A |
| **Sentence:** | N/A |
| **District:** | Delaware & Central California |

The correspondence describes that the President granted Robert Hunter Biden a full and unconditional pardon after completion of sentence. The defendant has not yet been sentenced in this matter, let alone served his sentence. This correspondence, as well as the accompanying Pardon, are attached as Exhibit A.

In his filing, defense counsel asserted, without any legal support, that "a Full and Unconditional Pardon [] requires dismissal of the Indictment against him," and further that the pardon "requires an automatic dismissal of the Indictment with prejudice." Notice at 2. Defense counsel misrepresents the law. Nothing requires the dismissal of the indictment in this case. In

*United States v. Steven Bannon*, the defendant moved to dismiss the indictment pending against him after receiving a presidential pardon. The Government took the following position, which this opposition is consistent with:

> The Government does not dispute that the pardon, which has been docketed by the Court, *see* Dkt. No. 79, ends the prosecution as to Bannon under Indictment 20 Cr. 412. However, the Government respectfully submits that there is neither a need for an order dismissing the Indictment nor any authority mandating such an outcome on these facts. Instead, the Government submits that the Court can and should direct the Clerk of Court to terminate Bannon as a defendant in this case and have the docket sheet reflect the pardon as the disposition of his charges. If the Court is inclined to dismiss the Indictment as to Bannon, the Government respectfully submits that any order of dismissal should conform to the language and scope of the pardon.
>
> While—as Bannon's motion itself notes—courts have not acted uniformly in ending a case against a pardoned defendant, there is no question that the Court may simply terminate Bannon from the case based on the docketed pardon. *See, e.g.*, *United States v. Urlacher*, No. 20 Cr. 111 (N.D. Ill. Feb. 8, 2021) (Dkt. No. 142) (terminating all motions and pending charges as to a defendant pardoned prior to being convicted); *United States v. Golestaneh*, No. 13 Cr. 160 (D. Vt. Jan. 19, 2016) (Dkt. No. 42) (docketing a presidential pardon for a defendant who had not been sentenced and notating on the docket sheet that the case against the defendant had been "terminated" and charges were disposed of by "a full pardon granted"). Moreover, where courts have entered orders dismissing the indictment, including in many of the cases cited by Bannon, those orders have generally been entered with the consent of the Government and in cases involving single defendants. Those facts are obviously not present here, and to the contrary, the charges and forfeiture

> allegations remain pending as to the three co-defendants. Notwithstanding Bannon's stated preference for an order of dismissal, his motion neither cites to any controlling authority requiring such a dismissal nor does he indicate why simply terminating him from the case would be insufficient.

*United States v. Bannon*, No 20 Cr. 412 (AT), D.I. 106.  Here, the government does not consent to dismissal.

The court in *Bannon* found that, "[n]either the Government nor Bannon has cited authority binding on this Court as to whether the correct course is to 'administratively terminate' Bannon, or to dismiss the Indictment against him." *Id*. at D.I. 117.  The court further noted that "the majority of courts, when faced with such a decision, have *chosen* to dismiss an indictment …" and, in that case, the court chose to do so.  In addition to citing decisions where a court chose to do so, the *Bannon* court also cited *United States v. Urlacher*, No. 20 Cr. 11-8 (N.D. Ill. Feb. 8, 2021) where the indictment was not dismissed.  In that case, the court issued an order that said the following:

> ORDER as to Casey Urlacher: In light of the Grant of Clemency filed on February 5, 2021 (docket [139]) the Clerk is directed to: 1) terminate all motions as to Casey Urlacher; and 2) administratively terminate all pending charges against Casey Urlacher as January 19, 2021 pursuant to the Grant of Clemency.

*United States v. Urlacher*, No. 20 Cr. 11-8 (N.D. Ill. Feb. 8, 2021), D.I. 142.  In *United States v. Cartwright*, a case like the present one where the defendant was pardoned after pleading guilty but before sentencing, the court issued a similar order that said:

> THE COURT ORDERS:
>
> Pursuant to an Executive Grant of Clemency signed by President Barack Obama, dated January 17, 2017, Mr. Cartwright is pardoned for the offense charged in the Information filed under the above-referenced docket number in the United States District Court for the District of Columbia and for all offenses committed by him arising from the facts set forth in the Information and Statement of Offense filed under that docket number.
>
> _____
> Richard J. Leon
> United States District Judge
>
> 1/25/17
> Date
>
> FILED
> JAN 2 5 2017
> Clerk, U.S. District & Bankruptcy
> Courts for the District of Columbia

*United States v. Cartwright*, No. 16-188, (D.D.C. Jan. 25, 2017), D.I. 22.  In neither case was the indictment subsequently dismissed.

    The logic for why courts do not dismiss indictments following a grant of clemency is sound.  The D.C. Circuit's decision in *United States v. Flynn*, explains:

> As Chief Justice Marshall wrote, "[a] pardon is an act of grace, proceeding from the power entrusted with the execution of the laws, which exempts the individual on whom it is bestowed, from the punishment the law inflicts *for a crime he has committed*." *United States v. Wilson*, 32 U.S. 150, 150, 7 Pet. 150, 8 L.Ed. 640 (1833) (emphasis added). In other words, "a pardon does not blot out guilt or expunge a judgment of conviction." *In re North*, 62 F.3d at 1437. Furthermore, a pardon cannot "erase a judgment of conviction, or its underlying legal and factual findings." *Arpaio*, 2017 WL 4839072, at *1 (citing *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004)); *but see Schaffer*, 240 F.3d at 38 (vacating "all opinions, judgments, and verdicts of this court and the District Court" where

"[f]inality was never reached on the *legal question* of [the defendant's] guilt" (emphasis added)). 507 F. Supp. 3d 116, 136 (D.D.C. 2020).  Specifically, as to whether a pardon must, as the defendant wrongly claims, result in the dismissal of an indictment, the D.C. Circuit's decision in *In re North*, explains why it does not:

> An indictment establishes probable cause that the accused has committed a crime. Guilt can be established only by a much higher standard, proof beyond a reasonable doubt.
>
> Because a pardon does not blot out guilt or expunge a judgment of conviction, one can conclude that a pardon does not blot out probable cause of guilt or expunge an indictment.

62 F.3d 1434, 1437 (D.C. Cir. 1994).  *In re North* is particularly instructive.  In that case a defendant, Clair E. George, former CIA Deputy Director for Operations, requested reimbursement for attorney fees she had incurred as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh.  *Id*. at 1434.  The Ethics in Government Act, which created the Independent Counsel, authorized the award of attorney's fees but only if an individual were *not* indicted.  After being indicted, George received a pardon from President George H.W. Bush and applied for a reimbursement of attorneys fees on that basis.  In rejecting her claim, the D.C. Circuit held that "The pardon does not blot out guilt or expunge the indictment. Though pardoned, George's disability—the fact of his indictment—remains, preventing the court from awarding him attorneys' fees." *Id*. at 1438.  If a pardon did not "expunge the indictment" in that case, it should not do so here. The cases cited by the defendant in his filing do not explain why an indictment should be dismissed following an act of clemency when the act of clemency terminates the criminal case.

More broadly, there is no defect in the indictment or in the process that led to its return that justifies dismissing it.  First, it was returned by a lawfully constituted grand jury that is an independent agency of the court.  *United States v. Williams*, 504 U.S. 36, 48 (1992) ("The grand

jury's functional independence from the Judicial Branch is evident both in the scope of its power to investigate criminal wrongdoing and in the manner in which that power is exercised."). Second, the defendant filed four (4) motions to dismiss the indictment, making every conceivable argument for why it should be dismissed, all of which were determined to be meritless. Of note, the defendant argued that the indictment was a product of vindictive and selective prosecution. D.I. 63. This Court rejected those claims and exposed the nonsensical nature of the defendant's selective prosecution claims:

> To the extent that Defendant's claim that he is being selectively prosecuted rests solely on him being the son of the sitting President, that claim is belied by the facts. The Executive Branch that charged Defendant is headed by that sitting President – Defendant's father. The Attorney General heading the DOJ was appointed by and reports to Defendant's father. And that Attorney General appointed the Special Counsel who made the challenged charging decision in this case – while Defendant's father was still the sitting President. Defendant's claim is effectively that his own father targeted him for being his son, a claim that is nonsensical under the facts here. Regardless of whether Congressional Republicans attempted to influence the Executive Branch, there is no evidence that they were successful in doing so and, in any event, the Executive Branch prosecuting Defendant was at all relevant times (and still is) headed by Defendant's father.

D.I. 99 at 8. The Court similarly found his vindictive prosecution claims unmoored from any evidence or even a coherent theory as to vindictiveness:

> Yet, as was the case with selective prosecution, the relevant point in time is when the prosecutor decided to no longer pursue pretrial diversion and instead indict Defendant. Whether former administration officials harbored actual animus towards Defendant at some point in the past is therefore irrelevant. This is especially true where, as here, the Court has been given no evidence or indication that any of these individuals (whether filled with animus or not) have successfully

7

>influenced Special Counsel Weiss or his team in the decision to indict Defendant in this case. At best, Defendant has generically alleged that individuals from the prior administration were or are targeting him (or his father) and therefore his prosecution here must be vindictive. The problem with this argument is that the charging decision at issue was made during this administration – by Special Counsel Weiss – at a time when the head of the Executive Branch prosecuting Defendant is Defendant's father. Defendant has offered nothing credible to support a finding that anyone who played a role in the decision to abandon pretrial diversion and move forward with indictment here harbored any animus towards Defendant. Any claim of vindictive prosecution based on actual vindictiveness must fail.

*Id*. at 17.

In the Central District of California, the defendant made the same baseless accusations and that court also rejected the defendant's claims, finding that "[a]s the Court stated at the hearing, Defendant filed his motion without any evidence." *United States v. Hunter Biden*, Cr. No. 23-599-MCS (C.D.Cal. April 1, 2024). And there has never been any evidence of vindictive or selective prosecution in this case.

The defendant appealed the denial of his motions in this case to the Third Circuit and his denial of his motions in the Central District of California case to the Ninth Circuit. *See United States v. Robert Hunter Biden*, 24-1703, Doc. No. 17-1 (3rd Cir., May 9, 2024) (order dismissing appeal by Judge Patty Shwartz, Judge Cindy Chung, and Judge D. Brooks Smith); *United States v. Robert Hunter Biden*, 24-1938, Doc. No. 16-2 (3rd Cir., May 28, 2024) (order dismissing appeal by Judge Thomas M. Hardiman, Judge Cheryl Krause, and Judge Arianna Freeman); *United States v. Robert Hunter Biden*, 24-2333, Doc. No 16.1 (9th Cir., May 14, 2024) (order dismissing appeal by Judge William Canby, Judge Atsushi Tashima, and Judge Lucy Koh). In total, eleven (11) different Article III judges appointed by six (6) different presidents, including his father, considered and rejected the defendant's claims, including his claims for selective and vindictive prosecution.

The defendant was found guilty on all counts by a jury of 12 Delawareans following a six-day trial in June 2024. According to the declaration filed on his behalf, the defendant has acknowledged his guilt in accepting the act of clemency. D.I. 272-2; *see Burdick v. United* States, 236 U.S. 79, 94 (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it.").

The Government does not challenge that the defendant has been the recipient of an act of mercy. That does not mean the grand jury's decision to charge him, based on a finding of probable cause, should be wiped away as if it never occurred. It also does not mean that his charges should be wiped away because the defendant falsely claimed that the charges were the result of some improper motive or selective prosecution. No court has agreed with the defendant on these baseless claims, and his request to dismiss the indictment finds no support in the law.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the indictment should be denied.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By: /s/ Derek Hines

---

Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
771-217-6091

Dated: December 2, 2024

9