# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 1:23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) ) ) | |
| Defendant. | ) ) ) | |

## MR. BIDEN'S REPLY IN SUPPORT OF HIS NOTICE OF PARDON

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

*Counsel for Robert Hunter Biden*

The Special Counsel paradoxically claims that Mr. Biden's notice is "without any legal support" in suggesting that his pardon means that the Court should dismiss the Indictment, at the same time the Special Counsel acknowledges that "'the majority of courts, when faced with such a decision, have *chosen* to dismiss an indictment.'" DE274 at 2, 4 (quoting *United States v. Bannon*, No. 20 Cr. 412 (AT), DE117). The Special Counsel's admission that this is the practice of the "majority of courts" certainly provides legal support to Mr. Biden's claim that dismissal is warranted.

Further undermining the Special Counsel's claim is his reliance upon an argument that he acknowledges has already been rejected. The Special Counsel repeats the very argument that the government made in *Bannon*, that the Court should administratively terminate the case, rather than dismiss the Indictment. But the Special Counsel acknowledges that the *Bannon* court rejected that argument and dismissed the indictment as to him. This Court should reject that same argument and dismiss the Indictment as well. As in *Bannon*, the pardon here comes *before* sentencing and before any judgment in the case based on the Indictment (as opposed to pardons being issued post judgment, often years later). The appropriate course, in this procedural context, is to dismiss the Indictment.

The Special Counsel's argument in opposing the dismissal of the Indictment rests on the *non sequitur* that the pardon "does not mean the grand jury's decision to charge him, based on a finding of probable cause, should be wiped away as if it never occurred." DE274 at 9. The fact that Mr. Biden has been indicted will remain true even with a dismissal of the Indictment, just as it would remain true even if Mr. Bident had been acquitted at trial. It is not wiped away as if it never occurred. Neither a dismissal nor an acquittal eliminates the fact of indictment; they merely reflect that an indictment has been resolved. The pardon here before sentencing prevents this case

1

from running its course based on the Indictment that was filed. The Court should reflect that by dismissing the Indictment and indicating—accurately—that is due to the pardon.

Finally, the Special Counsel highlights that the cover email that he was sent from the Pardon Attorney with the pardon warrant itself contained an obvious error suggesting that the pardon would be effective "after completion of sentence." DE274-1 at 2. The pardon itself has no such condition, and the Pardon Attorney has no authority to restrict a pardon granted by the President. Moreover, the Pardon Attorney has since emailed a correction to the parties stating: "Please be advised that the notation of 'after completion of sentence' was included in error." (12/2/24 email to counsel (Ex. A).)[1] Mr. Biden's pardon was effective upon issuance by the President and this Court should respect that decision by dismissing the Indictment as is the relief granted by courts addressing pardons at this moment in the process.

Dated: December 2, 2024

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN
1901 L Street NW
Washington, D.C. 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Counsel for Robert Hunter Biden*

---

[1] The Special Counsel also commits the obvious error of complaining that Mr. Biden's legal arguments have been rejected by eleven different judges, counting the judges on the Third Circuit and Ninth Circuit who found they lacked jurisdiction to consider Mr. Biden's interlocutory appeals. DE274 at 1, 8. Plainly, a dismissal based on lack of jurisdiction is not a rejection of Mr. Biden's arguments on the merits.

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*

3