<u>**VIA EMAIL TO CLERK**</u>

February 21, 2025

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801

**Re: Request for unsealing of four documents in the judicial record in *USA v. Biden* (23-cr-61-MN)**

Dear Judge Noreika:

As a member of the public and the press, and a broadcaster here in Delaware, I respectfully ask the Court to unseal the search warrant applications and affidavits corresponding to the warrants this Court unsealed by oral order on January 26, 2024. *See* ECF No. 77.

As the Court is no doubt aware, this case received significant public attention before, during, and after the June 2024 trial. On January 25, 2024, blogger Marcy Wheeler submitted a request to unseal the relevant warrants. *See* ECF No. 73. This request was unopposed by both Robert Hunter Biden, the defendant, and the Government. *See* ECF Nos. 75, 76. The warrants were unsealed on January 25, 2014. *See* ECF No. 88. However, both the Government and the defendant opposed unsealing the affidavits supporting the warrants. *See* ECF Nos. 75, 76. Although then-President Biden repeatedly stated that he would not issue a pardon, the defendant was indeed granted a pardon on December 1, 2024. *See Executive Grant of Clemency*, (Dec. 1, 2024), https://www.justice.gov/d9/2024-12/biden_warrant.pdf (last visited Feb. 20, 2025). The presidential pardon covers all offenses which the defendant "committed or may have committed or taken part in from January 1, 2014, through December 1, 2024[.]"

I respectfully request that the Court issue an order unsealing the applications and affidavits for the search warrants that inform this case. Specifically, I request that the Court unseal the following:

| Case No. | Date | Docket No. | Description |
|---|---|---|---|
| 1:19-mj-00234 | 08/29/2019 | 3 | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT by IRS CI Special Agent, sworn to before the Honorable Judge Sherry R. Fallon as to Sealed Email Address. (ceg) (Entered: 08/30/2019) |
| 1:19-mj-00309 | 12/13/2019 | 2 | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT by IRS Special Agent, sworn to before the Honorable Judge Sherry R. Fallon as to Sealed Laptop Computer. (kjk) (Entered: 12/13/2019) |
| 1:20-mj-00165 | 07/10/2020 | 2 | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT by IRS Agent, sworn to before the Honorable Judge Sherry R. Fallon as to Sealed iCloud Account. (lih) (Entered: 07/10/2020) |
| 1:23-mj-00507 | 12/04/2023 | 2 | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT by FBI Special Agent, confirmed and sworn to via telephone before the Honorable Judge Christopher J. Burke as to Sealed Electronic Devices. (kjk) (Entered: 12/05/2023) |

The American public and the press have a presumptive right to inspect the search warrant materials under the common law. In the Third Circuit, the common law right of access attaches to judicial proceedings and records in both civil and criminal cases. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). This includes the right to "'inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). The right of access depends on whether a record is a judicial record, that is "whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). The presumption of public access to judicial records "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). The strong presumption of public access may be overcome only

by the party resisting disclosure showing that "the interest in secrecy outweighs the presumption." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986).

Search warrant applications and supporting affidavits are judicial records "filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Federal Rule of Criminal Procedure 41(d) requires a magistrate to issue a warrant only if there is probable cause to do so. The search warrant applications and supporting affidavits are naturally determinative to the issuance of a warrant. A court in this District has found search warrant applications and affidavits to be judicial materials, albeit without analysis. *Matter of Search of 1993 Jeep Grand Cherokee, License No. PC69059 (Del.), VIN 1J4GZ78Y3PC563912, Registered to 1st PA Consumer Servs. Inc.*, 958 F. Supp. 205, 206 (D. Del. 1996).

The District Court in *United States v. Gonzalez* provides a summary of materials which the Third Circuit have found subject to the common law right of access, including:

> copies of video and audio tapes admitted into evidence and played to the jury during a criminal trial, for the purpose of later rebroadcasting the same to the public; suppression, entrapment and due process hearings; transcripts of certain tapes admitted into evidence, when the transcripts were not themselves admitted into evidence; bills of particulars; transcripts of sidebar and in-chambers conferences at which evidentiary or other substantive rulings have been made; post-trial hearings to investigate juror misconduct; and transcripts of voir dire proceedings from which the press excluded itself at the request of the presiding judge.

*Gonzalez*, 927 F. Supp. 768, 773 (D. Del. 1996) (citations omitted.)

Given that the records at issue here are judicial records, there is a strong presumption of public access. The party challenging disclosure bears the burden of rebutting that presumption. *United States v. Smith*, 787 F.2d 111, 115 (3d Cir. 1986). The Third Circuit has considered the privacy interests of third parties as a counter-vailing interest if disclosure would cause serious harm to those third parties. *United States v. Criden*, 681 F.2d 919, 922 (3d Cir. 1982). The *Gonzalez* Court also considered potential interference in an investigation but ultimately found it to be unpersuasive on the facts of the case,

particularly that most of the investigation had already been completed. *Gonzalez*, 927 F.Supp. at 779. Neither of those factors favor continued sealing of the records in issue here—there is no apparent possibility that this specific investigation will be harmed (given the unprecedented depth and breadth of the presidential pardon), or third-party privacy interested impacted as the case has already gone to trial, the jury has rendered a verdict, and the defendant has already received a pardon.

For the foregoing reasons, I respectfully ask the Court to unseal the search warrant applications and affidavits listed above without redactions. I have had no contact with the defendant or his counsel, or the Government, about this request. If you have questions, please contact me at +1-631-431-7158 or delmarvasanchorman@protonmail.com. Lastly, I ask that this request be placed onto the public docket.

Respectfully submitted,

/Jake Smith

cc via email: Counsel of Record